Daniel C. Girard (State Bar No. 114826)
Adam E. Polk (State Bar No. 273000)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
aep@girardgibbs.com
amo@girardgibbs.com
sg@girardgibbs.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No.  5:18-cv-02813-EJD<br><br>**DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION TO APPOINTMENT INTERIM CLASS COUNSEL**<br><br>Date:      August 16, 2018<br>Time:      10 a.m.<br>Location:  Courtroom 4, 5th Floor |

I, Daniel C. Girard, declare as follows:

1.     I am the founder and managing partner of Girard Gibbs LLP, counsel for counsel for Plaintiffs Zixuan Rao and Kyle Barbaro in the above-captioned action.  I submit this declaration in support of Plaintiffs' Motion for Appointment of Interim Class Counsel.  I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2.     On May 11, 2018, my firm, along with co-counsel Chimicles & Tikellis LLP, filed the first class action alleging that the "butterfly" keyboards of model year 2015 or later MacBook laptops and model year 2016 or later MacBook Pro laptops (the "MacBooks") are prone to fail.

### Background of This Litigation and Girard Gibbs's Involvement to Date

3.     Girard Gibbs reviewed thousands of consumer complaints concerning Apple's butterfly keyboards and investigated the technical underpinnings of the alleged defect.  Girard Gibbs responded to thousands of consumer inquiries, interviewed potential class representatives and class members, and analyzed documentation relating to their potential claims.

4.     Girard Gibbs also researched publicly available sources concerning Apple's knowledge of the alleged defect, analyzed Apple's warranty documents and terms of sale, reviewed articles reporting on the defect, studied technical specifications and product reviews, and compiled and reviewed Apple's representations about the MacBook.  After researching the law and sending a demand letter on behalf of Mr. Barbaro under the California's Consumer Legal Remedies Act, Girard Gibbs drafted and filed a class action complaint.

5.     Since filing the complaint, Girard Gibbs has consulted with several engineering experts about the defect, reviewed patent filings relating to the MacBook keyboards, interviewed former Apple employees, and interviewed several third-party repair technicians.  Attorneys from my firm have also consulted with the initiator of a change.org petition calling on Apple to remedy the MacBook defect, which now has almost 30,000 signatures. Girard Gibbs continues to interview affected consumers, and to review consumer complaints, articles, and videos about the defect.  Girard Gibbs has also begun consulting with potential damages experts and has initiated early case management activities, such as preparing Early Rule 34 document requests.

1

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION TO APPOINTMENT
INTERIM CLASS COUNSEL
CASE NO.  5:18-cv-02813-EJD

6.      In addition, Girard Gibbs has worked with defense counsel and other plaintiffs' counsel to organize this case and prepared stipulations to relate and consolidate the pending actions and secure a prompt determination on appointment of lead counsel.  All plaintiffs' counsel agree to the leadership structure proposed in Plaintiffs' Motion to Appoint Interim Class Counsel.

### Girard Gibbs's Relevant Experience

7.      Founded in 1995, Girard Gibbs has repeatedly been appointed to leadership positions by federal and state courts in a variety of substantive legal contexts.  Girard Gibbs has recovered billions of dollars on behalf of its clients.  Attached as **Exhibit A** is the firm's resume, which provides further information about the firm's relevant experience.

8.      I am the managing partner of Girard Gibbs LLP and lead the team working on this case. I have specialized in class actions since 1988, and have litigated many consumer class actions throughout nearly 30 years of advocacy for plaintiffs. I have been recognized by the federal judiciary as an expert on class actions.  My service to the federal courts includes serving on the United States Judicial Conference Standing Committee on Rules of Practice and Procedure from 2015 through the present.  I previously served two terms of the Advisory Committee on Civil Rules.  I am a member of the American Law Institute and a Life Fellow of the American Bar Foundation. Some of the cases in which I served as lead or co-lead counsel on behalf of Girard Gibbs include the following:

- *Billitteri v. Securities Am., Inc.,* No. 3:09-cv-01568-F (N.D. Tex.). Girard Gibbs served as lead counsel in an action brought by investors in a failed investment scheme who asserted claims under Texas state securities laws. Girard Gibbs coordinated settlement negotiations with bankruptcy trustees and competing plaintiff groups, securing a global $150 million settlement. In approving the settlement, U.S. District Judge W. Royal Furgeson wrote: "Class counsel in this case possess great competence and experience, and the result reached in this case perfectly exemplifies their abilities. The Court has been extremely impressed with the conduct, skill, and accomplishment of class counsel throughout this litigation." 2011 WL 3585983, at *8 (N.D. Tex. Aug. 4, 2011).

- *In re Lehman Brothers Equity/Debt Sec. Litig.,* No. 08-Civ-5523 (S.D.N.Y.). Girard Gibbs served as lead counsel for a certified class of retail investors in structured products sold by UBS Financial Services, Inc. The plaintiffs alleged that UBS misrepresented Lehman's financial condition and failed to disclose that the "principal protection" feature of the notes depended upon Lehman's solvency. The Court approved a $120 million settlement for claims arising under federal securities laws.

2

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION TO APPOINTMENT
INTERIM CLASS COUNSEL
CASE NO.  5:18-cv-02813-EJD

- *In re iPod Cases*, Judicial Council Coordination Proceeding No. 4355 (Cal. Super. Ct. San Mateo County).  Girard Gibbs was appointed co-lead counsel in a nationwide class action against Apple Computer relating to iPod battery life. The parties reach a settlement conservatively valued at $15 million, providing consumers with warranty extensions, battery replacements, cash payments, and store credits.  In granting final approval of the settlement, the court stated that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members.

- *Paeste v. Government of Guam*, No. 1:11-cv-00008 (D. Guam). Girard Gibbs obtained a permanent injunction against the government of Guam requiring the timely payment of refunds of the Guam Territorial Income Tax. The plaintiffs challenged the government's refund program, pursuant to 42 U.S.C. § 1983, as a violation of equal protection and asserted claims under the Organic Act of Guam. The Ninth Circuit affirmed the district court's orders, rejecting Guam's sovereign immunity and subject matter jurisdiction arguments. 798 F.3d 1228, 1234 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2508 (2016).

- *In re Hyundai and Kia Horsepower Litigation*, Case No. 02CC00287 (Cal. Super. Ct. Orange County) (co-lead counsel in class actions against Hyundai and Kia for promoting sale of vehicles using overstated horsepower ratings over a ten year period, settlement valued at over $100 million)

- *In re Yahoo Mail Litig.*, No. 5:13-cv-04980-LHK (N.D. Cal.). Girard Gibbs served as co-lead counsel for non-Yahoo subscribers whose emails with Yahoo subscribers were allegedly intercepted unlawfully. After certifying an injunctive relief class, 308 F.R.D. 577 (N.D. Cal. 2015), the court approved a class settlement.

- *Corona v. Sony Pictures Entm't, Inc.*, No. 2:14-cv-09600-RGK (C.D. Cal.): Girard Gibbs served as co-lead counsel for current and former Sony Pictures Entertainment employees whose sensitive personal and financial information was compromised as a result of a cyber-attack reportedly perpetrated by North Korea. The Court approved a comprehensive class-wide settlement.

- *In re H&R Block Express IRA Litig.*, MDL No. 1786, No. 4:06-md-1786 (W.D. Mo.). Girard Gibbs served as co-lead counsel on behalf of consumers who invested in H&R Block retirement accounts and were assessed inadequately disclosed fees. The case, which involved claims under the Missouri Securities Act of 2003, Missouri's Merchandising Practices Act, and state common law, settled in coordination with an action by the New York Attorney General and recovered $19.5 million, with consumers receiving full refunds of all fee payments with interest.

- *In re PayPal Litig.*, No. C-02-1227-JF (PVT) (N.D. Cal.). Girard Gibbs served as co-lead counsel in this nationwide class action alleging violations of California consumer protection statutes and the Electronic Funds Transfer Act (EFTA). U.S. District Judge Jeremy Fogel rejected Paypal's motion to compel individual arbitration and eventually approved a settlement

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION TO APPOINTMENT
INTERIM CLASS COUNSEL
CASE NO.  5:18-cv-02813-EJD

valued at $14.35 million in cash and returned funds, plus injunctive relief to ensure compliance with the EFTA.

- *Mitchell v. American Fair Credit Assoc.*, No. 785811-2 (Cal. Super. Ct. Alameda County); *Mitchell v. Bankfirst, N.A.,* No. C-97-1421-MMC (N.D. Cal.). Girard Gibbs served as lead counsel in a predatory lending class action involving alleged violations of the Truth in Lending Act and various state statutes, including the California Credit Services Act of 1984. After the California Court of Appeal addressed a matter of first impression—whether a credit services organization could modify its membership contract to require arbitration and preclude class relief by notifying its members by mail that continued membership constituted acceptance of the modification, *see* 99 Cal. App. 4th 1345, 1348 (2002)—the case resulted in a settlement valued at over $40 million in refunds, elimination of adverse credit references, and debt forgiveness.

9.    Girard Gibbs and Chimicles & Tikellis currently serve as interim co-lead counsel in *In re Nexus Products Liab. Litig.*, No. 5:17-cv-02185 (N.D. Cal.) and *Weeks v. Google LLC*, No. 5:18-cv-00801-NC (N.D. Cal.), two proposed class actions that assert warranty, fraud, and consumer protection claims regarding alleged defects in Google's Nexus 6P and Pixel smartphones.

10.    Girard Gibbs LLP has the necessary resources to represent the proposed class in this action.  The team working on this matter will include associates Angelica Ornelas and Simon Grille, and additional attorneys as needed for discrete tasks. Girard Gibbs's attorneys and staff are proficient in the use of litigation support technology and the firm has invested in the technological resources needed to litigate complex matters.

11.    Girard Gibbs is fully committed to pursuing the best interests of MacBook purchasers and will devote all the necessary resources to bring this matter to a successful conclusion.

**Time and Expense Protocol**

12.    With this motion, the Rao plaintiffs submit a proposed protocol for the recording, submission and review of attorneys' fees and expenses incurred by counsel for the plaintiffs in this action. A copy of the protocol is attached hereto as **Exhibit B**.  The proposed protocol only allows billing for tasks that advance the litigation and limits the recovery of attorneys' fees and expenses to law firms authorized by this Court to work on this case.

13.    I believe having a formal time-keeping protocol will benefit all concerned by i) providing clear direction concerning compensable activities, ii) eliminating any concerns with the

4

number and identity of plaintiffs' attorneys contributing to the case, and iii) increasing transparency through periodic reporting of time to the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed June 29, 2018, in San Francisco, California.

/s/ *Daniel C. Girard*
Daniel C. Girard

**ECF ATTESTATION**

I, Angelica M. Ornelas, am the ECF user whose identification and password are being used to file this Declaration of Daniel C. Girard in Support of Motion to Appointment Interim Class Counsel. I attest under penalty of perjury that concurrence in this filing has been obtained from counsel.

DATED: June 29, 2018                              /s/ *Angelica M. Ornelas*

5

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION TO APPOINTMENT
INTERIM CLASS COUNSEL
CASE NO. 5:18-cv-02813-EJD

EXHIBIT A

# GIRARD GIBBS
L L P

# Firm Resume

Girard Gibbs is a national litigation firm representing plaintiffs in class and collective actions in state and federal courts, and in arbitration matters worldwide. The firm serves individuals, institutions and business clients in cases involving consumer protection, securities, antitrust, personal injury, whistleblower laws, and employment laws.

Our clients range from individual consumers and small businesses to Fortune 100 corporations and public pension funds. We have recovered over a billion dollars on behalf of our clients in class actions and non-class cases. In addition to litigation, our firm also provides consulting and strategic counseling services to institutional clients and professionals in securities litigation, corporate governance and international business matters. We are committed to achieving favorable results for all of our clients in the most expeditious and economical manner possible.

Girard Gibbs has been distinguished as a Tier 1 law firm for plaintiffs' mass tort and class-action litigation in the "Best Law Firms" list in the survey published in the U.S. News & World Report's Money Issue. And *The National Law Journal (NLJ)* has named Girard Gibbs to its elite "Plaintiffs' Hot List," a selection of top U.S. plaintiffs' firms recognized for wins in high-profile cases.

Thirteen of the firm's attorneys have been selected as Northern California Super Lawyers and Rising Stars. Three of the firm's senior attorneys, Daniel Girard, Eric Gibbs, and Michael Danko, have additionally been recognized among the "Top 100 Super Lawyers" in Northern California, and were selected by their peers for *The Best Lawyers in America* 2012-2017. *Best Lawyers* also designated Mr. Girard as the 2013 "Lawyer of the Year" in San Francisco for class action litigation. Mr. Girard and Mr. Gibbs have both earned *AV-Preeminent* ratings from Martindale-Hubbell, recognizing them in the highest class of attorneys for professional ethics and legal skills.

**Partners**

| | |
|---|---|
| Daniel Girard | p. 2 |
| Eric Gibbs | p. 4 |
| Dena Sharp | p. 6 |
| Adam Polk | p. 7 |
| Jordan Elias | p. 8 |

**Associates**

| | |
|---|---|
| Simon Grille | p. 8 |
| Scott Grzenczyk | p. 8 |
| Emily Jenks | p. 9 |
| Mani Khamvongsa | p. 9 |
| Elizabeth Kramer | p. 9 |
| Michael Marchese | p. 10 |
| Angelica Ornelas | p. 10 |
| Trevor Tan | p. 10 |
| Lauren Walsh | p. 11 |
| Tom Watts | p. 11 |

**Of Counsel**

| | |
|---|---|
| David Berger | p. 11 |
| Aaron Blumenthal | p. 12 |
| Caroline Corbitt | p. 12 |
| Michael Danko | p. 12 |
| A.J. De Bartolomeo | p. 13 |
| Dylan Hughes | p. 14 |
| Amanda Karl | p. 15 |
| John Kehoe | p. 15 |
| Linda Lam | p. 16 |
| Steve Lopez | p. 16 |
| Karen Barth Menzies | p. 17 |
| Kristine Meredith | p. 17 |
| Robert Mosier | p. 18 |
| Geoffrey Munroe | p. 19 |
| Andre Mura | p. 19 |
| Michael Schrag | p. 20 |
| David Stein | p. 21 |
| Steven Tindall | p. 21 |
| Amy Zeman | p. 22 |

**SIGNIFICANT RECOVERIES**

| | |
|---|---|
| False Advertising | p. 22 |
| Defective Products | p. 24 |
| Other Consumer | p. 25 |
| Securities & Financial | p. 28 |
| Mass Tort | p. 30 |
| Employment | p. 30 |
| Antitrust | p. 31 |
| Government Reform | p. 31 |

# Partners



**Daniel Girard** serves as the firm's managing partner and coordinates the prosecution of various consumer protection, securities, and antitrust legal matters handled by the firm. Some of Mr. Girard's recent case work includes serving as lead counsel and primary settlement negotiator in *In re Peregrine Group Customer Litigation* ($70 million in client recoveries); *In re Sears Holdings Corp. Derivative Litigation* ($40 million recovery); *In re Oppenheimer California Fund Securities Litigation* ($50.75 million recovery); and *Billitteri v. Securities America, Inc.*, ($150 million recovery). He served as a member of the Steering Committee in the Jay Peak EB-5 Visa Litigation (*Daccache v. Raymond James Financial, Inc.*) ($150 million partial settlement). He also led *Paeste v. Government of Guam*, in which the Court entered an injunction reforming income tax refund payment procedures for the Territory of Guam.

