Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*aornelas@girardsharp.com*
*sgrille@girardsharp.com*

Steven A. Schwartz (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
*sas@chimicles.com*
*bfj@chimicles.com*
*awf@chimicles.com*

*Interim Class Counsel*

[Additional counsel listed on signature page]

Penelope A. Preovolos (State Bar No. 87607)
Margaret E. Mayo (State Bar No. 259685)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
*ppreovolos@mofo.com*
*mmayo@mofo.com*

Purvi G. Patel (State Bar No. 270702)
Kelsey M. Stricker (State Bar No. 300955)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
*ppatel@mofo.com*
*kstricker@mofo.com*

*Counsel for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD-VKD<br><br>**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in these consolidated proceedings as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed and understand their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate, and state as follows:

a) The parties have begun discussing the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved. The parties will continue to meet and confer on these topics, and shall add or remove custodians as reasonably necessary;

b) The parties represent that they have exercised reasonable diligence to take steps to preserve reasonably accessible ESI relating to the issues relevant to this action and distribute document retention notices to custodians who are likely to have relevant documents;

c) Discovery is in its early stages and the parties have not yet encountered any sources of ESI that should not be preserved due to burden, cost, or accessibility. The parties shall promptly meet

and confer during the pendency of this litigation if any issues arise regarding the burden, cost, or accessibility of preserving, searching, reviewing, or producing ESI.

**5.     SEARCH METHODOLOGY**

To the extent the parties wish to use search terms or alternative search methodologies to review and produce ESI, they shall meet and confer and attempt in good faith to reach agreement regarding the search methodology, including the proposed search terms and the identities of custodians from whom ESI will be collected and searched.

Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) promptly meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents).  The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results.

**6.     PRODUCTION FORMATS**

A producing party may elect to produce documents in native format or in searchable PDF format in accordance with the Protocol Governing the Production of Electronically Stored Information attached as **Exhibit A**.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.  The parties agree not to degrade the searchability of documents as part of the document production process.

7.     **DE-DUPLICATION**

Each party is required to produce only a single copy of a responsive document and each party may de-duplicate responsive ESI (based on MD5, SHA-1, or SHA-256 hash values at the parent level) across custodians or sources. To the extent that de-duplication through MD5, SHA-1, or SHA-256 hash values is not possible, the parties shall meet and confer to discuss any other proposed method of de-deduplication.

**8.   DOCUMENTS PROTECTED FROM DISCOVERY**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a production is not itself a waiver in this case or in any other federal or state proceeding.

**9.   SOURCE CODE**

This Order does not govern the format for production of source code of any type or kind.  The parties will separately negotiate and submit a protective order governing the production of source code, if necessary.

**10.   MODIFICATION**

This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: February 19, 2019                                     Respectfully submitted,

By:   /s/ *Angelica M. Ornelas*                              By: */s/ Purvi G. Patel*
   Daniel C. Girard                                                      Penelope A. Preovolos (State Bar No. 87607)
   Angelica M. Ornelas                                                Margaret E. Mayo (State Bar No. 259685)
   Simon S. Grille                                                           **MORRISON & FOERSTER LLP**
   **GIRARD SHARP LLP**                                            425 Market Street
   601 California Street, Suite 1400                             San Francisco, California 94105-2482
   San Francisco, California 94108                             Telephone:  (415) 268-7000
   Telephone: (415) 981-4800                                    Facsimile:  (415) 268-7522
   Facsimile:  (415) 981-4846                                     ppreovolos@mofo.com
   dgirard@girardsharp.com                                       mmayo@mofo.com
   aornelas@girardsharp.com
   sgrille@girardsharp.com                                          Purvi G. Patel (State Bar No. 270702)
                                                                                      Kelsey M. Stricker (State Bar No. 300955)
   Steven A. Schwartz (*pro hac vice*)                       **MORRISON & FOERSTER LLP**
   Benjamin F. Johns (*pro hac vice*)                         707 Wilshire Boulevard
   Andrew W. Ferich (*pro hac vice*)                         Los Angeles, California 90017-3543
   **CHIMICLES SCHWARTZ KRINER**                    Telephone:  (213) 892-5200
   **& DONALDSON-SMITH LLP**                             Facsimile:  (213) 892-5454

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
Case No. 5:18-cv-02813-EJD-VKD

361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
sas@chimicles.com
bfj@chimicles.com
awf@chimicles.com

*Interim Class Counsel*

Robert C. Schubert
Willem F. Jonckheer
Miranda P. Kolbe
Noah M. Schubert
**SCHUBERT JONCKHEER & KOLBE LLP**
3 Embarcadero Ctr., Ste. 1650
San Francisco, California 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
mkolbe@sjk.law
nschubert@sjk.law

