PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
MARGARET E. MAYO (SBN 259685)
MMayo@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454

Attorneys for Defendant
APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No.: 5:18-cv-02813-EJD-VKD<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  October 24, 2019<br>Time:  9:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Ctrm:  4 – 5th Floor<br><br>Am. Consol. Compl. Filed:  May 13, 2019 |

**NOTICE OF MOTION TO DISMISS**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 24, 2019 at 9:00 a.m. before the Honorable Edward J. Davila, in Courtroom 4, Fifth Floor, of the United States District Court for the Northern District of California in the San Jose Courthouse, 280 South First Street, San Jose, California 95113, Defendant Apple Inc. will, and hereby does, move to dismiss Plaintiffs' First Amended Consolidated Class Action Complaint.

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and is made on the grounds that (i) Plaintiffs fail to state facts alleging injury or standing as required by Article III of the United States Constitution because Plaintiffs' claims are moot and (ii) Plaintiffs' claim for damages under the California Consumers Legal Remedies Act and Plaintiffs Zixuan Rao and Joseph Baruch's claims under the California Song-Beverly Consumer Warranty Act are moot because Apple has provided a complete remedy.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and the Declaration of Purvi G. Patel, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

Dated: June 4, 2019                    MORRISON & FOERSTER LLP

                                       By: */s/ Purvi G. Patel*
                                           Purvi G. Patel
                                           ***Attorneys for Defendant Apple Inc.***

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 2
II. RELEVANT BACKGROUND ...................................................................................... 3
    A. Plaintiffs' Claims ................................................................................................ 3
    B. The Keyboard Service Program ......................................................................... 4
III. LEGAL STANDARD ..................................................................................................... 4
IV. ARGUMENT .................................................................................................................. 5
    A. Plaintiffs Cannot Establish Injury or Standing Because Their Claims Are Moot. ................................................................................................................... 5
    B. Plaintiffs' CLRA and Song-Beverly Claims Must Also Be Dismissed Under Rule 12(b)(6) ............................................................................................ 8
        1. Plaintiffs' CLRA Claim for Damages Is Barred ......................................... 8
        2. Plaintiff Rao and Baruch's Song-Beverly Claim Has Been Mooted by the Keyboard Service Program ................................................................ 9
V. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Agam v. Gavra*,
    236 Cal. App. 4th 91 (2015) ................................................................................................10 n.6

*Arthur v. Louis Vuitton N. Am. Inc.*,
    No. 08-cv-4731-AHM, 2010 WL 11463276 (C.D. Cal. May 6, 2010) .........................9, 10 n.6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................................................5

*Cheng v. BMW of N. Am., LLC*,
    No. CV 12-09262 GAF, 2013 WL 3940815 (C.D. Cal. July 26, 2013) ....................................6

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ......................................................................................................5

*Hadley v. Chrysler Grp. LLC*,
    No. 13-13665, 2014 WL 988962 (E.D. Mich. Mar. 13, 2014), *aff'd*, 624 F.
    App'x 374 (6th Cir. 2015) ............................................................................................................6

*Hamilton v. General Mills, Inc.*,
    No. 6:16-cv-382-MC, 2016 WL 6542840 (D. Or. Nov. 2, 2016) .............................................7

*In re Actimmune Mktg. Litig.*,
    No. C 08-02376 MHP, 2010 U.S. Dist. LEXIS 90480 (N.D. Cal. Aug. 31,
    2010), *aff'd*, 464 F. App'x 651 (9th Cir. 2011) ........................................................................4

*In re Apple Inc. Device Performance Litig.*,
    No. 18-md-02827-EJD, 2019 WL 1979915 (N.D. Cal. May 3, 2019) ..................................5, 6

*In re Apple Processor Litig.*,
    366 F. Supp. 3d 1103 (N.D. Cal. 2019) .......................................................................................6

*In re Aqua Dots Prods. Liab. Litig.*,
    270 F.R.D. 377 (N.D. Ill. 2010) ....................................................................................................8

*In re McNeil Consumer Healthcare Mktg. & Sales Practices Litig.*,
    877 F. Supp. 2d 254 (E.D. Pa. 2012) ......................................................................................7, 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .......................................................................................................................4

# TABLE OF AUTHORITIES
(continued)

Page

*McGlinchy v. Shell Chem. Co.*,
    845 F.2d 802 (9th Cir. 1988) .................................................................................................5

