UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE: MACBOOK KEYBOARD LITIGATION

Case No. 18-cv-02813-EJD (VKD)

**ORDER TERMINATING DKT. NO. 170; GRANTING ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. Nos. 170, 169

On December 16, 2019, the parties submitted a joint discovery dispute letter concerning Rule 30(b)(6) depositions. Dkt. No. 170. After further conference of counsel at the hearing on the dispute on January 14, 2020, the parties reached an agreement as to all matters raised in their letter. Dkt. No. 179. Accordingly, the Court terminates Dkt. No. 170.

Additionally, in connection with the parties' joint discovery dispute letter, plaintiffs filed an administrative motion to file portions of the letter under seal. Dkt. No. 169. Defendant Apple Inc. filed a declaration in support of the request to seal. Dkt. No. 175. Having considered the parties' submissions, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct.

38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Plaintiffs' motion to seal concerns information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, but rather whether Apple should produce Rule 30(b)(6) witnesses to testify on specific topics. The material to be sealed is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Rule 26(c).

The Court is skeptical that the portions sought to be sealed warrant sealing. "The mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. However, because the presiding judge has previously granted motions to seal other documents containing the same or substantially similar information (Dkt. Nos. 135, 157), and because the Court applies only the "good cause" standard to this discovery dispute, the Court grants the motion to seal the fifth line of the second full paragraph and the eighth line of the third full paragraph on page 4 of the parties' joint discovery letter.

**IT IS SO ORDERED.**

Dated: January 17, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge