# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

IN RE MACBOOK KEYBOARD LITIGATION

Case No. 18-cv-02813-EJD (VKD)

**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL JOINT DISCOVERY LETTER RE CLAWBACK**

Re: Dkt. No. 189

In connection with the parties' joint discovery letter concerning defendant Apple, Inc's ("Apple") request to claw back information revealed at a deposition that Apple contends is protected under the attorney-client privilege (Dkt. No. 190), Apple filed an administrative motion to file portions of the joint letter under seal. Dkt. No. 189. Having considered plaintiffs' submission, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

1   Apple's motion to seal concerns information submitted in connection with a discovery
2   dispute. The underlying discovery dispute does not address the merits of the parties' claims or
3   defenses, but rather whether defendants' assertion of the attorney-client privilege is proper. The
4   material to be sealed is only tangentially related to the merits of the case. The Court therefore
5   applies the "good cause" standard of Rule 26(c).

6   The material proposed to be filed under seal is derived from a deposition that has been
7   designated "Highly Confidential – Attorneys' Eyes Only." Apple contends that the material
8   encompasses confidential business communications and that the communications are also
9   privileged, which the parties dispute. In these circumstances, the Court finds that good cause
10  exists to seal the following material:

| **Document** | **Portions to be Sealed** |
|---|---|
| Joint Discovery Letter Brief re Clawback (Dkt. No. 190) | Pg. 1, 3rd and 4th and 7th to 9th lines of the third full paragraph<br>Pg. 2, header 2, 4th and 5th lines of the third full paragraph<br>Pg. 3, header 3, 3rd and 4th lines of the second full paragraph<br>Pg. 4, 5th to 7th lines of the first full paragraph, 1st and 2nd lines of the third full paragraph<br>Pg. 5, 7th line of the third full paragraph<br>Pg. 6, 3rd to 5th and 7th and 8th lines of the second full paragraph<br>Ex. A<br>Ex. B, 3rd sentence in the first full paragraph of Monday, November 18, 2019 10:00 AM email |

**IT IS SO ORDERED.**

Dated: March 9, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge