PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
CLAUDIA M. VETESI (SBN 233485)
CVetesi@mofo.com
MARGARET E. MAYO (SBN 259685)
MMayo@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No.: 5:18-cv-02813-EJD-VKD<br><br>**DEFENDANT APPLE INC.'S NOTICE OF LODGING REGARDING ECF NOS. 190, 195**<br><br>Hon. Edward J. Davila<br><br>Mag. Judge:     Hon. Virginia K. DeMarchi<br>Date of Hearing:     March 10, 2020<br>Time:     10:00 a.m.<br>Ctrm:     2 – 5th Floor<br><br>Consol. Compl. Filed: October 11, 2018<br>Am. Consol. Compl. Filed: May 13, 2019 |

|   |   |
|---|---|
| 1 |   |
| 2 | On March 10, 2020, Plaintiffs and Defendant Apple Inc. ("Apple") appeared telephonically for a discovery hearing before the Honorable Virginia K. DeMarchi (ECF No. 195) regarding the parties' Joint Letter Regarding Apple's Clawback Request (ECF No. 190). At the hearing, the Court gave Apple permission to submit excerpts from the October 30, 2019 deposition of Jeffrey LaBerge that relate to refunds offered under Apple's Keyboard Service Program. While the deposition transcript did not otherwise contain the precise testimony at issue in the Joint Letter, the attached excerpts show that Apple did not offer full refunds for the products at issue. |

Apple hereby lodges a true and correct copy of the following document with the Court:

- **Exhibit 1**: Excerpts from the October 30, 2019 deposition of Jeffrey LaBerge

Dated: March 12, 2020                          MORRISON & FOERSTER LLP

By: /s/     *Claudia M. Vetesi*
                   Claudia M. Vetesi

***Attorneys for Defendant Apple Inc.***

# EXHIBIT 1

```
 1                 UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4                           -oOo-

 5   IN RE:                          )    Case No.

 6   MACBOOK KEYBOARD LITIGATION     )    5:18-cv-02813-EJD-VKD

 7   _____)

 8

 9

10

11

12

13        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14       DEPOSITION OF 30(b)(6) WITNESS AT APPLE INC.

15                      JEFFREY LaBERGE

16                 Wednesday, October 30, 2019

17

18

19

20

21

22

23   Reported by:
     KELLIE A. ZOLLARS, RPR, CSR, CRR
24   California Shorthand Reporter License No. 5735

25


                              1
```

1       BY MS. ORNELAS:
2       Q.  Okay.  What percentage of Apple laptop owners
3   have been deemed ineligible for repair under the
4   keyboard service program?

12:11   5

6

7

8                        REDACTED

9

12:12  10

11

12      A.  If a customer had a previous repair for a
13  topcase replacement for a keyboard issue and they brought
14  their proof of purchase or proof of payment and submitted
12:12  15  it to Apple, we would give them a refund.  Full refund.
16      Q.  Other than a topcase replacement, would there
17  be anything else that a consumer might have paid for out
18  of pocket that could be refunded under the keyboard
19  service program?
12:13  20      A.  Shouldn't be -- it's possible.  So, in Apple
21  retail, we don't charge for key replacements.  We do that
22  for everyone as long as they come in.  I'm not sure about
23  ASPs.  They may charge a nominal fee for a keycap repair.
24      Q.  Okay.  So other than out-of-pocket expenses for
12:13  25  topcase replacements or keycap replacements, any other

106

```
 1   out-of-pocket expense wouldn't be eligible for a refund
 2   under the keyboard service program?
 3       A.   Correct.
 4
12:14  5
 6
 7
 8
 9
12:14 10
11
12
13
14
12:14 15                        REDACTED
16
17
18
19
12:14 20
21
22
23
24
12:15 25
```

107

```
 1            DEPOSITION OFFICER'S CERTIFICATE
 2   STATE OF CALIFORNIA   )
                           ) ss.
 3   COUNTY OF SAN MATEO   )

 4

 5

 6         I, KELLIE A. ZOLLARS, hereby certify:

 7         I am a duly qualified Certified Shorthand

 8   Reporter in the State of California, holder of

 9   Certificate Number CSR 5735 issued by the Certified Court

10   Reporters' Board of California and which is in full

11   force and effect.  (Fed. R. Civ. P. 28(a)(1)).

12         I am authorized to administer oaths or

13   affirmations pursuant to California Code of Civil

14   Procedure, Section 2093(b) and prior to being examined,

15   the witness was first duly sworn by me.  (Fed. R. Civ.

16   P. 28(a)(a)).

17         I am not a relative or employee or attorney or

18   counsel of any of the parties, nor am I a relative or

19   employee of such attorney or counsel, nor am I

20   financially interested in this action.  (Fed. R. Civ. P.

21   28).

22         I am the deposition officer that

23   stenographically recorded the testimony in the foregoing

24   deposition and the foregoing transcript is a true record

25                           / / /
```

```
 1   of the testimony given by the witness.  (Fed. R. Civ. P.
 2   30(f)(1)).
 3          Before completion of the deposition, review of
 4   the transcript [XX] was [  ] was not requested.  If
 5   requested, any changes made by the deponent (and
 6   provided to the reporter) during the period allowed, are
 7   appended hereto.  (Fed. R. Civ. P. 30(e)).
 8   Dated: NOVEMBER 20, 2019
 9
10
11                    _____
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```