UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZIXUAN RAO, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 5:18-cv-02813-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 208 |

Plaintiffs Kyle Barbaro, Joseph Baruch, Steve Eakin, Lorenzo Ferguson, Benjamin Gulker, Michael Hopkins, Adam Lee, Kevin Melkowski, and Zixuan Rao ("Plaintiffs") move this Court for leave to file a Second Amended Consolidated Class Action Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). Dkt. No. 208. The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the arguments of the parties, the Court **GRANTS** Plaintiffs' motion.

**I. Background**

Plaintiffs bring this proposed class action against Defendant Apple, Inc. ("Apple" or "Defendant") on behalf of purchasers of allegedly defective MacBook laptops with butterfly keyboards. After the Court consolidated several related actions, Plaintiffs filed a Consolidated Class Action Complaint on October 11, 2018, asserting claims on behalf of a nationwide class and proposed subclasses under California law and six other states' laws. Dkt. No. 66.

On April 22, 2019, the Court granted in part Apple's motion to dismiss. Dkt. No. 110. Plaintiffs then filed a First Amended Consolidated Class Action Complaint ("FAC") asserting ten causes of action and adding additional allegations concerning Apple's Keyboard Service Program.

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1

1   Dkt. No. 117.  The FAC named nine plaintiffs, including Joseph Baruch and Zixuan Rao from

2   California.  *Id.*  On December 2, 2019, the Court denied Apple's motion to dismiss the FAC.  Dkt

3   No. 168.  The parties have been actively engaged in discovery since early 2019.

4          On January 14, 2020, the Court entered a scheduling order setting forth deadlines

5   concerning Plaintiffs' motion for class certification and discovery.  Dkt. No. 178.  On March 20,

6   the Court granted the parties' stipulation to modify the class certification and discovery deadlines.

7   Dkt. No. 203.  The deadline for Plaintiffs to move for class certification is August 14, 2020, with

8   Apple's response due on September 28, 2020 and Plaintiffs' reply due on October 28, 2020.  *Id.*

9   The fact discovery cutoff is January 11, 2021.  *Id.*  The Court has not set a deadline for amending

10  the pleadings or adding parties.

11         On May 8, 2020, Plaintiffs filed the present Motion For Leave To File Second Amended

12  Complaint.  Dkt. No. 208 ("Motion").  Plaintiffs state that due to the ongoing COVID-19

13  pandemic, the two existing plaintiffs from California, Mr. Baruch and Mr. Rao, may not be able to

14  participate in these proceedings moving forward.  Plaintiff Baruch is a small business owner who

15  has been significantly affected by the emergency conditions resulting from the ongoing COVID-

16  19 pandemic.  Dkt. No. 208-1, Declaration of Adam E. Polk, ¶ 8.  Plaintiff Rao, a student at

17  University of California, San Diego, is in the United States on an F1 student visa.  *Id.* ¶ 9.

18  Plaintiffs seek to add two new California plaintiffs, Bo Laurent and Ashley Marin, in order to

19  "ensure that the interests of the proposed nationwide and California classes are protected."

20  Motion, p. 1.  Plaintiffs further seek to modify the proposed class definition to specify the models

21  of MacBook laptops included in the definition of Class Laptops.  *Id.*  Apple opposes the motion,

22  arguing that Plaintiffs unduly delayed in seeking amendment and that Apple would be prejudiced

23  by the need to conduct and respond to additional discovery related to the proposed additional

24  plaintiffs.  *See* Dkt. No. 213, Apple Opposition, p. 2.  Apple further requests that if leave is

25  granted, the Court continue the case management deadlines for 90 days.

26    **II.   Discussion**

27         The parties agree that the Motion is governed by Rule 15 of the Federal Rules of Civil

28  Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

2

Procedure. Leave to amend under Rule 15 is generally granted liberally. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave should be granted with "extreme liberality"). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "[I]n light of Rule 15's mandate, the examination of these factors is generally performed 'with all inferences in favor of granting the motion.'" *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

### A. Prejudice

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (citation and quotation omitted). "The party opposing amendment bears the burden of showing prejudice." *WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2019 WL 3555343, at *1 (N.D. Cal. Aug. 5, 2019).

Apple argues that it will be prejudiced if Plaintiffs are granted leave to add the two proposed plaintiffs because doing so will result in additional discovery in an already "highly inefficient discovery process." Opp., p. 7. Although true that it has undertaken significant discovery efforts thus far, Apple fails to explain how it will be prejudiced by the additional discovery associated with the proposed plaintiffs. The parties have not yet taken any depositions, and the cutoff for fact discovery is not until January 11, 2021. *Cf. PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 294855, at *5 (N.D. Cal. Jan. 27, 2014) (finding no prejudice when there were four months remaining for discovery). Moreover, according to the Plaintiffs' Reply in support of their Motion, Plaintiffs already served discovery responses on behalf of the new plaintiffs and produced their relevant documents. Reply, p. 8. The new

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
3

plaintiffs are also reportedly available for depositions as early as this month. *Id.* Thus, Apple has not explained how the additional discovery necessary will require undue effort or expense or cause prejudice. Considering that Apple will have ample time to complete additional discovery of the proposed plaintiffs, the Court finds that such discovery does not demonstrate prejudice to Apple. *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 1455333, at *4 (N.D. Cal. Apr. 2, 2019) ("To the extent that some additional discovery may be required, that alone is not enough to constitute prejudice."); *Palana v. Mission Bay Inc.*, No. 13-CV-05235-SI, 2016 WL 107487, at *3 (N.D. Cal. Jan. 11, 2016) (no prejudice from adding plaintiffs where discovery had not yet closed); *James ex rel. James Ambrose Johnson, Jr., 1999 Tr. v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("Although it may incur additional time and expense, UMGR will not have to radically change its litigation strategy in order to defend against . . . the three new plaintiffs.").

