PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
CLAUDIA M. VETESI (SBN 233485)
CVetesi@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

SUZANNE P. MARINKOVICH (CA SBN 311287)
SMarinkovich@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5700
Facsimile: 858.720.5125

Attorneys for Defendant
APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No.: 5:18-cv-02813-EJD<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 8, 2020<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Ctrm: 4 – 5th Floor<br><br>Consol. Compl. Filed: October 11, 2018<br>Am. Consol. Compl. Filed: May 13, 2019<br>2nd Consol. Compl. Filed: July 2, 2020 |

1

# NOTICE OF MOTION TO DISMISS

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 8, 2020 at 9:00 a.m. before the Honorable Edward J. Davila, in Courtroom 4, Fifth Floor, of the United States District Court for the Northern District of California in the San Jose Courthouse, 280 South First Street, San Jose, California 95113, Defendant Apple Inc. will, and hereby does, move to dismiss Plaintiffs' claim for violation of the California Unfair Competition Law in its entirety, and Plaintiffs' remaining claims to the extent that they seek equitable relief.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs do not and cannot plead that they lack an adequate remedy at law.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

Dated: July 16, 2020                MORRISON & FOERSTER LLP

By: */s/ Claudia M. Vetesi*
      Claudia M. Vetesi
      ***Attorneys for Defendant Apple Inc.***

**MEMORANDUM OF POINTS AND AUTHORITIES**

On June 17, 2020, the Ninth Circuit held for the first time that federal common law, not state law, applies to the equitable relief claims of a class of California consumers under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") and Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and requires that those claims be dismissed where plaintiff and the class have an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, 1078 (9th Cir. 2020). *Sonner* requires that Plaintiffs' UCL claim in the present case be dismissed in its entirety, because the UCL provides exclusively equitable relief, not damages, and Plaintiffs do not and cannot establish that they lack an adequate remedy at law. *Sonner* further requires that Plaintiffs' claims under the CLRA and the laws of other states be dismissed to the extent they seek equitable relief.

*Sonner* concluded that notwithstanding what state law may permit, the Supreme Court has consistently made clear that federal courts are bound by the "rigid restrictions" on a their equitable powers explicitly enumerated in *Guaranty Trust Co. of New York v. York*, including the requisite inadequacy of legal remedies. *Sonner,* 962 F.3d at 1079-80 (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945)). Thus, traditional federal equitable principles, not state law, govern the determination whether to award equitable relief in a diversity action: "state law can neither broaden nor restrain a federal court's power to issue equitable relief." *Id.* at 1078. Accordingly, *Sonner* affirmed dismissal of plaintiff's UCL and CLRA claims for equitable restitution because plaintiff's complaint did not plead "the inadequacy of remedies at law," and because plaintiff sought money damages under the CLRA. *Id*. at 1081 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

*Sonner* controls here and requires that Plaintiffs' UCL claim must be dismissed in its entirety. Plaintiffs' UCL claim seeks *only* equitable relief. (Second Amended Consolidated Class Action Complaint ("SAC") ¶ 227.) Moreover, the UCL's remedies are limited to equitable relief; damages are not available under the statute. *See, e.g., Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 179 (1999) (holding that "Plaintiffs may not receive damages" under the unfair competition law). Thus, Plaintiffs cannot amend their UCL claim to avoid dismissal by

adding a damages claim.

Here, as in *Sonner*, nowhere in the SAC do Plaintiffs assert that money damages are insufficient to compensate them, let alone allege a single fact to support such an assertion.[1]  Nor could they do so: as in *Sonner,* Plaintiffs seek monetary damages under the CLRA.  (SAC ¶ 238.)  Plaintiffs also seek monetary damages for their causes of action for fraudulent concealment (SAC ¶ 251) and the Song-Beverly Consumer Warranty Act (SAC ¶ 262).  Because Plaintiffs do not and cannot plead that they lack adequate remedies at law, their UCL claim must be dismissed.[2]

To the extent that Plaintiffs seek restitution, injunctive relief or other equitable relief under the consumer protection statutes of Washington, Florida, Illinois, New Jersey, New York and Michigan,[3] those claims for relief are also barred because Plaintiffs assert claims for monetary damages under each of those statutes.  *See* SAC ¶ 275 (Washington Consumer Protection Act); SAC ¶¶ 286-87 (Florida Deceptive and Unfair Trade Practices Act); SAC ¶ 299 (Illinois Consumer Fraud and Deceptive Business Practices Act); SAC ¶¶ 310-311 (New Jersey Consumer Fraud Act); SAC ¶ 324 (New York General Business Law); SAC ¶ 332 (Michigan Consumer Protection Act).  *Sonner* makes clear that all state law claims for equitable relief are barred where plaintiffs have an adequate remedy at law.

---

[1]  The defendant in *Sonner* did not seek dismissal of plaintiff's injunctive relief claims and, accordingly, neither the trial court nor the Ninth Circuit ruled as to those claims.  Nonetheless, the federal equitable principles that *Sonner* holds are controlling here do not permit recovery of injunctive relief where Plaintiffs have an adequate remedy at law.  *See, e.g., Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203-04 (N.D. Cal. 2017) and cases cited therein.

[2] Plaintiffs do not seek either restitution or injunctive relief under the CLRA. (SAC ¶ 238.)  Plaintiffs purport to seek "declaratory relief" under the CLRA but never explain what "declaratory relief" they are actually seeking.  To the extent Plaintiffs seek equitable relief under the CLRA, that claim also must be dismissed because they have an adequate remedy at law.

[3] Plaintiffs variously purport to seek injunctive relief, declaratory relief and "other appropriate relief" for these claims, as well as seeking restitution, injunctive relief, and other unspecified "appropriate equitable relief" in their prayer for relief.

For the reasons set forth herein, Plaintiffs' UCL claim should be dismissed in its entirety, and their other claims should be dismissed to the extent that they seek equitable relief.

Dated: July 16, 2020  MORRISON & FOERSTER LLP

By: */s/ Claudia M. Vetesi*
  Claudia M. Vetesi
  ***Attorneys for Defendant Apple Inc.***