UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 221 |

Before the Court is Defendant Apple Inc.'s motion to dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 221 ("Motion"). Specifically, Apple seeks to dismiss Plaintiffs' claim for violation of the California Unfair Competition Law in its entirety, and Plaintiffs' remaining claims to the extent that they seek equitable relief, on the ground that Plaintiffs do not and cannot plead that they lack an adequate remedy at law. The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the arguments of the parties, the Court **GRANTS** Defendant's motion.

**I.   Background**

Plaintiffs are eleven consumers from California, Massachusetts, New York, Illinois, Florida, Washington, New Jersey, and Michigan. Second Amended Consolidated Class Action Complaint, Dkt. No. 219 ("SAC") ¶¶ 8-18. Plaintiffs bring this proposed class action against Defendant Apple, Inc. ("Apple" or "Defendant") on behalf of purchasers of allegedly defective MacBook laptops with butterfly keyboards.

Each Plaintiff alleges to have purchased a MacBook or MacBook Pro with the butterfly

keyboard. *Id.* ¶¶ 25, 31, 39, 49, 56, 63, 71, 77, 85, 95, 103.  Each one alleges to have made the purchase after being exposed to representations on specific Apple websites that the butterfly is "more responsive." *Id.* ¶¶ 26, 32, 40, 50, 57, 64, 72, 78, 86, 96, 104.  Plaintiffs allege that their keyboards failed within a year of purchase. *Id.* ¶¶ 27, 33, 41, 51, 58, 65, 73, 79, 87, 97, 105.  Each Plaintiff alleges that he consulted with or complained to Apple about the faulty keyboards, but Apple failed to provide effective troubleshooting or repairs, an operable replacement laptop free of charge, or a refund. *Id.* ¶¶ 28-29, 36-37, 42-27, 52-54, 60-62, 66-69, 74-75, 80-83, 88-93, 98-101, 106-08.  Plaintiffs all allege that after having their laptops repaired or replaced, the defect returned. *Id.*  Several Plaintiffs allege that they were forced to spend money out of pocket for AppleCare service, insurance, or a new non-Apple laptop. *Id.*  Plaintiffs allege that had they been aware of the keyboard defect, they would not have bought their computer or would have paid significantly less for it. *Id.* ¶¶ 30, 38, 48, 55, 62, 70, 76, 84, 94, 102, 109.

Plaintiffs assert claims on behalf of a proposed nationwide class and subclasses under California law and six other states' laws.  In particular, Plaintiffs seek injunctive relief and restitution under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL").  They further seek unspecified injunctive relief under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA") and equivalent state statutes.[1]

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may

---

[1] Plaintiffs' fifth through tenth claims for relief are brought under the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010, et seq. ("WCPA"), Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act 815 Ill. Comp. Stat. Ann. 505/1, et seq. ("ICFA"), New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 (West), et seq. ("NJCFA"), New York General Business Law § 349, N.Y. Gen. Bus. Law § 349, and the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, et seq. ("MCPA").

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION TO DISMISS
2

1   be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).
2   To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual
3   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,
4   556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp.*, 550
5   U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows
6   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
7   *Id.* Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient
8   facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
9   2001).

### III. Discussion

Defendant seeks to dismiss all of Plaintiffs' claims for equitable relief on the ground that Plaintiffs do not and cannot plead that they lack an adequate remedy at law. Defendant's motion relies on the Ninth Circuit's recent decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843–44 (9th Cir. 2020). In that case, the Sonner similarly brought a diversity suit under California's UCL and CLRA. Following a last-minute amendment of her complaint before trial, plaintiff dropped her damages claim and sought only restitution and equitable relief. *Id.* at 838–39. The district court then granted a motion to dismiss, finding that Sonner could not proceed on her equitable claims for restitution in lieu of a claim for damages. Specifically, the district court concluded that claims brought under the UCL and CLRA remained subject to California's inadequate-remedy-at-law doctrine, and that Sonner failed to establish that she lacked an adequate legal remedy for the same past harm for which she sought equitable restitution.

On appeal, the Ninth Circuit affirmed on different grounds, relying on principles of federal common law rather than state law. The Ninth Circuit explained that while a state may authorize its courts to give equitable relief without the restriction that an adequate remedy at law be unavailable, the state law "cannot remove th[at] fetter[ ] from the federal courts." *Id.* at 843–44 (citing *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 105–06, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945)). Guided by the reasoning in *York*, the Ninth Circuit held "that the traditional principles governing

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION TO DISMISS
3

equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Id.* at 844. The court went on to find that Sonner's claims for equitable relief were properly dismissed because she failed to allege the lack of an adequate legal remedy. *Id.*

Apple argues that under *Sonner*, a plaintiff in federal court must allege the lack of an adequate legal remedy in order to state a claim for equitable relief and that Plaintiffs have failed to do so. Plaintiffs argue that (1) Defendant's motion is premature; (2) *Sonner* does not apply to injunctive relief; and (3) even if *Sonner* applies, Plaintiffs adequately alleged that they have no adequate remedy at law in this case.

Plaintiffs argue that Apple's motion is premature for two reasons. Their first reason—that the court should refrain from deciding the motion until after the Ninth Circuit had decided the pending petition for rehearing or rehearing *en banc* in *Sonner*—was mooted by the Ninth Circuit's denial of the rehearing petition. *See* Statement of Recent Decision, Dkt. No. 230. Plaintiffs further assert that the motion is premature because they are not required to make a binding election of remedies at this early stage in the proceedings. Opp. p. 5. But this is not an election of remedies issue. The question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all. In other words, the question is whether Plaintiffs have adequately pled their claims for equitable relief, and that question is not premature on a motion to dismiss.

