EXHIBIT S

```
 1              UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4   ------------------------------------------------x
 5   IN RE: MACBOOK KEYBOARD          Case No.
 6   LITIGATION                       5:18-cv-02813-EJD-VKD
 7
 8   ------------------------------------------------x
 9
10
11
12                     **CONFIDENTIAL**
13
14
15   REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF
16                       ASHLEY MARIN
17              FRIDAY, SEPTEMBER 11, 2020
18
19
20
21
22   Reported by:
23   ASHALA TYLOR, CSR #2436, CLR, CRR, RPR
24   JOB NO. 4238512
25   PAGES 1 - 168
```

Page 1

```
 1    APPEARANCES OF COUNSEL:
 2    For the Plaintiffs:
 3         GIRARD SHARP LLP
 4         BY:  SIMON GRILLE, ESQ.
 5         601 California Street
 6         Suite 1400
 7         San Francisco, California 94108
 8         (415) 544-6434
 9         sgrille@girardsharp.com
10    - and -
11         CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
12         BY:  BEENA MCDONALD, ESQ.
13              BENJAMIN F. JOHNS, ESQ.
14         361 West Lancaster Avenue
15         One Haverford Centre
16         Haverford, Pennsylvania 19041
17         (610) 642-8500
18         bmm@chimicles.com
19         bfj@chimicles.com
20
21
22
23
24
25
```

CONFIDENTIAL

```
 1    A P P E A R A N C E S   (continued)
 2    For Apple Inc.:
 3         MORRISON & FOERSTER LLP
 4         BY:  SUZY MARINKOVICH, ESQ.
 5         12531 High Bluff Drive, #100
 6         San Diego, California 92130
 7         858.314.7506
 8         smarinkovich@mofo.com
 9
10    ALSO PRESENT:
11    Troy Johnson, Videographer
12    Pami Vyas, In-House Counsel Apple
13    Madeline Landry, Paralegal, Chimicles Schwartz
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

| | | |
|---|---|---|
| 1 | previously marked Exhibit 14. | 11:51 |
| 2 | (Exhibit 14 was previously | 11:51 |
| 3 | marked for identification and | 11:51 |
| 4 | attached hereto.) | 11:51 |
| 5 | BY MS. MARINKOVICH: | 11:52 |
| 6 | Q.   Okay.   It should be in.   Go ahead and take | 11:52 |
| 7 | a look at it, and then let me know if you recognize | 11:52 |
| 8 | it. | 11:52 |
| 9 | A.   I don't recognize it. | 11:52 |
| 10 | Q.   Okay.   So you have never seen this page | 11:52 |
| 11 | before? | 11:52 |
| 12 | A.   I don't recall. | 11:52 |
| 13 | Q.   And the page says "Keyboard Service | 11:52 |
| 14 | Program for MacBook, MacBook Air, MacBook Pro," | 11:52 |
| 15 | correct? | 11:52 |
| 16 | A.   Correct. | 11:52 |
| 17 | Q.   And then under "Eligible Models," is that | 11:52 |
| 18 | your MacBook?  I think it's the "MacBook (Retina, | 11:53 |
| 19 | 12-inch, early 2016." | 11:53 |
| 20 | A.   Yes. | 11:53 |
| 21 | Q.   And then if you read the top portion, that | 11:53 |
| 22 | has -- that says, "Apple has determined that a small | 11:53 |
| 23 | percentage of the keyboards in certain MacBook, | 11:53 |
| 24 | MacBook Air, and MacBook Pro models may exhibit one | 11:53 |
| 25 | or more of the following behaviors: | 11:53 |

Page 115

| | | |
|---|---|---|
| 1 | over time?  Is it once a week?  Once every month? | 12:47 |
| 2 | A. I believe it's a couple times a month, | 12:47 |
| 3 | maybe. | 12:47 |
| 4 | Q. Do you have an understanding of what | 12:48 |
| 5 | relief the complaint seeks? | 12:48 |
| 6 | MS. MCDONALD:  Object to form. | 12:48 |
| 7 | You can answer. | 12:48 |
| 8 | THE WITNESS:  I don't remember.  I don't | 12:48 |
| 9 | know. | 12:48 |
| 10 | BY MS. MARINKOVICH: | 12:48 |
| 11 | Q. And do you contend that you've been | 12:48 |
| 12 | injured as a result of the claims you're making | 12:48 |
| 13 | against Apple in this case? | 12:48 |
| 14 | A. Yes. | 12:48 |
| 15 | Q. And how were you injured? | 12:48 |
| 16 | A. Monetarily. | 12:48 |
| 17 | Q. And was that what we discussed, the price | 12:48 |
| 18 | of the MacBook? | 12:48 |
| 19 | A. Correct, I paid for a MacBook and it did | 12:48 |
| 20 | not work. | 12:48 |
| 21 | Q. Are there any other damages that you claim | 12:48 |
| 22 | to have incurred? | 12:48 |
| 23 | MS. MCDONALD:  Object to form. | 12:48 |
| 24 | You can answer. | 12:48 |
| 25 | THE WITNESS:  No, just the MacBook and, I | 12:48 |

Veritext Legal Solutions
866 299-5127

```
1        A.    Yes.   I believe -- like I said, personally    12:52
2   I think everybody should get all their money back.        12:52
3   If that's not going to be the case, I don't know.         12:52
4               Everyone deserves the same amount of          12:52
5   money.  They all bought the same, you know,               12:52
6   butterfly keyboard.                                       12:52
7        Q.    But if they paid for a notebook that was,      12:52
8   say, you know, a higher priced model versus a model       12:52
9   that was lower priced, refurbished, should they get       12:52
10  the same exact dollar amount of money or should they      12:53
11  each get full reimbursement?                              12:53
12              MS. MCDONALD:  Object to form.  Incomplete    12:53
13  hypothetical.  Speculation.                               12:53
14              You can answer, Ashley.                       12:53
15              THE WITNESS:  Yes, because all of them        12:53
16  didn't get what they paid for.                            12:53
17  BY MS. MARINKOVICH:                                       12:53
18       Q.    Okay.  So they should get different            12:53
19  amounts of money depending on what they bought?           12:53
20       A.    I'm not --                                     12:53
21              MS. MCDONALD:  Object to form.                12:53
22              Hold on, Ashley.                              12:53
23              Object to form.  Misstates facts.             12:53
24  Incomplete hypothetical.  Speculation.                    12:53
25              You can answer, Ashley.                       12:53
```

Page 142

```
 1                CERTIFICATE OF REPORTER
 2        I, ASHALA TYLOR, CSR No. 2436, in and for the State
 3   of California, do hereby certify:
 4        That the foregoing proceedings were taken before me
 5   at the time and place herein set forth; that any
 6   witnesses in the foregoing proceedings, prior to
 7   testifying, were placed under oath; that a verbatim
 8   record of the proceedings were made by me using machine
 9   shorthand which was thereafter transcribed under my
10   direction; further that the foregoing is an accurate
11   transcription thereof.
12        That before the completion of the deposition,
13   review of the transcript was not requested.
14        I further certify that I am neither financially
15   interested in this action nor a relative or employee of
16   any attorney or any of the parties hereto.
17        In compliance with Section 8016 of the Business and
18   Professions Code, I certify under penalty of perjury
19   that I am a Certified Shorthand Reporter with
20   California License No. 2436 in full force and effect.
21   WITNESS my hand this 15th day of September, 2020.
22
23
24        [signature]
25        Ashala Tylor, CSR #2436, RPR, CRR, CLR
```

Page 168