Daniel C. Girard (SBN 114826)
Adam E. Polk (State Bar No. 273000)
Jordan Elias (SBN 228731)
Simon S. Grille (SBN 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
*dgirard@girardsharp.com*
*apolk@girardsharp.com*
*jelias@girardsharp.com*
*sgrille@girardsharp.com*

Steven A. Schwartz (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
One Haverford Centre
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone:  (610) 642-8500
Facsimile:  (610) 649-3633
*sas@chimicles.com*
*bfj@chimicles.com*
*awf@chimicles.com*
*bmm@chimicles.com*

*Interim Class Counsel*

Penelope A. Preovolos (SBN 87607)
Claudia M. Vetesi (SBN 233485)
Camila Tapernoux
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
*ppreovolos@mofo.com*
*cvetesi@mofo.com*
*ctapernoux@mofo.com*

*Counsel for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No.: 5:18-cv-02813-EJD-VKD<br><br>**JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>Date:  December 17, 2020<br>Time:  11:00 a.m.<br>Courtroom:  4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

**REDACTED - FILED UNDER SEAL**

Pursuant to section C.2. of this Court's Standing Order for Civil Cases, Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, and Benjamin Gulker, and Defendant Apple Inc. jointly submit this Trial Setting Conference Statement in advance of the December 17, 2020 Trial Setting Conference.

## I.     JURISDICTION

The Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 because this action is a putative class action in which: (1) there are at least 100 class members; (2) the total value of the claims of class members exceeds $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) at least one Plaintiff is a citizen of a different state than Defendant.

## II.    SUBSTANCE OF THE ACTION

### Plaintiffs' Statement

Plaintiffs are purchasers of MacBook laptops equipped with a butterfly mechanism keyboard. These butterfly laptops include model year 2015 or later MacBook laptops, model year 2016 or later MacBook Pro laptops, and model year 2018 or later MacBook Air laptops (collectively, the "MacBook"). Each Plaintiff experienced keyboard failures that prevented them from typing on the MacBook, rendering the device unable to perform any of its core functions, such as word processing or typing. Defendant Apple Inc. designed, manufactured, distributed, and sold the MacBook.

Plaintiffs allege that the MacBook is defective because minimal amounts of dust or debris, ███████████████████████, cause keyboard failure, preventing the computer from serving its core function—typing. Plaintiffs have submitted evidence in connection with their class certification motion (Dkt. No. 229) demonstrating ██████████████████ despite Apple's knowledge of the defect prior to release of the MacBook. Plaintiffs also submitted evidence demonstrating that Apple's Keyboard Service Program provides ineffective relief that is only temporary ████████████ ████████████████████████, leading Apple to abandon the butterfly keyboard and return a scissor mechanism keyboard in its latest MacBooks.

The defect causes stuck or "sticky" keys, keystrokes failing to register, keys registering a typed letter or other command multiple times despite being pressed only once, and keys not working at all. Plaintiffs contend that they were deprived the benefit of the bargain when Apple sold them a MacBook

with an undisclosed keyboard defect. Plaintiffs seek damages commensurate with the point-of-sale overcharge derived from the undisclosed keyboard problems.

The principal factual issues in dispute include whether the butterfly keyboard is defective, and if so, when Apple learned of the defect, whether Apple has provided an adequate remedy to MacBook purchasers, and if Plaintiffs prevail, the amount of monetary damages to which they are entitled.

**Apple's Statement**

Plaintiffs claim that the sixteen different butterfly-equipped MacBook models at issue are defective because the keyboards are susceptible to ███████████████████████████ and cause the keys to malfunction.  Plaintiffs have no evidence that Apple had knowledge of any defect prior to release of the MacBook.  *See* ECF 237-11 (Apple Class Cert. Opp.) at 15 n. 11.  In fact, the evidence is clear that Apple did not have any such knowledge.  Their claims that the keyboards are ██████████ ████████████████ misrepresent the data and are contradicted by clear evidence in the record. *See id*. at 8:19-20.  These MacBooks were subject to an extensive and extraordinarily demanding suite of performance and reliability tests.  *See id*. at 3:4-4:12.  Further, to continuously improve its products and meet its own stringent standards, Apple implemented design changes across models, ██████████ ████████████████ *See id.* at 9:4-9.   Indeed, the vast majority of putative class members will never experience issues with their keyboard.  *See id.* at 8:9-11.  This is true even under Plaintiffs' grossly exaggerated and improperly calculated "failure rate."  Moreover, repair rates are not "failure rates" as plaintiffs contend. ███████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████  The small number of purchasers who experienced issues have a full and complete remedy via Apple's voluntarily implemented Keyboard Service Program, which provides repairs free of charge for four years following purchase and reimburses consumers for any keyboard repairs they paid for prior to the program.  Apple contends that the Keyboard Service Program has been and continues to be effective.

