PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
CLAUDIA M. VETESI (SBN 233485)
CVetesi@mofo.com
CAMILA A. TAPERNOUX (SBN 299289)
CTapernoux@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD<br><br>**APPLE INC.'S UNOPPOSED ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR HEARING ON CLASS CERTIFICATION AND DAUBERT MOTIONS [ECF NOS. 229, 238, 239]**<br><br>Hearing Date: February 4, 2021<br>Time: 9:00 A.M.<br>Judge: Hon. Edward J. Davila<br>Ctrm: 4 – 5th Floor |

Pursuant to Civil L.R. 7-11 and 79-5 and the Stipulated Protective Order (ECF No. 84), Apple Inc. respectfully submits this unopposed administrative motion for an order to seal the courtroom for the February 4, 2021 hearing on Plaintiffs' motion for class certification and Apple's motions to strike, either in its entirety or for a portion thereof. (ECF Nos. 229, 238, 239.) Given that the hearing will be conducted virtually, Apple defers to the Court regarding the most appropriate and feasible approach for sealing in a virtual environment.

Compelling reasons exist to seal the courtroom for this hearing. Many of the parties' key arguments on the issues to be heard by the court rely on—and will necessarily require discussion of—Apple's protected and highly confidential materials, such as Apple's proprietary keyboard designs, internal testing processes and results, and internal repair processes and data. The same information that will be discussed at the hearing is the subject of Apple's pending motions to seal portions of the briefing on Plaintiffs' class certification motion and Apple's *Daubert* motions. (ECF Nos. 233, 237, 263, 266, 279.) Plaintiffs do not oppose sealing the courtroom for this hearing. (Vetesi Decl. ¶ 2.)

### I. LEGAL STANDARD

While there is a common law right of public access to judicial proceedings, that right is not a constitutional right and it is "not absolute." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Under the compelling reasons standard that applies here, "a decision to close the court and to conduct a hearing under seal requires a showing that a compelling interest would be harmed and that no alternatives to closure would adequately protect that interest." *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *2 (N.D. Cal. July 2, 2008) (citing *Phoenix Newspapers, Inc. v. U.S. Dist. Court for Dist. of Ariz.,* 156 F.3d 940, 946 (9th Cir. 1998)). As explained below, the instant motion to seal the courtroom meets the compelling reasons standard.

### II. THE PARTIES' CLASS CERTIFICATION AND *DAUBERT* ARGUMENTS NECESSARILY INVOLVE DISCUSSION OF APPLE'S PROTECTED MATERIALS SUCH THAT THERE ARE NO ALTERNATIVES TO A SEALED HEARING

The parties' briefing on Plaintiffs' class certification motion and Apple's *Daubert* motions

APPLE'S UNOPPOSED ADMIN. MTN. TO SEAL THE COURTROOM FOR HEARING ON CLASS CERTIFICATION
CASE NO. 5:18-CV-02813-EJD
sf- 4420842

1

contains extensive and detailed discussions of Apple's internal and confidential testing and designs, as well as Apple's directions to employees about repairs and replacements, that have previously been sealed from public access for compelling reasons.  (*See* ECF Nos. 135, 157.)  As also explained in Apple's pending motions to seal portions of the parties' class certification and *Daubert* briefing, the information sought to be sealed in this briefing is protectable as trade secrets and must be kept confidential in order to prevent harm to Apple's competitive standing.  (*See* ECF Nos. 233, 237, 263, 266, 279.)

At the February 4, 2021 hearing on these motions, key arguments on both sides will necessarily require disclosing Apple's highly confidential information.  For example, arguments on the issues of commonality and predominance rely on Apple's highly confidential information, including documents that discuss Apple's proprietary keyboard designs, internal testing processes and results, and internal repair processes and data.  (*See, e.g.,* ECF No. 229 at 2-6; ECF No. 235 at 4-10, 16; ECF No. 251 at 4-6, 9.)  If such information were disclosed in open court, Apple's compelling interest in maintaining the confidentiality of its trade secrets and confidential business practices would be harmed.  *Facebook, Inc.*, 2008 WL 11357787, at *2.

For these reasons, protecting Apple's highly confidential information regarding proprietary designs, testing procedures and results, and internal repair processes and data from disclosure—which would cause competitive harm to Apple—outweighs the public policies that would otherwise favor an open court.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  (*See* ECF Nos 233, 237, 263.)  Further, because both parties' arguments rely on discussion of Apple's confidential information throughout the hearing, Apple believes that sealing the courtroom for the entire hearing could be the most appropriate and feasible approach.  However, if the Court is not inclined to seal the hearing in its entirety, Apple respectfully requests in the alternative that the Court seal a portion of the hearing so that the parties may address Apple's confidential information during that time.  Apple defers to the Court regarding the best method for sealing the hearing given the logistical challenges in the virtual environment.

APPLE'S UNOPPOSED ADMIN. MTN. TO SEAL THE COURTROOM FOR HEARING ON CLASS CERTIFICATION
CASE NO. 5:18-CV-02813-EJD
sf- 4420842

2

### III. THE TERMS OF THE PROTECTIVE ORDER SUPPORT SEALING THE COURTROOM

Apple recognizes that the terms of the parties' Stipulated Protective Order do not control the Court's decision on a motion to seal.  However, the Protective Order recognizes that discussing Apple's confidential information during a public hearing harms Apple's interests in precisely the same way as including that information in a publicly filed document.  Specifically, the Protective Order covers "not only Protected Material…but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) *any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material*."  (ECF No. 84 § 3 (emphasis added).)  Without a sealed hearing, the parties would either be prevented from fully explaining their class certification arguments or run afoul of the Protective Order and harm Apple's compelling interests in maintaining the confidentiality of its protected material.

### IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests an order from the Court sealing the courtroom in a manner the Court finds appropriate for the February 4, 2021 hearing on Plaintiffs' motion for class certification and Apple's *Daubert* motions.

Dated:  February 2, 2021                MORRISON & FOERSTER LLP

By: *Claudia M. Vetesi*
Claudia M. Vetesi

Attorneys for Defendant
***Apple Inc.***