# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD<br><br>**ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Defendant Apple Inc. ("Apple") brought the present administrative motion to file under seal certain documents and portions of documents filed in connection with Plaintiffs' Motion for Class Certification. Dkt. No. 233 ("Motion to Seal"). Specifically, Apple seeks to seal: (i) Plaintiffs' Memorandum of Law (224-4); (ii) Exhibits A-E and 1-63 to the Joint Declaration of Daniel C. Girard and Steven A. Schwartz (Dkt. No. 224-5 and 224-6); (iii) the Expert Report of Dr. David Niebuhr (Dkt. No. 224-8); and (iv) the Expert Report of Dr. Hal Singer (Dkt. No. 224-10).[1] Apple filed similar administrative motions seeking to seal the same or similar material in conjunction with its Opposition to Class Certification, its two Motions to Strike Plaintiffs' expert opinions and the related briefing by both parties, Plaintiffs' Reply in Support of Class Certification, and the parties Joint Trial Setting Conference Statement. *See* Dkt. Nos. 237, 263, 266, 276, 279.

This order addresses only the sealing requests in Apple's first Motion to Seal. For the reasons stated below, the Court GRANTS in part and DENIES in part that request.

---

[1] All docket numbers cited in this Order refer to the unredacted document filed under seal.
Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1

## I. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong presumption in favor of access to court records.").

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

In determining whether there are compelling reasons to seal, "courts should consider all relevant factors, including: 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts must "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1295 (9th Cir. 1986)). Compelling reasons may exist to seal "trade secrets, marketing

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

2

strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing . . . [but] courts should exercise caution not [to] allow these exceptions [to] swallow the strong presumption in favor of disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

**II. Discussion**

Apple argues broadly that all of the information it seeks to seal is protectable as a trade secret or is otherwise entitled to protection under the law. Apple organizes the large amount of material it seeks to seal into seven specific categories. Plaintiffs organize their opposition to the Motion to Seal using the same seven categories. Additionally, Apple uses these same categories in its subsequently filed motions to seal. In keeping with the parties' organization, the Court considers the material sought to be sealed by proffered category, rather than by document.

**a. Butterfly Keyboard Product-Specific Financial Information**

The first category of information Apple seeks to seal is "financial information, including certain sales data and profit margin-related information for Apple's 'butterfly' keyboard products." Mot. at 2. This category includes information about the number of units sold, the prices at which various units were sold, the repair rates for various models, and references to the production of profit-margin data. Apple contends that this information, if disclosed, would allow Apple's competitors to unfairly compete with Apple by using the product-specific financial information in their own forecasting and marketing or to tailor offerings and pricing to undercut Apple. Plaintiffs do not oppose the request to seal revenue and margin data, sales numbers, or repair rates associated with the butterfly laptops, but oppose sealing excerpts that reference the data without providing any actual figures.

The Court agrees with Plaintiffs that mere references to the "cost and price-cost margin data" do not warrant sealing. Apple provides no explanation as to how simply mentioning the data, without providing any of the data itself, could lead to competitive harm. Likewise, Apple

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
3

does not explain why the timing of Apple's production of that data is confidential, and the Court sees no reason why it would be. Thus, the Court declines to seal references to the cost and price-cost margin data or its production, but otherwise grants Apple's request to seal information in this category as detailed below.

| Document Name | ECF Number | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|---|
| Plaintiffs' Motion for Certification | 224-4 | Page 1, line 4<br>Page 7, lines 2-3<br>Page 11, lines 18-19 | No position. | Granted. |
| Expert Report of Dr. David Niebuhr | 224-8 | Page 9, lines 1-2 of ¶ 28 | No position. | Granted. |
| Expert Report of Dr. Hal Singer | 224-10 | Page 1, fn. 6 | No position. | Granted. |
| | | Page 2, ¶ 3, fn. 7 | Oppose. | Denied. |
| | | Page 14, lines 3-4 of ¶ 24 | No position. | Granted. |
| | | Page 15, lines 1-3 | Oppose in part. | Granted. |
| | | Page 16, Table 4 | Oppose. | Granted. |
| | | Page 19, ¶ 28, Table 5 | Oppose in part. | Granted only as to columns [1] and [2] in Table 5. |
| | | Page 28, ¶ 45 | Do not oppose. | Denied. |
| | | Page 29, lines 1-3, ¶ 48 | Oppose. | Granted as to ¶ 48 only. |
| | | Page 30, lines 1-9, fns. 67- 69 | Do not oppose. | Granted. |
| | | Page 34, Table 7 | Do not oppose. | Granted. |
| | | Page 35, line 4 | Do not oppose. | Denied. |
| | | Page 64, Appendix 4 | No position. | Granted. |
| | | Page 65, Table A2 | No position. | Granted. |
| | | Page 66, Table A3 | No position. | Granted. |
| | | Page 67, Table A4 | No position. | Granted. |
| Exhibit 34: APLMBKeyboard_00959676 | 224-6 | | Do not oppose. | Granted. |

