Daniel C. Girard (SBN 114826)
Adam E. Polk (State Bar No. 273000)
Jordan Elias (SBN 228731)
Simon S. Grille (SBN 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com

Steven A. Schwartz (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
One Haverford Centre
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
sas@chimicles.com
bfj@chimicles.com
bmm@chimicles.com

*Class Counsel*

Jessica L. Grant (SBN 178138)
Penelope A. Preovolos (SBN 87607)
Claudia M. Vetesi (SBN 233485)
Camila A. Tapernoux (SBN 299289)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
ppreovolos@mofo.com
cvetesi@mofo.com
ctapernoux@mofo.com

*Counsel for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No.: 5:18-cv-02813-EJD-VKD<br><br>**JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>Date: April 15, 2021<br>Time: 11:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**REDACTED - UNDER SEAL**

Pursuant to section C.2. of this Court's Standing Order for Civil Cases, Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, and Benjamin Gulker, and Defendant Apple Inc. jointly submit this Trial Setting Conference Statement in advance of the April 15, 2021 Trial Setting Conference.

## I.  JURISDICTION

The Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 because this action is a putative class action in which: (1) there are at least 100 class members; (2) the total value of the claims of class members exceeds $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) at least one Plaintiff is a citizen of a different state than Defendant.

## II.  SUBSTANCE OF THE ACTION

### Plaintiffs' Statement

Plaintiffs are purchasers of MacBook laptops equipped with a butterfly mechanism keyboard. These butterfly laptops include model year 2015 or later MacBook laptops, model year 2016 or later MacBook Pro laptops, and model year 2018 or later MacBook Air laptops (collectively, the "MacBook"). Each Plaintiff experienced keyboard failures that prevented them from typing on the MacBook, rendering the device unable to perform any of its core functions, such as word processing or typing. Defendant Apple Inc. designed, manufactured, distributed, and sold the MacBook.

Plaintiffs allege that the MacBook is defective because minimal amounts of dust or debris, ███████████████, cause keyboard failure, preventing the computer from serving its core function—typing. Plaintiffs have submitted evidence in connection with their class certification motion (Dkt. No. 229) demonstrating unacceptably high failure rates despite Apple's knowledge of the defect prior to release of the MacBook. Plaintiffs also submitted evidence demonstrating that Apple's Keyboard Service Program provides ineffective relief that is only temporary and that its attempted design changes did not cure the defect because none of them altered the core characteristics of the butterfly mechanism ███████████████████████, leading Apple to ultimately abandon the butterfly keyboard entirely and return a scissor mechanism keyboard in its latest MacBooks.

The defect causes stuck or "sticky" keys, keystrokes failing to register, keys registering a typed letter or other command multiple times despite being pressed only once, and keys not working at all.

1  Plaintiffs contend that they were deprived the benefit of the bargain when Apple sold them, and
2  similarly situated consumers, a MacBook with an undisclosed keyboard defect. Plaintiffs seek damages
3  commensurate with the point-of-sale overcharge derived from the undisclosed keyboard problems. The
4  Court granted Plaintiffs' Motion for Class Certification on March 8.
5      The principal factual issues in dispute include whether the butterfly mechanism is defective, and
6  if so, when Apple learned of the defect, whether Apple has provided an adequate remedy to MacBook
7  purchasers, and if Plaintiffs prevail, the amount of monetary damages to which they are entitled.

