| | |
|---|---|
| 1 | JESSICA L. GRANT (SBN 178138) |
| | JGrant@mofo.com |
| 2 | PENELOPE A. PREOVOLOS (SBN 87607) |
| | PPreovolos@mofo.com |
| 3 | CLAUDIA M. VETESI (SBN 233485) |
| | CVetesi@mofo.com |
| 4 | CAMILA A. TAPERNOUX (SBN 299289) |
| | CTapernoux@mofo.com |
| 5 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 6 | San Francisco, California  94105-2482 |
| | Telephone:  (415) 268-7000 |
| 7 | Facsimile:  (415) 268-7522 |
| 8 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD |
| | **APPLE INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT TRIAL SETTING CONFERENCE STATEMENT** |
| | [L.R. 79-5] |
| | Judge:   Hon. Edward J. Davila |
| | Ctrm:    4 – 5th Floor |
| | Consol. Compl. Filed:  October 11, 2018 |
| | Am. Consol. Compl. Filed: May 13, 2019 |
| | 2nd Consol. Compl. Filed:  July 2, 2020 |

Pursuant to Civil L.R. 7-11 and 79-5 and the Stipulated Protective Order (ECF No. 84), Apple Inc. respectfully requests that the Court grant Plaintiffs' Administrative Motion to File Under Seal limited portions of the parties' January 18, 2022 Joint Trial Setting Conference Statement.  (ECF 381.)  The Court has previously sealed the same or comparable information pertaining to Apple's proprietary designs of and repairs and replacements of the "butterfly" keyboards in prior orders.  (*See, e.g.*, ECF Nos. 315, 382.)

## I.     LEGAL STANDARD

Parties seeking to seal judicial records must show "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (citation omitted).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (citation omitted).  "Generally [a trade secret] relates to the production of goods"; however, it may also "relate to the sale of goods or to other operations in the business."  *Id.* (citation omitted).  Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

## II.    THERE ARE COMPELLING REASONS TO SEAL

Apple requests that the Court seal specific and narrowly tailored information that is

1  protectable as trade secret or otherwise entitled to protection under the law.  Specifically, Apple
2  seeks to seal the following information regarding: (i) Apple's proprietary designs of the
3  "butterfly" keyboards; and (ii) Apple's repairs and replacements of the "butterfly" keyboards.
4  Apple goes to great lengths to keep the foregoing information confidential, and does not disclose
5  this information publicly.  Apple limits access to such information to only those employees who
6  need to know the information, requires all employees to sign confidentiality agreements, and
7  emphasizes the importance of maintaining confidentiality to all employees.  (Declaration of Scott
8  Murray ("Scott Decl.") ¶ 5.)  Public disclosure of this information would pose a substantial risk to
9  Apple's interests and would adversely impact Apple's ability to compete in the future.  (*Id.* ¶ 6.)

### A. Apple's Proprietary Designs of the "Butterfly" Keyboards

Apple seeks to seal the limited portion of the document specified in the Murray Declaration because it reflects specific, detailed information regarding Apple's proprietary designs of the "butterfly" keyboards.  (Murray Decl. ¶ 3.)  These designated portions contain highly confidential and proprietary business information regarding the design of Apple's "butterfly" keyboards, which is among the most competitively sensitive information at issue in this case.  (*Id.*)  *Cisco Sys. v. Arista Networks, Inc.*, No. 14-cv-05344-BLF, 2016 U.S. Dist. LEXIS 164596, at *6 (N.D. Cal. Nov. 29, 2016) (sealing entire documents containing confidential product design information).  Whether a proprietary design is currently in use is irrelevant to the question of whether this information meets the standard for sealing, as all of these designs are proprietary to Apple.  Apple designed and produced the "butterfly" keyboards, which are unique to Apple, and competitor products do not have the same keyboard designs.  (*Id.*)  If information about Apple's "butterfly" keyboard designs were publicly disclosed, competitors could improperly rely on those proprietary designs when developing their own products.  (*Id.*)  The Court previously granted Apple's requests to seal the same or similar information in this case. (*See, e.g.*, ECF 315; ECF No. 299 (sealing material regarding "Apple's proprietary designs of 'butterfly' keyboards"); ECF No. 135 (sealing material "relating to Apple's internal confidential . . . designs," and "confidential communications about Apple's designs"); ECF No. 217 (sealing identical material); ECF No. 157 (sealing comparable material).)

**B.     Apple's Repairs and Replacements of "Butterfly" Keyboards**

Apple seeks to seal the limited portion of the document specified in the Murray Declaration because it reflects specific, detailed information regarding Apple's repair and replacement procedures.  (Murray Decl. ¶ 4.)  Information regarding Apple's repair and replacement data is proprietary to Apple, and disclosure would cause Apple competitive harm by giving competitors knowledge of Apple's business operations, and strategic decision making regarding repairs and replacements, to which they would not otherwise have access.  (*Id*.)  The public disclosure of Apple's internal repair and replacement procedures would have a chilling effect on internal business discussions regarding repairs as well as on other customer service and support offerings.  (*Id*.)  The Court previously granted sealing of this exact material in its April 6, 2021 Order Granting Sealing Portions of Joint Trial Setting Conference Statement (ECF 321), and has sealed the same or comparable information in previous orders.  (*See, e.g.*, ECF No. 299 (sealing material regarding "repair and replacement procedures" and "the data" collected on repairs and replacements); ECF No. 135 (sealing material regarding "directions to employees about repairs and replacements"); ECF No. 217 (sealing identical material); ECF No. 157 (sealing comparable material).)

**III.     CONCLUSION**

For the forgoing reasons, Apple requests that the Court grant Plaintiffs' motion to seal portions limited portions of the parties' January 18, 2022 Joint Trial Setting Conference Statement.

Dated:  January 25, 2022         MORRISON & FOERSTER LLP

                                 By:  /s/ *Claudia M. Vetesi*
                                      Claudia M. Vetesi

                                 Attorneys for Defendant
                                 APPLE INC.