JESSICA L. GRANT (SBN 178138)
JGrant@mofo.com
PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
CLAUDIA M. VETESI (SBN 233485)
CVetesi@mofo.com
CAMILA A. TAPERNOUX (SBN 299289)
CTapernoux@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD<br><br>**DECLARATION OF SCOTT MURRAY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>[L.R. 79-5]<br><br>Judge: Hon. Edward J. Davila<br>Ctrm: 4 – 5th Floor |

I, Scott Murray, hereby declare as follows:

1. I am Director, Commercial Litigation at Apple Inc. and am knowledgeable about Apple's treatment of highly proprietary and confidential information. I submit this Declaration in support of Plaintiffs Administrative Motion to Seal portions of the parties' Joint Trial Setting Conference Statement. (ECF 381.) I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. Apple's sealing requests are specific, narrowly tailored, and necessary to protect the confidentiality of certain Apple information relied upon in the Joint Trial Setting Conference Statement. (ECF 382.)

**Highly Confidential Information Regarding Apple's Proprietary Designs of the "Butterfly" Keyboards**

| Document | Proposed Redactions |
|---|---|
| Joint Trial Setting Conference Statement | Page 2, lines 27-28, n.2 |

3. Apple seeks to seal the limited portion of the document specified above because it reflects specific, detailed information regarding Apple's proprietary designs of the "butterfly" keyboards. This designated portion contains highly confidential and proprietary business information regarding the design of Apple's "butterfly" keyboards. This information is among the most competitively sensitive information that is at issue in this case. Apple designed and produced the "butterfly" keyboards, which are unique to Apple, and competitor products do not have the same keyboard designs. The public disclosure of Apple's "butterfly" keyboard designs could facilitate their use by competitors when developing their own products. The Court has previously granted sealing of this same information. *See, e.g.*, ECF 315 (granting sealing of Page 6, Line 24 of Apple's Opposition to Class Certification.)

**Highly Confidential Information Regarding Apple's Repairs and Replacements of "Butterfly" Keyboards**

| Document | Proposed Redactions |
|---|---|
| Joint Trial Setting Conference Statement | Page 3, lines 1-4 |

4. Apple seeks to seal the limited portion of the document specified above because it reflects specific, detailed information regarding Apple's repair and replacement procedures.

1  Limited portions also include Apple's directions to employees regarding the repairs and
2  replacements of "butterfly" keyboards.  Information regarding repairs and replacements of
3  "butterfly" keyboards is proprietary to Apple, and disclosure would cause Apple competitive
4  harm by giving competitors knowledge of Apple's business operations, and strategic decision
5  making regarding repairs and replacements, to which they would not otherwise have access.  The
6  public disclosure of Apple's internal repair and replacement procedures would have a chilling
7  effect on internal business discussions regarding repairs as well as other customer service and
8  support offerings.

**The Court Should Seal the Highly Confidential Information Identified Above**

10       5.      Apple operates in an intensely competitive marketplace.  As such, Apple goes to
11  great lengths to keep its product design, customer service, and trade secrets confidential, in order
12  to safeguard against the use of this information by competitors to gain an unfair competitive
13  advantage.  Apple limits access to this information as a matter of policy and practice to
14  employees who need to know such information, and does not publicly disclose this information—
15  requiring those employees to sign confidentiality agreements, and emphasizing to them the
16  importance of maintaining confidentiality.

17       6.      Public disclosure of the information described above would give Apple's
18  competitors knowledge of Apple's trade secrets and highly confidential information to which they
19  would not otherwise have access.  Such disclosure would pose a substantial risk to Apple's
20  interests and adversely impact Apple's ability to compete in the future, and could have a chilling
21  effect on internal business, research, and development discussions.  For example, competitors
22  with access to this information could adapt their own business strategies and processes to unfairly
23  compete with Apple.  If the designated portions identified above were disclosed to those
24  competitors, those competitors could attempt to copy Apple's processes and designs and then
25  attempt to market themselves in comparison with Apple's offerings.

26       7.      In light of the foregoing, I believe that Apple would be highly prejudiced unless
27  this information remains under seal.

28       I declare under penalty of perjury under the laws of the United States of America that the

1  foregoing is true and correct.

2      Executed this 25th day of January, 2022 at ___Danville___, California.

5  _____
   Scott Murray
6  Director, Commercial Litigation
   Apple Inc.

MURRAY DECL. ISO AMFUS PORTIONS OF JOINT TRIAL SETTING CONFERENCE STATEMENT
CASE NO. 5:18-CV-02813-EJD
sf-4667797

3

# **ATTESTATION**

I, Claudia M. Vetesi, am the ECF user whose identification and password are being used to file this declaration. I attest under penalty of perjury that concurrence in this filing has been obtained from the other signatory above.

Dated: January 25, 2022                    */s/ Claudia M. Vetesi*
                                           Claudia M. Vetesi