1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6                          SAN JOSE DIVISION
7

8    IN RE: MACBOOK KEYBOARD                 Case No.   5:18-cv-02813-EJD
9    LITIGATION
                                             **ORDER RE APPLE'S
10                                           ADMINISTRATIVE MOTIONS TO
                                             SEAL PORTIONS OF BRIEFING RE
11                                           APPLE'S MOTIONS TO EXCLUDE
                                             EXPERT OPINIONS**
12
                                             Re: Dkt. Nos. 331, 334, 337, 342, 344, 349,
13                                           355, 357, 359

14          In connection with Defendant Apple, Inc.'s motions to exclude the opinions of Hal J.

15   Singer, Ph.D., David V. Niebuhr, Ph.D., and Charles M. Curley (Dkt. Nos. 333, 335, 336), Apple

16   seeks to seal portions of its opening briefs and supporting papers.  Dkt. Nos. 331, 334, 337.  The

17   parties filed similar administrative motions seeking to seal the same or similar material in

18   conjunction with Plaintiffs' opposition briefs, Apple's reply briefs, and their supporting

19   documents.  Dkt. Nos. 342, 344, 349, 355, 357, 359.

20          This order addresses only the sealing requests in Apple's motions to seal its opening briefs

21   (Dkt. Nos. 331, 334, 337).  For the reasons stated below, the Court GRANTS IN PART and

22   DENIES IN PART the request to seal.

23   **I.     LEGAL STANDARD**

24          "Historically, courts have recognized a 'general right to inspect and copy public records

25   and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of*

26   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

27   U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong

28   Case No.: 5:18-cv-02813-EJD
     ORDER RE APPLE'S ADMIN. MOTS. TO SEAL *DAUBERT* MOTS.

United States District Court
Northern District of California

presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong presumption in favor of access to court records.").

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

In determining whether there are compelling reasons to seal, "courts should consider all relevant factors, including: 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts must "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1295 (9th Cir. 1986)). Compelling reasons may exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing . . . [but] courts should exercise caution not [to] allow these exceptions [to] swallow the strong presumption in favor of disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

United States District Court
Northern District of California

## II.   DISCUSSION

Apple argues broadly that all of the information it seeks to seal is protectable as a trade secret or is otherwise entitled to protection under the law.  Apple organizes the large amount of material it seeks to seal into four specific categories.  In keeping with this organization, the Court considers the material sought to be sealed by proffered category, rather than by document.

### A.   Specific Financial Information Regarding MacBooks Equipped With "Butterfly" Keyboards

The first category of information Apple seeks to seal is "financial information . . . including certain sales data, pricing information, and profit margin-related information pertaining to the designs of the "butterfly" keyboards."  Dkt. No. 331 at 2; *see also* Dkt. No. 334 at 2.  This category includes information about the number of units sold, the prices at which various units were sold, the repair rates for various models, and references to the production of profit-margin data.  Apple contends that this information, if disclosed, would allow Apple's competitors to unfairly compete with Apple by using the product-specific financial information in their own forecasting and marketing or to tailor offerings and pricing to undercut Apple.  The Court previously granted Apple's requests to seal some of the same or similar information in this case. *See, e.g.*, Dkt. No. 299.

Plaintiffs only oppose sealing estimates of aggregate damages.  Dkt. No. 340 at 1.  The Court has already ordered that aggregate damages estimates should not be sealed and again denies Apple's request to seal that information.  Dkt. No. 299 at 4:13, 16:5, 16:7.

The Court denies in part Apple's request to seal information under this category as follows:

| Document Name | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|
| | | **Singer Motion** | |
| Exhibit 1: Merits Expert Report of | Page 3, ¶ 6 | Oppose as to lines 3-5 of ¶ 6 | Denied as to lines 3-5 of ¶ 6 |
| | Page 4, fn. 13 | Oppose as to last line of fn 13 | Denied as to last line of fn.13 |

| Hal J. Singer, Ph.D. (Dkt. No. 331-6) | Page 17, column 3 of Table 3 | No position | Granted |
|---|---|---|---|
| | Page 19, lines 3-4, 8-9 of ¶ 32; Table 4 | Oppose as to the number after the ≈ sign in ¶ 32 and Column 3 of Table 4 | Denied as to Column 3 of Table 4 and the number after the ≈ sign in the last line of ¶ 32 |
| | Page 23, lines 5, 7 of ¶ 39; ¶ 40 | Oppose as to the number after the ≈ sign in ¶ 40 | Granted |
| | Page 24, lines 6-7; Table 5 | Oppose as to Column 3 of Table 5 | Denied as to the number after the ≈ sign in lines 6-7 and Column 3 of Table 5 |
| | Page 26, ¶ 44; fn 62 | No position | Granted |
| | Page 28, ¶ 49; fn 68 | No position | Denied as to ¶ 49 |
| | Page 29, lines 1, 4; Table 6; ¶ 50; fn. 70 | Oppose as to the number after the ≈ sign in ¶ 50 | Denied as to line 1, the number after the ≈ sign in ¶ 50, and fn.70 |
| | Page 30, Table 7; lines 3-5 of ¶ 51; fn. 71 | Oppose as to Column 3 of Table 7, lines 3-5 of ¶ 51, and the last line of fn. 71 | Denied as to Column 3 of Table 7, lines 3-5 of ¶ 51, and the last line of fn.71 |
| | Page 54, Table A1 | Oppose as to the "Aggregate Damages" column | Denied as to "Aggregate Damages" column |
| | Page 55, Table A2 | No position | Granted |
| | Page 56, Tables A3, A4 | No position | Granted |
| | Page 57, column 3 of Table A5 | No position | Granted |
| | Page 58, Table A6 | No position | Granted |
| | Page 60, column 2 of Table A7; fn. 73 | No position | Granted |
| | Page 61, column 2 of Table A8 | No position | Granted |
| Exhibit 2: Hal J. Singer Deposition Excerpts (Dkt. No. 331-8) | Page 343, lines 2-3, 14-15, 20 | No position | Granted |
| Exhibit 3: Merits Rebuttal Report of Denise N. Martin, Ph.D. (Dkt. | Page 11, lines 17-20, 25, 27 | No position | Denied as to line 27 |
| | Page 12, lines 8-9, 15-16 | No position | Denied as to lines 9 and 16 |
| | Page 19, line 5 of ¶ 28 | No position | Granted |