His previous work includes serving as a member of the executive committee charged with managing *In re Lehman Brothers Holdings Securities and ERISA Litigation*, multidistrict proceedings arising out of the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in United States history. The Lehman litigation resulted in recoveries of over $735 million. He served on the Executive Committee in the *Natural Gas Antitrust Cases I, II, III and IV* antitrust litigation against numerous natural gas companies for manipulating the market for natural gas in California. The *Natural Gas* litigation resulted in total settlements of nearly $160 million.

Mr. Girard currently represents purchasers of universal life insurance in several pending matters, including as liaison counsel in *Larson v. John Hancock* in Alameda County, California Superior Court, where a $59.75 million settlement is awaiting final approval. He represents investors in Woodbridge Mortgage Investments, a California-based enterprise that filed for bankruptcy after raising over $1 billion in private securities sales. He serves as lead counsel in an action against Wells Fargo for violating the Telephone Consumer Protection Act. Mr. Girard is one the lead counsel in *In re Wal-Mart Stores Derivative Litigation*, representing CalSTRS in derivative litigation arising out of alleged violations of the Foreign Corrupt Practices Act. He also oversees the firm's work on several antitrust matters, including the *In re Capacitors Antitrust Litigation*. Mr. Girard has been retained by a range of clients in litigation and advisory matters, including the California Teachers' Retirement System, the California Public Employees Retirement System, Kansas Public Employees Retirement System, the State of Wisconsin Investment Board, the American Federation of Government Employees, Allianz of America, Inc., Fireman's Fund Insurance Company, and German photographer Gunter Sachs.

Mr. Girard was appointed by the Chief Justice William H. Rehnquist to serve on the United States Judicial Conference's Advisory Committee on Civil Rules in 2004 and reappointed for a second term by Chief Justice John G. Roberts in 2007. As a member of the Civil Rules Advisory Committee's Discovery Subcommittee, he participated in the Committee's drafting of amendments governing electronic discovery, summary judgment and expert discovery. In 2015, he was appointed by Chief Justice Roberts to serve on the Standing Committee on Rules of Practice and Procedure. He is also a member of the American Law Institute. He served several terms on the Advisory Board of the Institute for the

Advancement of the American Legal System, a national, non-partisan organization dedicated to improving the process and culture of the civil justice system.

Mr. Girard is the co-author of *Limiting Evasive Discovery: A Proposal for Three Cost-Saving Amendments to the Federal Rules*, 87 DENV. U. L. REV. 473 (2010) and *Managez efficacement vos litiges d'affaires*, Extrait du magazine, Décideurs N°121, November 2010. Other published articles include: *Stop Judicial Bailouts*, The National Law Journal, December 1, 2008, and *Billions to Answer For*, Legal Times, September 15, 2008. His speaking engagements in the last five years include the following presentations: *Panelist for Class Action Settlements and Discovery presentations,* HB Litigation Conferences, May 3, 2016; *Panelist for Data Breach & Privacy presentation,* HB Litigation Conferences, February 11, 2016; *Panelist for "Hello 'Proportionality', Goodbye 'Reasonably Calculated'",* Joint Conference of ABA Section of Litigation and Duke Law Center for Judicial Studies, January 28, 2016; *Invited Participant in Special MDL Conference,* Duke Law Center for Judicial Studies, October 8, 2015; *Co-panelist with Judge James P. O'Hara on Discovery Amendments to Federal Rules of Civil Procedure;* Kansas City Metropolitan Bar Association, D. Kan., and W. D. of Mo., September 17, 2015; *Panelist in Private Breakfast Seminar on Class Action Risk Mitigation Strategies*, Lazareff LeBars, September 22, 2015; *Invited Participant on Judicial Conference Advisory Committee on Civil Rules,* Rule 23 Mini-Conference, September 11, 2015; *Attorney Faculty in Managing Complex Litigation Workshop for US District Judges*, Federal Judicial Center, August 25-25, 2015; *Moderator and Panelist on panels addressing proposed Rule 23 amendments,* Class Action Settlement Conference, Duke Law Center for Judicial Studies, July 2015; *Panelist on Role of Consumer Class Actions in the Herbal Supplements Industry*, HarrisMartin's MDL Conference: Herbal Supplements Litigation, May 27, 2015; *Panelist on Transferee Judge Case Management;* Multidistrict Litigation Institute, Duke Law Center for Judicial Studies, April 9-10 2015; *Roundtable Participant on Settlement Class Actions,* George Washington University Law School, April 8, 2015; *Lessons from Recent Data Breach Litigation*, Western Trial Lawyers, February 26, 2015; *Speaker in Privacy & Cybersecurity Webinar*, State Bar of California, February 24, 2015; *Panelist on Preservation Issues,* Proportionality Discovery Conference, Duke Law Center for Judicial Studies, November 13-14, 2014; *Roundtable Participant on Public and Private Enforcement after Halliburton, ATP and Boilermakers*, Duke Law Center for Judicial Studies, September 26, 2014; *Co-panelist on Consolidation and Coordination in Generic Drug Cases*, HarrisMartin's Antitrust Pay for Delay Conference, September 22, 2014; *Guest Lecturer on Civil Litigation Seminar*, UC Berkeley, Hastings School of Law, September 18, 2014; *Panel Moderator on Selection and Appointment of Plaintiff's Steering Committee*, MDL Best Practices, Duke Law Center for Judicial Studies, September 11-12, 2014; *Panel on Shareholder Class Action Lawsuits under the New Companies Act*, Joint Conference of the Society of Indian Law Firms and the American Bar Association, Delhi, India, February 14-15, 2015; *Panelist on Symposium on Class Actions*, University of Michigan Law School Journal of Law Reform, March 2013; *Co-taught Seminar on Class Actions and Complex Litigation*, Duke University Law School, January 2013; *Recent Developments in U.S. Arbitration Law,* Conference on Business Law in Africa, Abidjan, Côte d'Ivoire, October 2012; *Bringing and Trying a Securities Class Action Case*, American Association for Justice 2012 Annual Convention, July 2012; *Panel on Class Actions,* U.S. Judicial Conference Standing Committee on Rules of Practice and Procedure, Phoenix, January 2012*; Panel on Paths to (Mass) Justice,* Conference on Globalization of Class Actions and Mass Litigation, The Hague, December 2011; *Contentieux et Arbitrage International: les bons réflexes à acquérir (Litigation and International Arbitration: acquiring the right reflexes)*, Paris, France, March 2011; *Panel on Proposals for Rule Amendments and Preservation Obligations*, United States Judicial Conference Advisory Committee on Rules of Practice and Procedure, January 2011.

Mr. Girard is a member of the Business Law Section of the American Bar Association. He is past Chair of the Business Law Section's Subcommittee on Class Actions, Co-Chair of the Business and Corporate Litigation Committee's Task Force on Litigation Reform and Rule Revision, and Vice-Chair of the Business and Corporate Litigation Committee. He has served as a guest lecturer on class actions and complex litigation at the UC Davis School of Law, UC Berkeley (Boalt Hall), UC Hastings College of the Law, Vanderbilt Law School and Stanford Law School.

Mr. Girard has been selected among *The Best Lawyers in America* (2012-2017) for his work in class action and securities litigation, and was also named 2013 "Lawyer of the Year" in San Francisco for Mass Tort Litigation/Class Actions - Plaintiffs. Mr. Girard has been consistently honored as a Northern California Super Lawyer (2007-2018), and has also earned the distinction of being included in the "Top 100 Super Lawyers" in Northern California. He has been named among the highest class of attorneys for professional ethics and legal skills with an *AV-Preeminent* rating by Martindale Hubbell, and was featured in the 2012 edition of San Francisco's Top AV-Preeminent Rated Lawyers.

He served as a member of the Board of Trustees of St. Matthew's Episcopal Day School in San Mateo, California from 2003-2008, including three years as board chair from 2005-2008. He served as a volunteer conservation easement monitor for the Peninsula Open Space Trust from 1991 to 2010.

Mr. Girard is a 1984 graduate of the School of Law, University of California at Davis, where he served as an editor of the Law Review. He received his undergraduate degree from Cornell University in 1979. Mr. Girard is a member of the California Bar and is admitted to practice before the United States Supreme Court.

**Eric Gibbs** specializes in the prosecution of consumer and employment class actions. Mr. Gibbs has served as court-appointed lead counsel, class counsel and liaison counsel in numerous class actions throughout the United States.



He has successfully prosecuted more than 75 class action matters, including cases involving defective products, telecommunications, credit cards, unfair competition, false advertising, truth-in-lending, product liability, credit repair, employment misclassification and wage and hour under both state and federal law. Some of the recent cases in which Mr. Gibbs served as court appointed class counsel and achieved favorable results for class members include *Smith vs. The Regents of the University of California* (negotiated a material change in UCSF's privacy practices on behalf of a certified class of current and former patients of the UCSF medical center for unlawful disclosure of confidential medical information); *In Re: Pre-Filled Propane Tank Marketing and Sales Practices Litigation* (negotiated cash reimbursements of up to $75 per class member for the purchase of allegedly under-filled propane tanks), *Browne et al. v. American Honda Motor Co., Inc.* (negotiated class settlement providing for cash reimbursements of up to $150 for rear brake pad replacement expenses in certain Honda and Acura vehicles), *Collado v. Toyota Motor Sales, U.S.A., Inc.* (negotiated a class settlement providing for a free warranty extension and cash reimbursements for many Prius owners who paid for headlight repairs), *In Re Mercedes-Benz Tele Aid Contract Litigation* (negotiated a class settlement providing for cash reimbursements of $650, or new vehicle credits for up to $1,300), *Parkinson v. Hyundai Motor America* (achieved nationwide class certification and settlement providing for cash reimbursements for certain flywheel / clutch parts repairs in 2003 Hyundai Tiburons), *Refuerzo v. Spansion LLC*, (negotiated more

than $8.5 million in cash settlements on behalf of a certified class of former employees in a class action for violations of the WARN Act), *In Re General Motors Dex-Cool Cases* (negotiated cash reimbursements from $50 to $800 per class member vehicle repair), *Bacca v. BMW of North America* (negotiated reimbursement for sub-frame repair expenses and Nationwide Sub-frame Inspection and Repair Program), and *Piercy v. NetZero* (achieved nationwide class settlement providing cash reimbursements, and changes in billing and account practices). He conducted a two-week arbitration resulting in a liability and damages award on behalf of a certified class of current and former account representatives of Masco Retail Cabinet Group who alleged they were misclassified under the Fair Labor Standards Act. Mr. Gibbs was appointed as interim class counsel on the Plaintiffs' Executive Committee in *In re Chase Bank U.S.A., N.A. "Check Loan" Contract Litigation*, multidistrict litigation alleging that Chase Bank wronged consumers by offering them long-term fixed-rate loans, and then attempting to deny them the benefit of their bargain by more-than-doubling their loan payments.  He led settlement negotiations in the case, which resulted in a $100 million settlement with Chase eight weeks prior to trial. He also served as interim class counsel in *Milano v. Interstate Battery System of America, Inc.*, representing purchasers of automobile batteries in a breach of warranty action.

Other significant consumer class actions in which Mr. Gibbs acted in a leadership role include *Mitchell v. American Fair Credit Association* and *Mitchell v. Bankfirst, N.A.*, which generated one of the largest settlements in the United States under the credit services laws (over $40 million); *Providian Credit Card Cases*, which resulted in one of the largest class action recoveries in the United States arising out of consumer credit card litigation ($105 million); *In Re iPod Cases* (achieved settlement in California state-court class action alleging material misrepresentations with respect to iPods' batterylife, and obtained warranty extensions, battery replacements, cash payments, and store credits for those class members who experienced an iPod battery failure), *Roy v. Hyundai Motor America* (negotiated nationwide class settlement providing for the repair of allegedly defective passenger-side airbags, reimbursement for transportation related expenses, and an alternative dispute resolution program allowing for trade-ins and buy-backs), *Paul v. HCI Direct* (achieved nationwide class certification and settlement on behalf of consumers charged for merchandise they allegedly did not knowingly order), *Kim v. BMW of North America* (negotiated nationwide class settlement providing for notification program and free vehicle repair related to defective passenger-side airbags), *In re LookSmart Litigation*, a nationwide class action settlement providing for cash and benefits valued at approximately $20 million; and *Fantauzzo v. Razor*, where plaintiffs alleged that defendant marketed and sold electric scooters with defective stopping mechanisms, and the court approved a nationwide class action settlement providing for, among other remedies, a recall of the potentially defective electric scooters.

Mr. Gibbs has lectured on consumer class actions, including as a featured speaker addressing *Strategic Considerations Under CAFA following Supreme Court's Rulings in* Shady Grove *and* Purdue at the Bridgeport 9th Annual Class Action Litigation Conference; *Current Issues Arising in Attorney Fee Negotiations, Including Best Practices* at the 2010 AAJ Annual Convention; *Dealing With Objectors* at the Consumer Attorneys of California 3rd Annual Class Action Seminar; *What is a Class Action?* At the CAOC Annual Ski Seminar; *After the Class Action Fairness Act* at CAOC's 1st Annual Class Action Seminar; *Class Certification In Consumer Cases* for the Litigation Section of the Barristers Club of the San Francisco Bar Association; and *Successfully Obtaining Attorneys' Fees Under Fee-Shifting Statutes* for the Consumer Rights Section of the Barristers Club of the San Francisco Bar Association. Mr. Gibbs is the co-author of *Consumer Class Actions in the Wake of* Daugherty v. American Honda Motor Company, CAOC's Forum Magazine, January/February 2009.