E. Michelle Drake
Joseph C. Hashmall
**BERGER & MONTAGUE, P.C.**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
Facsimile: (215) 875-4604
emdrake@bm.net
jhashmall@bm.net

Esfand Nafisi
**MIGLIACCIO & RATHOD LLP**
388 Market Street, Suite 1300
San Francisco, California 94111
enafisi@classlawdc.com

*Plaintiffs' Executive Committee*

ppatel@mofo.com
kstricker@mofo.com

*Attorneys for Defendant Apple Inc.*

# ATTESTATION

I, Angelica M. Ornelas, am the ECF user whose identification and password are being used to file this **[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**.  I attest under penalty of perjury that concurrence in this filing has been obtained from all signatories above.

DATED:  February 19, 2019                         */s/ Angelica M. Ornelas*
                                                                         Angelica M. Ornelas

**PURSUANT TO STIPULATION, IT IS ORDERED**.

Dated: _____                              _____
                                                                 Hon. Virginia K. DeMarchi
                                                                 UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# PROTOCOL GOVERNING THE PRODUCTION OF
# ELECTRONICALLY STORED INFORMATION (ESI)

**1.     Production of Documents Existing in Electronic Format.**

Except as otherwise provided in this Order, all documents existing in electronic format are to be produced in multiple page, searchable PDF format at a resolution of at least 300 DPI.  For documents that already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable.  For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.  All documents produced in PDF format are to be provided with Concordance/Opticon image load files that indicate the beginning and ending of each document.

During the process of converting ESI to PDF format, metadata values should be extracted and produced in a Load File ("Metadata Load File").  The parties are not obligated to include metadata, however, for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected.  The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.  Each document production shall be accompanied by two Load Files: a Concordance/Opticon image load file and a Metadata Load File.  The image load file shall provide image and document break information for the PDF files produced that correspond to the beginning control number contained in the Metadata Load File.  Each PDF file in each production must be referenced in the production's corresponding image load file.  The total number of PDF files referenced in a production's image load file should match the number of PDF files in the production.

To the extent available or possible, all PDF files shall display tracked changes, comments, and other rich data as displayed in the document.

The parties shall produce email attachments sequentially after the parent email.

**2.    Metadata Load File Fields.**

Except for redacted documents/families, the metadata values that are to be extracted and produced in the Metadata Load Files should include, where applicable, the information listed in the table below.  The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: (a) BegDoc, (b) EndDoc, (c) BegAttach, (d) EndAttach, and (e) Custodian.

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of an email. | |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |

To the extent available, the parties will also include the following information in the Metadata Load File: (1) NativeLink; (2) NativeFile; (3) From; (4) MD5, SHA-1, or SHA-256 hash; (5) DateRcvd; (6) TimeRcvd; (7) TimeSent; (8) DateCreated; (9) DateLastModified; (10) TimeZone (Universal).

**3.  Requests for Hi-Resolution or Color Documents.**

A producing party is not required to produce paper documents or ESI in color if the original contains color text, markings, or graphics, unless the producing party has converted the document or ESI to color for its review or it is objectively necessary to see the document in color to understand the full meaning or content of the document. The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Order shall preclude a producing party from objecting to such requests as unreasonable in number, timing, or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

**4.  Full-Text Extraction.**

The parties shall produce full extracted text for all file types (redacted text will not be produced) including text of embedded content for any ESI where the source format was an image file (such as JPG, JPEG, GIF, BMP, PCX, PNG, TIF, TIFF etc.) that contains extractable text.

**5.  Production of Native Files.**

The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for

additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slip sheet indicating the production identification number and confidentiality designation for the native file that is being produced.

**6.     Paper Documents.**

All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

**7.     Databases.**

Certain types of databases are dynamic in nature and may often contain information that may not be relevant nor reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case.  Thus, a party may, after meeting and conferring with the receiving party, opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.  The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

**8.     Foreign Language Documents.**

All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

**9.     Bates Numbering.**

All ESI must be assigned a unique Bates number that is sequential within a given document and across the production sets.  Each page of a produced document should have a Bates numbers

electronically branded onto the image. Unless a party elects to produce native files simultaneously in both native format and PDF format, each document produced in native format should be produced with a placeholder PDF image that contains the Bates number. Bates numbers should consist of consecutive characters or connectors without spaces.

**10. Confidentiality Designation.**

Responsive documents will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.

**11. Production Media.**

Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data via secure File Transfer Protocol ("FTP") or on CDs, DVDs, or external hard drives, as appropriate. The producing party may encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the production data itself.

**12. Source Code.**

This Stipulation does not govern the format for production of source code of any type or kind.