*Seaboard Music Co. v. Germano*,
    24 Cal. App. 3d 618 (1972) ............................................................................................10 n.6

*Tosh-Surryhne v. Abbott Labs. Inc.*,
    No. CIV S-10-2603 KJM-EFB, 2011 WL 4500880 (E.D. Cal. Sept. 27, 2011) ....................6

*Vavak v. Abbott Labs., Inc.*,
    No. SACV 10-1995 JVS (RZx), 2011 WL 10550065 (C.D. Cal. June 17, 2011) ..............6, 7

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) .............................................................................................4, 5

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ...................................................................................................5

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................................... 3 n.2

Cal. Civ. Code
    § 1750, *et seq.* ................................................................................................................3 n.2
    § 1770(a) ................................................................................................................................8
    § 1782 ...........................................................................................................................3, 8, 9
    § 1784 .....................................................................................................................................8
    § 1792, *et seq.* ................................................................................................................3 n.2
    § 1793.2(d) ............................................................................................................................10
    § 1794(b) ..........................................................................................................................3, 10

Cal. Com. Code
    § 2714 ...................................................................................................................................10
    § 2715 ...................................................................................................................................10

Fla. Stat. § 501.201, *et seq.* ............................................................................................... 3 n.2

815 Ill. Comp. Stat. § 505/1, *et seq.* ................................................................................. 3 n.2

Mich. Comp. Laws § 445.901, *et seq.* .............................................................................. 3 n.2

N.J. Stat. Ann. § 56:8-1, *et seq.* ........................................................................................ 3 n.2

N.Y. Gen. Bus. Law § 349 .................................................................................................. 3 n.2

Wash. Rev. Code § 19.86.010, *et seq.* .............................................................................. 3 n.2

**TABLE OF AUTHORITIES**
(continued)

**Page**

**Other Authorities**

Fed. R. Civ. P.
    12(b)(1) ..................................................................................................................2, 4
    12(b)(6) ..................................................................................................................3, 5, 8

U.S. Const. Art. III ...................................................................................................1, 4, 5, 8

iv
APPLE'S MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
sf- 4030121

# STATEMENT OF ISSUES TO BE DECIDED

This motion raises the following issues:

1. **Standing:**  Whether Plaintiffs' claims should be dismissed because they have failed to allege injury or Article III or prudential standing.

2. **CLRA:**  Whether Plaintiffs' claim for damages under the California Consumers Legal Remedies Act should be dismissed because Apple has offered an appropriate cure, thereby mooting and barring this claim.

3. **Song-Beverly Consumer Warranty Act:**  Whether Plaintiffs Zixuan Rao and Joseph Baruch's claim under the California Song-Beverly Consumer Warranty Act is moot because Apple has provided the exact remedy required by the statute.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs cannot avoid the fact that Apple affirmatively initiated a Keyboard Service Program that moots their claims and eliminates their ability to establish injury or standing. In its order granting in part Defendant Apple Inc.'s motion to dismiss Plaintiffs' prior complaint, the Court noted that Plaintiffs failed to allege any facts about the Keyboard Service Program. The Court gave Plaintiffs leave to amend their defective Consumers Legal Remedies Act and Song-Beverly Consumer Warranty Act claims. Rather than cure the identified deficiencies, however, Plaintiffs' prolix amended complaint only highlights Plaintiffs' lack of injury and inability to maintain any of their claims in light of the Keyboard Service Program. Plaintiffs here claim that the Apple-designed butterfly keyboard contained in certain MacBook, MacBook Pro, and MacBook Air notebooks is defective. Apple vigorously denies Plaintiffs' claims, but the Court need not reach the issue, because those claims are moot and must be dismissed.

This Court, in ruling on Apple's motion to dismiss, granted judicial notice of the Keyboard Service Program. (ECF No. 110 at 14.) As the Court recognized, under the Program, Apple will provide free repair service (and refunds for past repairs) for the owners of a small percentage of MacBook, MacBook Pro, or MacBook Air notebooks whose "butterfly" keyboards experience the behaviors Plaintiffs allege. (*Id*.) The Program therefore addresses and eliminates Plaintiffs' claims.

Courts recognize that where a repair program addresses and remediates an alleged defect, plaintiffs' claims are moot and they no longer have injury or standing to sue. Plaintiffs attempt to avoid that outcome by alleging, based on various online postings, that the repairs are not effective. Plaintiffs are wrong. Critically, **not one Plaintiff alleges he has attempted to obtain a repair or refund under the Program**. As numerous courts have recognized, Plaintiffs may not preserve a claim of injury by declining to avail themselves of a complete and cost-free cure. Nor may Plaintiffs avoid mootness by pointing to supposed issues experienced by others. Plaintiffs' claims thus must be dismissed under Rule 12(b)(1).