Apple further argues that Plaintiffs "failed to show why an amended complaint is warranted." because both of the existing California-based plaintiffs remain in the case. Opp., p. 7. Apple argues that Plaintiffs have not provided any reason why the new California plaintiffs are necessary as long as the original parties continue to participate. In support, Apple cites to a number of cases in which courts have denied leave to add new or additional plaintiffs for failure to show good cause. *See, e.g.*, *Osakan v. Apple American Group*, No. C 08-4722-SBA, 2010 WL 1838701, at *2 (N.D. Cal. May 5, 2010) (denying leave to amend to add four new class representatives and new allegations two weeks before discovery cutoff because amendment would unduly prejudice defendants); *Wilson v. Frito-Lay North America, Inc.*, Case No. 12-cv-01586-JST, 2017 WL 3478776 (N.D. Cal. Aug. 14, 2017) (denying motion to substitute party two years after the deadline for substitution, where plaintiffs did not diligently pursue amendment and where amendment would require defendant to "start its discovery efforts from scratch."). Both *Osakan* and *Wilson* were decided under the more stringent standards of Rule 16 of the Federal Rules of Civil Procedure, which requires the party seeking amendment to show good cause. Under the more lenient standards of Rule 15, Plaintiffs need not show good cause. *Santa Clara Valley Water*

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
4

*Dist. v. Olin Corp.*, No. C-07-03756 RMW, 2009 WL 667429, at *4 (N.D. Cal. Mar. 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, Olin is not required to show good cause for its desire to amend its counterclaim."). Rather, it is Apple's burden to show that the addition of the proposed plaintiffs would cause Apple prejudice.

While the Court acknowledges that the proposed plaintiffs may be duplicative of the existing plaintiffs, Apple will not be required to start its discovery efforts from scratch, nor is the discovery deadline so soon as to cause prejudice. Thus, Apple has failed to show that it will be prejudiced by the addition of the proposed plaintiffs.

### B. Undue Delay

Apple argues that Plaintiffs unduly delayed in seeking leave to amend because the allegations related to the two new plaintiffs' arose years ago. Specifically, Ms. Marin alleges that she purchased her MacBook in February 2017 and alleges that she got repairs in June 2017, two years before Plaintiffs first amended their complaint. SAC ¶¶ 49, 52-53. Ms. Laurent alleges that she purchased her MacBook Pro in November 2018, and alleges that she had repairs in June and December of 2019, plus additional repairs in February 2020. *Id.* ¶¶ 39, 41-47. Plaintiffs do not argue that they recently discovered these allegations; rather, they argue that they recently discovered the need to amend. Plaintiffs argue that they only learned of the impact of COVID-19 on Mr. Baruch and Mr. Rao in early April and that they diligently sought amendment thereafter.

The Court acknowledges that Ms. Marin's and Ms. Laurent's claims could theoretically have been brought sooner, however, there was simply no need to do so. The COVID-19 pandemic has had far-reaching and unprecedented consequences globally, and the Court finds that Plaintiffs diligently sought leave to amend after it became apparent that the participation of existing plaintiffs might be limited by the pandemic. *See McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 WL 1357616, at *2 (N.D. Cal. Apr. 17, 2012) ("Until a few weeks ago, plaintiff had no reason not to rely on Mr. McConnell as the sole class representative . . . it would be inequitable to find the motion the result of undue delay or bad faith when, from the facts readily available, [the court] can discern no reason for plaintiff to have sought amendment earlier.").

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Furthermore, as discussed above, Apple will have ample time to complete discovery before the cutoff date and to take account of the new allegations before their briefing on class certification is due. The Court, therefore, finds that any delay in amendment does not prejudice Apple nor warrant denying leave to amend. *Stovall v. Align Tech., Inc.*, No. 5:18-CV-07540-EJD, 2019 WL 3945104, at *1-2 (N.D. Cal. Aug. 21, 2019) ("delay alone is insufficient to justify denying Plaintiff leave to amend."); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (denial of leave to amend based on undue delay is improper without a "contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.").

### C. Futility and Bad Faith

Apple does not contend that the Motion was brought in bad faith or that amendment would be futile. Indeed, this court recently denied Apple's motion to dismiss the FAC, which was substantially similar to the SAC. *McGowan v. Cty. of Kern*, No. 115-CV-01365-DAD-SKO, 2018 WL 2734970, at *4 (E.D. Cal. June 7, 2018) ("The test for whether amendment of a complaint is futile is the same as whether a proposed amendment would survive a challenge under Rule 12(b)(6)."). Taking the proposed new allegations as true, the Court finds that the SAC would withstand a motion to dismiss and therefore amendment is not futile. The Court also finds that there is no indication that Plaintiffs seek amendment in bad faith.

### III. Conclusion

Based on the foregoing, Plaintiffs' motion for leave to file the SAC is **GRANTED**. Plaintiff shall promptly file the proposed SAC as its own entry on the docket. Apple's request to continue the case management deadlines is **DENIED**. If additional time is needed to complete discovery in advance of the motion for class certification, the parties may file a joint stipulation or Apple may make an appropriate motion to continue the deadlines.

**IT IS SO ORDERED.**

Dated: July 2, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
6