Plaintiffs next argue that *Sonner* does not require dismissal of Plaintiffs' claims for injunctive relief because where "state law authorizes the issuance of a permanent injunction, there is no requirement that a plaintiff proceeding in federal court show an inadequate remedy at law to obtain relief." Opp. p. 5. This argument is foreclosed by *Sonner*. The *Sonner* court emphasized that the Supreme Court has recognized the "fundamental principle for well over a century that state law cannot expand or limit a federal court's equitable authority," and explained that "a state statute does not change the nature of the federal courts' equitable powers." *Sonner*, 971 F.3d at 841 (citation omitted). The court expressly found that "even if a state authorizes its courts to

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION TO DISMISS
4

provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." *Id.* (citing *York*, 326 U.S. at 105–06 & n.3).

Plaintiffs cite to pre-*Sonner* cases in which federal courts applied state law to determine whether an injunction was warranted. None of those cases involved a state statute that purported to expand the court's equitable powers; rather, in each case the requirements for injunctive relief under state law were coextensive with the federal common law requirements. *See, e.g.*, *Nomadix, Inc. v. Guest-Tek Interactive Entm't, Ltd.*, No. 2:19-CV-04980-AB-FFM, 2020 WL 1939826, at *1 (C.D. Cal. Apr. 22, 2020) (granting injunctive relief only after finding, among other things, that "pecuniary compensation would not afford adequate relief"); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 890126, at *3 (N.D. Cal. Jan. 23, 2013) ("To prevail on its request for a permanent injunction . . . includes a showing that remedies at law are inadequate, and that other equitable considerations warrant entry of an injunction").

Plaintiffs acknowledge that *Sonner* precludes them from seeking restitution but argue that *Sonner* should not be extended to preclude claims for injunctive relief. While "[i]njunctive relief [was] not at issue" in *Sonner*, 971 F.3d at 842, nothing about the Ninth Circuit's reasoning indicates that the decision is limited to claims for restitution. In fact, numerous courts in this circuit have applied *Sonner* to injunctive relief claims. *See e.g.*, *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV2000769CJCGJSX, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (dismissing plaintiff's UCL claims for an injunction and restitution because *Sonner* "very recently made clear" that the requirement to establish an inadequate remedy at law "applies to claims for equitable relief under both the UCL and CLRA."); *Teresa Adams v. Cole Haan, LLC*, No. SACV20913JVSDFMX, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) ("The *Sonner* court derived its rule from broader principles of federal common law . . . this broad analysis of the distinction between law and equity [does not] create an exception for injunctions as opposed to other forms of equitable relief. The clear rule in *Sonner* that plaintiffs must plead the inadequacy of legal remedies before requesting equitable relief therefore applies"); *Schertz v. Ford Motor*

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION TO DISMISS
5

*Co.*, No. CV2003221TJHPVCX, 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020) (dismissing claims for an injunction and restitution under the UCL because plaintiff failed to allege the lack of an adequate legal remedy as required under *Sonner*). This Court agrees with our fellow courts that under *Sonner*, Plaintiffs are required to allege that they lack an adequate remedy at law in order to seek injunctive relief.

Finally, Plaintiffs argue that they have sufficiently alleged that no adequate legal remedy exists here. They argue that because Apple's repair program is deficient, their alleged injury is "continuing" such that class members with faulty keyboard "seeking to be made whole in the future could only sue Apple repeatedly." Opp. p. 10. Plaintiffs do not explain why those consumers could not sufficiently be "made whole" by monetary damages. Courts generally hold that monetary damages are an adequate remedy for claims based on an alleged product defect, and reject the argument that injunctive relief requiring repair or replacement is appropriate. *See Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7428810, at *25 (N.D. Cal. Dec. 22, 2016), *aff'd,* 726 F. App'x 608 (9th Cir. 2018) (the ordinary and more appropriate relief is monetary damages, "not a mandatory injunction requiring Ford to uniformly repair and/or replace" a defect in every vehicle); *see also Victorino v. FCA US LLC*, No. 16CV1617-GPC(JLB), 2018 WL 2455432, at *20 (S.D. Cal. June 1, 2018) ("monetary damages is the appropriate form of damages" where plaintiffs' claimed injury was the "overpayment of the purchase price of their Class Vehicles").

Plaintiffs' complaint alleges that class members overpaid for their allegedly defective laptops and incurred various expenses in their attempts to resolve the deficiencies. SAC ¶¶ 273, 285, 298, 310, 323, 331. Plaintiffs suggest in the Complaint that Apple could have "offer[ed] refunds . . . to consumers with failed keyboards." *Id.* ¶¶ 201, 221. Because Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury. Moreover, the Court finds that the availability of an adequate legal remedy is clear from the face of the SAC and thus further amendment of the complaint would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042,

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION TO DISMISS
6

1051 (9th Cir. 2008) (where a plaintiff fails to survive Rule 12(b)(6) scrutiny and "it is clear that the complaint could not be saved by amendment," "[d]ismissal without leave to amend is proper."); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (an "amended complaint may only allege other facts consistent with the challenged pleading").

Thus, Plaintiffs have failed to allege that they lack an adequate remedy at law, as required to state a claim for equitable relief. Plaintiffs' UCL claim is therefore dismissed in its entirety and the remaining claims are dismissed to the extent they seek an injunction, restitution, or other equitable relief.

### IV.   Conclusion

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. Plaintiffs' UCL claim (Claim 1) is **DISMISSED** with prejudice. The remaining claims are **DISMISSED** with prejudice to the extent they seek an injunction, restitution, or other equitable relief.

**IT IS SO ORDERED.**

Dated: October 13, 2020

_____

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING MOTION TO DISMISS
7