The principal factual issues in dispute include whether plaintiffs can prove any defect, let alone a common defect, despite major differences in keyboard design and repair rates and experiences across the sixteen models at issue; whether plaintiffs can demonstrate that Apple had pre-release knowledge of the

alleged issue or if there is any other ground for requiring Apple to make the disclosures that are the basis for Plaintiffs' consumer fraud claims; whether Apple provided a full remedy in compliance with its warranty obligations; and whether plaintiffs can prove injury or damages and, if so, the amount of any monetary damages.

## III.   LEGAL ISSUES

Disputed points of law include whether Apple had a duty to disclose the alleged defect, whether the MacBook is merchantable under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792 *et seq.*, whether Apple violated consumer protection statutes in the seven states where Plaintiffs made their relevant purchase, whether Plaintiffs may maintain the action as a class action under Federal Rule of Civil Procedure 23, and whether the findings and opinions of Plaintiffs' experts are admissible under Federal Rule of Evidence 702.  The parties also dispute whether Plaintiffs have waived the right to pursue a nationwide class.

## IV.   MOTIONS

On June 6, 2018, Plaintiffs Zixuan Rao and Kyle Barbaro filed an Administrative Motion to Consider Whether Cases Should be Related. Dkt. No. 24. The Court granted the motion on June 12, deeming the following cases related: *Rao, et al. v. Apple Inc.*, No. 5:18-cv-02813 (N.D. Cal. filed May 11, 2018), *Turner, et al. v. Apple Inc.*, No. 5:18-cv-03048 (N.D. Cal. filed May 22, 2018), and *Binatena v. Apple Inc.*, No. 5:18-cv-03299 (N.D. Cal. filed June 2, 2018). Dkt. No. 25. Upon stipulation, the Court consolidated these related actions on June 26. Dkt. Nos. 26, 27. On July 2, Plaintiff Kevin Kou filed a motion to relate and consolidate a fourth action—*Kou v. Apple, Inc.*, No. 5:18-cv-03570 (N.D. Cal. filed June 14, 2018). Dkt. No. 31. By order dated July 6, *Kou* was related to and consolidated with this action. Dkt. No. 33. On June 29, 2018, Plaintiffs collectively moved for appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). Dkt. No. 30. On September 24, 2018, the Court granted Plaintiffs' motion for appointment of interim class counsel and appointed the law firms Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP as interim co-lead counsel. Dkt. No. 62.

On December 3, 2018, Apple moved to dismiss Plaintiffs' Consolidated Complaint in its entirety, arguing that the non-California Plaintiffs could not pursue claims under California law, that

1   Plaintiffs did not allege sufficient facts to support their consumer protection claims, and that Plaintiffs'

2   claims under the Song-Beverly Act and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et*

3   *seq.*, were mooted by Apple's Keyboard Service Program ("KSP"). Dkt. No. 72. After hearing

4   argument, the Court on April 22, 2019 granted in part and denied in part Apple's motion to dismiss,

5   finding that Plaintiffs stated claims for violations of the unfair and fraud prongs of the UCL. Dkt. No.

6   110. The Court dismissed Plaintiffs' Song-Beverly and CLRA claims, noting that Plaintiffs did not

7   address Apple's KSP in their complaint and inviting Plaintiffs to amend their complaint to address

8   Apple's mootness arguments. *Id.*

9        On May 13, 2019, Plaintiffs filed a First Amended Consolidated Class Action Complaint

10  ("FAC") against Apple, alleging additional facts to support their allegation that the KSP is ineffective

11  and does not offer the relief Plaintiffs are seeking. Dkt. No. 117. Apple again moved to dismiss, arguing

12  that Plaintiffs' claims were mooted by the KSP. Dkt. No. 130. The Court held a hearing and, on

13  November 22, denied Apple's second motion to dismiss, finding that the Plaintiffs adequately alleged

14  that Apple's KSP is ineffective and upholding Plaintiffs' Song-Beverly and CLRA claims. Dkt. No. 168.