### b. Information Regarding Apple's Proprietary Designs of the Butterfly Keyboards

Apple next seeks to seal information regarding "Apple's proprietary designs of 'butterfly' keyboards, such as specifications of designs at issue in this litigation, and internal communications

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
4

concerning these designs." Mot. at 3 (citing Vyas Decl. ¶ 4). Apple argues that the butterfly keyboard design it produced was unique to Apple and that the public disclosure of these designs, and internal communications about these designs, could be used by competitors when developing their own products. The Court previously granted Apple's requests to seal some of the same or similar information in this case. *See, e.g.*, Dkt. Nos. 135, 157, 217.

Plaintiffs do not oppose sealing the majority of the technical documents provided but oppose Apple's request to seal certain information or materials that Plaintiffs contend are already publicly available. Plaintiffs also oppose sealing documents that show reactions or comments from Apple employees about butterfly keyboard failures and the extent to which its stated butterfly laptop repair rates reflect all such failures.

The Court finds that a very limited amount of the material sought to be sealed is already publicly available and will deny the motion to seal as to that information. The Court also agrees with Plaintiffs that Apple employees' reactions to the keyboard failures do not constitute communications about the design of those keyboards. The Court denies the request to seal as to certain portions of the employee communications in this category as detailed below.

| Document Name | ECF Number | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|---|
| Plaintiffs' Motion for Certification | 224-4 | Page 3, lines 1-11, 13-14 | Oppose as to lines 1-3. | Granted as to lines 4-11, 13-14. |
| | | Page 5, lines 11-13 | Oppose. | Denied. |
| | | Page 12, lines 10-14 | Do not oppose. | Granted. |
| Expert Report of Dr. David Niebuhr | 224-8 | Page 4, ¶¶ 13, 14, 15 | Do not oppose. | Granted. |
| | | Page 5, lines 1-2, ¶ 16 | Do not oppose. | Granted. |
| | | Page 6, ¶¶ 18-20 | Do not oppose. | Granted. |
| | | Page 7, ¶¶ 21, 23 | Do not oppose. | Granted. |
| | | Page 8, ¶ 25 | Do not oppose. | Granted. |
| | | Page 9, lines 1-2, ¶ 26 | Do not oppose. | Granted. |
| | | Page 10, lines 3-5 | Oppose. | Denied. |
| | | Page 11, ¶¶ 35-36 | Do not oppose. | Granted. |
| | | Page 12, ¶ 40, fn. 8 | Do not oppose. | Granted. |
| | | Page 13, ¶ 44 | Do not oppose. | Granted. |
| | | Page 22, ¶ 66, lines 8, 10 | Do not oppose. | Granted. |
| Exhibit B: Shelly | 224-5 | Page 36, lines 2-3, 6-25 | Oppose as to | Granted as to |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