**Apple's Statement**

9      Plaintiffs claim that the sixteen different butterfly-equipped MacBook models at issue are
10 defective because the keyboards are susceptible to debris, which can get under the key caps and cause
11 the keys to malfunction.  Plaintiffs have no evidence that Apple had knowledge of any claimed "defect"
12 prior to release of the MacBook.  *See* ECF 237-11 (Apple Class Cert. Opp.) at 15 n. 11.  In fact, the
13 evidence is clear that Apple did not have any such knowledge.   Plaintiffs' claims that the keyboards are
14 "prone to fail" and have high failure rates misrepresent the data and are contradicted by clear evidence
15 in the record.  *See id*. at 8:19-20.  These MacBooks were subject to an extensive and extraordinarily
16 demanding suite of performance and reliability tests.  *See id*. at 3:4-4:12.  Further, to continuously
17 improve its products and meet its own stringent standards, Apple implemented design changes across
18 models, resulting in significantly reduced repair rates.  *See id.* at 9:4-9.  Accordingly, Plaintiffs'
19 contention that they can show a "common defect" for all butterfly-equipped notebook models based on
20 "low travel" is contradicted by the facts and is meritless.  Indeed, the vast majority of putative class
21 members have not and will never experience issues with their keyboard.  *See id*. at 8:9-11.  This is true
22 even under Plaintiffs' grossly exaggerated and improperly calculated "failure rate."  Moreover, repair
23 rates are not "failure rates" as plaintiffs contend because ████████████████████████████████
24 ████████████████████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████
26 ████████████████████████████████████.  The small number of purchasers who experienced
27 issues have a full and complete remedy via Apple's voluntarily implemented Keyboard Service
28 Program, which provides repairs free of charge for four years following purchase and reimburses

consumers for any keyboard repairs they paid for prior to the program. The Keyboard Service Program has been and continues to be effective.

The principal factual issues in dispute include whether Plaintiffs can prove any alleged defect, let alone a common defect, despite major differences in keyboard design and repair rates and experiences across the sixteen models at issue; whether Plaintiffs can demonstrate that Apple had pre-release knowledge of the alleged issue or if there is any other ground for requiring Apple to make the disclosures that are the basis for Plaintiffs' consumer fraud claims; whether Apple provided a full remedy in compliance with its warranty obligations; and whether Plaintiffs can prove injury or damages and, if so, the amount of any monetary damages.

## III. LEGAL ISSUES

Disputed points of law include whether Apple had a duty to disclose the alleged defect, whether the MacBook is merchantable under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792 *et seq.*, whether Apple violated consumer protection statutes in the seven states where Plaintiffs made their relevant purchase, and whether Plaintiffs may maintain the action as a class action under Federal Rule of Civil Procedure 23.

## IV. MOTIONS

On June 6, 2018, Plaintiffs Zixuan Rao and Kyle Barbaro filed an Administrative Motion to Consider Whether Cases Should be Related. Dkt. No. 24. The Court granted the motion on June 12, deeming the following cases related: *Rao, et al. v. Apple Inc.*, No. 5:18-cv-02813 (N.D. Cal. filed May 11, 2018), *Turner, et al. v. Apple Inc.*, No. 5:18-cv-03048 (N.D. Cal. filed May 22, 2018), and *Binatena v. Apple Inc.*, No. 5:18-cv-03299 (N.D. Cal. filed June 2, 2018). Dkt. No. 25. Upon stipulation, the Court consolidated these related actions on June 26. Dkt. Nos. 26, 27. On July 2, Plaintiff Kevin Kou filed a motion to relate and consolidate a fourth action—*Kou v. Apple, Inc.*, No. 5:18-cv-03570 (N.D. Cal. filed June 14, 2018). Dkt. No. 31. By order dated July 6, *Kou* was related to and consolidated with this action. Dkt. No. 33. On June 29, 2018, Plaintiffs collectively moved for appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). Dkt. No. 30. On September 24, 2018, the Court granted Plaintiffs' motion for appointment of interim class counsel and appointed the law firms Girard

1 | Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP as interim co-lead counsel. Dkt. No. 62.