United States District Court
Northern District of California

| No. 331-10) | | | |
|---|---|---|---|
| Exhibit 4: Rebuttal Expert Report of Chen Song, Ph.D. (Dkt. No. 331-12) | Page 14, line 2 | No position | Granted |
| | Page 16, ¶ 43; fn. 51 | No position | Granted |
| | Exhibit 1 | No position | Granted |
| | Exhibit 2 | No position | Granted |
| Exhibit 14: Reply Merits Expert Report of Hal J. Singer, Ph.D. (Dkt. No. 331-14) | Page 44, ¶ 81 | No position | Granted |
| | Page 45, Table 1 | No position | Granted |
| **Niebuhr Motion** | | | |
| Exhibit 4: Rebuttal Expert Report of Darran Cairns, Ph.D (Dkt. No. 334-12) | Page 21, ¶ 39 | No position | Denied |
| **Curley Motion** | | | |
| Exhibit 9: Reply Report of Charles M. Curley (Dkt. No. 334-22) | Page 37, ¶ 85 | No position | Granted |

### B.    Apple's Proprietary Designs of the "Butterfly" Keyboards

Apple next seeks to seal information regarding "Apple's proprietary designs of 'butterfly' keyboards, such as specifications of designs at issue in this litigation, and and deposition testimony concerning the details of these designs." Dkt. No. 334 at 3; *see also* Dkt. No. 331 at 3; Dkt. No. 337 at 2. Apple argues that the butterfly keyboard design it produced was unique to Apple and that the public disclosure of these designs, and deposition testimony about these designs, could be used by competitors when developing their own products. The Court previously

United States District Court
Northern District of California

1    granted Apple's requests to seal some of the same or similar information in this case.  *See, e.g.*,

2    Dkt. Nos. 135, 157, 217, 299.

3         Plaintiffs object specifically to sealing the portion of Mr. Curley's reply report discussing

4    his CAD analysis.  Dkt. No. 340 at 1.  The Court finds that this analysis reveals the design of the

5    butterfly keyboard in a manner similar to materials the Court has already ordered sealed.  *See, e.g.*,

6    Dkt. No. 135, 217.  Accordingly, the Court will deny the request to seal as to that portion of Mr.

7    Curley's reply report.

8         The Court further denies Apple's motions as to information available through publicly

9    accessible sources.  *E.g.*, Dkt. No. 331-10 ¶ 20 (citing information from deposition and Apple

10   press release).  This includes information that the Court has already denied previous requests to

11   seal.  *Compare, e.g.*, Dkt. No. 299 at 9 (denying request to seal page 2, lines 17-18 of Plaintiffs'

12   Motion for Class Certification) *with* Dkt. No. 334-12 ¶ 16 (seeking to seal quote from page 2, lines

13   17-18 of Plaintiffs' Motion for Class Certification).  This also includes information that Apple did

14   not previously seek to seal and the Court accordingly did not order sealed, and which has thus

15   become part of the public record.  *Compare, e.g.*, Dkt. No. 233-30 at Figure 8 and ¶¶ 57, 62

16   (Niebuhr class certification report not seeking to seal information concerning particle size or

17   MUK) *with* Dkt. No. 334-8 at Figure 18 and ¶¶ 39, 42 (Niebuhr merits report seeking to seal

18   identical information regarding particle size and MUK).  This also applies to information that

19   Apple did not highlight for redactions in its sealed submission and information that Apple did not

20   expressly request be sealed in its motions, but that Apple nevertheless redacted in its proposed

21   redacted submission.  *Compare* Dkt. No. 233-9 at 1 (Apple's proposed sealing order requesting

22   sealing only of text on page 8 of Niebuhr's class certification report) *and* Dkt. No. 233-30 at 8

23   (Apple's unredacted version of Niebuhr class certification report that did not highlight the two

24   images) *and* Dkt. No. 299 at 5, 9 (Court's order granting sealing as to other information on page 8

25   of Niebuhr's class certification report, but not the two images) *with* Dkt. No. 334-8 at 23–24

26   (highlighting the identical two images in Niebuhr's merits report for redaction).

27         Finally, the Court further denies Apple's motions as to statements that, divorced from their

28   Case No.:  5:18-cv-02813-EJD
ORDER RE APPLE'S ADMIN. MOTS. TO SEAL *DAUBERT* MOTS.

context, reveal nothing of substance and as to information about hypothetical situations or other companies' products and designs that are not directly related to Apple's own products or designs. *See, e.g.*, Dkt. No. 334-6 at 362:9; Dkt. No. 334-20 ¶ 112.

The Court denies in part Apple's request to seal information under this category as follows:

| Document Name | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|
| | **Singer Motion** | | |
| Apple's Motion to Exclude Opinions of Hal J. Singer, Ph.D. (Dkt. No. 331-4) | Page 2, fn. 1 | No position | Granted |
| Exhibit 1: Merits Expert Report of Hal J. Singer, Ph.D. (Dkt. No. 331-6) | Page 17, columns 1, 2 of Table 3 | No position | Granted |
| | Page 57, columns 1, 2 of Table A5 | No position | Granted |
| | Page 59, ¶ 53; line 6 of ¶ 54 | No position | Granted |
| | Page 60, column 1 of Table A7; fn. 73 | No position | Granted |
| | Page 61, lines 1-2; column 1 of Table A8 | No position | Granted |
| Exhibit 3: Merits Rebuttal Report of Denise N. Martin, Ph.D. (Dkt. No. 331-10) | Page 7, line 20; fn. 10 | No position | Granted |
| | Page 16, ¶ 20 | No position | Denied |
| | Page 19, line 3 of ¶ 28; fn. 36 | No position | Granted |
| | Page 20, lines 5-12 of ¶ 29; fn. 37 | No position | Granted |
| | Page 22, line 7 of ¶ 33 | No position | Granted |
| | Page 23, fn. 48 | No position | Granted |
| Exhibit 4: Rebuttal Expert Report of Chen Song, Ph.D. (Dkt. No. 331-12) | Page 11, fn. 38 | No position | Granted |
| | Page 12, lines 4, 6 of ¶ 33; lines 3-4, 7 of ¶ 35; fn. 40 | No position | Granted |
| | Page 13, lines 7-10 of ¶ 36; fns. 41-45 | No position | Granted |