Mr. Gibbs has been selected by his peers for inclusion in *The Best Lawyers in America* (2012-2017) for his work in Mass Tort Litigation/Class Actions, and honored as a Northern California Super Lawyer (2010-2017). He also earned the distinction of being included among the "Top 100 Super Lawyers" in Northern California. With an *AV-Preeminent* rating from Martindale-Hubbell, Mr. Gibbs has been named among the highest class of attorneys for professional ethics and legal skills, and was featured in the 2012 edition of San Francisco's *Top AV-Preeminent Rated Lawyers*.

Mr. Gibbs is a member of the Board of Governors of the Consumer Attorneys of California, the Board of Governors of the American Association for Justice, the co-chair of AAJ's Consumer Privacy and Data Breach Litigation Group, and is the former co-chair and editor of the Quarterly Newsletter for the Class Action Litigation Group of AAJ. He is also a member of the American Bar Association, the National Association of Consumer Advocates, the Alameda County Bar Association, and the San Francisco Trial Lawyers Association.

Mr. Gibbs is a 1995 graduate of the Seattle University School of Law. He received his undergraduate degree from San Francisco State University in 1991. Before joining Girard Gibbs, he worked for two years as a law clerk for the Consumer Protection Division of the Washington Attorney General's Office. He is a member of the California Bar.



**Dena Sharp** devotes her practice to representing plaintiffs in complex litigation throughout the United States. She currently leads the firm's work as co-lead counsel in *In re Lidoderm Antitrust Litigation*, a "pay-for-delay" pharmaceutical antitrust case, and she serves on the End-Payer Plaintiffs' Steering Committee in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, which involves wide-ranging allegations of price fixing against numerous drug companies. She has played key roles in multidistrict litigation including *In re Capacitors Antitrust Litigation* and *In re Nexium Antitrust Litigation*.

Ms. Sharp managed the firm's work in *In re Oppenheimer California Fund Securities Litigation* ($50.75 million recovery*)*, and was instrumental in the successful prosecution of other securities matters including *In re Lehman Brothers Holdings Securities and ERISA Litigation* ($120 million recovery), *Billitteri v. Securities America, Inc.* ($150 million recovery), and *In re SLM Corporation Securities Litigation* ($35 million recovery).

Outside the courtroom, Ms. Sharp is a co-author of the widely-cited *Sedona Principles: Best Practices and Principles for Electronic Document Production (Third Edition)*. She serves on the board of directors of the Impact Fund, a public interest law non-profit organization that offers grants, advocacy and education to support litigation on behalf of marginalized communities. A Vice Chair of the Advisory Council for the Duke Law School Center for Judicial Studies, Ms. Sharp serves on the three-person editorial board of the influential *Duke Law Proportionality Guidelines and Best Practices*, and is co-author of a chapter in a forthcoming ABA book on class action practice.

Ms. Sharp is a graduate, *cum laude*, of the University of California, Hastings College of Law, where she was a member of the Thurston Society, received the Best Oral Advocate Award, and was the recipient of the Witkin award in her Legal Writing and Criminal Law courses. She received her undergraduate degree in history, *magna cum laude* from Brown University. During law school, Ms. Sharp

externed for the Honorable Phyllis J. Hamilton of the Northern District of California, and the Honorable John E. Munter of the San Francisco Superior Court. She is fluent in Spanish and German, and is admitted to the California Bar.



**Adam Polk** is a partner at Girard Gibbs LLP. Adam devotes his practice to representing plaintiffs in complex securities, antitrust, and consumer class actions. Mr. Polk takes a client-focused approach to each matter he is involved with. His experience covers all aspects of civil litigation, from initial case investigation and complaint preparation through settlement or trial. He currently serves on the co-lead counsel team in *In re Nexus 6P Products Liability Litigation*, pending in the Northern District of California. Adam has taken a substantive role in several recent matters that have resolved favorably for his clients, including *Booth v. Strategic Retail Trust, Inc., et al.* ($5 million settlement); *In re Sears Holdings Corporation Stockholder and Derivative Litigation* ($40 million settlement); and *Daccache v. Raymond James Financial, Inc. et al.* ($150 million partial settlement).

Prior to joining Girard Gibbs, Mr. Polk externed for Northern District of California Judges Sandra Brown Armstrong and Claudia Wilken and worked as an associate with a mid-sized regional firm where he represented both plaintiffs and defendants.

Adam is an active member of the American Bar Association's Class Action and Derivative Suits subcommittee, where he is a frequent contributor of written content regarding emerging issues in class action litigation. Mr. Polk has been selected by his peers as a Northern California Super Lawyer, Rising Star, every year since 2013.

Adam Polk is a 2010 graduate of the University of California, Hastings College of the Law.



**Jordan Elias** specializes in the prosecution of consumer and antitrust class actions. He has authored numerous briefs that resulted in favorable decisions to consumers, including *Pavoni v. Chrysler Group, LLC*, 789 F.3d 1095 (9th Cir. 2015); *In re Cipro Cases I & II*, 61 Cal. 4th 116 (2015); and *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011) (en banc).

Before joining Girard Gibbs, Mr. Elias spent several years at Lieff Cabraser Heimann & Bernstein where he pursued claims against monopolists and price-fixing cartels and against the nation's largest banks for deceptive practices. He also served as head writer for the plaintiffs in the wrongful death litigation against Toyota over its vehicles' sudden acceleration problems.

Early in his career, Jordan clerked for the late Judge Cynthia Holcomb Hall of the U.S. Court of Appeals for the Ninth Circuit. He also successfully represented technology companies in securities and intellectual property litigation at Wilson Sonsini Goodrich & Rosati.

Mr. Elias currently serves on the San Francisco Bar Association's Executive Committee. He teaches continuing legal education courses for the American Law Institute, the Practising Law Institute, Strafford Publications, and Law Seminar International. His articles on antitrust and class action law have

appeared in American Bar Association and State Bar of California publications. Mr. Elias has been honored as a Northern California Super Lawyer every year since 2014, and in 2012 and 2013, he was recognized as a Rising Star. In 2016, he received a California Lawyer Attorney of the Year (CLAY) award.

Mr. Elias is a 2003 graduate of Stanford Law School, where he was a member of the Law Review. He received his undergraduate degree, *magna cum laude*, from Yale College in 1998. Mr. Elias is a member of the California Bar.

## Associates

**Simon S. Grille** is committed to seeking justice for plaintiffs harmed by corporate misconduct. Prior to joining Girard Gibbs, Mr. Grille worked at a prominent Bay Area law firm where he represented victims of toxic exposure in complex civil litigation. Mr. Grille also has experience working in-house at a multinational company and as an extern for the Honorable Arthur S. Weissbrodt of the United States Bankruptcy Court, Northern District of California.



Mr. Grille is a 2013 graduate of UCLA School of Law, where he was honored as a distinguished brief writer and an outstanding oral advocate in multiple moot court competitions. Mr. Grille also served as a Senior Articles Editor for the Entertainment Law Review. Mr. Grille received his undergraduate degree in Political Science from UC Berkeley in 2008.

**Scott Grzenczyk** specializes in the prosecution of complex antitrust, consumer protection, and employment matters. He plays a principal role in *In re Lidoderm Antitrust Litigation*, where the firm serves as co-lead counsel. Mr. Grzenczyk also plays an active role in the firm's prosecution of antitrust price-fixing cases involving the prescription drugs clobetasol, desonide, fluocinonide, and propranolol. He leads the firm's litigation efforts in *Crawford v. Government of Guam*, a class action pending in the United States District Court for the District of Guam in which the firm represents native inhabitants of Guam bringing Due Process and Equal Protection claims against the Government of Guam.



Mr. Grzenczyk has successfully litigated cases in every district court in California and successfully argued before the Ninth Circuit Court of Appeals in a key immigration case (*Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)). He has been selected as a Rising Star by Northern California Super Lawyers (2013-2017), recognizing him as one of the best young attorneys practicing in Northern California.

Mr. Grzenczyk is a 2011 graduate of the University of California, Davis, School of Law, where he was the Chair of the Moot Court Board and the Executive Editor of the *UC Davis Journal of International Law and Policy*. He was the recipient of the Witkin Award for Legal Research and Writing, Best Brief and Best Advocate awards in his moot court class, and numerous awards at national moot court competitions. He was also a member of the Law School's national mock trial team and the law school faculty named him as a member of the Order of the Barristers. Mr. Grzenczyk received his undergraduate degree in

political science and certificate in political theory from Princeton University in 2006. Mr. Grzenczyk is admitted to the California Bar. He is also admitted to practice before the United States District Courts for the Northern, Central, Eastern and Southern Districts of California and the Ninth Circuit Court of Appeals.



**Emily Jenks** is a 2010 graduate of the Santa Clara University School of Law, where she served as an Associate on the *Computer and High Technology Law Journal* and focused her studies on intellectual property and high tech law.

Ms. Jenks received her undergraduate degree in international relations with emphasis on global economy from San Francisco State University in 2005. Prior to joining Girard Gibbs, she managed large scale eDiscovery projects in antitrust, product liability, as well as bribery and corruption. Ms. Jenks is fluent in Japanese and is admitted to the California Bar.



**Mani Khamvongsa** focuses her practice on antitrust enforcement on behalf of class action plaintiffs harmed by corporate wrongdoing. In addition, she has experience with complex litigation matters concerning pharmaceuticals, telecommunications, and software. Previously, Ms. Khamvongsa worked at the U.S. Department of Justice, Antitrust Division, on criminal matters involving price fixing and bid rigging. She also investigated the merger of companies for anticompetitive market effects.

Ms. Khamvongsa graduated from the University of California, Hastings College of the Law, where she worked with the Refugee and Human Rights Clinic to obtain asylum for a victim of gender violence. She also interned for the Criminal Division of the U.S. Attorney's Office, the San Francisco District Attorney's Office, and the American Civil Liberties Union of Northern California. Before law school, she received her undergraduate degree from Oberlin College with a double major in Politics and Environmental Studies.

Ms. Khamvongsa is a member of the California Bar and admitted to practice before the U.S. Court of Appeals for the Ninth Circuit and the U.S. District Court for the Northern District of California.



**Elizabeth Kramer** interned at Girard Gibbs for two consecutive summers while attending the University of San Francisco, School of Law, and joined the firm full time after graduating in 2013.

While at USF, Ms. Kramer was a member of the Investor Justice Clinic, representing elderly and low-income individuals before FINRA and in settlement negotiations to resolve alleged wrongdoing by securities firms. She recovered $35,000 for clients during her tenure at the Clinic. Ms. Kramer was also on the board of the Women's Law Association as chair of community outreach. She graduated with honors from the University of California at Santa Cruz with a degree in Psychology. Ms. Kramer is admitted to the California Bar.

In 2016 and 2017, Ms. Kramer was honored as a Northern California

Super Lawyers Rising Star.

**Michael Marchese** is a 2015 graduate of the University of California, Hastings College of the Law.



Prior to joining Girard Gibbs, he completed a post-graduate fellowship in the Litigation Division of the Oakland City Attorney's Office. As a law student at UC Hastings, he interned at the California Coastal Commission and the Sierra Club, and was an Executive Editor of the Hastings Communications and Entertainment Law Journal.

He received his undergraduate degree with honors in Legal Studies in Business from Tulane University in 2012. Mr. Marchese is admitted to the California Bar.

**Angelica Ornelas** is a 2011 graduate of the University of California, Berkeley School of Law (Boalt Hall).



Prior to joining Girard Gibbs, Ms. Ornelas served as a judicial law clerk at the United States District Court for the Northern District of California and the United States Bankruptcy Court for the District of Nevada.

Ms. Ornelas also worked as a fellow at the California Monitor Program, a program developed by the California Attorney General's Office to oversee the implementation of the landmark $25 billion National Mortgage Settlement.

**Trevor Tan** is a 2011 graduate of the University of Chicago Law School.



Before joining the firm, Mr. Tan was a judicial law clerk for a district judge at the United States District Court for the Central District of California and previously clerked for several judges of the Los Angeles County Superior Court.

Mr. Tan received his undergraduate degree with honors in political science from the University of California, Irvine in 2006.

During law school, Mr. Tan was an extern with the Honorable George H. Wu of the United States District Court for the Central District of California and a law clerk at the Illinois Attorney General.  After graduating from law school, he was a fellow at the Young Center for Immigrant Children's Rights where he advocated on behalf of unaccompanied minors facing deportation.

**Lauren Walsh** is a 2014 graduate of Fordham University School of Law.

Ms. Walsh received her undergraduate degree in English Literature and History from Vanderbilt University in 2010.



During law school, Ms. Walsh served as a member of the *Fordham Environmental Law Review* and worked as a student attorney at the Legal Aid office of the New York City Housing Court, where she represented low income tenants facing eviction. She achieved successful resolutions for her clients and was honored with the Archibald R. Murray Public Service Award.

**Tom Watts** is a graduate of the University of California, Berkeley, where he double-majored in Classical Languages and Astrophysics, and of Harvard Law School and Harvard Kennedy School, where he earned a J.D. magna cum laude and a Master's in Public Policy



During law school, Mr. Watts interned for the California Assembly Judiciary Committee, where he analyzed legal and policy issues relating to pending legislation. He also interned for Public Advocates, where he focused on educational equity advocacy, and the Santa Clara County Counsel's Impact Litigation and Social Justice Section, where he worked on consumer protection cases. Shortly before graduating, he interned for the U.S. Department of Justice's Civil Appellate Section, where he drafted briefs relating to novel issues of constitutional and administrative law. He also served as Executive Online Editor for the Harvard Law & Policy Review and taught introductory economics at Harvard College.