Even apart from their lack of standing, Plaintiffs' CLRA and Song-Beverly claims must

once again be dismissed under Rule 12(b)(6). As the Court recognized in granting Apple's prior motion to dismiss these claims, these statutes bar Plaintiffs' claims where Apple has offered a free repair. The CLRA bars an action for damages where the defendant has made a reasonable effort to give notice to affected consumers that it will provide a repair, replacement, or other remedy "*upon . . . request.*" Cal. Civ. Code §§ 1782(b), (c) (emphasis added). Thus, the bar expressly applies regardless of whether or not Plaintiffs "request" the relief available under the Program. Similarly, Plaintiffs Zixuan Rao and Joseph Baruch's Song-Beverly claim is moot because the Program provides the exact remedy required by the statute—repair or the cost of repair—where, as here, Plaintiffs accepted the goods at issue. Cal. Civ. Code § 1794(b)(2). These claims must be dismissed, this time with prejudice.

## II.   RELEVANT BACKGROUND

### A.   Plaintiffs' Claims

Plaintiffs all purchased 2016 or 2017 MacBook or MacBook Pro models with "butterfly" keyboards. (First Am. Compl. ("FAC") ¶¶ 24, 30, 38, 45, 53, 59, 67, 77, 85, 93, ECF No. 117.)[1] Plaintiffs allege there is a defect in the keyboards in model year 2015 or later MacBook, 2016 or later MacBook Pro, and 2018 MacBook Air notebooks that causes them to fail when dust or debris accumulates under or around a key. (*Id*. ¶¶ 1-2.) Plaintiffs assert ten causes of action under the laws of California, Florida, Illinois, Michigan, New Jersey, New York, and Washington on behalf of a putative nationwide class and various putative state-specific subclasses.[2]

---

[1] There are nine remaining named Plaintiffs: Kyle Barbaro, Joseph Baruch, Steve Eakin, Lorenzo Ferguson, Benjamin Gulker, Michael Hopkins, Adam Lee, Kevin Melkowski, and Zixuan Rao.

[2] Plaintiffs assert the following claims: (1) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL"); (2) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*. ("CLRA"); (3) fraudulent concealment; (4) violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792, *et seq*.; (5) violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010, *et seq*. ("WCPA"); (6) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. ("FDUTPA"); (7) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1, *et seq*. ("ICFA"); (8) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq*. ("NJCFA"); (9) violation of New York General Business Law § 349, N.Y. Gen. Bus. Law § 349 ("NYGBL"); and (10) violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*. ("MCPA").

**B.    The Keyboard Service Program**

On June 22, 2018, Apple announced the Keyboard Service Program for MacBook and MacBook Pro. (Declaration of Purvi G. Patel ("Patel Decl."), Ex. A.) On May 21, 2019, Apple expanded the program to include the 2018 MacBook Air and the 2018 and 2019 MacBook Pro.[3] (*Id.*, Ex. B.) The Program covers eligible MacBook, MacBook Pro, and MacBook Air models for four years after the first retail sale of the unit and addresses the same behaviors Plaintiffs allege experiencing: letters or characters repeating unexpectedly, letters or characters not appearing, or keys feeling "sticky," or not responding in a consistent manner. (*Id.*, Exs. A, B.) As noted in the Program description, Apple has determined that only a small percentage of the keyboards in certain MacBook, MacBook Pro, and MacBook Air models *may* experience these behaviors. (*Id.*)

Under the Program, Apple or an Apple Authorized Service Provider will service eligible MacBook, MacBook Pro, or MacBook Air notebooks, free of charge. (*Id.*) The type of service is determined after the keyboard is examined, and may include replacement of one or more keys or the whole keyboard. (*Id.*) In addition, owners who believe their MacBook, MacBook Pro, or MacBook Air notebooks exhibited the behaviors identified in the Program and previously paid to have their keyboard repaired may also be eligible for a refund. (*Id.*) Plaintiffs and the putative class and subclass members they seek to represent all have the opportunity to participate in the Program, and have their keyboards fixed free of charge. No Plaintiff, however, has alleged that he attempted to take advantage of this opportunity.