15       On May 8, 2020, Plaintiffs filed a motion for leave to file a Second Amended Consolidated Class

16  Action Complaint ("SAC") to add two additional California Plaintiffs. Dkt. No. 208. Apple opposed.

17  Dkt. 213. The Court granted the motion on July 2, 2020 (Dkt. No. 218), and Plaintiffs filed the operative

18  SAC the same day. Dkt. No. 219.

19       On July 16, Apple moved to dismiss Plaintiffs' claim for violations of California's Unfair

20  Competition Law and Plaintiffs' other claims to the extent they seek equitable relief. Dkt. No. 221. The

21  Court granted the motion on October 13, 2020 and dismissed with prejudice Plaintiffs' UCL claim and

22  Plaintiffs' remaining claims to the extent they sought an injunction, restitution, or other equitable relief.

23  Dkt. No. 248.

24       On August 14, Plaintiffs moved for class certification. Dkt. Nos. 224-25, 228-29, 231-32. The

25  motion is fully briefed and set for hearing on February 4, 2021. Dkt. Nos. 235-36, 245, 250, 252, 254,

26  256-59. On September 29, Apple filed motions to strike the expert opinions of Plaintiffs' experts, Dr.

27  Hal Singer and Dr. David Niebuhr. Dkt. Nos. 238-39. Those motions also are fully briefed and set for

28  hearing on February 4. Dkt. Nos. 250, 252, 256, 258, 267-68. On November 4, pursuant to Local Rule 7-

3, Apple filed its Objections to New Evidence filed in connection with Plaintiffs' class certification reply brief.  Dkt. No. 261.

The parties have also filed several administrative motions to file materials under seal in connection with Plaintiffs' complaints, motion to dismiss briefing, joint discovery letter briefs, Plaintiffs' motion for class certification, and Apple's motions to strike Plaintiffs' expert reports. Dkt. Nos. 116, 151, 169, 189, 207, 233, 237, 263, 266. The Court granted in part or fully granted administrative motions to seal filed in connection with Plaintiffs' complaints, motions to dismiss briefing, and joint discovery letter briefs. Dkt. Nos. 135, 157, 183, 192, and 217. Motions to seal filed in connection with the class certification briefing and the motions to strike Plaintiffs' expert reports are fully briefed and pending. Dkt. No. 234, 242, 265, 270.

Apple anticipates filing a motion for summary judgment, and may also file motions to strike Plaintiffs' merits expert reports.  Plaintiffs also may file motions to exclude Apple's merits expert reports in whole or in part. The parties also anticipate that they may file *in limine* motions prior to trial.

## V.    DISCOVERY

### Plaintiffs' Statement

January 11, 2021 is the fact discovery cut-off. Dkt. No. 203. Plaintiffs' position is that the parties should complete fact discovery by this deadline. Apple has produced and Plaintiffs have reviewed over 1 million pages of documents. Plaintiffs have also negotiated production of documents by several non-parties and have reviewed over 1,000 pages produced by those non-parties. Apple has deposed each Plaintiff, and each Plaintiff has responded to Apple's interrogatories, requests for production of documents, and requests for inspection. Plaintiffs have deposed Apple's Rule 30(b)(6) designees and five Apple fact witnesses. Before the fact discovery cut-off, the parties anticipate supplementing discovery responses and finalizing document productions. As Apple notes, Plaintiffs served a third set of interrogatories on September 10. After an extended meet and confer, on November 18, Apple agreed that it would respond to two out of three interrogatories propounded in this set and also agreed to supplement its prior responses between December 16 and 30, before the existing fact discovery cutoff.

In addition, Plaintiffs intend to notice a further deposition of one of Apple's employees and requested availability on November 25. Apple has not yet responded with the witness's availability. If

Apple is unable to produce this witness before the fact discovery cut-off, Plaintiffs will meet and confer with Apple in good faith to reach a reasonable compromise as to the timing of this deposition.