5

| | | | | |
|---|---|---|---|---|
| Goldberg Deposition Excerpts | | | lines 2-3, 16-20. | pages 6-14, 21-25. |
| | | Page 37, lines 12-23 | Do not oppose. | Granted. |
| | | Page 38, lines 1-8, 11-25 | Do not oppose. | Granted. |
| | | Page 39, lines 1-11 | Do not oppose. | Granted. |
| | | Page 50, lines 3-5, 7-25 | Do not oppose. | Granted. |
| | | Page 51, lines 1-25 | Do not oppose. | Granted. |
| | | Page 55, lines 1-12, 15-25 | Do not oppose. | Granted. |
| | | Page 64, lines 1-4, 6-15, 18- 25 | Do not oppose. | Granted. |
| | | Page 65, lines 1-4, 6-9, 11-25 | Do not oppose. | Granted. |
| | | Page 82, lines 2-8, 10-24 | Do not oppose. | Granted. |
| | | Page 104, lines 3-11, 13-25 | Do not oppose. | Granted. |
| | | Page 105, lines 1-25 | Do not oppose. | Granted. |
| | | Page 106, lines 1-3 | Do not oppose. | Granted. |
| | | Page 111, lines 1-25 | Do not oppose. | Granted. |
| | | Page 112, lines 1-5, 7-16, 20-25 | Do not oppose. | Granted. |
| | | Page 113, lines 1, 3-17, 20-21, 23-25 | Do not oppose. | Granted. |
| | | Page 130, lines 1-7, 9-25 | Do not oppose. | Granted. |
| | | Page 131, lines 1-11, 13-25 | Do not oppose. | Granted. |
| | | Page 132, lines 2-10, 12-18, 20-25 | Do not oppose. | Granted. |
| | | Page 133, lines 2-25 | Do not oppose. | Granted. |
| | | Page 134, lines 1-25 | Do not oppose. | Granted. |
| | | Page 135, lines 14-18, 21-25 | Do not oppose. | Granted. |
| | | Page 139, lines 1-17, 19-24 | Do not oppose. | Granted. |
| | | Page 140, lines 2-3, 5-12, 14-22, 24-25 | Do not oppose. | Granted. |
| | | Page 154, lines 6-11, 14-25 | Do not oppose. | Granted. |
| | | Page 166, lines 1-12, 15-25 | Do not oppose. | Granted. |
| | | Page 167, lines 1-12, 20-21 | Do not oppose. | Granted. |
| Exhibit C: Jeff LaBerge Deposition Excerpts | 224-5 | Page 175, lines 1, 4-25 | Oppose as to lines 4-5. | Granted as to lines 6-25. |
| Exhibit F: Bryan McDonald Deposition Excerpts | 224-5 | Page 31, lines 11-18 | Do not oppose. | Granted. |
| | | Page 32, lines 5-21 | Do not oppose. | Granted. |
| | | Page 76, lines 1-5, 8-12, 14- 25 | Do not oppose. | Granted. |
| Exhibit G: Prad Prabhumirashi Deposition | 224-5 | Page 194, lines 7-17 | Do not oppose. | Granted. |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

6

| | | | | |
|---|---|---|---|---|
| Excerpts | | | | |
| Exhibit 5: APL-MBKeyboard_00031197 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 6: APLMBKeyboard_00493517 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 7: APLMBKeyboard_00661650 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 8: APLMBKeyboard_00203431 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 16: APLMBKeyboard_00662916 | 224-6 | Entire document | Oppose in part. | Denied except as to line 11 (13 words) which discusses a design element. |
| Exhibit 22: APLMBKeyboard_00331849 | 224-6 | Entire document | Oppose in part. | Granted. |
| Exhibit 24: APLMBKeyboard_00302205 | 224-6 | Entire document | Oppose in part. | Granted. |
| Exhibit 40: APLMBKeyboard_00134030 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 41: APLMBKeyboard_00992840 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 42: APLMBKeyboard_00992843 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 43: APLMBKeyboard_00245400 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 48: APLMBKeyboard_00148630 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 55: APLMBKeyboard_00134079 | 224-6 | Entire document | Do not oppose. | Granted. |

#### c. Information Regarding Apple's Testing Processes and Results

Next, Apple seeks to seal information "regarding Apple's testing processes, including

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

7

1 reliability testing and failure analysis, the results or findings of that testing and analysis in
2 connection with 'butterfly' keyboards, and internal communications concerning testing processes
3 and results." Mot. at 3 (citing Vyas Decl. ¶ 5). Apple argues that this information is
4 competitively sensitive because it could be used by competitors when designing or implementing
5 reliability test procedures for their own products. Rather than developing their own procedures
6 through trial and error, and the necessary investment of time and resources, competitors could use
7 Apple's procedures as a blueprint for their own. The Court previously sealed some of the same or
8 comparable information in prior orders. *See, e.g.*, Dkt. No. 135 (sealing material "relating to
9 Apple's internal confidential testing and designs," under the compelling reasons standard).