On December 3, 2018, Apple moved to dismiss Plaintiffs' Consolidated Complaint in its entirety, arguing that the non-California Plaintiffs could not pursue claims under California law, that Plaintiffs did not allege sufficient facts to support their consumer protection claims, and that Plaintiffs' claims under the Song-Beverly Act and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, were mooted by Apple's Keyboard Service Program ("KSP"). Dkt. No. 72. After hearing argument, the Court on April 22, 2019 granted in part and denied in part Apple's motion to dismiss, finding that Plaintiffs stated claims for violations of the unfair and fraud prongs of the UCL. Dkt. No. 110. The Court dismissed Plaintiffs' Song-Beverly and CLRA claims, noting that Plaintiffs did not address Apple's KSP in their complaint and inviting Plaintiffs to amend their complaint to address Apple's mootness arguments. *Id.*

On May 13, 2019, Plaintiffs filed a First Amended Consolidated Class Action Complaint ("FAC"), alleging additional facts to support their allegation that the KSP is ineffective and does not offer the relief Plaintiffs are seeking. Dkt. No. 117. Apple again moved to dismiss, arguing that Plaintiffs' claims were mooted by the KSP. Dkt. No. 130. The Court held a hearing and, on November 22, denied Apple's second motion to dismiss, finding that the Plaintiffs adequately alleged that Apple's KSP is ineffective and upholding Plaintiffs' Song-Beverly and CLRA claims. Dkt. No. 168.

On May 8, 2020, Plaintiffs filed a motion for leave to file a Second Amended Consolidated Class Action Complaint ("SAC") to add two additional California Plaintiffs. Dkt. No. 208. Apple opposed. Dkt. 213. The Court granted the motion on July 2, 2020 (Dkt. No. 218), and Plaintiffs filed the operative SAC the same day. Dkt. No. 219.

On July 16, Apple moved to dismiss Plaintiffs' claim for violations of California's Unfair Competition Law and Plaintiffs' other claims to the extent they seek equitable relief. Dkt. No. 221. The Court granted the motion on October 13, 2020 and dismissed with prejudice Plaintiffs' UCL claim and Plaintiffs' remaining claims to the extent they sought an injunction, restitution, or other equitable relief. Dkt. No. 248.

On August 14, Plaintiffs moved for class certification. Dkt. Nos. 224-25, 228-29, 231-32. The motion was fully briefed. Dkt. Nos. 235-36, 245, 250, 252, 254, 256-59. On September 29, Apple filed motions to strike the expert opinions of Plaintiffs' experts, Dr. Hal Singer and Dr. David Niebuhr. Dkt. Nos. 238-39. Those motions also were fully briefed. Dkt. Nos. 250, 252, 256, 258, 267-68. On November 4, pursuant to Local Rule 7-3, Apple filed Objections to New Evidence filed in connection with Plaintiffs' class certification reply brief. Dkt. No. 261. On January 7, Apple filed a motion for leave to file a sur-reply, which Plaintiffs opposed on January 11. Dkt. Nos. 280, 282. On February 4, the Court held a hearing on Plaintiffs' Motion for Class Certification and Apple's Motions to Strike, and the Court denied Apple's Local Rule 7-3 objections and its Motion for Leave to File a Sur-reply. Dkt. No. 287. The Court granted Plaintiffs' Motion for Class certification on March 8. Dkt. No. 298. The Court granted Apple's Motion to Strike the expert opinion of Dr. David Niebuhr and granted in part and denied in part Apple's Motion to Strike the expert opinions of Dr. Hal Singer. *Id.* On March 22, Apple filed a Petition for Permission to Appeal Order Granting Class Certification Under Rule 23(f) with the Ninth Circuit. Plaintiffs opposed Apple's petition on April 1.

The parties have filed and opposed several administrative motions to file materials under seal in connection with Plaintiffs' complaints, motion to dismiss briefing, joint discovery letter briefs, Plaintiffs' motion for class certification, and Apple's motions to strike Plaintiffs' expert reports. Dkt. Nos. 116, 151, 169, 189, 207, 233, 237, 263, 266. The Court granted in part or fully granted administrative motions to seal filed in connection with Plaintiffs' complaints, motions to dismiss briefing, and joint discovery letter briefs. Dkt. Nos. 135, 157, 183, 192, and 217. Motions to seal filed in connection with the class certification briefing and the motions to strike Plaintiffs' expert reports were fully briefed. Dkt. No. 234, 242, 265, 270. On March 8, the Court granted in part Apple's administrative motion to seal portions of Plaintiffs' Motion for Class Certification and directed the parties to jointly submit a consolidated motion detailing the parties' positions on any sealed material still in dispute. Dkt. No. 299. The parties submitted that joint motion on April 2.