United States District Court
Northern District of California

United States District Court
Northern District of California

|  |  |  |  |
|---|---|---|---|
|  | Columns 1, 5 of Exhibit 1 | No position | Granted |
|  | Columns 1, 5 of Exhibit 2 | No position | Granted |

| | **Niebuhr Motion** | | |
|---|---|---|---|
| Motion to Exclude Expert Opinions of D. Niebuhr (Dkt. No. 334-4) | Page 4, lines 26-28 | No position | Granted |
|  | Page 8, lines 7-21, 25-28 | No position | Denied as to lines 13, 16-19 |
|  | Page 9, line 1 | No position | Denied |
| Exhibit 1: David V. Niebuhr Deposition Excerpts, dated June 4, 2021 (Dkt. No. 334-6) | Page 362, lines 3-6, 9 | No position | Denied as to line 9 |
|  | Page 383, lines 21-23 | No position | Denied as to the last six words of line 23 |
| Exhibit 2: Report of David V. Niebuhr, Ph.D., dated April 13, 2021 (Dkt. No. 334-8) | Page 3, ¶¶ 13-14 (including image) | No position | Denied as to the image |
|  | Page 4, ¶¶ 15, 18 (including image) | No position | Denied as to lines 2-3 of ¶ 15 |
|  | Page 5, lines 1-2; ¶¶ 19-20; Figures 1-2 (including Figure 2 title) | No position | Denied as to Figures 1 and 2 (including Figure 2 title) |
|  | Page 7, ¶ 31.b | No position | Granted |
|  | Page 8, Figures 3-4; ¶¶ 31.e, 31.g | No position | Denied as to the scale in Figures 3 and 4 |
|  | Page 11, ¶ 32; Table A | No position | Denied as to the title of Column 4 of Table A and the code for "Repeat characters" |
|  | Page 12, column 1 of Table A; ¶ 35 | No position | Granted |
|  | Page 14, ¶¶ 38-39 | No position | Denied as to Figure 18[1] |

---

[1] Apple's sealing motion does not expressly request to seal Figure 18 of Dr. Niebuhr's opening merits report, although its unredacted version of the report marks Figure 18 for redaction. *Compare* Dkt. No. 334-8 at 14 *with* Dkt. No. 334-2 at 2 (requesting only to seal ¶ 37 and not Figure 18).

United States District Court
Northern District of California

| | | | and ¶ 39 |
|---|---|---|---|
| | Page 15, ¶¶ 40-42 | No position | Denied as to ¶ 41 |
| | Page 16, ¶ 44 | No position | Granted |
| | Page 17, ¶ 45 | No position | Granted |
| | Page 18, ¶ 47 | No position | Denied as to the third sentence of ¶ 47 |
| | Page 19, lines 1-3; ¶¶ 48-50; Figures 31-34 | No position | Denied as to the first full sentence (covering lines 2-3), ¶¶ 48-50, and Figures 31-34 |
| | Page 20, ¶ 51; Figures 35-37 | No position | Denied as to line 4 of ¶ 51, Figures 35 and 36, and the scale of Figure 47 |
| | Page 21, ¶¶ 52-55; Figures 38-39 | No position | Granted |
| | Page 22, ¶¶ 57-59, 61 | No position | Denied as to line 3 of ¶ 59 |
| | Page 23, top images 1-2; ¶ 62 (including bottom image) | No position | Denied as to the second image (excluding image title) and bottom image |
| | Page 24, top image; ¶¶ 63-64 | No position | Denied as to the top image |
| | Appendix 3, page 1, column 1 of tables 1-2 | No position | Granted |
| | Appendix 3, page 2, column 1 of table | No position | Granted |
| Exhibit 3: David V. Niebuhr Deposition Excerpts, dated September 18, 2020 (Dkt. No. 334-10) | Page 100, lines 1-2 | No position | Granted |
| | Page 275, line 9 | No position | Denied |
| Exhibit 4: Rebuttal Expert Report of Darran Cairns, Ph.D (Dkt. No. 334-12) | Page i, headings V.A.4-5, VI.B.1-2 | No position | Denied as to heading VI.B.2 |
| | Page 4, fn. 3 | No position | Granted |
| | Page 5, ¶ 5 | No position | Granted |
| | Page 6, ¶ 16 | No position | Denied |
| | Page 11, ¶ 26; Figure 1 | No position | Granted |
| | Page 12, ¶¶ 27-28; Figure 2 | No position | Granted |
| | Page 13, Figure 3; | No position | Granted |

United States District Court
Northern District of California

|  | heading 4; ¶ 29 |  |  |
|---|---|---|---|
|  | Page 14, ¶ 30; Figures 4-5 | No position | Granted |
|  | Page 15, Figure 6; ¶¶ 31-32; heading 5 | No position | Granted |
|  | Page 16, lines 1-5; Figures 7-8 | No position | Granted |
|  | Page 17, ¶¶ 33, 35 | No position | Granted |
|  | Page 18, line 1; ¶ 36; Table 1 | No position | Granted |
|  | Page 19, Table 1 | No position | Granted |
|  | Page 20, ¶ 37 | No position | Granted |
|  | Page 24, ¶ 47 | No position | Denied |
|  | Page 25, line 1-2; ¶ 48 (including image) | No position | Denied |
|  | Page 29, ¶ 54 | No position | Granted |
|  | Page 32, ¶ 57 | No position | Granted |
|  | Page 33, ¶ 60 | No position | Denied |
|  | Page 35, ¶¶ 65-67; heading 1 | No position | Denied as to the second sentence of ¶ 67 |
|  | Page 36, lines 1-9; Figure 9 | No position | Granted only as to the design name in lines 2-4 and 6-8 |
|  | Page 37, Figures 10-11 | No position | Granted |
|  | Page 38, Figures 12; ¶¶ 68-70 | No position | Denied as to all of ¶ 68 except words 5-6 |
|  | Page 39, lines 3, 5; heading 2; ¶¶ 71-72 | No position | Denied as to heading 2 and the second sentence of ¶ 72 |
|  | Page 40, line 2; ¶ 73 | No position | Denied |
|  | Page 41, top image; ¶¶ 74-76 | No position | Granted only as to ¶ 75 |
|  | Page 42, ¶ 78 | No position | Granted |
|  | Page 44, ¶ 81 | No position | Denied |
|  | Page 45, ¶ 85 | No position | Granted |
|  | Page 46, lines 1-5; ¶ 86 | No position | Granted |
|  | Page 47, ¶¶ 88-89 | No position | Granted |
|  | Page 48, ¶ 90 | No position | Denied as to the quoted material in the third sentence |
|  | Page 49, heading a; ¶¶ 94-95 | No position | Denied as to lines 7-8 of ¶ 95 |
|  | Page 50, lines 2-6; ¶ 96 | No position | Granted only as to the second sentence of ¶ 96 |
| Exhibit 5: Reply Expert | Page 2, line 7 of ¶ 1 | No position | Granted |
|  | Page 8, ¶ 19 | No position | Denied |