## Of Counsel

**David Berger** is a 2008 graduate of Northwestern University School of Law. He competed on the Jessup Moot Court team and defended juveniles through the Bluhm Legal Clinic's Children and Family Justice Center. Prior to joining Girard Gibbs, Mr. Berger was a law clerk in the United States District Court for the Northern District of California.  He also spent several years litigating complex commercial and intellectual property cases at Robins, Kaplan, Miller & Ciresi in Minneapolis, Minnesota. There, Mr. Berger recovered millions of dollars for the State of Minnesota by proving that a chain of dentists submitted false claims to state-funded health plans. He represented people injured by the Interstate 35-W bridge collapse in victim compensation proceedings. He also represented inter-governmental organizations and companies in high-stakes commercial and intellectual property disputes.



**Aaron Blumenthal** represents consumers and whistleblowers in class action lawsuits involving allegations of corporate misconduct. He has prosecuted a variety of consumer protection cases ranging from false advertising to defective products. He is also involved in the investigation and development of new cases.



Aaron attended the University of California, Berkeley School of Law (Boalt Hall), where he graduated *Order of the Coif* (a distinction awarded only to the top 10 percent of the graduating class). In law school, Aaron worked on consumer issues— writing and publishing a law review article on the practical strategies for combatting class action waivers in a post-*Concepcion* world.

**Caroline Corbitt** is a 2015 graduate of the University of Southern California, Gould School of Law, where she served as Executive Editor of the Southern California Interdisciplinary Law Journal. Ms. Corbitt was a summer 2013 extern for the Honorable Laurel Beeler, Magistrate Judge of the United States District Court, Northern District of California. Ms. Corbitt has also externed at the Federal Trade Commission and the California Department of Justice, Antitrust Division.



Before law school, Ms. Corbitt worked in book publishing in San Francisco, California. She received her undergraduate degree in history and literature from Harvard University in 2009.

**Michael S. Danko** is a renowned trial lawyer with more than 25 years of legal experience. He represents individuals who have suffered catastrophic personal injuries, as well as families of wrongful death victims in cases involving product defects, defective medications and medical devices, airplane and helicopter accidents, and dangerous structures. He has tried cases in state and federal courts throughout the country, and has won numerous eight-figure verdicts on behalf of his clients.



Mr. Danko represents dozens of victims of a Pacific Gas & Electric gas explosion and serves on the Plaintiffs' Steering Committee in a California state coordinated proceeding *San Bruno Fire Cases,* JCCP No. 4648. He also serves on the Science Committee for Plaintiffs in *In Re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2100.

In 2009, he won a $15 million jury verdict for a client injured by a defective aircraft part, which earned him a nomination for 2009 California Trial Lawyer of the Year by the Consumer Attorneys of California.

Mr. Danko's trial advocacy has helped bring about significant reforms and changes to corporate policies. As lead counsel in *In Re Deep Vein Thrombosis Litigation,* MDL No. 04-1606 (N.D. Cal.), he represented more than one hundred air travelers who suffered strokes, pulmonary emboli, or heart attacks as a result of airline-induced blood clots. He developed theories of liability and proof regarding the cause of his clients' injuries that led to virtually every major air carrier warning air travelers about the risks of deep vein thrombosis and measures to mitigate those risks. Mr. Danko also represented parents of children who were injured or killed by a popular candy made by a foreign manufacturer. His work in proving that the candy's unusual ingredients and consistency made it a choking hazard resulted in the candy being removed from Costco and Albertson's stores nationwide, and helped lead the FDA to ban the candy from further import into the United States.

He has been named a Northern California Super Lawyer each year since the award's inception in 2004. He is a *Lawdragon 500* finalist. In 2010, he was named one of the Best Lawyers in America. He is a member of the American Association for Justice, the Lawyer Pilots Bar Association and the Consumer Attorneys of California, where he serves on the board of governors. Mr. Danko received his AB degree from Dartmouth College, *magna cum laude*, in 1980, and earned his JD from the University of Virginia School of Law in 1983.

**A.J. De Bartolomeo** has more than twenty years of experience in complex litigation, including the prosecution and defense of class actions arising under the securities, communications, consumer protection and copyright laws. Her experience extends to the prosecution of pharmaceutical and medical device litigation as well as the collection of class action recoveries and claims administration in bankruptcy proceedings. She has served as court-appointed lead counsel and class counsel in several class actions throughout the United States, and presently serves as a member of the Plaintiffs' Steering Committee in three MDL mass tort actions.

Ms. De Bartolomeo served as Lead Counsel in *Telstar v. MCI, Inc.* (S.D.N.Y) (achieved settlement for over $2.8 million in cash on behalf of class of commercial subscribers alleging FCA violations), *Lehman v. Blue Shield* (Cal. Super. Ct. San Francisco County) (parties negotiated a settlement for over $6.5 million in cash on behalf of class of subscribers overpaying insurance premiums), *Powers Law Offices v. Cable & Wireless, USA* (D. Mass.) (Bankr. D. Del.) (achieved settlement for over $2.2 million in cash after Chapter 7 filing on behalf of Rule 23(b)(3) certified class of commercial customers alleging FCA violations), and *In re Cosmo Store Services,* (Bankr. C.D. Cal.) (achieved settlement for $1 million in cash after Chapter 11 filing on behalf of class of unsecured creditor employees). Ms. De Bartolomeo has also held a leadership position in *In re American Express Advisors Securities Litigation* (S.D.N.Y), *CALSTRS v. Quest Communications, et al.* (Cal. Super. Ct. San Francisco County), *Cromwell v. Sprint Communications* (D. Kan.), and *Brennan v. AT&T Corp.* (S.D. Ill.). Ms. De Bartolomeo served as second chair in *In re MCI Non-Subscriber Rates Litigation* (MDL, S.D. Ill.) ($88 million settlement). From 2005 to 2008, A. J. De Bartolomeo served on the Discovery and Law Committees in the *In Re Medtronic, Inc. Implantable Defibrillators Product Liability Litigation*, MDL No. 05-1726 (JMR/AJB) (D. Minn.).

Ms. De Bartolomeo is currently court-appointed to the Plaintiffs' Steering Committee in the *Yaz & Yasmin* birth control litigation (MDL 2100) and she also serves as Co-Chair of the Law and Briefing Committee. She is also court-appointed to the Steering Committee in the *Pradaxa* blood thinner personal injury and product liability lawsuits (MDL 2385), coordinated in federal court in East St. Louis, as well as

*Actos* diabetes drug personal injury and product liability lawsuits (MDL 2299), coordinated in the Western District of Louisiana.

Ms. De Bartolomeo has been named among the highest class of attorneys for professional ethics and legal skills with an AV-Preeminent rating by *Martindale Hubbel, and* was honored as a *Northern California Super Lawyer* (2013). She is a member of the American Bar Association Sections on Litigation, Business Law and Communications, the American Bankruptcy Institute, Consumer Attorneys of California and the American Association for Justice. In July 2012, she was elected as an officer of the Women's Trial Lawyer Caucus of the American Association of Justice, and she currently serves as Second Vice-Chair. She also is also a former member of the National Association of Public Pension Attorneys, where she was an active participant in the Task Force on Securities Litigation and Damage Calculation, as well as a member of the Council of Institutional Investors.

Ms. De Bartolomeo has been invited to speak on consumer and securities class actions, mass tort actions, as well as the settlement approval process before plaintiff and defense law firms, institutional investors and government committees; most recently, for Bridgeport Continuing Education, the Women's Leadership Summit at the AAJ Annual Convention and the Fact-finding Mission to Class Actions in the United States, sponsored by the Japan Federation of Bar Associations and Kyoto Bar Association. She is the author of "*Facilitating the Class Action Approval Process*," AAJ's Women Trial Lawyers Caucus Newsletter, summer 2010.

Ms. De Bartolomeo is a 1988 graduate of the University of California, Hastings College of the Law. She received her undergraduate degree from Fairfield University in 1982, and a General Course degree in Economics from the University of London, London School of Economics and Political Science (1981). Before joining Girard Gibbs, Ms. De Bartolomeo was an associate with Robins Kaplan Miller & Ciresi and a Staff Attorney with the Securities and Exchange Commission (Enforcement Division). She is admitted to the California Bar. She also is admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the First and Ninth Circuits, and the United States District Courts for the District of Michigan, the Southern District of Texas, the Eastern District of Wisconsin, and the Northern, Eastern, Central and Southern Districts of California.



**Dylan Hughes** specializes in the prosecution of consumer and employment class actions. He represents consumers in a variety of cases ranging from false advertising to defective products, and employees in misclassification and wage and hour cases under state and federal laws. Mr. Hughes has extensive experience prosecuting complex automobile-defect cases and helped achieve recoveries on behalf of class members in the *In Re General Motors Dex-Cool Cases* (settlement of $50 to $800 cash reimbursements per class member vehicle repair) and *In Re General Motors Cases*, a certified California state court class action against General Motors alleging violations of California's "Secret Warranty" law, California Civil Code § 1794.90 *et seq*. Mr. Hughes was also involved in the *Parkinson v. Hyundai Motor America* lawsuit, in which plaintiffs certified a nationwide class alleging Hyundai sold vehicles with defective flywheel systems, before ultimately reaching a favorable settlement for the class.

Mr. Hughes has been selected for inclusion in Northern California Super Lawyers every year since 2012. He is a 2000 graduate of the University of California, Hastings College of Law. He received his

undergraduate degree from the University of California at Berkeley in 1995. Mr. Hughes was a spring 2000 extern for the Honorable Charles A. Legge of the United States District Court, Northern District of California.

Before joining Girard Gibbs, Mr. Hughes was a law clerk for the Honorable Paul A. Mapes, Administrative Law Judge of the Office of Administrative Law Judges, United States Department of Labor. Mr. Hughes is a member of the American Bar Association, Consumer Attorneys of California, the Class Action Litigation Group of the American Association for Justice and the Consumer Rights Section of the Barristers Club. He is admitted to the California Bar and is admitted to practice before the United States Court of Appeals for the Ninth Circuit as well as the United States District Courts for the Northern and Central Districts of California.



**Amanda Karl** represents consumers, employees and others who have been harmed by corporations. She is a 2014 graduate (Order of the Coif) of the University of California at Berkeley School of Law (Boalt Hall), where she served as the Managing Editor of the California Law Review, Director of the Workers' Rights Disability Law Clinic and Research Assistant to Professor Robert Berring, Jr. She also worked throughout law school as a Clinical Law Student at the East Bay Community Law Center, assisting with litigation targeting criminal record reporting violations, and as a law clerk at Equal Rights Advocates, where she worked on women's employment issues involving wage and hour law, pregnancy discrimination, ADA and Title VII. Ms. Karl received her undergraduate degree, magna cum laude, in Sociology and Human Rights from Columbia University in 2009.

Following graduation from law school, Ms. Karl served as a law clerk to the Honorable Richard A. Paez, United States Court of Appeals for the Ninth Circuit (2014-2015), and as a law clerk to the Honorable Claudia Wilken, Northern District of California (2015-2016).



**John Kehoe** prosecutes securities and financial fraud cases in federal and state courts on behalf of institutional and individual clients. He has served as lead counsel in a number of precedent-setting cases including *In re Bank of America Corporation Securities Litigation* ($2.4 billion settlement); *In re Wachovia Preferred Securities and Bond/Notes Litigation* ($627 million settlement); *In re Initial Public Offering Securities Litigation* ($586 million settlement resolving 309 consolidated actions); *In re Lehman Brothers Securities and ERISA Litigation* ($516 million settlement); and *In re Marvell Technology Group Ltd. Securities Litigation* ($72 million settlement). He also had a significant prosecutorial role in *In re Brocade Securities Litigation* ($160 million settlement).

John has represented clients before the Second and Eleventh Circuit Courts of Appeals, and he is active in merger and acquisition litigation before The Delaware Court of Chancery, including serving on the Executive Committee in *In re Safeway Stockholders Litigation*, through which value of the transaction to stockholders was increased by more than $80 million.

Prior to attending law school, John worked as a law enforcement officer in the State of Vermont (1986-94), serving as a member of the tactical Special Reaction Team and the Major Accident

Investigation Team. He is a program faculty member with the National Institute of Trial Advocacy, and served as an adjunct faculty member with the Trial Advocacy Training Program at the Louisiana State University School of Law.

John is a frequent speaker at conferences focused on shareholder rights and corporate governance issues. He received his Juris Doctorate, *magna cum laude*, from Syracuse University College of Law. He also received a Masters of Public Administration from the University of Vermont, and Bachelor of Arts from DePaul University, where he was starting goalkeeper on the Division I soccer team, and an exchange student to the University of Economics in Budapest, Hungary.

John is Of Counsel to Gibbs Law Group and a shareholder at Kehoe Law Firm.

**Linda Lam** focuses her practice on representing consumers, small businesses, and employees in complex contingency litigation. Before joining the firm, Ms. Lam was an associate attorney at a national employee benefits and employment law firm, where she represented workers and retirees.



Ms. Lam graduated *magna cum laude* from the University of California, Hastings College of the Law in 2014, where she was inducted into the Order of the Coif. In law school, Ms. Lam served as the Production Editor for the Hastings Race and Poverty Law Journal. She worked as a research assistant to Professor Reuel Schiller. Additionally, Ms. Lam worked on a team in the Refugee and Human Rights Clinic to win asylum status for a domestic violence victim from Mexico. In 2012, she externed for the Honorable Joseph Spero in the Northern District of California.

**Steve Lopez** is a 2014 graduate of the University of California at Berkeley School of Law (Boalt Hall), where he was a Publishing Editor for the California Law Review and an Editor for the Berkeley Journal of Employment and Labor Law. Mr. Lopez was also a member of the La Raza Law Students Association and the Legal Aid Society–Employment Law Center's Berkeley Workers'



Rights Clinic, where he successfully argued a client's unemployment insurance appeal in an administrative hearing. He was the recipient of the American Jurisprudence Award in Insurance Law, and the Prosser Prize in Remedies and Employee Benefit Law.

Before law school, Mr. Lopez performed research for a consulting firm specializing in improving justice programs. He received his undergraduate degree in economics and international relations from the University of Virginia in 2008.

**Karen Barth Menzies** is a nationally-recognized mass tort attorney with more than twenty years of experience in federal and state litigation. Courts throughout the country have appointed Karen to serve in leadership positions including Lead Counsel, Liaison Counsel and Plaintiff Steering Committee in some of the largest pharmaceutical and device mass tort cases. Karen currently serves in leadership positions in the Zoloft Birth Defect Litigation (federal and California state courts), Transvaginal Mesh Litigation (federal and California state courts), Fosamax Femur Fracture Litigation (California state court), Lexapro/Celexa Birth Defect Litigation Missouri  state court).