**III.    LEGAL STANDARD**

A motion to dismiss based on Article III standing is properly raised under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2010 U.S. Dist. LEXIS 90480, at *14 (N.D. Cal. Aug. 31, 2010), *aff'd*, 464 F. App'x 651 (9th Cir. 2011). "Rule 12(b)(1) jurisdictional attacks can be either facial or

---

[3] No Plaintiff alleges he purchased these models.

factual." *White*, 227 F.3d at 1242. Where the challenge to jurisdiction is facial, the Court applies a standard similar to that applied to a Rule 12(b)(6) motion. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

A complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff either fails to state a cognizable legal theory or has not alleged sufficient facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss . . . ." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Thus, the Court must not assume the truth of legal conclusions merely because they are pled in the form of factual allegations, nor should it accept as true allegations contradicted by judicially noticeable facts. *Iqbal*, 556 U.S. at 677-79; *Twombly*, 550 U.S. at 555 ("plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (citation added)).

## IV.   ARGUMENT

### A.   Plaintiffs Cannot Establish Injury or Standing Because Their Claims Are Moot.

Plaintiffs cannot establish Article III or prudential standing because the Keyboard Service Program addresses and remediates the alleged keyboard defect on which all of their claims depend. Accordingly, Plaintiffs' claims are moot; they cannot establish injury or standing as required to maintain their claims. Further, the law is clear that Plaintiffs cannot avoid this result by refusing to avail themselves of the Program's remedies or by purporting to rely on supposed issues with the Program allegedly experienced by others and not themselves.[4] Plaintiffs' claims must be dismissed.

---

[4] Plaintiffs cite certain documents out of context for the proposition that replacement of one or more keys is not an effective solution. (*See* FAC ¶¶ 169-171.) These citations do not excuse a failure to take advantage of the repair options available under the Keyboard Service Program, which also include replacement of the whole keyboard. (Patel Decl., Exs. A, B.)

1    Article III standing requires the plaintiff to have suffered an injury-in-fact. *In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD, 2019 WL 1979915 at *8 (N.D. Cal. May 3, 2019) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "Even at the pleading stage, the plaintiff must clearly allege facts demonstrating an injury that is both concrete and particularized." *Id.*; *accord In re Apple Processor Litig.*, 366 F. Supp. 3d 1103, 1109 (N.D. Cal. 2019). "'In class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

Plaintiffs here cannot meet that standard, because the Program addresses and remediates the alleged keyboard defect (and the alleged harm flowing from the defect) on which they base all their claims, thus eliminating any injury and rendering the claims moot. As one court explained in holding that the defendant's recall and repair program mooted the plaintiffs' claims and defeated standing:

> The doctrine of mootness is a corollary to Article III's "cases" and "controversies" requirement. The case and controversy required at the commencement of the litigation must continue through "all stages of review." "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Hadley v. Chrysler Grp. LLC*, No. 13-13665, 2014 WL 988962, at *5-7 (E.D. Mich. Mar. 13, 2014) (citations omitted) (finding that, in light of defendant's recall/repair program, plaintiffs lacked standing and their claims were moot), *aff'd*, 624 F. App'x 374 (6th Cir. 2015); *Tosh-Surryhne v. Abbott Labs. Inc.*, No. CIV S-10-2603 KJM-EFB, 2011 WL 4500880, at *5 (E.D. Cal. Sept. 27, 2011) (finding the plaintiff's claims to be moot where she failed to take advantage of the defendant's program offering refund and replacement product).

Courts within the Ninth Circuit have similarly held that repair and refund programs moot the plaintiffs' claims and defeat Article III or prudential standing, requiring dismissal. In *Cheng v. BMW of North America, LLC*, No. CV 12-09262 GAF (SHx), 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013), the court held that "simply as a practical matter, it is unclear how Plaintiff

1    can demonstrate injury in light of BMW's offer to completely repair the roll away defect," and
2    that accordingly, plaintiffs' claims should be dismissed under the doctrine of prudential standing.
3    In *Vavak v. Abbott Laboratories, Inc.*, No. SACV 10-1995 JVS (RZx), 2011 WL 10550065, at *3
4    (C.D. Cal. June 17, 2011), the court dismissed the named plaintiff's claim for monetary damages,
5    holding that because the defendant "offered a full refund to consumers who purchased infant
6    formula from the affected lots, Plaintiff's request for restitution of the monies spent on the
7    product is moot.  That Plaintiff rejected a full refund and opted to file suit does not change this
8    result." *Id*. (internal citation omitted).