October 28, 2020 was the class certification expert discovery cutoff, and March 22, 2021 is the merits expert discovery cutoff. Dkt. 203. Class certification expert discovery is complete, with each party having served expert reports and deposed the opposing party's experts. In light of the February 4, 2021 hearing date for Plaintiffs' Motion for Class Certification and Apple's request for additional time in the schedule, Plaintiffs request that the Court continue the merits expert discovery cutoff until April 3, 2021 so that the parties will have a short extension of time to tailor their merits expert reports and discovery strategy. Plaintiffs submit a proposed schedule in Section IX, *infra*.

Apple's administrative motion (Dkt. No. 271) should not have been filed because this Joint Trial Setting Conference Statement provides an opportunity for the parties' to submit their views regarding "any proposed modifications to the Case Management Schedule." *See* Standing Order for Civil Cases at IV.C.2. Fact discovery in this case has been open for over two years. After three motions to dismiss and class certification briefing, the parties are intimately familiar with the primary issues in this action. Plaintiffs, for example, have propounded discovery relating to their individual claims, class claims, and the seven subclasses incorporated within Plaintiffs' proposed class.

As Apple details in its statement below, the parties have conducted extensive discovery over two years. Apple has not identified any additional discovery that it cannot propound now or could not have propounded earlier. To the extent that Apple identifies additional discovery it would like to propound within a reasonable period after the class certification hearing, Plaintiffs will meet and confer with Apple. Upon a reasonable showing that the additional discovery is necessary and could not have been propounded earlier, Plaintiffs will stipulate, subject to Court approval, to permit this additional discovery to occur after the fact discovery cutoff.

### **Apple's Statement**

There are several substantive fact discovery tasks pending.  Weeks after the completion of class certification briefing on November 25, Plaintiffs stated their intention to notice a senior Apple executive for deposition.  Further, Plaintiffs served their third set of interrogatories in mid-September, also after filing their motion for class certification, which seek a significant amount of data that is time- and effort-

intensive to provide.  Apple agreed to provide some of this information, but as explained to Plaintiffs is still in the process of collecting and reviewing the requested data.

Apple is in the process of assessing all previously served discovery responses and supplementing those that need to be updated, which cover data-intensive subjects such as repair rates and sales numbers. Contrary to Plaintiffs' assertion, Apple did not agree to complete all such supplementation by December 30; rather, Apple stated that it expected to produce a small subset of this information in that timeframe.

Significant fact discovery has also taken place.  Plaintiffs have conducted 13 depositions to date: five 30(b)(6) depositions, five individual depositions, and three expert depositions.  Apple has deposed the eleven named plaintiffs and both of Plaintiffs' experts.  Apple has also responded to 17 interrogatories and 53 requests for production, and has produced approximately 1.1 million pages of documents.

Pursuant to the Court's March 20, 2020, order, the close of fact discovery is currently set for January 11, 2021.  Dkt. No. 203.  That schedule also set the hearing on class certification for December 3, 2020.  On October 28, 2020, the Court entered a notice continuing the hearing on Plaintiffs' class certification motion by approximately two months.

In part due to the significant amount of outstanding discovery, Apple has separately filed an administrative motion seeking to continue all currently set case deadlines, including the close of fact discovery, by the same two-month period as the class certification hearing continuance.  Dkt. No. 271. That motion was necessary in part because the Trial Setting Conference deadlines are addressed therein, and thus could not have been addressed solely via the Trial Setting Conference Statement.  As set forth in that motion, Apple's schedule maintains the sequence and timing originally set by this Court on January 14, 2020, and which the parties adjusted by stipulation in March 2020.  Apple's proposed schedule provides that the close of fact discovery take place *after* the hearing on class certification, while under Plaintiffs' proposal, the close of fact discovery would occur *before* the class certification hearing.  As a result, under Plaintiffs' proposal the parties would not have the opportunity to evaluate any additional discovery needed as a result of the class certification order, and would be unable to serve discovery related to the scope of any certified class.

VI.   **SETTLEMENT AND ADR**

On January 24, 2020, the Court granted the parties' stipulation selecting private ADR. Dkt. No. 187. The parties mediated with the Honorable Jay C. Gandhi (Ret.) on June 16 and August 5, 2020. Following those mediation sessions, the parties continued their discussions informally and with the assistance of Judge Gandhi. Further mediation with Judge Gandhi may be productive. Discussions between the parties are ongoing.