10   Plaintiffs do not oppose the sealing of information related to Apple's testing procedures.
11 They do oppose the sealing of information reflecting Apple's conclusions about the butterfly
12 keyboard based on that product testing. Although Apple explains how disclosure of their testing
13 processes could cause competitive harm, it does not explain how disclosure of its employees'
14 opinions or conclusions based on that testing would similarly cause harm. The Court maintains
15 that information about Apple's testing processes may properly be filed under seal, as can testing
16 results that reveal specific design information, however, the Court finds no compelling reason to
17 seal employees' opinions or other statements regarding testing results that do not reveal
18 confidential information. *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC (N.D.
19 Cal. Mar. 2, 2018), Dkt. No. 400 at 2 (denying administrative motion to seal statements from a
20 Ford engineer criticizing the performance and reliability of the allegedly defective software:
21 "[S]uch criticism may be a kind of 'analysis' but that does not convert it into confidential
22 information entitled to be sealed. Even if it did, the public obviously has a strong interest in these
23 materials because they relate directly to the merits of whether [the product] was defective. Ford
24 cannot stake out a litigation position that the software was not defective and then seek to conceal
25 records where its employees . . . expressed the contrary view.").
26   Moreover, much of the information Apple seeks to seal consists of Plaintiffs' generalized

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
8

allegations relating to the basic theory of their case, including allegations that are asserted, unsealed, in the Complaint. The Court finds no compelling reason to seal statements containing no more detail than Plaintiffs have already publicly alleged. Thus, the Court denies Apple's sealing request as to documents and portions of documents that reveal only Apple's opinions or conclusions from testing or that otherwise reveal no confidential information and are vital to the public understanding of the case.

| Document Name | ECF Number | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|---|
| Plaintiffs' Motion for Certification | 224-4 | Page 1, line 5 | No position. | Denied. |
| | | Page 2, lines 17-18 | No position. | Denied. |
| | | Page 3, lines 16-22, 25-28 | Oppose in part. | Granted as to lines 19-20 and 28 only. |
| | | Page 4, lines 1-7, 14-26 | No position. | Denied only as to lines 5, 24-26. |
| | | Page 5, lines 19-24 | No position. | Denied. |
| | | Page 6, lines 1-2, 4, 16-21 | No position. | Granted as to lines 1-2, 17-18 only. |
| | | Page 12, lines 16-17, 20-21 | No position. | Granted |
| Expert Report of Dr. David Niebuhr | 224-8 | Page 8, ¶ 24 | No position. | Granted. |
| | | Page 9, ¶ 28, line 4 | No position. | Granted. |
| | | Page 10, line 1 | No position. | Granted. |
| | | Page 12, line 1, ¶¶ 38-39, 41 | No position. | Denied as to ¶ 39, lines 1-2. |
| | | Page 13, lines 1-2, ¶¶ 42-43 | No position. | Granted. |
| | | Page 14, picture title, ¶¶ 45- 46 | No position. | Granted as to ¶ 45 only. |
| | | Page 22, ¶ 66, lines 11-12 | No position. | Granted. |
| Exhibit B: Shelly Goldberg Deposition Excerpts | 224-5 | Page 106, lines 13-25 | No position. | Granted. |
| | | Page 107, lines 1-25 | No position. | Granted. |
| | | Page 135, lines 2-13 | No position. | Granted. |
| Exhibit C: Jeff LaBerge Deposition Excerpts | 224-5 | Page 56, lines 3-6 | No position. | Granted. |
| | | Page 70, lines 1-25 | Oppose in part. | Denied as to lines 13-15. |
| | | Page 185, lines 21-25 | Oppose. | Denied. |
| | | Page 186, lines 1-25 | Oppose in part. | Granted as to |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
9

| | | | Page 204, lines 2-8, 10-13, 15-25 | No position. | lines 9-25 only. Denied. |
|---|---|---|---|---|---|
| Exhibit E: Jared Williams Deposition Excerpts | 224-5 | Page 160, lines 1-7, 10-22, 25 | Oppose. | Denied. |
| | | Page 161, lines 1-9, 12-25 | Oppose. | Granted as to line 4 only. |
| | | Page 162, lines 1-16 | Oppose. | Denied. |
| Exhibit G: Prad Prabhumirashi Deposition Excerpts | 224-5 | Page 193, lines 1-4, 7-9, 13-25 | Do not oppose. | Denied as to lines 1-4. |
| | | Page 194, lines 1-6, 18-20, 22-25 | | Granted. |
| | | Page 195, lines 1-2, 5-9, 12- 25 | | Granted. |
| | | Page 196, lines 1-5, 11-13, 19-21, 23-25 | | Granted. |
| | | Page 197, lines 1-7, 10-12, 16-25 | | Denied as to lines 18-25. |
| Exhibit 1: APLMBKeyboard _00780296 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 2: APLMBKeyboard _00039038 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 3: APLMBKeyboard _00161356 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 4: APLMBKeyboard _00060808 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 9: APLMBKeyboard _00040489 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 10: APLMBKeyboard _00204786 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 11: APLMBKeyboard _00704493 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 12: APLMBKeyboard _00570607 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 13: APLMBKeyboard _00695303 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 15: | 224-6 | Entire document | Oppose in part. | Denied as to |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