Apple anticipates filing a motion for summary judgment, and may also file motions to strike Plaintiffs' merits expert reports. Plaintiffs also may file motions to exclude Apple's merits expert reports in whole or in part. The parties also anticipate that they may file *in limine* motions prior to trial.

5

JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No.: 5:18-cv-02813-EJD-VKD

## V. DISCOVERY

The fact discovery cutoff was March 12. Dkt. No. 275. The Court, however, granted the parties' stipulation permitting document discovery and depositions of four newly-identified Apple witnesses to occur after the March 12 fact discovery cut-off. Dkt. No. 303. Apple is in the process of producing documents for these witnesses and the depositions have been scheduled to take place in April.

Significant fact discovery has taken place.  Plaintiffs have conducted 14 depositions to date: five 30(b)(6) depositions, six individual depositions, and three expert depositions.  Apple has deposed the 11 named plaintiffs and both of Plaintiffs' experts.  Apple has also responded to 17 interrogatories and 53 requests for production, and has produced approximately 1.1 million pages of documents.  Each Plaintiff responded to written discovery requests propounded by Apple. The parties are continuing to negotiate a stipulation concerning the authenticity of documents produced by Apple in this matter.

October 28, 2020 was the class certification expert discovery cutoff, and May 26, 2021 is the merits expert discovery cutoff. Dkt. 203. The parties do not believe there is any need to adjust the expert discovery cutoff date at this time.

## VI. SETTLEMENT AND ADR

On January 24, 2020, the Court granted the parties' stipulation selecting private ADR. Dkt. No. 187. The parties mediated with the Honorable Jay C. Gandhi (Ret.) on June 16 and August 5, 2020. Following those mediation sessions, the parties continued their discussions informally and with the assistance of Judge Gandhi. Further mediation with Judge Gandhi may be productive.  Discussions between the parties are ongoing.

## VII. BIFURCATION AND SEPARATE TRIAL OF ISSUES

**Plaintiffs' Statement**

Plaintiffs do not believe bifurcation or separate trial of specific issues is appropriate. Plaintiffs have submitted a proposed trial plan with their motion for class certification. Dkt. No. 225-16.

**Apple's Statement**

As set forth in its opposition to Plaintiffs' motion for class certification and Rule 23(f) Petition, Apple believes that no class should be certified in this action.  Apple further believes it is premature at this juncture to decide bifurcation or separate trial of specific issues.  Importantly, Plaintiffs' current trial

1  plan does not address how to account for the material differences in Plaintiffs' claims, in the sixteen
2  models at issue, or in the differences across the law of seven different states—all of which will likely
3  impact the jury instructions and the verdict form(s).  Apple believes that until Plaintiffs provide such a
4  trial plan, it is premature to address whether bifurcation or separate trials may be necessary.  The
5  pending Rule 23(f) Petition and the Court's ruling on summary judgment may also impact the scope of
6  the case, which is another reason to address the bifurcation issue at a later date.

## VIII. TRIAL

### Plaintiffs' Statement

Plaintiffs will be prepared for trial in January 2022.  Plaintiffs propose to try their claims in a single trial. Dkt. No. 225-16.

### Apple's Statement

Apple believes it is premature to set a trial date at this juncture or estimate the duration of the trial because the pending Rule23(f) Petition could significantly impact the case—either by narrowing the scope of the class or eliminating it entirely.   However, if the Court is inclined to set trial-related deadlines at this time, Apple proposes a trial date no earlier than March 2022, in order to provide sufficient time for the issuance of class notice and the opt-out process, summary judgment briefing and decision, and preparation of pretrial filings and exchanges, including motions *in limine*, jury instructions and special verdict form(s).