| Report of David Niebuhr (Dkt. No. 334-14) | Page 13, ¶¶ 31-32 | No position | Denied as to lines 1-3 of ¶ 32 |
|---|---|---|---|
| | Page 14, lines 1-13; Figure 4 | No position | Denied |
| Exhibit 6: Apple's Supplemental Responses to Plaintiffs' First Set of Interrogatories (Nos. 7- 8), dated March 12, 2021 (Dkt. No. 334-16) | Entire document | No position | Granted only as to page 3, lines 6-26; page 4, lines 1, 12-15; Exhibit D |

**Curley Motion**

| Motion to Exclude and Strike Expert Opinions of C. Curley (Dkt. No. 337-4) | Page 6, lines 23-24, 26-27 | No position | Denied as to lines 23-24 |
|---|---|---|---|
| | Page 7, lines 6-7, 10-12 | Oppose as to lines 6-7 | Denied as to lines 6-7 |
| | Page 10, lines 8-9, 13, 16-22, 26-28 | No position | Denied as to lines 13 and 22 |
| | Page 11, lines 1, 5-7, 27-28 | No position | Denied as to line 1 |
| | Page 12, line 28 | No position | Granted |
| Exhibit 7: Charles M. Curley Deposition Excerpts, dated June 10, 2021 (Dkt. No. 334-18) | Page 109, line 1 | No position | Granted |
| | Page 163, lines 14-18, 25 | No position | Denied as to the last two words of line 17 through line 18 |
| | Page 185, lines 4-5 | No position | Granted |
| Exhibit 8: Report of Charles M. Curley (Dkt. No. 334-20) | Page 23, ¶ 57 | No position | Granted |
| | Page 27, ¶¶ 64-65 | No position | Granted |
| | Page 28, ¶ 66 | No position | Granted |
| | Page 29, ¶ 67 | No position | Granted |
| | Page 30, ¶ 68 | No position | Granted |
| | Page 31, ¶ 70 (including image) | No position | Granted |
| | Page 32, ¶ 73 | No position | Denied as to the last sentence of ¶ 73 |
| | Page 33, ¶¶ 74-76 | No position | Granted |

|  | | | |
|---|---|---|---|
| | (including image) | | |
| | Page 34, top image; ¶¶ 78-79 | No position | Granted |
| | Page 35, ¶¶ 80, 82 | No position | Granted |
| | Page 37, ¶¶ 86-87 (including image) | No position | Granted |
| | Page 38, ¶¶ 88-89 | No position | Granted |
| | Page 39, ¶ 90 | No position | Granted |
| | Page 40, ¶¶ 91-94 (including image) | No position | Granted |
| | Page 41, lines 1-2; table of ¶ 95 | No position | Granted |
| | Page 42, ¶¶ 97-100 | No position | Granted |
| | Page 43, lines 2-3; ¶¶ 101-104 | No position | Denied as to ¶ 104 |
| | Page 44, top table; ¶ 106 | No position | Granted |
| | Page 45, ¶¶ 107-08 | No position | Denied as to the third sentence of ¶ 108 |
| | Page 46, ¶¶ 109-112 | No position | Denied as to ¶ 110 and the third sentence of ¶ 112 |
| | Page 47, line 3; ¶¶ 113-14 | No position | Denied as to ¶ 114 and the third sentence of ¶ 113 |
| | Page 48, ¶¶ 115-17 (including image) | No position | Denied as to the second sentence of ¶ 116 (excluding the last three words) |
| | Page 49, ¶¶ 119-120 (including image) | No position | Denied as to the image in ¶ 119 |
| | Page 50, lines 1-3 | No position | Denied as to words 6-11 of line 2 |
| | Page 51, ¶ 122 (including image) | No position | Granted |
| | Page 52, ¶¶ 125-26, 128, 130 | No position | Granted |
| | Page 53, lines 1-2 (including image); ¶ 131 | No position | Granted |
| | Page 54, ¶ 132 | No position | Granted |
| | Page 55, ¶¶ 134-35 | No position | Granted |
| | Page 56, top table | No position | Granted |
| | Page 57, ¶¶ 137.b, 138, 140 | No position | Denied as to the first four words of ¶ 137.b |
| | Page 58, lines 1-5; ¶¶ | No position | Granted |