Karen is particularly focused on women's health issues and drugs that cause harm to children. She currently represents women suffering permanent baldness following breast cancer chemotherapy treatments with Taxotere, and children who experienced severe side effects after taking the widely- prescribed medication Risperdal. Karen believes in advocating for drug safety and for the victims in the face of profit-driven corporations. She has testified twice before FDA advisory boards as well as the California State Legislature on the safety concerns regarding the SSRI antidepressants and the manufacturers' misconduct.

Karen frequently publishes and presents on issues involving drug safety, mass tort litigation, FDA reform and federal preemption for both legal organizations (plaintiff and defense) and medical groups.

**Kristine Keala Meredith** is a trial attorney specializing in product liability litigation. She served as co-lead counsel with Mr. Danko representing more than one hundred air travelers who suffered strokes, pulmonary emboli, or heart attacks as a result of airline-induced blood clots in *In Re Deep Vein Thrombosis Litigation*, MDL No. 1606.



Ms. Meredith served on the Law and Motion committee in *In Re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2100, where she assisted in the successful opposition to 15 *Daubert* motions in fewer than three weeks. Before devoting her practice to representing plaintiffs, Ms. Meredith worked on the national defense counsel teams for medical device manufacturers in multi-district litigation including *In re Silicone Gel Breast Implants Product Liability Litigation*, MDL No. 926, and *In re Orthopedic Bone Screw Product Liability Litigation*, MDL No. 1014. She also represented doctors and hospitals in defense of medical malpractice actions, where she worked with some of the world's leading medical experts.

In 2010, Ms. Meredith was named a Northern California Super Lawyer. She is currently an officer of the American Association for Justice and the San Mateo County Trial Lawyers Association. She is also a member of the San Francisco Trial Lawyers Association and the Consumer Attorneys of California. She is a former chair of the Minority Issues Committee of the San Francisco Bar Association Barrister Club.

She obtained her B.S. with honors from the University of California at Davis and was awarded a scholarship to attend Brigham Young University's J. Reuben Clark Law School. While in law school, she was awarded the Distinguished Student Service Award and spent a semester at Howard University Law School in Washington, D.C., as a member of the faculty/student diversity exchange.

**Robert A. Mosier** is of counsel to Gibbs Law Group LLP and managing attorney of Sanders Viener Grossman LLP's Los Angeles office.



Mr. Mosier's practice is almost exclusively focused on representing plaintiffs harmed by large pharmaceutical and medical device companies.  He represents clients injured by Granuflo, Tylenol, Risperdal, Medtronic Infuse, Reglan Crestor, Pain Pumps, Transvaginal Mesh, DePuy ASR and Pinnacle Hips, Januvia, Byetta and Yaz. Mr. Mosier serves as court-appointed co-lead counsel and liaison counsel and on leadership committees in consolidated litigation  throughout the United States.

Mr. Mosier currently serves as Plaintiffs' Co-Lead Counsel in the Risperdal  and Invega Product Liability Cases JCCP 4775 litigation, and as Plaintiff's Liaison  Counsel in the In re Infusion Pain Pump JCCP 4615 litigation. Mr. Mosier is appointed to the Plaintiff's Steering Committee in the In Re Incretin Mimetics Product Liability Litigation MDL 2452, and the In Re Zoloft Birth Defect Cases JCCP4771.

Mr. Mosier is appointed to the Science Committee in the In re Fresenius Granuflo/Naturalyte Dialysate Products MDL 2428.

Prior to joining Sanders Viener Grossman as trial counsel and managing attorney, Mr. Mosier was a partner at McGregor & Mosier, where he obtained numerous multi-million dollar settlements for injured plaintiffs in medical malpractice, brain injury, birth injury, and other significant injury matters through trial. Mr. Mosier also represented victims involved in unique injury and death cases, including hot air balloon crashes, trucking deaths and molestation cases.

Before working to represent the rights of injured plaintiffs, Mr. Mosier represented hospitals, physicians, and medical providers accused of malpractice at one of California's preeminent medical malpractice defense firms. During his tenure as a defense attorney, Mr. Mosier gained invaluable insight and education into the practice of medicine, health care and medical insurance issues.

Mr. Mosier has held an AV Preeminent Attorney rating from Martindale Hubble since 2002, is a National Trial Lawyers – Top 100 Attorney, and an Arizona Top Rated Attorney – Top Trial Lawyers in America.

Mr. Mosier frequently speaks at national legal conventions on various issues involving mass tort litigation. He has prosecuted diverse appellate court issues, obtaining published opinions in the areas of constitutional law, separation of court jurisdiction and dischargeability of intentional tort claims. While working as a medical malpractice defense attorney, Mr. Mosier served as liaison counsel for the Orange County Medical Association/ Orange County Bar Association committee and was frequently invited to speak to hospitals and their staffs on medical/legal issues affecting doctor-patient care.

**Geoffrey Munroe** represents plaintiffs in high-profile class action and mass tort cases in both federal and state courts throughout the United States. He was selected as a Rising Star by Northern California Super Lawyers (2010-2014), recognizing him as one of the best young attorneys practicing in Northern California, and as a Northern California Super Lawyer in 2015. He is the co-author of "*Consumer Class Actions in the Wake of Daugherty v. American Honda Motor Company,*" CAOC's Forum Magazine, January/February 2009, and a frequent contributor to the Class Action Litigation Group Newsletter of the American Association for Justice.



Mr. Munroe is a 2003 graduate of the University of California at Berkeley School of Law (Boalt Hall), where he was the recipient of the American Jurisprudence Award in Torts, Business Law & Policy and Computer Law. He received his undergraduate degree in chemistry from the University of California at Berkeley in 2000. Mr. Munroe is a member of the Public Justice Class Action Preservation Project Committee, the Class Action Litigation Group of the American Association for Justice and the Consumer Attorneys of California. He is a member of the California Bar and is admitted to practice before the United States Court of Appeals for the Ninth Circuit, as well as the United States District Courts for the Northern, Central and Southern Districts of California.

**Andre Mura** represents plaintiffs in class action and complex litigation concerning consumers' and workers' rights, products liability, drug and medical devices, federal jurisdiction, and constitutional law. Prior to joining Gibbs Law Group LLP, Mr. Mura was senior litigation counsel at the Center for Constitutional Litigation PC, where he represented plaintiffs in high- stakes appeals and complex litigation in state supreme courts and federal appellate courts. Mr. Mura also authored briefs filed in the U.S. Supreme Court, at both the petition and merits stages, and argued dispositive motions in trial courts nationwide.



Recently, Mr. Mura successfully opposed Wal-Mart's motion to dismiss in *Reynolds v. Wal-Mart* (N.D. Fla.), a putative class action in federal court concerning deceptive food labeling. Before the U.S. Court of Appeals for the Ninth Circuit, sitting en banc, Mr. Mura also recently represented plaintiffs injured by propoxyphene, an ingredient found in Darvocet and Darvon pain relief drugs and generic pain relievers.

Mr. Mura's advocacy before the U.S. Supreme Court includes *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), for which he drafted merits briefing addressing whether personal jurisdiction exists over a foreign manufacturer. Mr. Mura was the lead author of an amicus curiae brief for the American Association for Justice and Public Justice in *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 133 S. Ct. 2466 (2013), a case examining whether federal drug safety law preempts state-law liability for defectively designed generic drugs. In *Qwest Services Corp. v. Blood*, 132 S. Ct. 1087 (2012), Mr. Mura was counsel of record for plaintiffs in opposing Supreme Court review of an $18 million punitive damages award. SCOTUSblog, the blog of the Supreme Court of the United States, selected Mr. Mura's petition for certiorari in *Malaterre v. Amerind Risk Management Corp.*, No. 11-441 as "Petition of the Day."

Before the Missouri Supreme Court in *Watts v. Lester E. Cox Medical Centers*, 376 S.W.3d 633 (Mo. 2012), Mr. Mura successfully argued that a state law limiting compensatory damages in medical malpractice cases violated his client's constitutional right to trial by jury. In ruling in favor of Mr. Mura's client, the high court agreed to overturn a 20-year-old precedent. In *Texaco, Inc. & Chevron Corp. v. Simon*, Mr. Mura argued before the Mississippi Supreme Court in a case concerning Texaco's and Chevron's liability for pregnant women's exposure to leaded gas. The case settled favorably after oral argument but before decision.

Mr. Mura is a member of the American Bar Association (ABA) Tort Trial and Insurance Practice Section (TIPS) Plaintiffs Policy Task Force. He serves as vice-chair of the ABA-TIPS Appellate Advocacy Committee and as chair of the ABA-TIPS Supreme Court Monitoring Subcommittee. Mr. Mura is a member and former co-chair of the Young Lawyers Committee of the National Center for State Courts, as well as a member of the American Association for Justice and the Consumer Attorneys of California. He served as an executive member of the moot court board while attending The George Washington University Law School.



**Michael Schrag** has nearly 20 years of experience representing individual and small business plaintiffs in complex class actions against large corporations in litigation concerning banking, credit cards, telecommunications, and real estate. Mr. Schrag has also successfully litigated product liability, personal injury, medical malpractice, employment, and contingent breach of contract cases.

Mr. Schrag currently serves as Co-Lead Counsel in *Beaver v. Tarsadia Hotels*, in which the court granted plaintiffs' summary judgment on the issue of liability in a large unfair competition class action against real estate developers. Mr. Schrag also represents a putative class of small business owners in a RICO and fraud class action against insurer AIG. The court recently denied AIG's motion to dismiss.

Mr. Schrag served as Co-Lead Counsel in *Ammari v. Pacific Bell Directory*, representing consumers who overpaid an AT&T subsidiary for advertising in Yellow Pages directories. Plaintiffs prevailed at trial and on two appeals to obtain a $27 million judgment for class members, a result the *National Law Journal* deemed as one of the top 100 verdicts in 2009.

Mr. Schrag has helped initiate and prosecute several class actions against Visa, MasterCard, and major U.S. banks, such as Chase and Bank of America, for failing to disclose and fixing the price of currency conversion fees charged to cardholders using credit and debit cards abroad. After prevailing at trial in *Schwartz v. Visa, et. al.*, plaintiffs were successful in obtaining a $336 million global settlement for the class in *In re Currency Conversion Fee Antitrust Litigation* (MDL No. 1409).

Mr. Schrag helped recover over $10 million on behalf of his clients in *In Re Sulzer Hip Prosthesis and Knee Prosthesis Liability Litigation*, a multidistrict litigation that awarded a total of $1 billion to patients who received defective hip implants.

Mr. Schrag is a 1996 graduate of the University of California at Berkeley School of Law (Boalt Hall) and received his undergraduate degree in 1989 from Columbia College at Columbia University. Mr. Schrag began his career prosecuting securities class actions and serving as a law clerk to the Honorable Judith N. Keep, U.S. District Judge, Southern District of California. Before joining Gibbs Law Group, Mr.

Schrag was a partner and co-founder of Meade & Schrag, LLP, where he prosecuted class actions and also litigated personal injury, medical malpractice, breach of contract, and business litigation matters.



**David Stein** specializes in representing plaintiffs in consumer protection and financial fraud cases.

Mr. Stein helped generate a $25 million settlement in an automobile defect lawsuit involving Honda and Acura vehicles, and cash reimbursements for purchasers of Prius vehicles in a lawsuit against Toyota. Currently, Mr. Stein is one of the attorneys serving as court- appointed Lead Counsel who are representing consumers against Ford Motor Company in a lawsuit alleging that the 2013 Ford Fusion Hybrid and C-MAX Hybrid vehicles do not achieve the MPG rating that Ford advertised.

Mr. Stein is also representing investors in a lawsuit against U.S. Bank arising from the collapse of Peregrine Financial Group, Inc. In two settlements the former Peregrine customers have recovered more than $70 million as a result of Peregrine's collapse. Prior to the Peregrine litigation, Mr. Stein helped secure a judgment against the Government of Guam and several of its highest ranking officials in a suit involving the government's unlawful administration of income tax refunds.

For the last three years Mr. Stein has been named a Rising Star by Northern California Super Lawyers. Before joining Girard Gibbs in 2009, Mr. Stein served as judicial law clerk to U.S. District Court Judge Keith Starrett and U.S. Magistrate Judge Karen L. Hayes, and published the article, *Wrong Problem, Wrong Solution: How Congress Failed the American Consumer*, 23 Emory Bankr. Dev. J. 619 (2007).



**Steven Tindall** has represented plaintiffs in employment and class action litigation for nearly twenty years. His experience extends to a wide array of complex employment matters, including individual and class action lawsuits involving employee misclassification, wage and hour claims, sexual harassment, discrimination, retaliation, WARN Act, FCRA, and ERISA violations. He has represented employees against large corporations in a variety of industries including technology, financial services, construction, transportation, and private education.

Steven clerked for Hon. Judith N. Keep of the United States District Court for the Southern District of California and for Hon. Claudia Wilken of the U.S. District Court for the Northern District of California. Prior to joining Gibbs Law Group, he was a partner at Rukin Hyland Doria & Tindall, and at Lieff Cabraser Heimann & Bernstein. He previously focused on plaintiffs' class action litigation in the fields of wage and hour law, antitrust, and consumer protection. Steven has also litigated a number of mass tort personal injury and toxic tort cases.

Steven received his B.A. degree in English Literature from Yale University, graduating summa cum laude, Phi Beta Kappa, and with distinction in his major. He earned his J.D. degree from the

University of California at Berkeley School of Law (Boalt Hall) in 1996. While at Boalt, Steven co-directed the East Bay Workers' Rights Clinic.

**Amy Zeman** represents clients in a wide variety of medical mass tort matters, including individuals harmed by transvaginal mesh, the birth-control medications Yaz and Yasmin, the diabetes drug Actos, the anti-psychotic medication Risperdal, and the Mirena intrauterine device, among others. Ms. Zeman also represents consumers in class action litigation, with experience working closely with class representatives and consumer contacts and participating in all stages of litigation. Ms. Zeman has been involved in successful actions against Chase Bank, Ducati, and Dish Network, among others. Super Lawyers Magazine recognized Ms. Zeman as a Rising Star in 2013 and 2014.