9         Here, while Plaintiffs purport to challenge the adequacy of Apple's Program on various
10   grounds, **not one of the nine named Plaintiffs alleges he has attempted to avail himself of the**
11   **repair or refund under the Program**. As in *Vavak*, that failure is fatal to Plaintiffs' standing to
12   pursue their claims.  In *Hamilton v. General Mills, Inc.*, No. 6:16-cv-382-MC, 2016 WL
13   6542840, at *1 (D. Or. Nov. 2, 2016), General Mills "offered and continue[d] to offer" to refund
14   the purchase price of allegedly mislabeled cereal; the plaintiff "simply refused to participate in
15   General Mills' recall efforts or to accept the offered refund."  The court held that the plaintiff's
16   alleged injury was nonetheless mooted by General Mills' refund program, and he accordingly
17   lacked standing to sue because there was "no allegation of a concrete and particularized injury."
18   *Id.* Plaintiffs' claims in the present case fail for precisely the same reason.

19        Nor can Plaintiffs justify a refusal to participate in the Program based on alleged issues
20   with the Program purportedly reported online to avoid dismissal based on mootness.  As the court
21   held in *In re McNeil Consumer Healthcare Marketing & Sales Practices Litigation*, 877 F. Supp.
22   2d 254, 275-76 (E.D. Pa. 2012), efforts to avoid mootness based on issues that plaintiffs did not
23   personally encounter is fundamentally inconsistent with the standing requirement that injury be
24   particularized to the individual plaintiff.  *Id.* at 276 (allegations of others' experience inadequate
25   for named plaintiffs to establish the requisite particularized injury).  Further, the court could not
26   properly presume that the plaintiffs who did not seek a refund would be denied one or that it
27   would be inadequate to make them whole, because when "such speculation is required as to the
28   causal link between the behavior of a defendant and an injury of the plaintiff, no standing exists."

1  *Id.* Finally, as a matter of policy, if general assertions, not based on personal experience, that a
2  repair or refund program were ineffective were sufficient, plaintiffs would always be able to
3  avoid the requirement of injury and standing simply by electing not to participate in the program.
4  *See generally In re Aqua Dots Prods. Liab. Litig.*, 270 F.R.D. 377 (N.D. Ill. 2010) ("rational class
5  members would not choose to litigate a multiyear class action just to procure [a remedy that is]
6  readily available here and now"). All Plaintiffs' claims are mooted by the Keyboard Service
7  Program. Plaintiffs cannot avoid this result by asserting supposed issues with the Program that
8  they have not experienced. Because Plaintiffs cannot show the concrete, particularized individual
9  injury required for Article III standing, their claims must be dismissed.

   **B.**  **Plaintiffs' CLRA and Song-Beverly Claims Must Also Be Dismissed Under Rule 12(b)(6)**

12    Even apart from their lack of standing, Plaintiffs' Consumers Legal Remedies Act and
13  Song-Beverly Consumer Warranty Act claims must once again be dismissed under Rule 12(b)(6).
14  As the Court recognized in granting Apple's prior motion to dismiss these claims, these statutes
15  bar Plaintiffs' claims because Apple has offered a free repair and refund of any prior repair
16  expenses. (ECF No. 110 at 14-15.) Plaintiffs cannot avoid that ruling where, as here, they have
17  failed to allege that they availed themselves of the Program. Their allegations regarding supposed
18  deficiencies in the Program cannot save their claims based on the terms of the statutes themselves
19  as well as for the reasons discussed with respect to standing.

      **1.**  **Plaintiffs' CLRA Claim for Damages Is Barred**

21    Plaintiffs assert violations of three CLRA provisions: California Civil Code sections
22  1770(a)(5), (7), and (9). As this Court has already held, their claims under each of these
23  provisions are barred by the Keyboard Service Program and the express terms of the statute.
24  Plaintiffs' FAC utterly fails to rescue their CLRA claim.
25    CLRA damages are not recoverable where the defendant has offered an appropriate
26  "correction, repair, replacement, or other remedy of the goods and services." Cal. Civ. Code
27  § 1782(c); *see also id*. §§ 1782(b), 1784. Apple has done exactly that; its Keyboard Service
28  Program addresses and resolves the exact same behaviors Plaintiffs allege experiencing with their

MacBooks and MacBook Pros.  (FAC ¶¶ 166-168; Patel Exs., A, B.)  The Program is an appropriate remedy under the CLRA because Plaintiffs can have their keyboards fixed free of charge and/or receive a refund for repair expenses if Plaintiffs paid to have their keyboards repaired.  And, even if, as Plaintiffs contend, there is a remote risk that they may once again experience a keyboard issue, that issue will be repaired free of charge under the Program.