VII.   **BIFURCATION AND SEPARATE TRIAL OF ISSUES**

### Plaintiffs' Statement

Plaintiffs do not believe bifurcation or separate trial of specific issues is appropriate. Plaintiffs have submitted a proposed trial plan with their motion for class certification. Dkt. No. 225-16.

### Apple's Statement

As set forth in its opposition to Plaintiffs' motion for class certification, Apple believes that no class should be certified in this action.  In any event, as set forth in its administrative motion to continue case deadlines, Apple believes it is premature and inefficient to address bifurcation or separate trial of specific issues at this time, because the parties do not yet know whether any class will be certified, the scope of any such class, or whether individual or class damages will be at issue.

VIII.  **TRIAL**

### Plaintiffs' Statement

Plaintiffs will be prepared for trial in September 2021, in line with the below proposed schedule. Plaintiffs propose to try their claims in a single trial, with the jury deciding the Song-Beverly, CLRA, Washington, Florida, New Jersey, New York, and Michigan claims and the Court deciding the Illinois claim. Dkt. No. 225-16.  If a class is certified, Plaintiffs estimate that trial will last 7-10 court days, excluding jury selection. Even if no class is certified, Plaintiffs intend to try their claims but may require less time.

### Apple's Statement

As set forth in its opposition to Plaintiffs' motion for class certification, Apple believes that no class should be certified in this action.  In any event, as set forth in its administrative motion to continue the case schedule, Apple believes it is premature and impractical to propose when it will be ready for

trial, whether the case will be tried before a jury or to the Court, and how long trial will last, because the parties do not yet know whether any class will be certified, the scope of any such class, or the scope of damages that would be at issue.

IX.    **SCHEDULING**

**Plaintiffs' Statement**

In light of Apple's request for additional time to conduct merits discovery and prepare dispositive motions following the class certification hearing, Plaintiffs propose the following modifications to the Case Management Schedule along with proposed dates for the Final Pretrial Conference and Trial:

| Event | Current Date | Proposed Date |
|---|---|---|
| Designation of Opening Merits Experts with Reports | 2/10/2021 | 3/3/2021 |
| Designation of Rebuttal Merits Experts with Reports | 3/12/2021 | 4/2/2021 |
| Merits Expert Discovery Cutoff | 3/22/2021 | 4/16/2021 |
| Deadline for Filing Dispositive Motions (*see* Sections IV & V of Standing Order for Civil Cases) and *Daubert* Motions | 4/8/2021 | 4/30/2021 |
| Hearing on Anticipated Dispositive Motion(s) and *Daubert* Motions | 6/24/2021 | 7/8/2021 |
| Final Pretrial Conference | None set | 8/27/2021 |
| Trial | None set | 9/15/2021 |

JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No.: 5:18-cv-02813-EJD-VKD

**Apple's Statement**

On March 20, 2020, the Court set the operative schedule in this case. The hearing for class certification was set for December 3, 2020, with the remaining deadlines in the case to follow. On October 28, 2020, the Court entered a notice continuing the hearing on Plaintiffs' class certification motion and Apple's *Daubert* motions by approximately two months.

Apple proposed to Plaintiffs that the parties stipulate to a continuation of all other existing case deadlines by the same two-month period to maintain the Court's original timeline, which was designed to promote the efficiency and orderly management of this matter. Plaintiffs refused Apple's proposal and instead proposed a case schedule that moves some deadlines by a three-week period, while selectively leaving other deadlines unchanged. On December 2, Apple filed an administrative motion seeking to continue all currently set case deadlines by the same two-month period as the class certification hearing continuance. Dkt. No. 271.

As noted above, Apple's proposed schedule maintains the sequence and timing originally set by this Court. Apple's schedule provides that the trial setting conference and close of fact discovery take place after the hearing on class certification, and that the parties have sufficient time to prepare opening merits expert reports after the class certification hearing. Conversely, under Plaintiffs' proposal, the trial setting conference and close of fact discovery would occur before the class certification hearing, and opening merits expert reports would be due less than a month after the hearing. As a result, the parties would be forced to prepare opening merits expert reports without knowledge of whether the proposed class would be certified or what the scope of the class might be, would not have the opportunity to serve discovery related to the scope of any certified class, and would be required to propose trial dates, trial duration, requests for bifurcation, and whether the case be tried to a jury or to the Court, without any insight as to whether there would be a certified class at trial or the scope of any certified class.