10

| | | | | |
|---|---|---|---|---|
| Exhibit 17: APLMBKeyboard_00238336 | | | | page 1, lines 1-10. |
| Exhibit 18: APLMBKeyboard_00686248 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 19: APLMBKeyboard_00698206 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 20: APLMBKeyboard_00493487 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 21: APLMBKeyboard_00245412 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 23: APLMBKeyboard_00494576 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 25: APLMBKeyboard_00046505 | 224-6 | Entire document | Oppose in part. | Granted as to page 1, lines 20-27 and page 2, lines 11-16. |
| Exhibit 26: APLMBKeyboard_00766209 | 224-6 | Entire document | Oppose in part. | Granted. |
| Exhibit 27: Apple's Supplemental Responses to Interrogs. 4-5, 9-12 of Plaintiffs' First Set of Interrogs., June 4, 2020 | 224-6 | Page 7, lines 16 - Page 10, line 17<br>Page 10, lines 23 - Page 12, line 7 | No position. | Granted as to page 8-9; and page 11, lines 6-15 only. |
| Exhibit 29: APLMBKeyboard_00046528 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 44: APLMBKeyboard_00051910 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 45: APLMBKeyboard_00299124 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 49: APLMBKeyboard_00285047 | 224-6 | Entire document | Oppose in part. | Granted. |
| Exhibit 50: | 224-6 | Entire document | Do not oppose. | Granted. |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

11

| | | | | |
|---|---|---|---|---|
| APLMBKeyboard_00500250 | | | | |
| Exhibit 51: APLMBKeyboard_00040482 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 52: APLMBKeyboard_00704483 | 224-6 | Entire document | No position. | Denied. |
| Exhibit 53: APLMBKeyboard_00704484 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 54: APLMBKeyboard_00704509 | 224-6 | Entire document | Do not oppose. | Granted.[2] |
| Exhibit 56: APLMBKeyboard_00126599 | 224-6 | Entire document | Oppose in part. | Denied as to page 1, lines 1-19. |
| Exhibit 57: APLMBKeyboard_00379860 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 58: APLMBKeyboard_00780274 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 59: APLMBKeyboard_00657556 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 60: APLMBKeyboard_00766208 | 224-6 | Entire document | Oppose in part. | Denied as to page 1, lines 14-18 and pages 1-2 bolded questions. |
| Exhibit 61: APLMBKeyboard_01167143 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 62: APLMBKeyboard_00696262 | 224-6 | Entire document | Do not oppose. | No ruling; Document not on file. |
| Exhibit 63: APLMBKeyboard_00154844 | 224-6 | Entire document | No position. | No ruling; Document not on file. |

---

[2] There is no exhibit labeled Exhibit 54 at ECF 224-6, nor is there a document stamped APLMBKeyboard_00704509. The Court reviewed and grants sealing of the document that immediately follows APLMBKeyboard_00704508 and immediately precedes Exhibit 55, which appears at ECF page 828 of 952.

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

12

#### d. Information Regarding Apple's Communications with Resellers

Apple seeks to seal portions of documents that it contends contain confidential information about its communications with authorized Apple resellers. Mot. at 4. Apple argues that information about these communications with resellers constitutes commercially sensitive busines information that could be used to Apple's disadvantage by competitors in shaping their own business dealings with resellers. *Id.* Plaintiffs oppose sealing these documents because "[t]he majority of these passages do not pertain to Apple's resellers[ and t]he portions that do pertain to resellers concern what Apple did *not* tell them." Opp. at App. D. Plaintiffs maintain that Apple has failed to demonstrate that unsealing these excerpts would cause Apple any competitive harm.