## IX. SCHEDULING

### Plaintiffs' Statement

Plaintiffs propose no changes to the current Case Management Schedule (Dkt. No. 275) and propose that the Court set trial for January 11 and the Final Pretrial Conference for November 18.

| Event | Current Date | Proposed Date |
|---|---|---|
| Fact Discovery Cutoff | March 12, 2021 | March 12, 2021 |
| Designation of Opening Merits Experts with Reports | April 13, 2021 | April 13, 2021 |
| Designation of Rebuttal Merits Experts with Reports | May 13, 2021 | May 13, 2021 |

| Event | Current Date | Proposed Date |
|---|---|---|
| Merits Expert Discovery Cutoff | May 26, 2021 | May 26, 2021 |
| Deadline for Filing Dispositive Motions (*see* Sections IV & V of Standing Order for Civil Cases) and *Daubert* Motions | June 28, 2021 | June 28, 2021 |
| Hearing on Anticipated Dispositive Motion(s) and *Daubert* Motions | 9:00 a.m. on September 16, 2021 | 9:00 a.m. on September 16, 2021 |
| Final Pretrial Conference | None set | November 18, 2021 |
| Trial | None set | January 11, 2022 |

**Apple's Statement**

     Apple does not propose any changes to the current case schedule at this time (ECF 275). Apple notes that the deadline for the submission of a proposed plan of Notice is tolled until 21 days after the Ninth Circuit decides whether to grant or deny Apple's Rule 23(f) Petition. If the Petition is granted, tolling continues until 21 days after the Ninth Circuit issues an order reversing or affirming class certification. ECF 311. Depending on how the Ninth Circuit rules on Apple's 23(f) Petition, some dates may need to be continued. Apple believes it is premature to set deadlines for the final pretrial conference or trial at this time, as whether certification is affirmed, the scope of any such class, and the scope of any damages at issue are currently unknown and will have a significant impact on the parties' readiness for trial. However, if the Court is inclined to set trial-related deadlines at this time, Apple proposes a trial date no earlier than March 2022, in order to provide sufficient time for class notice and opt-out period, the Court's decision on summary judgment, and preparation of pretrial filings and exchanges, including motions *in limine* and related evidentiary issues, jury instructions and verdict form(s).

8
JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No.: 5:18-cv-02813-EJD-VKD

## X. OTHER MATTERS

The parties are not currently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

Dated: April 5, 2021                           Respectfully submitted,

By: *Simon S. Grille*                          By: *Claudia Vetesi*
Daniel C. Girard                               Jessica L. Grant
Jordan Elias                                   Penelope A. Preovolos
Adam Polk                                      Claudia M. Vetesi
Simon S. Grille                                Camila A. Tapernoux
**GIRARD SHARP LLP**                           **MORRISON & FOERSTER LLP**
601 California Street, Suite 1400              425 Market Street
San Francisco, California 94108                San Francisco, California 94105-2482
Telephone: (415) 981-4800                      Telephone:  (415) 268-7000
Facsimile:  (415) 981-4846                     Facsimile:  (415) 268-7522
*dgirard@girardsharp.com*                      *ppreovolos@mofo.com*
*jelias@girardsharp.com*                       *cvetesi@mofo.com*
*sgrille@girardsharp.com*                      *ctapernoux@mofo.com*

Steven A. Schwartz (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
Beena McDonald (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone:  (610) 642-8500
Facsimile:  (610) 649-3633
*sas@chimicles.com*
*bfj@chimicles.com*
*bmm@chimicles.com*

*Class Counsel*

## **ATTESTATION**

I, Simon S. Grille, am the ECF user whose identification and password are being used to file this Subsequent Case Management Statement.  I attest under penalty of perjury that concurrence in this filing has been obtained from all signatories above.

DATED: April 5, 2021                               */s/  Simon S. Grille*