United States District Court
Northern District of California

|  | 141-44 |  |  |
|  | Page 59, lines 1-2 | No position | Granted |
|  | Page 60, ¶¶ 149, 151 | No position | Granted |
|  | Appendix C, page 1, table | No position | Granted |
|  | Appendix C, page 2, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix C, page 3, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix C, page 4, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix C, page 5, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix C, page 6, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix C, page 7, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix C, page 8, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix C, page 9, tables 1-2 | No position | Denied as to the column and row titles of tables 1-2 |
|  | Appendix E, page 1, column 1 of table | No position | Granted |
|  | Appendix E, page 2, column 1 of table | No position | Granted |
| Exhibit 9: Reply Report of Charles M. Curley (Dkt. No. 334-22) | Page 4, lines 3-6; ¶¶ 4-5 | No position | Granted |
|  | Page 6, ¶ 10 | No position | Granted |
|  | Page 9, ¶ 18 | No position | Granted |
|  | Page 10, ¶ 21 | No position | Granted |
|  | Page 11, ¶ 24 | No position | Granted |
|  | Page 12, line 3 | No position | Granted |
|  | Page 14, image | No position | Granted |
|  | Page 15, image | No position | Granted |
|  | Page 16, top image; ¶ 31; text of bottom image | No position | Denied as to ¶ 31 |
|  | Page 17, ¶¶ 33-34; | Oppose as to ¶¶ 33-34 | Denied as to ¶¶ 33-34 |

| | | | |
|---|---|---|---|
| | bottom image | | |
| | Page 18, ¶¶ 36-37 (including image) | No position | Denied as to the last sentence of ¶ 36 |
| | Page 19, lines 1-4; ¶¶ 38-39 | No position | Granted |
| | Page 20, image; ¶ 40 | No position | Granted |
| | Page 21, image; ¶ 41 | No position | Granted |
| | Page 22, image; ¶ 42 | No position | Granted |
| | Page 23, image; ¶¶ 43-44 | No position | Granted |
| | Page 24, top image; ¶ 45 (including bottom image) | No position | Granted |
| | Page 25, ¶¶ 46-47 (including image) | No position | Denied as to lines 1-4 of ¶ 47 |
| | Page 26, ¶ 49 | No position | Granted |
| | Page 27, ¶ 54 | No position | Granted |
| | Page 28, line 4 | No position | Granted |
| | Page 29, ¶ 58 | No position | Denied as to line 2 of ¶ 58 |
| | Page 31, ¶ 65 | No position | Granted |
| | Page 33, ¶¶ 69, 72-73 | No position | Granted |
| | Page 38, ¶¶ 92-93 | No position | Granted |
| | Page 39, ¶¶ 94-95 | No position | Granted |
| | Page 40, ¶ 98 | No position | Denied as to the second sentence of ¶ 98 |
| | Page 41, ¶¶ 100-02 | No position | Granted |
| | Page 42, ¶¶ 103-04 | No position | Granted |
| | Page 43, ¶ 106 | No position | Granted |
| | Page 44, ¶ 107 | No position | Granted |
| | Page 45, ¶¶ 108-110 | No position | Denied as to words 6-9 of line 1, words 4-10 of line 2, and all of line 3 of ¶ 109 (citation excluded from word count); words 3-11 of line 5 of ¶ 110. |
| | Page 46, lines 1-2; ¶¶ 111-13 | No position | Denied as to line 3 of ¶ 111; words 1-9 of line 1 and sentences 2-4 of ¶ 112 |
| | Page 47, lines 1-3; ¶ 114 | No position | Denied as to ¶ 114 |
| | Page 48, ¶ 116 | No position | Denied |
| | Page 49, ¶¶ 117-20 | No position | Denied as to line 1 and words 1-4 and 8-9 of |

United States District Court
Northern District of California

| | | | line 2 of ¶ 119 |
| --- | --- | --- | --- |
| | Page 50, lines 1-2; ¶¶ 121-22 | No position | Granted |
| | Page 51, lines 10-12 of ¶ 125 | No position | Granted |

### C.     Apple's Repairs and Replacements of "Butterfly" Keyboards

Apple next seeks to seal information regarding repair and replacement data and analysis of that data, because this information is "proprietary to Apple, and [its] disclosure would cause Apple competitive harm by giving competitors knowledge of Apple's business operations, and strategic decision making regarding repairs and replacements, to which they would not otherwise have access." Dkt. No. 331 at 3–4; Dkt. No. 334 at 4; Dkt. No. 337 at 3–4. The Court previously granted Apple's requests to seal some of the same or similar information in this case. *See, e.g.*, Dkt. No. 299.

The Court denies Apple's motions as to information about hypothetical situations or other companies' products and designs that are not directly related to Apple's repairs and replacements. *See, e.g.*, Dkt. No. 334-22 ¶¶ 82-83.

The Court denies in part Apple's request to seal information under this category as follows:

| Document Name | Requested Redactions | Plaintiffs' Position | Order |
| --- | --- | --- | --- |
| | | **Singer Motion** | |
| Apple's Motion to Exclude Opinions of Hal J. Singer, Ph.D. (Dkt. No. 331-4) | Page 2, lines 17-18 | No position | Granted |
| | Page 3, fn. 2 | No position | Granted |
| | Page 4, lines 4-5 | Oppose as to line 5 | Granted |
| | Page 13, lines 7-9, 16, 19, 21; fn. 9 | No position | Granted |
| | Page 19, lines 13-14 | No position | Granted |
| | Page 20, lines 12, 15, 20, 23-28 | No position | Granted |
| | Page 21, lines 1, 4-7, 15, 18-28 | No position | Granted |
| | Page 22, line 2 | No position | Granted |
| Exhibit 1: | Page 3, ¶ 6 | Oppose as to lines 3-5 of ¶ 6 | Denied as to lines 3-5 |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | of ¶ 6 |
|---|---|---|---|
| Merits Expert Report of Hal J. Singer, Ph.D. (Dkt. No. 331-6) | Page 4, line 1; fn. 13 | Oppose as to the last line of fn. 13 | Denied as to last line of fn.13 |
| | Page 16, ¶ 29; fns. 44, 46 | No position | Denied as to line 3 of ¶ 29 |
| | Page 17, Table 3 | No position | Granted |
| | Page 18, ¶ 30 | No position | Granted |
| | Page 19, ¶ 32; Table 4 | Oppose as to the number after the ≈ sign in ¶ 32 and Column 3 of Table 4 | Denied as to Column 3 of Table 4 and the number after the ≈ sign in the last line of ¶ 32 |
| | Page 23, ¶¶ 39-40 | Oppose as to the number after the ≈ sign in ¶ 40 | Granted |
| | Page 24, lines 6-7; Table 5 | Oppose as to Column 3 of Table 5 | Denied as to the number after the ≈ sign in lines 6-7 and Column 3 of Table 5 |
| | Page 30, Table 7; line 6 of ¶ 51; fn. 71 | Oppose as to Column 3 of Table 7, lines 3-5 of ¶ 51, and the last line of fn. 71 | Denied as to Column 3 of Table 7, lines 3-5 of ¶ 51, and the last line of fn.71 |
| | Page 54, Table A1 | Oppose as to the "Aggregate Damages" column | Denied as to "Aggregate Damages" column |
| | Page 57, Table A5 | No position | Granted |
| | Page 58, Table A6 | No position | Granted |
| | Page 59, ¶¶ 52-54 | No position | Granted |
| | Page 60, line 2; Table A7 | No position | Granted |
| | Page 61, lines 1-5; Table A8 | No position | Granted |
| Exhibit 2: Hal J. Singer Deposition Excerpts (Dkt. No. 331-8) | Page 255, lines 5, 15-17, 24 | No position | Granted |
| | Page 343, lines 2, 15, 20 | No position | Granted |
| Exhibit 3: Merits Rebuttal Report of Denise N. Martin, Ph.D. (Dkt. No. 331-10) | Page 6, fn. 9 | No position | Granted |
| | Page 7, lines 17, 20-23; fn. 10 | No position | Granted |
| | Page 11, lines 18-19, 25, 27 | No position | Denied as to line 27 |
| | Page 12, lines 8-9, 15-16 | No position | Denied as to lines 9 and 16 |
| | Page 19, line 6 of ¶ 28 | No position | Granted |
| | Page 20, line 1; ¶ 29; fn. | No position | Granted |