Prior to attending law school, Ms. Zeman pursued a career in the financial sector. Ms. Zeman served the members of the Marin County Federal Credit Union for almost seven years, acting as the Accounting and Compliance Manager. She is a 2010 graduate, *magna cum laude*, of the University of California, Hastings College of Law, where she was a member of the Thurston Society and served on the *Hastings Law Journal*. She received her undergraduate degrees in German and Art History and Archaeology, *summa cum laude*, from the University of Missouri in 1998. Ms. Zeman was a spring 2010 extern for the Honorable Marilyn Hall Patel of the United States District Court, Northern District of California. She was selected as a Rising Star by Northern California Super Lawyers (2013), recognizing him as one of the best young attorneys practicing in Northern California. Ms. Zeman is admitted to the California Bar.

## SIGNIFICANT RECOVERIES

Some of the cases in which the firm has had a leadership role are described below:

**False Advertising & Deceptive Marketing**

*In re Hyundai and Kia Horsepower Litigation*, No. 02CC00287 (Cal. Super. Ct. Orange County). Girard Gibbs served as lead counsel in this coordinated nationwide class action against Hyundai for falsely advertising the horsepower ratings of more than 1 million vehicles over a ten year period. The case was aggressively litigated on both sides over several years. In all, over 850,000 Hyundai owners received notice of the settlement, which provided cash and other benefits, and which was had an estimated value of as much as $125 million.

*In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, No. 09-2032 (N.D. Cal.). Girard Gibbs and several other firms led this nationwide class action lawsuit alleging deceptive marketing and loan practices by Chase Bank USA, N.A. After a nationwide class was certified, U.S. District Court Judge Maxine M. Chesney granted final approval of a $100 million settlement on behalf of Chase cardholders.

*Hyundai and Kia Fuel Economy Litigation*, No. 2:13-ml-2424 (C.D. Cal.). In a lawsuit alleging false advertising in connection with the fuel efficiency of various Hyundai and Kia models, the court appointed Eric Gibbs as liaison counsel. The firm regularly reported to the Court, coordinated a wide-

ranging discovery process, and advanced the view of over twenty-five firms seeking relief under the laws of over twenty states. Ultimately Mr. Gibbs helped negotiate a revised nationwide class action settlement with an estimated value of up to $120 million.

***In re Providian Credit Card Cases***, J.C.C.P. No. 4085 (Cal. Super. Ct. San Francisco County). Girard Gibbs served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of Providian credit card holders. The lawsuit alleged that Providian engaged in unlawful, unfair and fraudulent business practices in connection with the marketing and fee assessments for its credit cards. The Honorable Stuart Pollack approved a $105 million settlement, plus injunctive relief—one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

***In re MCI Non-Subscriber Telephone Rates Litigation***, MDL Docket No. 1275 (S.D. Ill.). This class action lawsuit was brought on behalf of MCI subscribers charged various rates and surcharges instead of the lower rates MCI had advertised. Ten cases were consolidated for pretrial proceedings before the Honorable David R. Herndon, U.S. District Judge for the Southern District of Illinois. Judge Herndon appointed Girard Gibbs as co-lead counsel for the consolidated actions. On March 29, 2001, Judge Herndon granted final approval of a settlement for over $90 million in cash.

***Skold v. Intel Corp.***, No. 1-05-CV-039231 (Cal. Super. Ct., Santa Clara Cty.) Girard Gibbs represented Intel consumers through a decade of hard-fought litigation, ultimately certifying a nationwide class under an innovative "price inflation" theory and negotiating a settlement that provided refunds and $4 million in cy pres donations. In approving the settlement, Judge Peter Kirwan wrote: "It is abundantly clear that Class Counsel invested an incredible amount of time and costs in a case which lasted approximately 10 years with no guarantee that they would prevail…. Simply put, Class Counsel earned their fees in this case."

***Steff v. United Online, Inc.***, No. BC265953, (Los Angeles Super. Ct.). This nationwide class action suit was brought against NetZero, Inc. and its parent, United Online, Inc., by former NetZero customers. Plaintiffs alleged that defendants falsely advertised their internet service as unlimited and guaranteed for a specific period of time. The Honorable Victoria G. Chaney of the Los Angeles Superior Court granted final approval of a settlement that provided full refunds to customers whose services were cancelled and which placed restrictions on Defendants' advertising.

***Stoddard v. Advanta Corp.***, No. 97C-08-206-VAB (Del. Superior Ct.). This nationwide class action lawsuit was brought on behalf of cardholders who were promised a fixed APR for life in connection with balance transfers, but whose APR was then raised pursuant to a notice of change in terms. The Honorable Vincent A. Bifferato appointed the firm as co-lead counsel and approved a $7.25 million settlement.

***Khaliki v. Helzberg's Diamond Shops, Inc.***, No. 11-0010-CV-W-NKL (W.D. Mo.). Girard Gibbs and co-counsel represented consumers who alleged deceptive marketing in connection with the sale of princess-cut diamonds. The firms achieved a positive settlement, which the court approved, recognizing "that Class Counsel provided excellent representation" and achieved "a favorable result relatively early in the case, which benefits the Class while preserving judicial resources." The court went on to recognize that "Class Counsel faced considerable risk in pursuing this litigation on a contingent basis, and obtained a favorable result for the class given the legal and factual complexities and challenges presented."

*In re: Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation*, No. RDB-08-1982 (D. Md.). Girard Gibbs served as Class Counsel on behalf of consumers who purchased chicken products that were alleged to have been misleadingly labeled as "raised without antibiotics." After discovery, counsel negotiated a $5 million settlement that required Tyson to pay cash to class members and make a substantial cy pres contribution to food banks.

## Defective Products

*In re iPod Cases*, JCCP No. 4355 (Cal. Super. Ct. San Mateo Cty). Girard Gibbs, as court appointed co-lead counsel, negotiated a settlement that provided warranty extensions, battery replacements, cash payments, and store credits for class members who experienced battery failure. In approving the settlement, the Hon. Beth L. Freeman said that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members.

*Sugarman v. Ducati North America, Inc.*, No. 5:10-cv-05246-JF (N.D. Cal.). Girard Gibbs served as class counsel on behalf of Ducati motorcycle owners who the fuel tanks on their motorcycles degraded and deformed due to incompatibility with the motorcycles' fuel. In January 2012, the Court approved a settlement that provided an extended warranty and repairs, writing, "The Court recognizes that class counsel assumed substantial risks and burdens in this litigation. Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class."

*Parkinson v. Hyundai Motor America*, No. CV 8:06-0345 (C.D. Cal.). Girard Gibbs served as class counsel in this class action featuring allegations that the flywheel and clutch system in certain Hyundai vehicles was defective. After achieving nationwide class certification, Girard Gibbs negotiated a settlement that provided for reimbursements to class members for their repairs, depending on their vehicle's mileage at time of repair, from 50% to 100% reimbursement.  The settlement also provided full reimbursement for rental vehicle expenses for class members who rented a vehicle while flywheel or clutch repairs were being performed. After the settlement was approved, the court wrote, "Perhaps the best barometer of … the benefit obtained for the class … is the perception of class members themselves. Counsel submitted dozens of letters from class members sharing their joy, appreciation, and relief that someone finally did something to help them."

*In Re Medtronic, Inc. Implantable Defibrillators Product Liability Litigation*, MDL No. 05-1726 JMR (D.Minn.). Girard Gibbs served on the discovery and law committees and provided legal, discovery, and investigative support in this lawsuit, following a February 2005 recall of certain models of Medtronic implantable cardioverter defibrillator devices. Approximately 2,000 individual cases were filed around the country and consolidated in an MDL proceeding in District Court in Minnesota. The cases were settled in 2007 for $75 million.

*Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-06750 (C.D. Cal.). Girard Gibbs and co-counsel served as class counsel, representing plaintiffs who alleged that about 750,000 Honda Accord and Acura TSX vehicles were sold with brake pads that wore out prematurely. Girard Gibbs negotiated a settlement in which improved brake pads were made available and class members who had them installed could be reimbursed. The settlement received final court approval in July 2010 and provided an estimated value of approximately $25 million.

*In Re General Motors Dex-Cool Cases.*, No. HG03093843 (Cal. Super Ct. Alameda Cty). In these class action lawsuits filed throughout the country, plaintiffs alleged that General Motors' Dex- Cool

engine coolant damaged certain vehicles' engines, and that in other vehicles, Dex-Cool formed a rusty sludge that caused vehicles to overheat. After consumer classes were certified in both Missouri and California, General Motors agreed to cash payments to class members nationwide. On October 27, 2008, the California court granted final approval to the settlement.

*Roy v. Hyundai Motor America*, No. SACV 05-483-AHS (C.D. Cal.). Girard Gibbs served as court appointed co-lead counsel in this nationwide class action suit brought on behalf of Hyundai Elantra owners and lessees, alleging that an air bag system in vehicles was defective. Girard Gibbs helped negotiate a settlement whereby Hyundai agreed to repair the air bag systems, provide reimbursement for transportation expenses, and administer an alternative dispute resolution program for trade-ins and buy-backs. In approving the settlement, the Honorable Alicemarie H. Stotler presiding, described the settlement as "pragmatic" and a "win-win" for all involved.

## Other Consumer Protection Recoveries

*Mitchell v. American Fair Credit Association*, No. 785811-2 (Cal. Super. Ct. Alameda Cty); *Mitchell v. Bankfirst, N.A.*, No. C-97-1421-MMC (N.D. Cal.). This class action lawsuit was brought on behalf of California members of the American Fair Credit Association (AFCA). Plaintiffs alleged that AFCA operated an illegal credit repair scheme. The Honorable James Richman certified the class and appointed the firm as class counsel. In February 2003, Judge Ronald Sabraw of the Alameda County Superior Court and Judge Maxine Chesney of the U.S. District Court for the Northern District of California granted final approval of settlements valued at over $40 million.

*In Re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914, CV No. 07-2720-DRD (D.N.J.), Girard Gibbs and co-counsel served as co-lead class counsel on behalf of consumers who were not told their vehicles' navigation systems were on the verge of becoming obsolete. Counsel successfully certified a nationwide litigation class, before negotiating a settlement valued between approximately $25 million and $50 million. In approving the settlement, the court acknowledged that the case "involved years of difficult and hard-fought litigation by able counsel on both sides" and that "the attorneys who handled the case were particularly skilled by virtue of their ability and experience."

*In re America Online Spin-Off Accounts Litigation*, MDL No. 04-1581-RSWL (C.D. Cal.). Girard Gibbs served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of America Online subscribers who were billed for a second account without their knowledge, authorization or consent. The litigation settled for $25 million and changes in AOL's billing and account practices.

*In re LookSmart Litigation*, No. 02-407778 (Cal. Super. Ct. San Francisco Cty). This nationwide class action suit was brought against LookSmart, Ltd. on behalf of LookSmart's customers who paid an advertised "one time payment" to have their web sites listed in LookSmart's directory, only to be later charged additional payments to continue service. Plaintiffs' claims included breach of contract and violation of California's consumer protection laws. On October 31, 2003, the Honorable Ronald M. Quidachay granted final approval of a nationwide class action settlement providing cash and benefits valued at approximately $20 million.

*In re America Online, Inc. Version 5.0 Software Litigation*, MDL Docket No. 1341 (S.D. Fla.). Girard Gibbs served as co-lead counsel in this MDL proceeding, which centralized 45 class actions. The action involved alleged violations of state consumer protection statutes, the Computer Fraud and Abuse

Act, and federal antitrust laws based on AOL's distribution of its Version 5.0 software upgrade. The Honorable Alan S. Gold granted final approval to a $15.5 million cash settlement on August 1, 2002.

*In re PayPal Litigation*, No. C-02-1227-JF (PVT) (N.D.Cal., S.J. Div. 2002). Girard Gibbs served as co-lead counsel in this nationwide class action alleging violations of California consumer protection statutes and the Electronic Funds Transfer Act (EFTA). The plaintiffs alleged that PayPal unlawfully restricted access to consumers' PayPal accounts. On September 24, 2004, Judge Fogel granted final approval to a settlement valued at $14.35 million in cash and returned funds, plus injunctive relief to ensure compliance with the EFTA.

*Powers Law Offices, P.C. v. Cable & Wireless USA, Inc.*, No. 99-CV-12007-EFH (D. Mass 1999). In this class action brought on behalf of cable and wireless subscribers overcharged for recurring and incorrect fees, Girard Gibbs prosecuted the case from 1999 through 2005. On October 27, 2005, Judge Harrington granted final approval of the $8 million settlement and the bankruptcy court approved the 30% distribution from the unsecured creditors' fund of the bankruptcy liquidation proceeds.

*Lehman v. Blue Shield of California*, No. CGC-03-419349 (Cal. Super. Ct. San Francisco County). In this class action lawsuit alleging that Blue Shield engaged in unlawful, unfair and fraudulent business practices when it modified the risk tier structure of its individual and family health care plans, a $6.5 million settlement was negotiated on behalf of former and current Blue Shield subscribers residing in California. The Honorable James L. Warren granted final approval of the settlement in March 2006.

*Telestar v. MCI, Inc.*, No. C-05-Civ-10672-JGK (S.D.N.Y). This class action was brought on behalf of MCI commercial subscribers who were charged both interstate and intrastate fees for the same frame relay on prorate line service during the same billing period. On April 17, 2008, the Honorable John G. Koeltl granted final approval of a settlement for over $2.8 million in cash.

*Wixon v. Wyndham Resort Development Corp.*, No. C-07-02361 JSW (BZ) (N.D. Cal.). Girard Gibbs served as class and derivative counsel in this litigation brought against a timeshare developer and the directors of a timeshare corporation for violations of California state law. Plaintiffs alleged that the defendants violated their fiduciary duties as directors by taking actions for the financial benefit of the timeshare developer to the detriment of the owners of timeshare interests. On September 14, 2010, Judge White granted approval of a settlement of the plaintiffs' derivative claims.

*Berrien, et al. v. New Raintree Resorts, LLC, et al.*, No. CV-10-03125 CW (N.D. Cal.). Girard Gibbs filed this class action on behalf of timeshare owners, challenging the imposition of unauthorized special assessment fees. On November 15, 2011, the Parties reached a proposed settlement of the claims asserted by the Plaintiffs on behalf of all class members who were charged the special assessment. On March 13, 2012, the Court issued its Final Class Action Settlement Approval Order and Judgment, approving the proposed settlement.