Notably, the CLRA's cure provision requires only that the defendant provide notice that a repair, refund or other remedy is available "*upon . . . request*."  Cal. Civ. Code §§ 1782(b), (c) (emphasis added).  This provision cannot be avoided by choosing *not* to "request" repair or refund under the Program; the Program complies with the CLRA's requirements, and Plaintiffs' damages claim under the CLRA is barred.  *Arthur v. Louis Vuitton N. Am. Inc.*, No. 08-cv-4731-AHM (FFMx), 2010 WL 11463276, at *9 (C.D. Cal. May 6, 2010) is squarely on point.  There, the court held that the plaintiff's refusal to mitigate his damages by accepting the refund offered by the defendant barred his CLRA claim.[5]

Plaintiffs' assertions based on online postings of purported issues with the Program are equally meritless.  Plaintiffs must establish injury to themselves before they can claim damages under the CLRA.  Speculation that the Program may not provide them with adequate redress does not, as *Arthur* makes clear, establish injury or damage, and Plaintiffs' CLRA claim must be dismissed.

**2.    Plaintiff Rao and Baruch's Song-Beverly Claim Has Been Mooted by the Keyboard Service Program**

As this Court held in granting Apple's prior motion to dismiss, Plaintiffs Rao and Baruch's claim under the Song-Beverly Consumer Warranty Act is moot because the Keyboard Service Program provides the exact remedy required by the statute.  The proper measure of damages in this case, where Plaintiffs have accepted the goods at issue, is set forth in California Civil Code section 1794(b):

---

[5] Plaintiffs' argument in their opposition to Apple's prior motion to dismiss that *Arthur* merely limited the amount of damages is wrong (*see* ECF No. 79); that holding applied to other claims.  The court *dismissed* the plaintiff's CLRA claim.  2010 WL 11463276, at *9.

> The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2, and . . . (2) [w]here the buyer has accepted the goods, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

California Civil Code section 1793.2(d) and California Commercial Code sections 2714 and 2715 provide for damages in addition to the cost of repair *only* where the seller has failed to repair the goods at issue. *See* Cal. Civ. Code § 1793.2(d)(1); Cal. Com. Code §§ 2714, 2715. That is not the case here. To the contrary, Apple has offered to repair eligible notebooks free of charge and to refund any payments for eligible repairs.

Nothing in the FAC can avoid dismissal of the Song-Beverly claim. Plaintiffs Rao and Baruch do not allege that they have made any attempt to take advantage of the Program which, as noted, provides precisely the remedy required by the Song-Beverly provision at issue. Plaintiffs' argument that repairs under the Program may not address their issues is speculation that does not come close to establishing that Apple has failed to comply with the requirements of the statute. (ECF No. 79 at 24-25.) Notably, Plaintiffs' prior opposition cited no Song-Beverly authority to suggest otherwise.[6] Plaintiffs' Song-Beverly claim must be dismissed.

### V. CONCLUSION

For the foregoing reasons, the Court should grant Apple's motion to dismiss the First Amended Consolidated Class Action Complaint.

Dated: June 4, 2019                    MORRISON & FOERSTER LLP

                                       By: */s/ Purvi G. Patel*
                                           Purvi G. Patel
                                           **Attorneys for Defendant Apple Inc.**

---

[6] As discussed above, *Arthur* dismissed claims under the CLRA and did not include Song-Beverly claims. *Agam v. Gavra*, 236 Cal. App. 4th 91 (2015), involved breach of contract claims, not Song-Beverly claims, and (unsurprisingly) concluded that it would be unreasonable to require that the plaintiff mitigate damages by obtaining a $3.77 million loan to proceed with construction that his partners would not permit him to undertake. The other case cited by Plaintiffs for the proposition that a plaintiff is not required to undertake unreasonable mitigation efforts was also a breach of contract case, not a Song-Beverly case, and the mitigation at issue would have required the plaintiff to forego business opportunities, which the court found to be unreasonable. *Seaboard Music Co. v. Germano*, 24 Cal. App. 3d 618, 622-23 (1972).