Accordingly, Apple requests that all currently-set case deadlines be continued by approximately two months, as shown in the table below, in order to maintain the sequence and timing originally set by this Court and avoid the problems set forth above and in Apple's administrative motion (Dkt. No. 271.) Apple believes it is premature and impractical to set deadlines for the final pretrial conference or trial at this time, as whether a class is certified, the scope of any such class, and the scope of any damages at

JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No.: 5:18-cv-02813-EJD-VKD

issue are currently unknown and will have a significant impact on the parties' readiness for trial. However, if the Court is inclined to set trial-related deadlines at this time, Apple proposes a trial date no earlier than March 2022, in order to provide sufficient time for a summary judgment ruling and preparation of pretrial filings and exchanges, including motions *in limine*.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Joint Trial Setting Conference Statement (*see Section III(C)(2) of Standing Order for Civil Cases*) | 12/7/2020 | 2/8/2021 |
| Trial Setting Conference (*see Section III(C)(1) of Standing Order for Civil Cases*) | 12/17/2020 | 2/18/2021 |
| Fact Discovery Cutoff | 1/11/2021 | 3/12/2021 |
| Designation of Opening Merits Experts with Reports | 2/10/2021 | 4/13/2021 |
| Designation of Rebuttal Merits Experts with Reports | 3/12/2021 | 5/13/2021 |
| Merits Expert Discovery Cutoff | 3/22/2021 | 5/26/2021 |
| Deadline for Filing Dispositive Motions (*see Section IV and V of Standing Order for Civil Cases) and Daubert Motions*) | 4/8/2021 | 6/28/2021 |
| Hearing on Anticipated Dispositive Motion(s) and *Daubert* Motions | 6/24/2021 | 9/16/2021 |

## X.   OTHER MATTERS

The parties are not currently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

1   Dated: December 7, 2020                     Respectfully submitted,

2   By: */s/ Daniel C. Girard*                   By: */s/ Claudia Vetesi*

3       Daniel C. Girard                             Penelope A. Preovolos
        Jordan Elias                                 Claudia Vetesi
4       Adam Polk                                    Camila Tapernoux
        Simon S. Grille                          **MORRISON & FOERSTER LLP**
5   **GIRARD SHARP LLP**                             425 Market Street
        601 California Street, Suite 1400            San Francisco, California 94105-2482
6       San Francisco, California 94108             Telephone:  (415) 268-7000
        Telephone: (415) 981-4800                   Facsimile:  (415) 268-7522
7       Facsimile:  (415) 981-4846                  *ppreovolos@mofo.com*
        *dgirard@girardsharp.com*                   *cvetesi@mofo.com*
8       *jelias@girardsharp.com*                    *ctapernoux@mofo.com*
        *sgrille@girardsharp.com*
9
                                                    *Counsel for Defendant*
10
        Steven A. Schwartz (*pro hac vice*)
11      Benjamin F. Johns (*pro hac vice*)
        Beena McDonald (*pro hac vice*)
12  **CHIMICLES SCHWARTZ**
    **KRINER & DONALDSON-SMITH**
13  **LLP**
        361 W. Lancaster Avenue
14      Haverford, Pennsylvania 19041
        Telephone:  (610) 642-8500
15      Facsimile:  (610) 649-3633
        *sas@chimicles.com*
16      *bfj@chimicles.com*
        *bmm@chimicles.com*
17
18      *Interim Class Counsel*
19
20
21
22
23
24
25
26
27
28

JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No.: 5:18-cv-02813-EJD-VKD

**ATTESTATION**

I, Daniel C. Girard, am the ECF user whose identification and password are being used to file this Joint Trial Setting Conference Statement.  I attest under penalty of perjury that concurrence in this filing has been obtained from all signatories above.

DATED: December 7, 2020                    */s/ Daniel C. Girard*

JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No.: 5:18-cv-02813-EJD-VKD