The Court finds that the information sought to be sealed does not reflect any actual communications between Apple and its resellers, nor does it reflect any information about the nature of the business relationship between Apple and its resellers. As Plaintiffs point out, the portions that Apple seeks to seal reference the fact that certain hypothetical communications did *not* occur. Apple does not explain how the absence of a communication with its resellers would offer competitors an advantage is shaping their own business with resellers. The Court, therefore, denies Apple's requests to seal this information.

| Document Name | ECF Number | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|---|
| Plaintiffs' Motion for Certification | 224-4 | Page 7, lines 15-17<br>Page 18, lines 8-10 | Oppose. | Denied. |
| Exhibit A: Laura Metz Deposition Excerpts | 224-5 | Page 155, lines 18-25 | Oppose. | Denied. |

#### e. Information Regarding Apple's Internal Marketing Strategy

Apple seeks to seal portions of two depositions on the grounds that they contain confidential information about Apple's internal marketing strategy or communications concerning marketing strategies for butterfly keyboards. Plaintiffs oppose portions of this request, arguing that Apple fails to make a compelling showing that certain information would cause Apple competitive harm. The Court agrees. While information regarding Apple's marketing strategy is

1 indeed commercially sensitive information, however, not all of Apple's decisions about what to
2 communicate to the public constitute "marketing." The Court, therefore, grants Apple's request to
3 seal this information in part, as detailed below.

| Document Name | ECF Number | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|---|
| Exhibit A: Laura Metz Deposition Excerpts | 224-5 | Page 57, lines 2-25<br>Page 58, lines 3-4<br>Page 67, lines 5-24<br>Page 126, lines 14-25<br>Page 128, lines 1-9<br>Page 138, lines 18-25 | Do not oppose.<br>Oppose.<br>Do not oppose.<br>Do not oppose.<br>Do not oppose.<br>Oppose. | Granted.<br>Denied.<br>Granted.<br>Granted.<br>Granted.<br>Granted. |
| Exhibit B: Shelly Goldberg Deposition Excerpts | 224-5 | Page 106, lines 4-7, 9-10 | Oppose. | Denied. |

### f. Information Regarding Apple's Repairs and Replacements of "Butterfly" Keyboards

Apple next seeks to seal "[i]nformation regarding repair and replacement data, repair and replacement procedures, directions to employees regarding repairs and replacements, and internal communications concerning repairs and replacements of 'butterfly' keyboards" because they argue this information is "proprietary to Apple, and [its] disclosure would cause Apple competitive harm by giving competitors knowledge of Apple's business operations, and strategic decision making regarding repairs and replacements, to which they would not otherwise have access." Mot. at 5.

Plaintiffs argue that Apple "does not specify how its competitors could gain any competitive advantage by knowing more about Apple's keyboard service program which . . . concerns a keyboard design that Apple no longer makes or sells." Opp. at 5. Plaintiffs point out that Apple references and relies on its keyboard service program in its arguments on the merits, and therefore should not be allowed to seal information about the success of those repairs and replacements. *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC (N.D. Cal. Mar. 2, 2018), Dkt. No. 400 at 2 (denying administrative motion to seal statements from a Ford engineer about "how it investigated . . . errors and attempted to address them" because "that

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
14

1    relates to key merits issues about the sufficiency of Ford's attempted fixes.").

2          The Court agrees that information about repair and replacement procedures can be
3    commercially sensitive in that it reflects strategic business operations. Similarly, the data that
4    Apple collected on its repairs and replacements is commercially sensitive. However, information
5    or communications about whether those repairs or replacements are successful does not
6    necessarily reflect any confidential or commercially sensitive information. Many excerpts Apple
7    seeks to seal are better described as Apple employees' opinions or observations regarding the
8    butterfly keyboard mechanism or Apple's attempts to fix it. Indeed, this category appears to be a
9    catch-all for Apple communications or admissions indicating that Apple's attempts to repair
10   butterfly keyboards have generally been unsuccessful. As discussed with respect to Apple's
11   testing, Apple has failed to explain how disclosure of these opinions or observations that do not
12   reveal proprietary processes or specific data could cause Apple competitive harm.