| | | | |
|---|---|---|---|
| | 37 | | |
| | Page 21, lines 4-8; ¶ 31 | No position | Denied as to line 3 of ¶ 31 and last three words highlighted on line 12 |
| | Page 22, line 2; line 11 of ¶ 34 | No position | Granted |
| | Page 23, lines 1-2; ¶ 35 | No position | Granted |
| Exhibit 4: Rebuttal Expert Report of Chen Song, Ph.D. (Dkt. No. 331-12) | Page i, headings III.a-c | No position | Granted |
| | Page 3, line 6 of ¶ 9; fn. 7 | No position | Granted |
| | Page 4, ¶ 13 | No position | Granted |
| | Page 5, ¶¶ 14-16 | No position | Granted |
| | Page 6, lines 1, 3-5; ¶ 17; fn. 21 | No position | Granted |
| | Page 12, heading a; ¶¶ 34-35; fn. 40 | No position | Granted |
| | Page 13, lines 1-2, 5; lines 5 of ¶ 36; ¶ 37 | No position | Granted |
| | Page 14, lines 2, 5; ¶¶ 38-40 | No position | Granted |
| | Page 15, ¶¶ 41-42 | No position | Granted |
| | Page 16, Chart 1; ¶ 43 | No position | Granted |
| | Page 17, heading b; ¶¶ 44-46; fn. 52 | No position | Granted |
| | Page 18, line 2; ¶¶ 48-49; fn. 55 | No position | Granted |
| | Page 19, lines 1-3; ¶ 50-51; heading c; fn. 60 | No position | Granted |
| | Page 20, ¶¶ 52-54; fns. 64-65 | No position | Granted |
| | Page 21, ¶ 55 | No position | Granted |
| | Page 37, line 6 of ¶ 85 | No position | Granted |
| | Exhibit 1 | No position | Granted |
| | Exhibit 2 | No position | Granted |
| Exhibit 14: Reply Merits Expert Report of Hal J. Singer, Ph.D. (Dkt. No. 331-14) | Page i, headings III.A.1-3, III.B.1 | No position | Granted |
| | Page ii, headings III.B.2-3 | No position | Granted |
| | Page 17, ¶ 24 | No position | Granted |
| | Page 18, ¶ 27; fn. 72 | No position | Granted |
| | Page 23, ¶ 38 | No position | Granted |
| | Page 24, fn. 101 | No position | Granted |
| | Page 37, ¶ 64 | No position | Granted |
| | Page 38, line 1; heading A.1; ¶ 66; fn. 156 | No position | Granted |
| | Page 39, ¶ 67; heading | No position | Granted |

United States District Court
Northern District of California

| | A.2 | | |
|---|---|---|---|
| | Page 40, ¶ 70, heading A.3 | No position | Granted |
| | Page 41, ¶¶ 73-74 | No position | Granted |
| | Page 42, heading B.1; ¶ 76 | No position | Granted |
| | Page 43, headings B.2-3; ¶ 78 | No position | Granted |
| Exhibit 15: Chen Song Deposition Excerpts (Dkt. No. 331-16) | Page 45, lines 7-15 | No position | Granted |

| | | **Niebuhr Motion** | |
|---|---|---|---|
| Motion to Exclude Expert Opinions of D. Niebuhr (Dkt. No. 334-4) | Page 8, line 10-12; 19-21 | No position | Granted |
| | Page 9, line 25 | No position | Granted |
| Exhibit 4: Rebuttal Expert Report of Darran Cairns, Ph.D (Dkt. No. 334-12) | Page 5, ¶ 5 | No position | Granted |
| | Page 7, ¶19 | No position | Granted |
| | Page 8, line 2 | No position | Granted |
| | Page 9, ¶ 23 | No position | Granted |
| | Page 10, ¶ 24 | No position | Denied as to line 9 of ¶ 24 |
| | Page 36, lines 6-9; Figure 9 | No position | Granted only as to the design name in lines 2-4 and 6-8 |
| | Page 37, Figures 10-11 | No position | Granted |
| | Page 38, Figures 12 | No position | Granted |
| | Page 39, ¶ 71 | No position | Granted |
| | Page 49, ¶ 93 | No position | Granted |
| Exhibit 5: Reply Expert Report of David Niebuhr (Dkt. No. 334-14) | Page 5, lines 8-9 of ¶ 10 | No position | Granted |

| | | **Curley Motion** | |
|---|---|---|---|

Case No.: 5:18-cv-02813-EJD
ORDER RE APPLE'S ADMIN. MOTS. TO SEAL *DAUBERT* MOTS.
18

United States District Court
Northern District of California

| Motion to Exclude and Strike Expert Opinions of C. Curley (Dkt. No. 337-4) | Page 10, lines 16, 19-21 | No position | Granted |
|---|---|---|---|
| | Page 11, lines 5-7 | No position | Granted |
| Exhibit 9: Reply Report of Charles M. Curley (Dkt. No. 334-22) | Page 33, ¶ 73 | No position | Granted |
| | Page 34, lines 1-2; ¶¶ 74-77 | No position | Granted |
| | Page 35, ¶ 78 | No position | Granted |
| | Page 36, ¶¶ 81-83 | No position | Denied as to ¶¶ 81-83 |
| | Page 37, ¶¶ 84-88 | No position | Granted |
| | Page 41, lines 2-3 of ¶ 100 | No position | Granted |