*Benedict, et al. v. Diamond Resorts Corporation, et al.*, No. CV 12-00183-DAE (D. Hawaii). Girard Gibbs filed this class action on behalf of timeshare owners, challenging the imposition of an unauthorized special assessment fee. On November 6, 2012, the parties reached a proposed settlement of the claims asserted by the plaintiffs on behalf of all class members who were charged the special assessment. On June 6, 2013, the Court approved the settlement.

***Allen Lund Co., Inc. v. AT&T Corp.***, No. C 98-1500-DDP (C.D. Cal.). This class action lawsuit was brought on behalf of small businesses whose long-distance service was switched to Business Discount Plan, Inc. Girard Gibbs was appointed class counsel by the Honorable Dean D. Pregerson. The settlement, providing for full cash refunds and free long-distance telephone service, was approved in December 1999.

***Mackouse v. The Good Guys - California, Inc.***, No. 2002-049656 (Cal. Super Ct. Alameda Cty). This nationwide class action lawsuit was brought against The Good Guys and its affiliates alleging violations of the Song-Beverley Warranty Act and other California consumer statutes. The Plaintiff alleged that The Good Guys failed to honor its service contracts, which were offered for sale to customers and designed to protect a customer's purchase after the manufacturer's warranty expired. In May 9, 2003, the Honorable Ronald M. Sabraw granted final approval of a settlement that provides cash refunds or services at the customer's election.

***Mager v. First Bank of Marin***, No. CV-S-00-1524-PMP (D. Nev.). This nationwide class action was brought on behalf of people who were enrolled in First Bank of Marin's credit card program. In May 2002, the Judge Pro of the U.S. District Court for the District of Nevada approved a settlement providing for cash and non-cash benefits to class members.

***Whitaker v. Health Net of Cal., Inc., et al.***, No. 2:11-cv-00910-KJM-DAD (E.D. Cal.) and Shurtleff v. Health Net of Cal., Inc., No. 34-2012-00121600-CU-CL (Cal. Super Ct. Sacramento Cty). Girard Gibbs served as co-lead counsel in this patient privacy case. On June 24, 2014, the court granted final approval of a settlement that provided class members with credit monitoring, established a $2 million fund to reimburse consumers for related identity theft incidents, and instituted material upgrades to and monitoring of Health Net's information security protocols.

***Smith v. Regents of the University of California, San Francisco***, No. RG-08-410004 (Cal. Super Ct. Alameda Cty). Girard Gibbs represented a patient who alleged that UCSF's disclosure of its patients' medical data to outside vendors violated California medical privacy law. The firm succeeded in negotiating improvements to UCSF's privacy procedures on behalf of a certified class of patients of the UCSF medical center. In approving the stipulated permanent injunction, Judge Stephen Brick found that "plaintiff Smith has achieved a substantial benefit to the entire class and the public at large."

***In re Countrywide Financial Corp. Customer Data Security Breach Litigation***, No. 3:08-MD-01988 (W.D. Ky.). Girard Gibbs served as a member of the executive committee representing a class of millions of customers and potential customers of Countrywide whose personal information was stolen by a former Countrywide employee and then sold to other mortgage lenders. The class settlement provided for free credit monitoring, reimbursement of out-of-pocket expenses incurred as a result of the theft, and reimbursement of up to $50,000 per class member for identity theft losses.

***In re Sony BMG CD Technologies Litigation***, No.1:05-cv-09575-NRB (S.D.N.Y.). Girard Gibbs served as co-lead counsel in this class action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* on behalf of millions of consumers who purchased SONY BMG music compact discs encoded with digital rights management software which limited CD functionality and acted as spyware on the users' computers. Judge Naomi Reice Buchwald granted approval to a settlement that provided for a nationwide recall of certain CDs, the dissemination of software utilities to remove the offending DRM, cash and other compensation for consumers, and injunctive relief governing SONY BMG's use of DRM.

***In re H&R Block Express IRA Litigation***, MDL No. 1786 (W.D. Mo.). Girard Gibbs served as co-lead counsel in this MDL involving H&R Block's marketing and sale of its "Express IRA" investment products. The firms negotiated a coordinated settlement with the New York Attorney General that provided class members with more than $19 million in cash (resulting in a full recovery for consumers) and non-cash benefits entitling Express IRA holders to convert their investments to alternative IRAs with lower fees.

***In re Adobe Systems, Inc. Privacy Litigation***, No. 5:13-cv-05226-LHK (N.D. Cal.): Girard Gibbs was appointed as lead counsel in this consolidated litigation on behalf of consumers who asserted privacy and consumer fraud claims arising from a 2013 data breach. In September 2014, Girard Gibbs obtained a pivotal ruling when the court denied Adobe's motion to dismiss for lack of standing, ruling that the Supreme Court's opinion in Clapper v. Amnesty International USA, 133 S. Ct. 1138 (2013), did not change existing standing jurisprudence. 66 F. Supp. 3d 1197 (N.D. Cal. 2014). Before this opinion, many data breach defendants had obtained dismissals for lack of standing based on Clapper. The Adobe ruling has been followed by a number of district courts, and most recently by the Seventh Circuit Court of Appeals in *Remijas v. Neiman Marcus Group, LLC*. 794 F.3d 688, 693-94 (7th Cir. 2015).

## Securities and Financial Recoveries

***In re Digex, Inc. Shareholder Litigation***, Consol. Case No. 18336 (Del. Ch. Ct. 2000). Girard Gibbs represented the Kansas Public Employees Retirement System, one of two institutional lead plaintiffs in this lawsuit, in which minority shareholders of Digex, Inc. sued to enjoin MCI WorldCom's planned acquisition of a controlling interest in Digex through a merger with Intermedia Communications, Inc. In a settlement approved by Delaware Chancery Court on April 6, 2000, a fund consisting of $165 million in MCI WorldCom stock and $15 million in cash was secured for Digex shareholders, as well as non-cash benefits valued at $450 million.

***Billitteri v. Securities America, Inc.***, No. 3:09-cv-01568-F (N.D. Tex.). Girard Gibbs served as lead counsel in an action against broker-dealer Securities America, Inc. and its corporate parent, Ameriprise, Inc. in connection with sales of investments in the Provident Royalties and Medical Capital investment schemes. Mr. Girard coordinated negotiations resulting in a $150 million settlement, with $80 million allocated to class plaintiffs represented by Girard Gibbs and $70 million allocated to individual investors who had initiated arbitration proceedings.  The settlements returned over 40% of investment losses.

***In re Lehman Brothers Equity/Debt Securities Litigation***, No. 08-Civ-5523 (S.D.N.Y. 2008). Girard Gibbs was appointed class counsel for a certified class of retail investors in structured products sold by UBS Financial Services, Inc., following the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in United States history. The plaintiffs alleged that UBS misrepresented Lehman's financial condition and failed to disclose that the "principal protection" feature of many of the notes depended upon Lehman's solvency. Girard Gibbs negotiated a settlement that established a $120 million fund to resolve the claims.

***In re Prison Realty Securities Litigation***, No. 3:99-0452 (M.D. Tenn.). Girard Gibbs served as co-lead counsel in this securities class action brought against a real estate investment trust and its officers and directors relating to a merger between Corrections Corporation of America and CCA Prison Realty Trust. On February 13, 2001, the Court granted final approval to a settlement for over $120 million in cash and stock.

*In re American Express Financial Advisors Securities Litigation,* No. 04-cv-01773-DAB (S.D.N.Y.). Girard Gibbs served as co-lead counsel in this class action, brought on behalf of individuals who bought financial plans and invested in mutual funds from American Express Financial Advisors. The case alleged that American Express steered its clients into underperforming "shelf space funds" to reap kickbacks and other financial benefits. On July 13, 2007, the Court granted final approval to a cash settlement of $100 million in addition to other relief.

*Scheiner v. i2 Technologies, Inc., et al.*, No. 3:01-CV-418-H (N.D. Tex.). Girard Gibbs represented lead plaintiff, the Kansas Public Employees Retirement System, and served as co-lead counsel on behalf of investors in i2 Technologies. The Honorable Barefoot Sanders approved cash settlements for $88 million from the company, its officers and its former auditor, Arthur Andersen LLP. As part of the settlement, i2 agreed to institute significant corporate governance reforms.

*In re Peregrine Financial Group Customer Litigation*, No. 415546 (Cal. Super. Ct. S.F. County). Girard Gibbs served as co-lead counsel for futures and commodities investors who alleged they lost millions of dollars in the collapse of Peregrine Financial Group, Inc. The case resulted in settlements with JPMorgan Chase & Co. and U.S. Bank N.A., totaling approximately $60 million.

*CalSTRS v. Qwest Communications, et al.*, No. 415546 (Cal. Super. Ct. S.F. County). Girard Gibbs represented the California State Teachers Retirement System in this opt-out securities fraud case against Qwest Communications, Inc. and certain of its officers and directors, as well as its outside auditor Arthur Andersen. The case resulted in a precedent-setting $45 million settlement for California school teachers.

*In re SLM Corp. Securities Litigation*, No. 08-Civ-1029-WHP. Girard Gibbs served as lead counsel representing investors of SLM Corporation in litigation alleging that Sallie Mae, the leading provider of student loans in the U.S., misled the public about its financial performance in order to inflate the company's stock price. After achieving nationwide class certification, Girard Gibbs negotiated a settlement that established a $35 million fund to resolve investors' claims.

*In re Winstar Communications Securities Litigation*, No. 01 Civ. 11522 (S.D.N.Y) Girard Gibbs represented Allianz of America, Inc., Fireman's Fund and other large private institutional investors against Grant Thornton and other defendants arising out of plaintiffs' investments in Winstar Communications, Inc. The firm achieved a settlement on the eve of trial that provided a recovery rate more than 30 times higher than what class members received in a related class action. The recovery (after attorney fees) returned a remarkable 78.5% of the losses plaintiffs may have recovered at trial.

*In re Total Renal Care Securities Litigation*, No. 99-01750 (C.D. Cal.). This securities fraud action arose out of restatement of earnings by a healthcare provider, brought under the PSLRA by the Louisiana Teachers' Retirement System and the Louisiana School Employees' Retirement System. The case settled for $25 million and issuer's commitment to adopt comprehensive corporate governance reforms. Girard Gibbs served as liaison counsel.

*In re Oxford Tax Exempt Fund Securities Litigation*, No. WMN-95-3643 (D. Md.). Girard Gibbs served as co-lead counsel in this class and derivative litigation brought on behalf of a real estate limited partnership with assets of over $200 million. Settlement providing for exempt issuance of securities under

section 3(a)(10) of Securities Act of 1933, public listing of units, and additional settlement benefits valued at over $10 million approved January 31, 1997.

*Calliott v. HFS, Inc.*, No. 3:97-CV-0924-L (N.D. Tex.). Girard Gibbs intervened on behalf of an institutional client in this securities class action arising out of bankruptcy of Amre, Inc., a seller of home remodeling and repair services. Girard Gibbs was designated lead plaintiff's counsel under the Private Securities Litigation Reform Act. Settlements for $7.3 million were approved August 1999 and December 2000.

*In re Towers Financial Corporation Noteholders Litigation*, MDL No. 994 (S.D.N.Y.). This class action was brought against promoters and professionals associated with a failed investment scheme described by the SEC as the then "largest Ponzi scheme in U.S. history." The case resulted in $6 million in partial settlements, and a $250 million judgment entered against four senior Towers executives.

Girard Gibbs served as liaison counsel and as a plaintiffs' executive committee member. *See In re Towers Financial Corporation Noteholders Litigation*, 177 F.R.D. 167 (S.D.N.Y. 1997) ("class counsel—particularly Plaintiffs' Liaison counsel, Daniel Girard—has represented the plaintiffs diligently and ably in the several years that this litigation has been before me").

## Mass Tort

*In re Actos (Pioglitazone-Products Liability Litigation*, MDL No. 6:11-md-2299 (W.D. La.). Girard Gibbs lawyers were among those court-appointed to the Plaintiffs Steering Committee and also served on the Daubert and Legal Briefing Committees, in litigation that resulted in a $2.37 billion settlement.

*In re Yasmin and Yaz (Drospirenone) Marketing, Sales, Practices and Products Liability Litigation*, MDL No. 2385, No. 3:09-md-02100-DRH-CJP (S.D. Ill.). Girard Gibbs attorneys were appointed to the Plaintiffs Steering Committee and served as Co-Chair of the Plaintiffs' Law and Briefing Committee, in litigation ultimately resulting in settlements worth approximately $1.6 billion.

*In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL No. 2385, No. 3:12-md-02385-DRH-SCW (S.D. Ill.), Girard Gibbs lawyers were appointed by the court to the Plaintiffs Steering Committee in mass tort litigation that resulted in settlements worth approximately $650 million.

## Employment

*Mitchell v. Acosta Sales, LLC*, No. 11-1796 (C.D. Cal. 2011). Girard Gibbs and co-counsel served as class counsel representing Acosta employees who alleged that they were required to work off- the-clock and were not reimbursed for required employment expenses. Girard Gibbs helped negotiate a $9.9 million settlement for merchandiser employees who were not paid for all the hours they worked. The Court granted final approval of the settlement in September 2013.

*Rubaker v. Spansion, LLC*, No. 09-842 (N.D. Cal. 2009). Girard Gibbs and co-counsel filed a class action lawsuit on behalf of former Spansion employees that alleged that the company had failed to provide terminated employees from California and Texas with advance notice of the layoff, as required by the Workers Adjustment and Retraining Notification Act (WARN Act). The bankruptcy court approved

the class action settlement negotiated by Girard Gibbs and co-counsel in 2010. The settlement was valued at $8.6 million and resulted in cash payments to the former employees.

## Antitrust

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 1827 (N.D. Cal.). Girard Gibbs serves as liaison counsel in this multi-district antitrust litigation against numerous TFT-LCD (Flat Panel) manufacturers alleging a conspiracy to fix prices, which has achieved settlements of more than $400 million to date.

*In re Natural Gas Antitrust Cases I, II, III and IV*, J.C.C.P. No. 4221 (Cal. Super. Ct. San Diego Cty). Girard Gibbs served in a leadership capacity in this coordinated antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which has achieved settlements of nearly $160 million.