13         For example, Apple seeks to seal multiple communications that refer to repairs of butterfly
14   keyboards as "band aid" fixes. This characterization of the repairs reveals nothing about Apple's
15   internal repair data, procedures, instructions to employees, or strategic decision-making. Apple
16   has provided no compelling reason why this characterization or others like it should be maintained
17   under seal, especially where such statements relate to the merits issues of Apple's knowledge and
18   the sufficiency of its repairs. The Court thus denies Apple's request in part, as detailed below.

| Document Name | ECF Number | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|---|
| Plaintiffs' Motion for Certification | 224-4 | Page 1, lines 17-19<br>Page 5, line 17<br>Page 6, lines 5-9<br>Page 8, lines 1-2, 4-10, 12-15, 18-25<br>Page 15, lines 25-26<br>Page 23, lines 17-20<br>Page 25, lines 8-9 | Oppose.<br>Oppose.<br>No position.<br>Oppose.<br><br>Oppose.<br>Oppose.<br>Oppose. | Denied.<br>Granted.<br>Granted.<br>Granted as to lines 18-25 only.<br>Denied.<br>Denied.<br>Denied. |
| Expert Report of Dr. David Niebuhr | 224-8 | Page 10, lines 3-5<br>Page 11, ¶ 37 | Oppose.<br>Oppose in part. | Granted.<br>Denied as to ¶ 37 lines 1-2. |
| Expert Report of | 224-10 | Page 14, ¶¶ 23-24, fn. | Oppose in part. | Granted as to ¶ |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

15

| | | | | |
|---|---|---|---|---|
| Dr. Hal Singer | | 33 | | 24, lines 4-5 and fn. 33 only. Granted. |
| | | Page 15, lines 1-3, fn. 34 | No position. | Granted. |
| | | Page 16, Table 4 | No position. | Granted. |
| | | Page 17, ¶ 25 | Oppose in part. | Granted as to lines 6-12 only. |
| | | Page 19, Table 5 | Oppose in part. | Granted as to columns [1] and [2] only. |
| | | Page 23, fn. 55 | Oppose. | Denied. |
| | | Page 34, Table 7 | Oppose in part. | Granted as to columns [1] and [2] only. |
| | | Page 67, Table A4 | No position. | Granted. |
| Exhibit A: Laura Metz Depositions Excerpts | 224-5 | Page 152, lines 1-23 | Oppose in part. | Granted for the reasons stated in section (e) above. |
| Exhibit C: Jeff LaBerge Deposition Excerpts | 224-5 | Page 56, lines 22-23 | Oppose. | Granted. |
| | | Page 57, lines 7-9 | No position. | Granted. |
| | | Page 122, lines 1-2 7-23 Page 140, lines 1-25 | Oppose. Oppose. | Granted. Denied. |
| | | Page 141, lines 1-13 | Oppose. | Granted as to lines 7-13. |
| | | Page 185, lines 1-7, 16-20 | Oppose. | Denied. |
| Exhibit D: Cheri Gandy Deposition Excerpts | 224-5 | Page 53, lines 1-25 | No position. | Granted. |
| | | Page 54, lines 1-25 | No position. | Granted. |
| | | Page 55, lines 1-25 | No position. | Granted. |
| | | Page 57, lines 1-18, 21-25 | Oppose in part. | Granted. |
| | | Page 58, lines 1-15, 18-23 | Oppose in part. | Granted. |
| | | Page 105, lines 1-15 | No position. | Granted as to lines 1-9 only. |
| | | Page 107, lines 1-8, 11-14 | Oppose in part. | Granted. |
| | | Page 108, lines 1-16, 20-25 | Oppose in part. | Granted as to lines 1-16 only. |
| | | Page 109, lines 1, 4-8, 12-16, 18-23 | Oppose in part. | Granted as to lines 12-16 only. |
| | | Page 110, lines 2-21 | Oppose in part. | Granted as to lines 5-21 only. |
| | | Page 113, lines 4-25 | Oppose. | Denied. |
| | | Page 115, lines 1-10, | Oppose. | Denied. |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