### D.   Apple's Testing Processes and Results

Finally, Apple seeks to seal information "regarding Apple's testing processes and results, including reliability testing and failure analysis, and the results or findings of that testing and analysis . . . ."  Dkt. No. 334 at 3–4; Dkt. No. 337 at 3.  Apple argues that this information is competitively sensitive because it could be used by competitors when designing or implementing reliability test procedures for their own products.  Rather than developing their own procedures through trial and error, and the necessary investment of time and resources, competitors could use Apple's procedures as a blueprint for their own.  The Court previously sealed some of the same or comparable information in prior orders.  *See, e.g.*, Dkt. Nos. 135, 299.

The Court denies Apple's motions to the extent the requests are not clearly related to Apple's own proprietary testing processes or test results.  *See, e.g.*, Dkt. No. 334-10 at 275:9, 279:7-13; Dkt. No. 334-18 at 189:4-5; Dkt. No. 334-22 ¶¶ 33-47.  Relatedly, entries below marked with an asterisk denote portions that do not relate to Apple's testing processes or results, but that Apple apparently miscategorized and did not seek to seal under the proper category.  *See, e.g.*, Dkt. No. 334-12 at 20 (relating to Apple's repair rates but not to Apple's testing processes and results).  The Court will grant the request to seal these miscategorized requests on this occasion because sealing is justified under other categories.  However, Apple must take greater care with

future sealing requests, as the Court will deny any future miscategorized and unjustified requests.

Last, the Court denies Apple's motions to the extent they request to seal items that are now publicly available because Apple previously failed to request that they be sealed and thus the Court did not order them sealed.  *Compare*, *e.g.*, Dkt. No. 315 at ECF p.5 (sealing only lines 7-9 and 11-13 of page 279 of Niebuhr's deposition excerpts) *with* Dkt. No. 334-2 at ECF p.3 (requesting to seal lines 1 and 7-13 of Niebuhr's deposition excerpts).  The Court also denies inconsistent requests to seal certain information—for example, seeking to seal quotations from an underlying document that Apple did not also seek to seal.  *Compare, e.g.*, Dkt. No. 334-12 ¶ 61 (seeking to seal Cairns rebuttal report quoting ¶ 33 of Niebuhr's merits opening report) *with* Dkt. No. 334-8 ¶ 33 (not seeking to seal ¶ 33 of Niebuhr's merits opening report).

The Court denies in part Apple's request to seal information under this category as follows:

| Document Name | Requested Redactions | Plaintiffs' Position | Order |
|---|---|---|---|
| **Niebuhr Motion** | | | |
| Motion to Exclude Expert Opinions of D. Niebuhr (Dkt. No. 334-4) | Page 9, line 3-4 | No position | Granted |
| Exhibit 1: David V. Niebuhr Deposition Excerpts, dated June 4, 2021 (Dkt. No. 334-6) | Page 340, lines 1-18 | No position | Denied as to lines 2-4 |
| | Page 341, lines 7-8, 23-25 | No position | Granted |
| | Page 362, lines 3-6, 9 | No position | Denied as to line 9 |
| | Page 363, lines 4-5, 22-23 | No position | Granted |
| | Page 383, lines 19-23 | No position | Denied as to the last six words of line 23 |
| Exhibit 2: Report of | Page 1, ¶ 2 | No position | Granted |
| | Page 6, ¶ 24 | No position | Granted |

United States District Court
Northern District of California

| David V. Niebuhr, Ph.D., dated April 13, 2021 (Dkt. No. 334-8) | Page 13, ¶ 37 | No position | Denied as line 3[2] and ¶ 37 |
|---|---|---|---|
| | Page 14, ¶ 39 | No position | Denied |
| | Page 15, ¶ 41 | No position | Denied |
| | Page 19, lines 1-3; ¶¶ 48-50; Figures 31-34 | No position | Denied as to the first full sentence (covering lines 2-3), ¶¶ 48-50, and Figures 31-34 |
| | Page 22, ¶ 61 | No position | Granted |
| | Page 23, top images 1-2; ¶ 62 (including bottom image) | No position | Denied as to the second image (excluding image title) and bottom image |
| | Page 24, top image; ¶¶ 63-64 | No position | Denied as to the top image |
| Exhibit 3: David V. Niebuhr Deposition Excerpts, dated September 18, 2020 (Dkt. No. 334-10) | Page 100, lines 1-2 | No position | Granted |
| | Page 275, line 9 | No position | Denied |
| | Page 279, lines 1, 7-13 | No position | Denied as to line 10 |
| Exhibit 4: Rebuttal Expert Report of Darran Cairns, Ph.D (Dkt. No. 334-12) | Page 6, ¶ 16 | No position | Denied |
| | Page 10, ¶ 25 | No position | Granted |
| | Page 11, line 1 | No position | Granted |
| | Page 17, ¶¶ 34-35 | No position | Granted |
| | Page 18, line 1; ¶ 36; Table 1 | No position | Denied |
| | Page 19, Table 1 | No position | Denied |
| | Page 20, Tables 1-2; ¶ 37 | No position | Granted* |
| | Page 22, ¶ 43 | No position | Granted* |
| | Page 24, ¶ 47 | No position | Denied |
| | Page 25, line 1-2; ¶ 48 (including image) | No position | Denied |
| | Page 26, Table 3 | No position | Denied |
| | Page 27, ¶ 51 | No position | Denied |
| | Page 28, lines 1-3; ¶ 52 | No position | Denied as to lines 1-3; |

---

[2] Apple's sealing motion does not expressly request to seal line 3 of page 13 of Dr. Niebuhr's opening merits report, although its unredacted version of the report marks line 3 for redaction. *Compare* Dkt. No. 334-8 at 13 *with* Dkt. No. 334-2 at 2 (requesting to seal ¶ 37, but not line 3).