## Government Reform

*Paeste v. Government of Guam*, No. 1:11-cv-0008 (D. Guam). Girard Gibbs and co-counsel served as Class Counsel in litigation alleging the Government of Guam had a longstanding practice of delaying tax refunds for years on end. After certifying a litigation class, Plaintiffs prevailed on both of their claims at the summary judgment stage, and obtained a permanent injunction reforming the government's administration of tax refunds.

*Ho v. San Francisco Unified School District*, No. C-94-2418-WHO (N.D. Cal.). This civil rights action was brought on behalf of a certified class of San Francisco public school students of Chinese descent to terminate racial and ethnic quotas imposed under 1983 desegregation consent decree. *See Ho v. San Francisco Unified Sch. Dist.*, 965 F. Supp. 1316 (N.D. Cal. 1997), *aff'd* 147 F.3d 854 (9th Cir. 1998); *see also* 143 Cong. Rec. S6097, 6099 (1997) (statement of United States Senator Hatch referring to testimony of class representative before Senate Judiciary Committee).

EXHIBIT B

Daniel C. Girard (State Bar No. 114826)
Adam E. Polk (State Bar No. 273000)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
aep@girardgibbs.com
amo@girardgibbs.com
sg@girardgibbs.com

Steven A. Schwartz (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Mark B. DeSanto
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile:  (610) 649-3633
steveschwartz@chimicles.com
bfj@chimicles.com
awf@chimicles.com
mbd@chimicles.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No.  5:18-cv-02813-EJD |
| | **[PROPOSED] PROTOCOL FOR INTERIM CLASS COUNSEL'S TIME AND EXPENSE SUBMISSIONS** |

Having reviewed Plaintiffs' submission, the Court hereby enters this Order to establish a protocol for the recording, submission and review of attorneys' fees and expenses incurred by counsel for the Plaintiffs in this action.

I.      **CLASS COUNSEL'S TIME AND EXPENSE RECORDS**

     A.      <u>General Standards</u>

1.      Time and expense reports generated pursuant to this Order will be considered as submitting counsel's representation to the Court, under oath, that the time and expenses submitted meet the criteria set forth below.

2.      Unless otherwise ordered by the Court, the recovery of attorneys' fees and expense reimbursements will be limited to the attorneys and professional staff of "Participating Counsel." Participating Counsel is defined as Girard Gibbs LLP and Chimicles & Tikellis LLP (together, "class counsel") and Schubert Jonckheer & Kolbe LLP, Berger & Montague, PC, and Migliaccio & Rathod LLP (together, the "executive committee").

3.      Only time and expenses authorized by class counsel that advance the litigation will be considered as compensable.

     B.      <u>Time Reporting</u>

4.      All time shall be maintained in tenth-of-an hour increments.  Time entries not maintained in tenth-of-an-hour increments may be disallowed.

5.      All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Legal Assistant, or Contract Attorney).  "Contemporaneous" means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred.  Full descriptions of the work performed are required.  Time entries that are not sufficiently detailed will not be considered for payment.

6.      Participating Counsel will maintain their time records in an electronic database.  Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be grounds for denying the recovery of attorneys fees or expenses in whole or in part.

7.      Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time. Billing rates may be adjusted at the conclusion of the matter dependent on uniform or local rates given relative years of experience to ensure the rate change reflects the value added.

8.      Contract attorneys (e.g., temporary attorneys who are paid hourly) may be hired by class counsel, but may not be hired by members of the executive committee.  It is the responsibility of class counsel to ensure that all contract attorney work is performed in an efficient manner.  Contract attorneys should be billed at rates reasonable for the type of work performed and the experience of the individual.

9.      Only time spent on matters that advance the litigation will be considered in determining fees.  Class counsel will be responsible for auditing time and expense records for compliance with the directives set forth in this Order.  Girard Gibbs LLP and Chimicles & Tikellis LLP will each designate one attorney to periodically review and approve timekeeping and bills each month and strike any duplicative or unreasonable fees and costs.

10.     Class counsel's auditing responsibilities notwithstanding, the ultimate determination of what is compensable work, and the extent or rate at which it is compensable, is within the purview of the Court.

### *1.      Compensable Time*

11.     Compensable work done on behalf of the putative class may include, but is not limited to:

- fact investigation and factual and legal research;
- preparation of research memoranda, pleadings and briefs;
- conducting document discovery (e.g., reviewing, indexing, and coding documents);
- preparation for and attendance at depositions;

[PROPOSED] PROTOCOL FOR INTERIM CLASS COUNSEL'S
TIME AND EXPENSE SUBMISSIONS
Case No.  5:18-cv-02813-EJD

- preparation of and responding to discovery requests;
- preparation for and attendance at hearings;
- preparation for and attendance at meetings with defense counsel or with co-counsel;
- work with clients;
- work with experts;
- settlement and settlement negotiations and related activities;
- appellate work;
- trial preparation and trial; and
- performance of administrative matters specifically related to tasks undertaken for the benefit of the class.

### 2.   *Non-Compensable Time*

12.   Compensable work does not include:

- excessive time for a particular task;
- work performed by a person more senior than necessary for the task;
- duplicative time;
- "read and review" time (*e.g.* billing time for reading every document filed on the court's docket regardless of whether it related to the individual's responsibilities) unless specifically related to a billable task;
- time for which descriptions are missing or incomplete; and
- internal firm time for firm management.

### C.   <u>Expense Reporting</u>

13.   Participating Counsel are entirely self-funded for this matter.  If that changes, class counsel will report the change to the Court within 14 days.

14.   All costs and expenses in this case will be advanced by Participating Counsel. Participating Counsel will seek reimbursement of these costs and expenses following a judgment or settlement.

3

### 1. *Expenses*

15.     To be eligible for reimbursement, expenses must meet the requirements of this section. Expenses must be:

- appropriately authorized by class counsel;
- timely submitted;
- reasonable in amount; and
- supported by adequate documentation.

16.     Reimbursable expenses include:

- costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents;
- Legal research (e.g., LEXIS, Westlaw, or PACER charges);
- Deposition, court reporter, and transcript costs;
- costs for the electronic storage, retrieval, and searches of ESI;
- Court, filing, and service costs;
- group administration matters, such as meetings and conference calls;
- reasonable travel expenses including lodging and meals;
- expert witness and consultant fees and related expenses;
- investigator fees and related expenses;
- printing, copying, coding, and scanning;
- telephone, postage charges, and courier charges;
- data and materials provided by outside third-party vendors, consultants and attorneys;
- witness expenses, including travel;
- translation costs; and
- bank or financial institution charges.

[PROPOSED] PROTOCOL FOR INTERIM CLASS COUNSEL'S
TIME AND EXPENSE SUBMISSIONS
Case No.  5:18-cv-02813-EJD

### 2.      Expense Limitations

17.      Only reasonable expenses will be reimbursed.  Except in extraordinary circumstances approved by class counsel, all travel reimbursements are subject to the following limitations:

- **Airfare**:  Only the price of a coach seat for a reasonable itinerary will be reimbursed.  Business/First Class Airfare will not be fully reimbursed.  If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

- **Hotel**:  Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.  Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

- **Meals**:  Meal expenses must be reasonable.  Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

- **Cash Expenses**:  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides etc.) will be reimbursed up to $50.00 per day, as long as the expenses are properly itemized.

- **Rental Automobiles**:  Luxury automobile rentals will not be reimbursed.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.

- **Mileage**:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the

member's firm.  The maximum allowable rate will be the maximum rate allowed

by the IRS (currently $0.545 per mile).

- **Parking**:  Parking will be limited to actual documented costs.

18.     Other non-travel expenses will be limited as follows:

- **Long Distance and Cellular Telephone**:  Long distance and cellular telephone charges must be documented.

- **Shipping, Courier, and Delivery Charges**:  All such claimed expenses must be documented.

- **Postage Charges**:  A contemporaneous postage log or other supporting documentation must be maintained.  Postage charges are to be reported at actual cost.

- **Telefax Charges**:  Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $1.00 per page.

- **In-House Photocopy**:  A contemporaneous photocopy log or other supporting documentation must be maintained.  The maximum copy charge is $0.30 per page.

- **Computerized Research**:  Claims for LEXIS, Westlaw, PACER, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

**D.     Verification of Expenses**

19.     Attorneys and staff must keep receipts for all expenses.  Credit card receipts or monthly credit card statements are an appropriate form of verification.  Hotel and restaurant costs must be supported by credit card statements, hotel invoice or restaurant bill.  The description of unclaimed expenses on the statement or invoice may be redacted.  Receipts need not be submitted on a monthly basis, but shall be maintained by the attorneys and may be required later as a condition of payment.

II.   **SUBMITTING AND EXCHANGING TIME AND EXPENSE REPORTS**

    A.   <u>**Timing of Submission and Exchange**</u>

    20.   Members of the executive committee will submit time and expense reports to Girard Gibbs LLP on a monthly basis. The first time and expense submission will be due July 10, 2018 and will include all time and expense entries from the inception of the case through June 30, 2018. Thereafter, members of the executive committee will submit time and expense reports on a monthly basis.  Such reports must be submitted no later than the tenth day of the month following the end of the month being reported. For example, July reports are due no later than August 10.

    21.   Girard Gibbs LLP and Chimicles & Tikellis LLP will also exchange time and expense reports on a monthly basis. The first such exchange will occur July 10, 2018 and will include all time and expense entries from the inception of the case through June 30, 2018.  Thereafter, class counsel will exchange time and expense reports on a monthly basis.  Such reports must be submitted no later than the tenth day of the month following the end of the month being reported. For example, July reports are due no later than August 10.

    22.   Girard Gibbs LLP will be responsible for collecting and preserving, in an electronic format, time and expense reports for all Participating Counsel.

    23.   Any time and expense records submitted more than three months in arrears may not be considered or included in any compilation of time or expense calculation and may be disallowed, except for good cause shown and with Court approval.

    B.   <u>**Content of Time and Expense Reports**</u>

    24.   Each time and expense report submission must include a monthly summary of time spent and fees accrued in the form of Attachment 1, and a summary of monthly expenses in the form of Attachment 2.

III.   **SUBMISSIONS TO THE COURT**

    25.   On a quarterly basis, class counsel will file summary time and expense reports in the forms attached hereto as Attachments 3 and 4.  Class counsel should make a single filing consisting of each Participating Counsel's separate summary time and expense report.

26.     Counsel's first submission, covering the first and second quarters of this year, will be due to the court on July 16.  Thereafter, each submission to the Court will be due on the fifteenth day of the month following the end of the quarter being reported. For example, third quarter reports will be due on October 15.

27.     Participating Counsel may be required to submit detailed time records in connection with any fee application.

**IT IS SO ORDERED**

Dated:                                          By:   _____

The Honorable Edward J. Davila
United States District Judge

[PROPOSED] PROTOCOL FOR INTERIM CLASS COUNSEL'S
TIME AND EXPENSE SUBMISSIONS
Case No.  5:18-cv-02813-EJD

**Attachment 1**

Firm Name:_____

Date            _____

> **Categories**: 1) Pre-Complaint Investigation/Complaint Prep/Class member intakes  2) Court Hearings/Conferences/ Pretrial Stipulations  3) MTD Briefing/Research  4) Class Cert Briefing/ Research  5) SJ Briefing/Research  6) Other Motion Practice/Research  7) Discovery Requests/Responses/Meet & confer  8) Factual Analysis/Document Review 9) Depositions and Related Preparation  10) Experts/Expert Discovery/Daubert  11) Trial/Trial Preparation  12) Appeals 13) Settlement/ Settlement Administration/Notice 14) Litigation Strategy and Analysis

| Last Name, First Name | Professional level: | Date of Service: | Category Code: | Category Name: | Detailed Description of Work performed: | Billing Rate: | Time spent (by 0.1 increments) | Fees Total: |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

> **Professional Level:** P = Partner; OC = Of Counsel; SC = Senior Counsel; A = Associate; SA = Staff Attorney; PL = Paralegal; LA = Legal Assistant; LC = Law Clerk CA = Contract Attorney

**Attachment 2**

Firm Name: _____

Date: _____

| **Categories:** 1. Court/Filing Fees 2. Professional Fees (expert, consultants, investigators, etc.) 3. Air Transportation 4. Ground Transportation 5. Meals 6. Lodging 7. Telephone/Facsimile 8. Postage/Express Delivery/Messenger 9. Commercial Copies 10. Court Reporters/Transcripts 11. Witness/Service Fees 12. Internal Reproduction/Copies 13. Computer research (e.g., Westlaw) 14. Miscellaneous (Describe in detail) |
| --- |

| Date: | Category Code: | Category Name: | Detailed Description: | Amount: | Receipt Available?  Yes/No (if no, provide reason) |
| --- | --- | --- | --- | --- | --- |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**Attachment 3**

Firm Name:_____

Date: _____

| Category Name | Total Time per Category | Total Fees per Category |
|---|---|---|
| Pre-Complaint Investigation/Complaint Prep/Class Member Intakes | | |
| Court Hearings/Conferences/ Pretrial Stipulations | | |
| MTD Briefing/Research | | |
| Class Cert Briefing/ Research | | |
| SJ Briefing/Research | | |
| Other Motion Practice/Research | | |
| Discovery Requests/Responses/Meet & Confer | | |
| Factual Analysis/Document Review | | |
| Depositions and Related Preparation | | |
| Experts/Expert Discovery/Daubert | | |
| Trial/Trial Preparation | | |
| Appeals | | |
| Settlement/Settlement Administration/Notice | | |
| Litigation Strategy and Analysis | | |
| **Total**: | | |

**Attachment 4**

Firm Name: _____

Date _____

| Category Name | Total Expenses per Category |
|---|---|
| Court/Filing Fees | |
| Professional Fees (e.g., experts, consultants, etc.) | |
| Air Transportation | |
| Ground Transportation | |
| Meals | |
| Lodging | |
| Telephone/Facsimile | |
| Postage/Express Delivery/Messenger | |
| Commercial Copies | |
| Court Reporters / Transcripts | |
| Witness/Service Fees | |
| Internal Reproduction/Copies | |
| Computer Research (e.g., Westlaw) | |
| Miscellaneous (Describe in detail) | |
| **Total**: | |