16

|  |  |  | 13-20, 23-25 | | |
|---|---|---|---|---|---|
|  |  |  | Page 118, lines 1-9, 12-25 | Oppose. | Denied. |
|  |  |  | Page 120, lines 1-4 | Oppose. | Denied. |
|  | Exhibit E: Jared Williams Deposition Excerpts |  | Page 60, lines 1-25 | Oppose in part. | Granted as to lines 18-25. |
|  |  |  | Page 61, lines 1-8, 12-17, 20-24 | Oppose in part. | Granted. |
|  |  |  | Page 78, lines 1-25 | No position. | Granted. |
|  |  |  | Page 79, lines 1-11, 14-19, 23-25 | No position. | Granted. |
|  |  |  | Page 86, lines 1-11, 14-23 | No position. | Granted. |
|  |  |  | Page 87, lines 2-15, 19-24 | No position. | Granted. |
|  |  |  | Page 94, lines 3-7, 10-18, 21-23 | No position. | Granted. |
|  |  |  | Page 108, lines 1-5, 9-25 | No position. | Granted. |
|  |  |  | Page 117, lines 1-25 | No position. | Denied. |
|  |  |  | Page 118, lines 1-25 | No position. | Granted as to lines 2-7 only. |
|  | Exhibit F: Bryan McDonald Deposition Excerpts | 224-6 | Page 167, lines 1-25 | Oppose in part. | Denied. |
|  |  |  | Page 168, lines 1-5, 7-15, 25 |  | Denied. |
|  | Exhibit 14: APLMBKeyboard_00666974 | 224-6 | Entire document | Oppose. | Denied. |
|  | Exhibit 27: Apple's Supplemental Responses to Interrogs. 4-5, 9-12 of Plaintiffs' First Set of Interrogs., June 4, 2020 |  | Page 3 line 7 - Page 5 line 6 | No position. | Granted as to page 3 line 7 – page 4 line 12 only. |
|  |  |  | Page 5 line 12 - Page 7 line 10 |  | Granted as to page 5 line 12 – page 6 line 16 only. |
|  |  |  | Page 12, line 13 - Page 14 line 5 |  | Granted as to page 12 line 13 – page 13 line 15 only. |
|  |  |  | Page 14 line 11 - Page 17 line 8 |  | Granted as to page 14 line 11 – page 16 line 15 only. |
|  | Exhibit 28: | 224-6 | Entire document | No position. | Granted. |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

17

| | | | | |
|---|---|---|---|---|
| APLMBKeyboard_00673583 | | | | |
| Exhibit 30: APLMBKeyboard_00238774 | 224-6 | Entire document | Oppose in part. | Granted. |
| Exhibit 31: APLMBKeyboard_00238782 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 32: APLMBKeyboard_00024223 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 38: APLMBKeyboard_00997438 | 224-6 | Entire document | Do not oppose. | Granted. |
| Exhibit 39: APLMBKeyboard_00040472 | 224-6 | Entire document | Oppose. | Granted. |
| Exhibit 46: APLMBKeyboard_00166732 | 224-6 | Entire document | No position. | Granted. |
| Exhibit 47: APLMBKeyboard_00046507 | 224-6 | Entire document | Do not oppose. | Granted |

### g. Customer Information

Finally, Apple seeks to seal Exhibit 33, which discloses Plaintiff Bo Laurent's confidential customer information. Plaintiffs do not oppose this request. The Court agrees that confidential customer information warrants sealing and, therefore, **GRANTS** the request to seal Exhibit 33.

### III. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** Apple's Administrative Motion to Seal Portions of Plaintiffs' Motion for Class Certification.

There are a number of pending administrative motions to seal the same or similar material with respect to the Parties' subsequent briefing on the Motion for Class Certification, as well as their briefing on Apple's two Motions to Strike and their Joint Status Conference Statement. *See* Dkt. Nos. 263, 266, 276, 279, and 237 (recognizing that "[t]he same or comparable information is the subject of Apple's pending motion to seal relating to Plaintiffs' Motion for Class Certification and supporting declaration").

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL
PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

18

1    The Court **GRANTS IN PART** the remaining administrative motions to seal to the extent that the material sought to be sealed in those motions is addressed in this Order. The Parties shall meet and confer regarding any outstanding material not addressed by this Order and reassess their proposed redactions in accordance with the Court's holdings herein. Given the similarity of the issues discussed in this Order and the subject matter of the outstanding material, the Court expects that this Order will provide substantial guidance to the Parties regarding what material may be properly filed under seal moving forward.

By no later than March 19, 2021, the Parties shall file a joint, consolidated motion to seal, which meets all of the requirements set forth in Civil L.R. 79-5(d) and details the Parties' positions on any material still in dispute.

The Court files this Order under seal because it contains information subject to sealing orders. By no later than March 19, 2021, the parties shall provide the Court with a stipulated redacted copy of the Order that redacts only information that is subject to sealing orders and that the parties still desire to maintain under seal. The Court will then issue a public redacted version of the Order.

**IT IS SO ORDERED.**

Dated: March 8, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

19