United States District Court
Northern District of California

| | | | granted* as to ¶ 52 |
|---|---|---|---|
| | Page 29, lines 2-3 | No position | Granted* |
| | Page 32, ¶ 58 | No position | Granted |
| | Page 33, ¶ 60 | No position | Denied |
| | Page 34, ¶¶ 61-62 | No position | Denied |
| | Page 41, ¶¶ 74, 76 | No position | Denied |
| | Page 46, lines 1-5; ¶ 86 | No position | Granted* |
| | Page 47, ¶¶ 88-89 | No position | Granted* |
| | Page 48, ¶ 90 | No position | Granted* |
| | Page 49, ¶¶ 94-95 | No position | Granted* |
| | Page 50, lines 2-6; ¶ 96 | No position | Granted* only as to lines 2-6 and the second sentence of ¶ 96 |
| Exhibit 5: Reply Expert Report of David Niebuhr (Dkt. No. 334-14) | Page 2, ¶¶ 1-2 | No position | Granted* |
| | Page 5, ¶ 11 | No position | Denied |
| | Page 6, lines 1-2; Figure 1 | No position | Denied |
| | Page 7, ¶ 17 | No position | Denied |
| | Page 8, ¶ 20 | No position | Denied |
| | Page 9, lines 1, 6, 8, 9; Figures 2-3; ¶ 21 | No position | Denied |
| | Page 11, ¶ 24 | No position | Granted |
| | Page 12, ¶ 27-28 | No position | Granted |
| | Page 14, lines 1-13; Figure 4 | No position | Denied |
| | Page 15, ¶ 33 | No position | Granted |

### Curley Motion

| | | | |
|---|---|---|---|
| Motion to Exclude and Strike Expert Opinions of C. Curley (Dkt. No. 337-4) | Page 5, lines 25-26 | No position | Granted |
| | Page 7, line 24 | No position | Granted |
| Exhibit 7: Charles M. Curley Deposition Excerpts, dated June 10, 2021 (Dkt. No. 334-18) | Page 31, lines 3-4 | No position | Granted |
| | Page 163, lines 14-18 | No position | Denied as to the last two words of line 17 through line 18 |
| | Page 189, lines 4-5 | No position | Denied |
| Exhibit 8: | Page 58, ¶ 143 | No position | Granted |

| | | | |
|---|---|---|---|
| Report of Charles M. Curley (Dkt. No. 334-20) | Page 43, ¶¶ 101-02 | No position | Granted |
| | Page 49, ¶¶ 119-120 (including image) | No position | Denied as to the image in ¶ 119 |
| | Page 50, lines 1-3 | No position | Granted |
| Exhibit 9: Reply Report of Charles M. Curley (Dkt. No. 334-22) | Page 4, lines 3-6; ¶¶ 4-5 | No position | Granted |
| | Page 5, ¶ 9 | No position | Granted |
| | Page 6, ¶ 10 | No position | Granted |
| | Page 7, ¶ 13 | No position | Granted |
| | Page 8, lines 1-7; ¶ 14 | No position | Granted |
| | Page 9, ¶¶ 15-18 | No position | Granted |
| | Page 10, lines 1-3; ¶ 20 | No position | Granted |
| | Page 14, image | No position | Denied |
| | Page 17, ¶¶ 33-34; bottom image | Oppose as to ¶¶ 33-34 | Denied as to ¶¶ 33-34 |
| | Page 18, ¶¶ 36-37 (including image) | No position | Denied |
| | Page 19, lines 1-4; ¶¶ 38-39 | No position | Denied |
| | Page 20, image; ¶ 40 | No position | Denied |
| | Page 21, image; ¶ 41 | No position | Denied |
| | Page 22, image; ¶ 42 | No position | Denied |
| | Page 23, image; ¶¶ 43-44 | No position | Denied |
| | Page 24, top image; ¶ 45 (including bottom image) | No position | Denied |
| | Page 25, ¶¶ 46-47 (including image) | No position | Denied |
| | Page 29, ¶ 58 | No position | Denied |
| | Page 33, ¶ 69 | No position | Denied |
| | Page 38, ¶¶ 92-93 | No position | Denied |
| | Page 39, ¶ 94 | No position | Denied |
| | Page 48, ¶ 116 | No position | Denied |
| | Page 51, ¶¶ 125-26 | No position | Denied as to line 3 and words 1-9 of line 2 of ¶ 125; ¶ 126 |

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the requests to seal.

There are a number of pending administrative motions to seal the same or similar material with respect to the parties' subsequent briefing on Apple's motions to exclude expert opinions.

*See* Dkt. Nos. 342, 344, 349, 355, 357, 359.  The Court GRANTS IN PART the remaining

United States District Court
Northern District of California

administrative motions to seal to the extent that the material sought to be sealed in those motions is addressed in this Order. The parties shall meet and confer regarding any outstanding material not addressed by this Order and reassess their proposed redactions in accordance with the Court's holdings herein. Given the similarity of the issues discussed in this Order and the subject matter of the outstanding material, the Court expects that this Order will provide substantial guidance to the Parties regarding what material may be properly filed under seal moving forward.

In resolving these motions to seal, the Court is disappointed that Apple chose in its current motions to present a plethora of requests to seal information that the Court already considered and denied on previous occasions. Apple shall not file any future administrative motions seeking to seal material the Court has already considered and denied. The parties are advised that if any future sealing motions contain a request to seal material the Court has already deemed not sealable, the Court will deny the motion in its entirety.

By no later than **February 14, 2022**, the parties shall file a joint consolidated motion to seal, which meets all of the requirements set forth in Civil Local Rule 79-5(d) and details the parties' positions on any material still in dispute. By no later than **February 14, 2022**, the parties shall provide the Court with a stipulated redacted copy of the Court's January 25, 2022 Order denying Apple's motions to exclude expert opinions (Dkt. No. 386) that redacts only information that is subject to sealing orders and that the parties still desire to maintain under seal. The Court will then issue a public redacted version of the January 25, 2022 Order.

**IT IS SO ORDERED.**

Dated: January 31, 2022

EDWARD J. DAVILA
United States District Judge