EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made as of July 15, 2022, by and between Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, Benjamin Gulker, and Ashton Huey (collectively, "Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class as defined below, and Apple Inc. ("Apple", and together with Plaintiffs, the "Parties").

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A.   "Action" means the litigation entitled *In re MacBook Keyboard Litigation*, Case No. 5:18-cv-02813-EJD-VKD, filed in the United States District Court for the Northern District of California (the "Court").

B.   "Apple Counsel" means Apple's counsel of record in this Action.

C.   "Authorized Service Provider" means a company authorized by Apple to provide in-warranty and out-of-warranty repair services for Apple products.

D.   "Attorneys' Fee and Expense Payment" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court from the Settlement Fund.

E.   "Claimant" means a Settlement Class Member who has made a claim to a share of, or who will receive an automatic payment from, the Net Settlement Fund.

F.   "Claim Form" means the form for Settlement Class Members to make a claim to a share of the Net Settlement Fund, substantially in the form of Exhibit 4.

G.   "Claim Period" means the period of time ending 120 days after entry of the preliminary approval order.

H.   "Class Computer" means any of the following Apple computer models:

- MacBook (Retina, 12-inch, Early 2015)
- MacBook (Retina, 12-inch, Early 2016)
- MacBook (Retina, 12-inch, 2017)
- MacBook Air (Retina, 13-inch, 2018)
- MacBook Air (Retina, 13-inch, 2019)
- MacBook Pro (13-inch, 2016, Two Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2017, Two Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2019, Two Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2016, Four Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2017, Four Thunderbolt 3 Ports)
- MacBook Pro (15-inch, 2016)
- MacBook Pro (15-inch, 2017)
- MacBook Pro (13-inch, 2018, Four Thunderbolt 3 Ports)
- MacBook Pro (15-inch, 2018)
- MacBook Pro (13-inch, 2019, Four Thunderbolt 3 Ports)
- MacBook Pro (15-inch, 2019)

1

I.  "Class Counsel" means the law firms of Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP.

J.  "Class Payment" means the amount to be paid to a Settlement Class Member who is eligible to receive a share of the Net Settlement Fund under this Settlement Agreement.

K.  "Effective Date" means the first day after which all of the following events and conditions of this Settlement Agreement have occurred or have been met: (i) the Court has entered the Final Approval Order and Judgment, and (ii) the Court has entered a judgment that has become final ("Final") in that the time for appeal or writ of certiorari has expired or, if an appeal or writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the judgment shall not become Final. In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date. Any order or proceeding relating to the application for an Attorneys' Fee and Expense Payment and Service Awards, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

L.  "Escrow Account" means the interest-bearing account—a qualified settlement fund as defined in Treasury Regulation § 1.468B-1 *et seq.*—to be opened by the Settlement Administrator and maintained by the Escrow Agent, subject to the continuing jurisdiction of the Court, holding the Settlement Fund.

M.  "Escrow Agent" means Huntington National Bank.

N.  "Final Approval Hearing" means the hearing, to be set by the Court, where the Plaintiffs will request that the Final Approval Order and Judgment be entered approving this agreement, and where Class Counsel will request that the Court approve the Fee, Cost, and Expense Award and the Service Awards. The Final Approval Hearing must occur at least 35 days after the Objection and Exclusion Deadline, on such date as set by the Court.

O.  "Final Approval Order and Judgment" means the judgment and order to be entered by the Court which approves the Settlement, substantially in the form of Exhibits 6 and 7 hereto.

P.  "Huey Action" means *Huey v. Apple Inc.*, Case No. 2018 CA 004200 B, pending in the Superior Court of the District of Columbia.

Q.  "Keyboard Service Program" means the program Apple announced on June 22, 2018, and later expanded to include additional MacBook computer models, providing keyboard repair service for eligible MacBook, MacBook Air, and MacBook Pro computers for four years from the date of purchase.

R.  "Net Settlement Fund" means the Settlement Fund, reduced by the sum of (1) the costs of notice and of administering the settlement, and (2) the sum of any Attorneys' Fee and Expense Payment to Class Counsel, and any payments of Service Awards to the Class Representatives, that may be approved by the Court.

S.   "Notices" refer collectively to the following forms of notice to be provided to the Settlement Class in accordance with this Agreement:

2

- "Summary Notice" as follows:

  o "Group 1 Email Notice" means the Summary Notice of Class Action Settlement to be emailed to the Settlement Class in Group 1 in connection with the Settlement, in the form attached hereto as Exhibit 1a, and as set forth in Section 3.4.3 below.

  o "Groups 2 and 3 Email Notice" means the Summary Notice of Class Action Settlement to be emailed to the Settlement Class in Groups 2 and 3 in connection with the Settlement, in the form attached hereto as Exhibit 1b, and as set forth in Section 3.4.3 below.

  o "Group 4 Email Notice" means the Summary Notice of Class Action Settlement to be emailed to the Settlement Class for whom Apple's records do not reflect a Qualifying Keyboard Repair (as defined in Section 3.2.1 below) in connection with the Settlement, in the form attached hereto as Exhibit 1c, and as set forth in Section 3.4.3 below.

  o "Group 1 Postcard Notice" means the Summary Notice of Class Action Settlement to be mailed to the Settlement Class in Group 1 in connection with the Settlement, in the form of the postcard attached hereto as Exhibit 2a, and as set forth in Section 3.4.3 below.

  o "Groups 2 and 3 Postcard Notice" means the Summary Notice of Class Action Settlement to be mailed to the Settlement Class in Groups 2 and 3 in connection with the Settlement, in the form of the postcard attached hereto as Exhibit 2b, and as set forth in Section 3.4.3 below.

  o "Group 4 Postcard Notice" means the Summary Notice of Class Action Settlement to be mailed to the Settlement Class for whom Apple's records do not reflect a Qualifying Keyboard Repair (as defined in Section 3.2 below) in connection with the Settlement, in the form of the postcard attached hereto as Exhibit 2c, and as set forth in Section 3.4.3 below.

- "Long-Form Notice" means the Notice of Class Action Settlement attached hereto as Exhibit 3, which will be available to the Settlement Class on the Settlement Website or from the Settlement Administrator.

T.   "Notice Date" means the date set forth in the Preliminary Approval Order by which the Settlement Administrator will begin transmission of the Summary Notice (the Settlement Administrator shall thereafter carry out and complete the Notice Plan as soon as practicable). Remailing of any Notices shall not change the Notice Date.

U.   "Notice Plan" means the plan for disseminating notice of the Settlement to the Settlement Class, described in Section 7.3 of this Agreement.

V.   "Objection" means the written notice that a Settlement Class Member may submit to the Court in order to object to the Settlement.

W.   "Objection and Exclusion Deadline" means the date by which Settlement Class members must submit an Objection to this Agreement to the Court or an Opt-Out Form to the Settlement Administrator.

X.  "Objector" means a person or entity who submits an Objection.

Y.  "Plan of Allocation" means the plan for allocating the Net Settlement Fund as described in Section 3 of this Agreement.

Z.  "Preliminary Approval" means the date of entry of the Preliminary Approval Order.

AA.  "Preliminary Approval Order" means the Court's order preliminarily approving the settlement and providing for notice to the Settlement Class, substantially in the form of Exhibit 5 hereto.

BB.  "Request for Exclusion" means a written request submitted by a member of the Settlement Class to the Settlement Administrator to be excluded from the Settlement Class and containing their name, address, email address and, if available, the serial number of their Class Computer.

CC.  "Released Claims" means all claims, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising out of the facts underlying the Action and the *Huey* Action, against Apple, its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers and assigns of each of the foregoing).

DD.  "Released Persons" means Apple, its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers and assigns of each of the foregoing).

EE.  "Releasing Persons" means Plaintiffs and all Settlement Class Members, including any and all of their respective heirs, executors, administrators, representatives, agents, partners, successors, or assigns.

FF.  "Reserve Period" means the period ending two years after Preliminary Approval.

GG.  "Service Award" means the award sought by each Class Representative—and subsequently approved by the Court—in consideration for their service during the course of the Action.

HH.  "Settlement" or "Settlement Agreement" means this agreement and the settlement and release described herein.

II.  "Settlement Administrator" means JND Legal Administration, an independent settlement administrator.

JJ.  "Settlement Class" means all persons and entities in the United States who purchased, other than for resale, one or more Class Computers, excluding Defendant Apple Inc. ("Apple"), its parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Apple has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members

KK.  "Settlement Class Members" means all members of the Settlement Class, other than those persons or entities who validly request exclusion from the Settlement Class as set forth in this Agreement.

LL.  "Settlement Fund" means a non-reversionary cash fund of fifty million dollars

($50,000,000.00) described in Section 2 of this Agreement to be distributed in accordance with the terms of this Settlement Agreement.

MM.   "Settlement Website" means a publicly accessible website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of and information about the proposed Settlement as well as submission of Applications for Inclusion in the Class and address verification.

## RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, in May and June 2018, various plaintiffs filed lawsuits against Apple in the U.S. District Court for the Northern District of California, individually and on behalf of a proposed nationwide class of purchasers, asserting claims relating to an alleged defect in Apple's MacBook computers equipped with butterfly keyboards; and the Court subsequently consolidated these actions and appointed Class Counsel as Interim Class Counsel.

WHEREAS, on July 2, 2020, as permitted by the Court, Plaintiffs filed a Second Amended Consolidated Class Action Complaint, which Apple answered on June 2, 2021.

WHEREAS, on March 8, 2021, the Court granted Plaintiffs' Motion for Class Certification; certified a plaintiff class consisting of end-purchasers of Class Computers in California, New York, Florida, Illinois, New Jersey, Washington, and Michigan; appointed Plaintiffs to represent the class and its constituent state subclasses; and appointed Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Class Counsel.

WHEREAS, the Parties have investigated the facts and analyzed the relevant legal issues regarding the claims and defenses asserted in this Action, including through significant motion practice and extensive fact and expert discovery. The Parties also conducted two mediations with the Hon. Jay C. Gandhi (Ret.) in June and August 2020 and a mediation with the Hon. Edward A. Infante (Ret.) in February 2022.

WHEREAS, Class Counsel and the Class Representatives believe that the claims asserted in the Action have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class Members.

WHEREAS, Apple denies all of the allegations made in the lawsuit, denies that any MacBooks are defective, and denies that Apple did anything improper or unlawful.  Apple asserts numerous defenses to the claims in this case.  The proposed settlement to resolve this case is not an admission of guilt or wrongdoing of any kind by Apple.

WHEREAS, the Parties desire to settle the Action in its entirety as to the Plaintiffs, the Settlement Class Members, and Apple with respect to all claims arising out of the facts underlying the Action. The Parties intend this Agreement to bind Plaintiffs (both as the Class Representatives and individually), Apple, Class Counsel, and Settlement Class Members.

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject to approval by the Court, as follows:

1.      **CONFIDENTIALITY**

1.1     The Parties, Class Counsel, and Apple Counsel agree that until publication of this Settlement Agreement by submission to the Court, the terms of this Settlement Agreement and all associated documents and communications, including the negotiations leading to the execution of the Settlement Agreement and all submissions and arguments related to the mediation proceedings, shall not be disclosed by the Parties, Class Counsel, and Apple Counsel other than as necessary to finalize the Settlement and Notice Plan. Upon publication of the Settlement Agreement by submission to the Court, the nondisclosure obligations set forth in this paragraph will no longer apply to the as-filed Settlement Agreement or the terms thereof, but such obligations will continue to apply to all other materials and information covered by this paragraph, including but not limited to any negotiations leading to the execution of this Settlement Agreement.

1.2     Other than to a court in any case filing, the Parties, Class Counsel, and Apple Counsel agree not to initiate publicity regarding the settlement or submit information about the settlement to Jury Verdicts. Notwithstanding the foregoing, Class Counsel may list the Action on their law firm websites and publicity materials as a representative case along with a neutral and factual description of the subject matter of the Action, including the amount of the settlement. Any comments made by Class Counsel concerning the settlement or the Action, including in response to inquiries from the press, shall be in neutral terms to communicate that the Action has been resolved between the Parties and shall not contain inflammatory language about the Parties or their perceived conduct in the Action.

1.3     The Parties will continue to comply with the Stipulated Protective Order in this Action, ECF No. 84, including with respect to the requirements of Paragraph 15 thereof, which govern the return or destruction of any material produced, submitted, or filed under seal under the Protective Order.

1.4     If, through the actions of any of the Parties or their counsel, this Settlement Agreement and the proposed Settlement become public before the Motion for Preliminary Approval is filed with the Court, the responsible Party or counsel shall pay liquidated damages of Twenty-Five Thousand U.S. Dollars ($25,000.00) to the non-responsible Party.

2.      **SETTLEMENT FUND**

2.1     Apple's total financial commitment under this Agreement is $50,000,000.00 and in no event shall Apple's total monetary obligation with respect to this Agreement exceed or be less than that amount.  Apple will make no further payments in connection with this Agreement.

2.2     Within 30 days after Preliminary Approval, Apple shall pay the Settlement Fund into the Escrow Account according to instructions to be furnished by the Escrow Agent. If Final Approval is not granted for any reason, the balance of the Escrow Account (after payment of costs associated with notice and administration related to the preliminary and final approval process), plus any interest earned on the Escrow Account, will be returned to Apple within 10 days.

2.3     The Settlement Fund will be applied to Class Payments, notice and administration expenses, attorneys' fees and expenses of Class Counsel, and Service Awards for the Class Representatives. The Settlement Administrator will open the Escrow Account and will thereafter manage distribution of the Settlement Fund.

2.4     Any taxes owed by the Settlement Fund will be paid by the Settlement Administrator out of

the Settlement Fund, and interest earned on the balance of the account will accrue to the Settlement Fund.

2.5    **Disposition of the Settlement Fund.** The Settlement Fund shall be applied as follows, in accordance with the terms and conditions set forth elsewhere in this Agreement:

      2.61    To pay the costs of notice and the costs of administering the Settlement;

      2.62    To pay any Attorneys' Fee and Expense Payment to Class Counsel, and any Service Awards to the Class Representatives, that may be approved by the Court; and

      2.63    To distribute the Net Settlement Fund to Settlement Class Members in accordance with the Plan of Allocation.

2.6    **No reversion.** Subject to 2.2 above, no portion of the Settlement Fund or Net Settlement Fund will revert to Apple.

## 3.    ALLOCATION OF THE NET SETTLEMENT FUND

3.1    **General provisions.** The Net Settlement Fund will be distributed according to the following plan, subject to approval by the Court.

      3.1.1    Apple's Keyboard Service Program provides four years of protection and remains available for any Class Member whose Class Computer keyboard may experience future issues within four years of purchase.

      3.1.2    This Plan of Allocation is subject to modification without further notice to Class Members provided any such modification is approved by the Court.

      3.1.3    Settlement Class Members can receive compensation only once per Class Computer; but any Class Member may make additional claims in the event they purchased multiple Class Computers that qualify for payment.

      3.1.4    Class Payments will be made in two stages—the first payment to occur within a reasonable time after the Effective Date, and the second within a reasonable time after the Reserve Period has elapsed.

      3.1.5    With respect to claims administration, the Settlement Administrator's responsibilities will include, without limitation, receiving and processing requests for Claim Forms; setting up and maintaining the Settlement Website where Settlement Class Members can download and submit Claim Forms; establishing, in consultation with Apple and Class Counsel, appropriate claim auditing and verification protocols and procedures, including reasonable fraud control measures; fielding inquiries about claim procedures; receiving and processing Settlement Class Member claims; determining the eligibility of claims for payment, subject to Class Counsel and Apple's right to contest such determinations; distributing Class Payments; and any other tasks reasonably necessary to administer the claim process.

3.2    **Qualifying Keyboard Repair.** members of the Settlement Class who went to Apple or an Authorized Service Provider for a Qualifying Keyboard Repair within four years after the date they purchased their Class Computer are eligible for a Class Payment from the Net Settlement Fund.

3.2.1    A Qualifying Keyboard Repair is a Topcase Replacement or a Keycap Replacement. "Topcase Replacement" refers to the replacement of the full keyboard module (including the battery, track pad, speakers, top case, and keyboard), performed by Apple or an Apple Authorized Service Provider. "Keycap Replacement" refers to the replacement of one or more keycaps on a keyboard, performed by Apple or an Apple Authorized Service Provider, and does not involve replacement of the full keyboard module.

3.2.2    Apple has records of members of the Settlement Class who received a Topcase Replacement or Keycap Replacement and will provide those records to the Settlement Administrator.

3.2.3    Settlement Class Members who received at least two Topcase Replacements, within four years after purchase and prior to two years after Preliminary Approval, will be paid a share of the Net Settlement Fund without the need to submit a claim.

3.2.4    Settlement Class Members who obtained one or more Qualifying Keyboard Repairs, within four years after purchase, are eligible to submit a claim during the Claim Period to be paid a share of the Net Settlement Fund.

3.3    **The Claim Form.**

3.3.1    For Settlement Class Members who did not receive two or more Topcase Replacements, there will be one Claim Form, and each Class Computer purchased may be the subject of only one claim.

3.3.2    Where reasonably practicable, Claim Forms for Settlement Class Members in Groups 2 or 3 for whom Apple has records of repair will be pre-populated with Settlement Class Member contact and repair information.

3.3.3    The Claim Form will call for each Claimant to confirm or update their current contact information.

3.3.4    The Claim Form will require that the Claimant confirm the following under oath:

3.3.4.1    The Claimant purchased a Class Computer in the United States;

3.3.4.2    The Claimant did not purchase the Class Computer for resale;

3.3.4.3    The Claimant obtained a Qualifying Keyboard Repair; and

3.3.4.4    The Qualifying Keyboard Repair did not resolve the Claimant's keyboard issues.

3.3.5    Settlement Class Members who receive a link to a Claim Form with pre-populated answers to questions 3.3.4.1 or 3.3.4.3 need not submit documentation in support of any pre-populated answer but must also affirm under oath that any pre-populated information in the Claim Form is true and correct. All other Claimants must submit information to support their affirmations in 3.3.4.1 and 3.3.4.3. The Claim Form shall reflect the information and/or documentation necessary to validate claims for those Claimants whose purchases and/or repairs are not documented in Apple's records.

3.3.6    For each claim accompanied by documentation, the Settlement Administrator will

determine whether the attestation and documentation submitted conforms with the requirements agreed to pursuant to 3.3.5.

3.4     **Determination and processing of Class Payments.**

    3.4.1   The Settlement Administrator will review all claims to determine their validity, eligibility, and appropriate classification under this Section. The Settlement Administrator will reject any claim that does not materially comply with the instructions on the Claim Form; is not submitted by a Settlement Class Member; or is duplicative or fraudulent. To the extent any Claim Form contains curable deficiencies, the Settlement Administrator shall inform the claimant of the deficiency via email, or if no email address is available by USPS mail, and provide 30 days to cure.

    3.4.2   Upon completion of the Claim Period, the Settlement Administrator will provide Apple Counsel and Class Counsel a spreadsheet detailing the Claims that were submitted, the Settlement Administrator's determination of validity, eligibility, and classification for each Claim, and the reasoning for any rejected Claims.  Personally identifiable information will not be included in this spreadsheet.  Apple Counsel and Class Counsel shall have 21 days after receiving this information to contest the Settlement Administrator's determination with respect to any of the submitted Claims. Apple Counsel and Class Counsel shall meet and confer in good faith within ten (10) days of any contestation to reach resolution of any such disputed Claim(s).  If Class Counsel and Apple Counsel cannot agree on a resolution of any such disputed Claim(s), the disputed Claim(s) shall be presented to the Court for summary and non-appealable resolution.

    3.4.3   Eligible Settlement Class Members will be sorted into one of three claim groups:

        3.4.3.1   **Group 1:** Settlement Class Members who, within four years after purchase, obtained two or more Topcase Replacements from Apple or an Authorized Service Provider based on Apple's records. Group 1 Claimants will be paid using Apple's records without the need to submit a claim. The total payment to a Group 1 Claimant will not exceed $395 per Class Computer.

        3.4.3.2   **Group 2:** Settlement Class Members who, within four years after purchase, obtained one Topcase Replacement from Apple or an Authorized Service Provider, and who attest on the Claim Form that the repair did not resolve their keyboard issues. The total payment to a Group 2 Claimant will not exceed $125 per Class Computer. Class Members in Group 2 who do not receive a pre-populated Claim Form must submit additional information and/or documentation consistent with 3.3.5 above.

        3.4.3.3   **Group 3:** Settlement Class Members who, within four years after purchase, obtained one or more Keycap Replacements (but not any Topcase Replacements) from Apple or an Authorized Service Provider, and who attest on the Claim Form that the repair did not resolve their keyboard issues. The total payment to a Group 3 Claimant will not exceed $50 per Class Computer. Class Members in Group 3 who do not receive a pre-populated Claim Form must submit additional information and/or documentation consistent with 3.3.5 above.

    3.4.4   Upon completion of the Claim Period, the Settlement Administrator will calculate and

deduct from the Net Settlement Fund an amount sufficient to make Class Payments of $300 to each Settlement Class Member identified in Apple's records as a Group 1 Claimant. Additionally, a reserve amount sufficient to make Class Payments of $300 to each of Settlement Class Members projected to become a Group 1 Claimant within the Reserve Period will be calculated and deducted from the Net Settlement Fund. The amount of this reserve will be determined by the Parties in consultation with the Settlement Administrator based on Apple's records and projections to be provided by Apple under oath. At the completion of the Claim Period, Apple will provide updated projections of future Group 1 Claimants anticipated under the Settlement.

3.4.5   After completion of the deductions set forth in 3.4.3, the amount remaining in the Net Settlement Fund (the "Group 2-3 NSF") will be divided among eligible Group 2 and Group 3 Claimants to determine the Class Payment to each such Claimant using the following formulae:

> 3.4.5.1   The Settlement Administrator will calculate a Group 2 Payment Ratio using the following formula: (Total Group 2 Claims x $125) ÷ [(Total Group 2 Claims x $125) + (Total Group 3 Claims x $50)].

> 3.4.5.2   The Settlement Administrator will calculate a Group 3 Payment Ratio using the following formula: (Total Group 3 Claims x $50) ÷ [(Total Group 2 Claims x $125) + (Total Group 3 Claims x $50)].

> 3.4.5.3   The Settlement Administrator will calculate payments to Group 2 Claimants using the following formula: (Group 2-3 NSF x Group 2 Payment Ratio) ÷ Total Group 2 Claims.

> 3.4.5.4   The Settlement Administrator will calculate payments to Group 3 Claimants using the following formula: (Group 2-3 NSF x Group 3 Payment Ratio) ÷ Total Group 3 Claims.

> 3.4.5.5   If a Group 3 payment would exceed the $50 cap, any excess will be redistributed to Group 2 Claimants up to the $125 cap. If a Group 2 payment would exceed the $125 cap, any such excess will be redistributed to Group 1 Claimants up to the $395 cap, including through proportional increase of the amount to be paid to Settlement Class Members who become Group 1 Claimants within the Reserve Period (and resulting increase of the reserve fund described in 3.4.4).

> 3.4.5.6   To the extent the total Group 1 payments at $300 together with valid Group 2 and 3 Claims would exceed the Net Settlement Fund, the payments to all eligible Settlement Class Members shall be reduced *pro rata*.

3.4.6   The Settlement Administrator shall provide its calculations performed under 3.4.3 and 3.4.4 above to Class Counsel and Apple for review.  Class Counsel and Apple Counsel shall meet and confer within ten days to resolve any issues regarding the calculations. Then, Class Counsel will submit to the Court a proposed Order directing payment to eligible Claimants, as well as providing that payments to Settlement Class Members who become Group 1 Claimants within the Reserve Period may be reduced if the actual number of such Claimants exceeds Apple's projections (the "Class Payment Order").

3.4.7   After entry of the Class Payment Order, and upon the Effective Date, the Settlement

Administrator will set aside the amount reserved for future Group 1 Claimants and make Class Payments to all other eligible Claimants in Group 1, Group 2 and Group 3 according to the above.  Class Payments shall be made by check. The Settlement Administrator will distribute the Class Payments in accordance with the Plan of Allocation. The Settlement Administrator will advise Claimants that the Class Payment check must be cashed or redeemed within 90 days or become void, and will also send at least one check-cashing reminder.

3.5     **Claims arising after the Claim Period and Distribution of Residual Funds.**

3.5.1   Settlement Class Members who, within two years after Preliminary Approval, qualify as being within Group 1 based on Apple's records showing that they had two or more Topcase Replacements from Apple or an Authorized Service Provider within four years after purchase, and who, in the first round of Settlement payments, were either (a) not paid or (b) paid as a Group 2 Claimant, will be paid up to the Group 1 amount in the second round, subject to a *pro rata* increase under 3.5.3 below or a *pro rata* reduction if the total payments to such Claimants would exhaust the reserve fund.

3.5.2   If checks attributable to Settlement Class Members remain uncashed for 90 days after the Class Payment is distributed, those funds shall remain in the Net Settlement Fund.

3.5.3   If sufficient funds remain in the Net Settlement Fund, the Settlement Administrator will make a payment of up to $395 to Group 1 Claimants who received a second Topcase Replacement after the expiration of the Claim Period, and a supplemental payment to Group 1 Claimants who received two or more Topcase Replacements before the expiration of the Claims Period, such that all Group 1 Claimants receive up to $395 in total distributions from the Net Settlement Fund.  If, after any such payments, there are remaining funds in the Net Settlement Fund, supplemental payments shall be made to Group 2 Claimants up to $125 and Group 3 Claimants up to $50.  If making a supplemental distribution to Settlement Class Members is not practicable, or if, after all such supplemental payments are made, there are remaining funds in the Net Settlement Fund, Class Counsel and Apple shall meet and confer to discuss a proposal to present to the Court regarding distribution of remaining funds, including a *cy pres* distribution.

3.5.4   Within sixty (60) days of the deadline to submit claims, Class Counsel and Apple shall meet and confer regarding the status of any late claims.

4.      **OBTAINING COURT APPROVAL OF THE AGREEMENT**

4.1     **Preliminary Approval.** Class Counsel will draft the motion requesting issuance of the Preliminary Approval Order and will provide that draft to Apple Counsel of record in the Action.  The motion shall be written in a neutral manner that does not contain inflammatory language about the Parties or their perceived conduct in the Action.  The motion will request that the Court modify its class certification order to certify the Settlement Class. Apple will not oppose the motion. Apple may, however, provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.

4.2     Upon filing of the motion requesting issuance of the Preliminary Approval Order, Apple will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

4.3     **Final Approval and Judgment.** In accordance with the schedule set in the Preliminary

Approval Order, Class Counsel will draft the motion requesting final approval of the Settlement and entry of the Final Approval Order and Judgment, and will provide those drafts to Apple Counsel at least seven (7) days prior to the filing of the motion. The motion shall be written in a neutral manner that does not contain inflammatory language about the Parties or their perceived conduct in the Action.  Apple may provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback. The Final Approval Order and Judgment will contain a provision stating that the Settlement Administrator and the Parties and their counsel will have no liability to any person in connection with the Action or Settlement, or determinations and distributions made substantially in accordance with the terms of the Settlement, including payments made to Class Members who become Group 1 Claimants during the Reserve Period.

4.4 ***Huey* Action.** Plaintiff Ashton Huey's separate action—entitled *Huey v. Apple Inc.*, Case No. 2018 CA 004200 B, pending in the Superior Court of the District of Columbia—will be dismissed with prejudice via a stipulation of Plaintiff Huey and Apple to be filed in that court no later than seven days after the Effective Date. Prior to that, and within three days after the filing of Plaintiffs' Motion for Preliminary Approval, Plaintiff Huey and Apple will jointly advise that court of the Settlement and request a stay of the proceedings in that action.

4.5 In the event that the Settlement Agreement is not approved or that its approval is conditioned on any material modifications that are not acceptable to Apple, then (a) this Settlement Agreement shall be null and void and of no force and effect; (b) the Net Settlement Fund and any and all interest earned thereon, less monies expended toward settlement administration, will be returned to Apple within 10 days after the date the Settlement Agreement becomes null and void; and (c) any release shall be of no force or effect. In such event, unless the Parties can negotiate a modified settlement agreement, the Action will revert to the status that existed before the Settlement Agreement's execution date; the Parties will each be returned to their respective procedural postures in the litigation, and neither the Settlement Agreement nor any facts concerning its negotiation, discussion or terms will be admissible in evidence for any purpose in the Action (or in any other litigation).

## 5. OBJECTIONS

5.1 Any Settlement Class Member who has not submitted a timely written Request for Exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the requested Attorneys' Fee and Expense Award or Service Awards, must comply with the following requirements.

5.2 **Procedural requirements.** Any Objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court. If a Settlement Class Member does not submit a timely written Objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

5.3 **Deadline.** Objections must be submitted by the Objection and Exclusion Deadline—which is 95 days after entry of the preliminary approval order.

   5.3.1 If submitted through ECF, Objections must be submitted on the Objection and Exclusion Deadline by 11:59 p.m. Pacific Time.

   5.3.2 If submitted by U.S. mail or another delivery service, Objections must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an Objection and/or intention to appear has been

timely submitted. In the event a postmark is illegible or unavailable, the date of mailing will be deemed to be three days prior to the date that the Court posts the Objection on the electronic case docket.

5.4    **Responses to objections.** The Parties may file responses to any timely written objections no later than 120 days after entry of the preliminary approval order.

5.5    **Mandatory content.** All Objections must be in writing and must:

    5.4.1    Include the full name, address, telephone number, and email address of the Objector and any counsel representing the Objector;

    5.4.2    Clearly identify the case name and number: *In re MacBook Keyboard Litigation*, 5:18-cv-02813-EJD;

    5.4.3    Include information sufficient to verify that the Objector is a Class Member;

    5.4.4    Include a detailed statement of the grounds and evidence upon which the Objection is based;

    5.4.5    State whether the Objection applies only to the Objector, to a specific subset of the class, or to the entire class; and

    5.4.6    Include a list of all cases in which the Objector or his or her counsel has filed an objection within the past five years.

5.5    Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

5.6    Any Objector who timely submits an Objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the Objector's counsel. Any Objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the Objector's Objection. If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objector's attorneys' fees and costs. Counsel for any Objector seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than 14 days before that hearing.

**6.    EXCLUSIONS**

6.1    **Requests for Exclusion.** The Notice will advise all members of the Settlement Class of their right to exclude themselves from the Settlement. This Settlement Agreement will not bind Class Members who exclude themselves from the Settlement.

6.2    **Requesting process.** To request to be excluded from the Settlement, members of the Settlement Class must timely submit a written Request for Exclusion. The Request for Exclusion may be sent either through a portal on the Settlement Website or by U.S. mail to the Settlement Administrator, which will be responsible for receiving and processing Requests for Exclusion.

6.3    **Deadline.** To be excluded from the Settlement, the completed Exclusion Form must be postmarked or submitted through the portal by the Objection and Exclusion Deadline, which

is 95 days after entry of the preliminary approval order.

6.4     **Effect of exclusion.** Any person or entity who is a member of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

6.5     **Exclusion list.** No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Apple Counsel with the number of persons and entities who have timely and validly excluded themselves from the Settlement. If the number of Class Members who elect to exclude themselves from the Settlement Class exceeds the threshold agreed to by the Parties and confidentially submitted to the Court with the Preliminary Approval Motion, Apple, in its sole discretion, may elect to reject this Settlement, in which case the entire Settlement Agreement shall be null and void. Alternatively, Apple may elect to waive this condition and proceed with the Settlement. Any such waiver by Apple must be unambiguous and in writing.

## 7.     NOTICE AND SETTLEMENT ADMINISTRATION

7.1     Apple will provide to the Settlement Administrator (but not to Class Counsel) the names, addresses, and email addresses for all members of the Settlement Class for whom it has records. Apple will also provide to the Settlement Administrator its records of members of the Settlement Class who received a Qualifying Keyboard Repair.

7.2     The Settlement Administrator will administer the notice described herein and in accordance with the Preliminary Approval Order. The Settlement Administrator will keep identities and contact information of members of the Settlement Class confidential, using them only for purposes of administrating this Settlement.

7.3     **Notice Plan.** The Parties agree upon and will seek Court approval of the following forms and methods of notice to the members of the Settlement Class:

   7.3.1     **Settlement Website.** The Settlement Administrator will establish and maintain a Settlement Website with a mutually acceptable domain name. The Settlement Website will be optimized for viewing on both mobile devices and personal computers. The Settlement Website will include, without limitation, the Notice, this Agreement, the operative Second Amended Consolidated Complaint and Apple's Answer thereto, the Preliminary Approval Order as entered, Plaintiffs' Motion for Attorneys' Fees and Costs, Plaintiffs' Motion for Final Approval of Class Action Settlement, a set of frequently asked questions, and information on how to object or request exclusion, as well as contact information for Class Counsel and the Settlement Administrator. The Settlement Website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form.

   7.3.2     **Toll-Free Number.** The Settlement Administrator will establish a toll-free telephone number (the "Toll-Free Number") where members of the Settlement Class can obtain assistance in filing a Claim and receive instructions for accessing settlement information, the Claim Form, and case documents.

   7.3.3     **Notice via email.** The Settlement Administrator will email each member of the Settlement Class for whom Apple has an email address a copy of the Group 1 Email Notice, Group 2 and 3 Email Notice, or Group 4 Email Notice, as applicable.

7.3.4 **Additional postcard notice.** For members of the Settlement Class (a) who do not have valid email addresses in Apple's records, and (b) as to whom the emailed Notice is returned as undeliverable, the Settlement Administrator will mail to each such Class Member, for whom a mailing address can be located, either the Group 1 Postcard Notice, Group 2 and 3 Postcard Notice, or Group 4 Postcard Notice as applicable. All postcard Notices returned by the U.S. Postal Service with a forwarding address will be re-mailed to that address.

7.4 Based on information provided by the parties to date, The Settlement Administrator has agreed to perform all settlement notice and administration duties required by the Settlement Agreement at a cost not expected to exceed $1,400,000. The Settlement Administrator will withdraw from the Settlement Fund funds sufficient to cover all costs and expenses related to the settlement notice and administration functions to be performed by the Settlement Administrator, including the claims administration process. Under no circumstances will Apple be responsible for any costs of settlement administration in excess of its contribution to the Settlement Fund.

## 8. CLASS COUNSEL FEES AND EXPENSES, AND SERVICE AWARDS

8.1 Any award of Attorneys' Fees and Expenses shall be decided by the Court and payable from the Settlement Consideration. Class Counsel will seek, on behalf of all Plaintiffs' Counsel, Attorneys' Fees and Expenses for the benefit of all Named Plaintiffs and all other Settlement Class Members. It is the Parties' understanding that no other counsel will be entitled to an independent award of attorneys' fees or expenses.

8.2 The Parties have reached no agreement on the amount of Attorneys' Fees and Expenses that Class Counsel will seek. While recognizing that the Settlement entitles Class Counsel to apply for reasonable fees and expenses, Apple reserves the right to object to or oppose Class Counsel's requests for Attorneys' Fees and Expenses or for Service Awards. Settlement Class Members shall also have at least thirty-five (35) days to object to and oppose Class Counsel's request for Attorneys' Fees and Expenses by filing with the Court and serving on Class Counsel and Apple Counsel any objections relating to Class Counsel's Motion for Attorneys' Fees and Expenses.

8.3 The Settlement Administrator will pay Class Counsel 50% of any Court-approved Attorneys' Fees and Expenses award within 14 days after the Court's entry of the Final Approval Order and Judgment, notwithstanding any Objections, appeals, or other challenge to the Settlement, the Fee, Cost, and Expense Award, or the Service Awards, provided that Class Counsel execute an undertaking reasonably satisfactory to Apple. The balance of any approved Fee, Cost, and Expense Award, and any approved Service Awards, will be paid from the Escrow Account no later than seven days after the Effective Date, using payment instructions to be furnished to the Escrow Agent by Class Counsel.

8.4 Procedures connected with the application by Class Counsel for a Fee and Expense Award form no part of this Settlement Agreement, and the application will be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of this Settlement Agreement. Any order or proceeding relating to the application for a Fee and Expense Award, the pendency of the application, or any appeal from any such order, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality effected by entry of the Final Approval Order and Judgment.

8.5     Class Counsel will allocate the Fee and Expense Award among Plaintiffs' counsel in a manner which reflects their respective contributions to the prosecution and resolution of the Action. In no event shall Apple have any liability to any Plaintiffs' counsel regarding the allocation of the Fee and Expense Award.

8.6     Class Counsel may apply for a Service Award of no more than $5,000 per Class Representative. The Service Award is not a measure of damages, but instead solely an award for the Class Representatives' services, time and effort on behalf of the Settlement Class Members. For tax purposes, the Service Award will be treated as 100% non-wage claim payment. Class Counsel will provide a Form W-9 for each Plaintiff receiving a Service Award, and the Settlement Administrator will issue an IRS Form Misc.–1099 for the Service Award payment to the Plaintiff.

8.7     Any order or proceeding relating to the application for a Service Award, the pendency of the application, or any appeal from any such order, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality effected by entry of the Final Approval Order and Judgment. The Class Representatives' approval of this Settlement Agreement is not contingent on Class Counsel making an application for a Service Award, or the Court approving any application for a Service Award.

## 9.     DENIAL OF LIABILITY; PROHIBITION OF USE

9.1     Apple has indicated its intent to vigorously contest each and every claim in the Action and continues to vigorously deny all of the material allegations in the Action. Apple enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Apple further denies the truth of any of the claims asserted in the Action, including any allegations that Plaintiffs or any member of the Class has been harmed by any conduct by Apple, whether as alleged in the Action or otherwise. Apple nonetheless has concluded that it is in its best interests that the Action and the *Huey* Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend this litigation and the benefits of disposing of protracted and complex litigation.

9.2     To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Apple, or to establish the truth of any of the claims or allegations alleged in the Action.

9.3     Neither the Agreement nor anything that the Parties said or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any Party's fault, liability, or wrongdoing of any kind; nor as an admission of any lack of merit of the causes of action asserted in the Action or the *Huey* Action.

9.4     To the extent permitted by law, the Agreement may be pleaded or invoked as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted for the Released Claims.

## 10.    RELEASES AND WARRANTIES

10.1    As of the Effective Date, all Settlement Class Members and each of their successors, assigns, heirs, and personal representatives, in consideration of the obligations set forth in this Agreement, shall finally and irrevocably release and forever discharge with prejudice, and covenant not to sue, and are permanently enjoined from suing, Apple, its past or present

parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers and assigns of each of the foregoing) from all claims, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising out of the facts underlying the Action and the *Huey* Action (the "Released Claims").

10.2    Each Settlement Class Member expressly agrees that, upon the Effective Date, he, she, or it waives and forever releases any and all provisions, rights and benefits with respect to the Released Claims conferred by Section 1542 of the California Civil Code and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10.3    The amount of the Class Payment pursuant to this Agreement will be deemed final and conclusive against all Settlement Class Members, who will be bound by all of the terms of this Agreement and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein.

10.4    All proceedings with respect to Settlement administration and Class Payments to Settlement Class Members and determination of any controversies relating thereto, including disputed questions regarding the amount of such Class Payment, will not in any event delay or affect the finality of the judgment entered with the Final Approval Order and Judgment.

10.5    No person will have any claim of any kind against the Parties or their counsel or the Settlement Administrator with respect to the Settlement and the matters set forth herein, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order and Judgment, or further order(s) of the Court.

## 11.    MISCELLANEOUS

11.1    **Extensions of time.** All time periods and dates described in this Settlement Agreement are subject to the Court's Approval. Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement. The time periods and dates provided for herein or in the Preliminary Approval Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Class Members; provided, however, that any such changes in the schedule of Settlement proceedings will be posted on the Settlement Website.

11.2    **Integration.** This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

11.3    **Governing law.** This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

17

11.4   **Gender and plurals.** As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

11.5   **Representative capacity.** Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

11.6   **Headings and counterparts.** The headings or captions in this agreement will not be deemed to have any effect and are provided for convenience only. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

11.7   **Cooperation of Parties.** The Parties to this Agreement and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

11.8   **Voluntary execution.** This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel. The Settlement Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

**11.9**   **Notices.**

11.9.1   All Notices to Class Counsel provided for herein shall be sent by email to Class Counsel, identified in Definition I above, whose contact information is provided in the Notice.

11.9.2   All Notices to Apple provided for herein shall be sent by email to Claudia Vetesi, Morrison & Foerster LLP, cvetesi@mofo.com.

11.9.3   The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

11.10   **Modification or amendment.** Exception as otherwise provided herein, this Agreement may be amended or modified only by a written instrument signed by the Parties' counsel.

11.11   **Continuing jurisdiction**. Any and all disputes arising from or related to the Settlement or this Agreement must be brought by Parties, Class Counsel, Apple Counsel and/or each member of the Settlement Class, exclusively in this Court. The Parties, Class Counsel, Apple Counsel and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement or this Agreement.

*[Signatures on next page]*

**GIRARD SHARP LLP**

By: _____

Simon S. Grille
601 California Street
Suite 1400
San Francisco, CA 94108

**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**

By: _____

Steven A. Schwartz
361 West Lancaster Ave
One Haverford Centre
Haverford, PA 19041

*Co-Lead Counsel for Plaintiffs and the Class*

**MORRISON FOERSTER**

By: _____

Claudia Vetesi
425 Market Street
San Francisco, CA 94105

*Counsel for Defendant Apple Inc.*

**APPLE INC.**

By: _____

Katherine Adams
Senior Vice President and General Counsel

EXHIBIT 1a

CONFIDENTIAL ATTORNEY WORK PRODUCT

**To:**     [Class Member Email Address]
**From:** info@xxxx.com
**Subject: MacBook Butterfly Keyboard Class Action Settlement**

## Apple's records indicate that you are eligible for payment from a class action settlement without the need to make a claim

A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that the "butterfly" keyboard mechanism in certain MacBook laptops is defective, and can result in characters repeating unexpectedly; letters or characters not appearing; and/or the keys feeling "sticky" or not responding in a consistent manner.

Apple denies all of the allegations made in the lawsuit, denies that any MacBooks are defective, and denies that Apple did anything improper or unlawful.  The proposed Settlement is not an admission of guilt or wrongdoing of any kind by Apple.  The United States District Court for the Northern District of California approved this notice.

o   **Why am I receiving this notice?**

Apple's records indicate that you are a member of the Settlement Class and entitled to receive a payment because you: (1) purchased in the United States, other than for resale, an Apple MacBook, MacBook Pro or MacBook Air laptop model equipped with a "Butterfly" keyboard between 2015 and 2019; and (2) obtained at least two Topcase Replacements from Apple or an Authorized Service Provider.  Under the terms of the Settlement, you will receive a payment if the Court approves the Settlement and it becomes final.

Your payment will be made via check and will be delivered to [XXXXXXXXXXXX]. To confirm your address or if would like to have your payment sent to another address, please click here or visit www._____.com and **use your Claim Number XXXX or your MacBook Serial number. You do not need to file a claim form to receive payment under the Settlement.**

**For more information and to review the full notice, please visit www._____.com.**

o   **What does the Settlement provide?**

Apple has agreed to pay $50 million into a Settlement Fund. After deducting Court-approved attorneys' fees (up to 30% of the Settlement Fund) and expenses, service awards (up to $5,000 to each of the 12 individual class representatives), and the costs of notice and settlement administration, the net Settlement Fund will be distributed to Settlement Class Members based on the type and number of keyboard repairs they obtained, and other factors.  For more information about how distributions will be made to Settlement Class Members, please visit [insert website].

CONFIDENTIAL ATTORNEY WORK PRODUCT

- **What types of repairs are covered by the Settlement?**

The Settlement covers **Topcase Replacements**, which refers to the replacement of the full keyboard module (including the battery, track pad, speakers, top case, and keyboard), and **Keycap Replacements,** which refers to the replacement of one or more keycaps on a keyboard and does not involve replacement of the full keyboard module.  Either repair must have been performed by Apple or an Apple Authorized Service Provider.  **Group 1** Settlement Class Members received at least two Topcase Replacements.  **Group 2** Settlement Class Members received a single Topcase Replacement that did not resolve their keyboard issues.  **Group 3** Settlement Class Members received one of more Keycap Replacements that did not resolve their keyboard issues.  According to Apple's records, **you are a Group 1 Settlement Class Member.**

- **What are the expected payments?**

The amount of the payments for each Group will vary depending on the number of valid claims received.  As a Group 1 Settlement Class Member, you will receive a payment estimated to be between $300 and $395.  Eligible Group 2 Settlement Class Members are estimated to receive up to $125 and eligible Group 3 Settlement Class Members are estimated to receive up to $50.  We will not know the final amounts that each Group will receive until all claims are evaluated.  Please be patient.

- **Do I have to submit a claim?**

No. As a Group 1 Settlement Class Member, you are eligible to receive a payment without the need to submit a claim.

- **What are my other options?**

You can do nothing, exclude yourself or object.  If you do nothing, you will get a check if the Settlement becomes final, but you will give up the right to sue or continue to sue Apple for any claim regarding the subject matter of the claims in this case.

If you don't want to receive an automatic payment or be legally bound by the Settlement, you must exclude yourself from it by **[date]**.  Unless you exclude yourself, you won't be able to sue or continue to sue Apple for any claim  regarding the subject matter of the claims in this case.  If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the Final Approval Hearing—at your own cost—but you don't have to.  Objections and requests to appear are due by **[date]**.  The Final Approval Hearing will be held on _____, 2022, at _____.m., in Courtroom 4, of the San Jose federal courthouse, located at 280 South 1st Street, San Jose, CA 95113, or via Zoom Webinar.

More information about your options is in the detailed notice available at www.____.com, or you may contact Class Counsel with any questions:

**CONFIDENTIAL ATTORNEY WORK PRODUCT**

- **Simon S. Grille.** Telephone: (415) 981-4800; email: mackeyboard@girardsharp.com
- **Steve Schwartz.** Telephone: (610) 642-8500; email: mackeyboard@chimicles.com

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

To unsubscribe from this list, please click on the following link: Unsubscribe

EXHIBIT 1b

CONFIDENTIAL ATTORNEY WORK PRODUCT

**To:    [Class Member Email Address]**
**From:    info@xxxx.com**
**Subject: MacBook Butterfly Keyboard Class Action Settlement**

### If you bought a MacBook laptop sold between 2015 and 2019 equipped with a "Butterfly" keyboard, you may be eligible for payment from a class action settlement

A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that the "butterfly" keyboard mechanism in certain MacBook laptops is defective, and can result in characters repeating unexpectedly; letters or characters not appearing; and/or the keys feeling "sticky" or not responding in a consistent manner.

Apple denies all of the allegations made in the lawsuit, denies that any MacBooks are defective, and denies that Apple did anything improper or unlawful.  The proposed Settlement is not an admission of guilt or wrongdoing of any kind by Apple.  The United States District Court for the Northern District of California approved this notice.

o   **Why am I receiving this notice?**

Apple's records indicate that you may be a member of the Settlement Class and entitled to receive a payment.  You are a member of the Settlement Class  if you purchased in the United States, other than for resale, an Apple MacBook, MacBook Pro, or MacBook Air laptop model equipped with a "Butterfly" keyboard between 2015 and 2019 (the "Class Computers") (a list of qualifying Class Computer models is available here).  Apple's records reflect that you received a qualifying keyboard repair.  If the repair did not resolve your keyboard issues, you can **submit a claim to be paid from the Settlement. A link to your claim form is available [insert hyperlink]**

**For more information and to review the full notice, please visit www._____.com.**

o   **What does the Settlement provide?**

Apple has agreed to pay $50 million into a Settlement Fund.  After deducting Court-approved attorneys' fees (up to 30% of the Settlement Fund) and expenses, service awards (up to $5,000 to each of the 12 individual class representatives), and the costs of notice and settlement administration, the net Settlement Fund will be distributed to Settlement Class Members based on the type and number of keyboard repairs they obtained, and other factors.  For more information about how distributions will be made to Settlement Class Members, please visit [insert website].

o   **What types of repairs are covered by the Settlement?**

The Settlement covers **Topcase Replacements**, which refers to the replacement of the full keyboard module (including the battery, track pad, speakers, top case, and keyboard), and **Keycap**

CONFIDENTIAL ATTORNEY WORK PRODUCT

**Replacements,** which refers to the replacement of one or more keycaps on a keyboard and does not involve replacement of the full keyboard module.  Either repair must have been performed by Apple or an Apple Authorized Service Provider.  **Group 1** Settlement Class Members received at least two Topcase Replacements. **Group 2** Settlement Class Members received a single Topcase Replacement that did not resolve their keyboard issues.  **Group 3** Settlement Class Members received one or more Keycap Replacements that did not resolve their keyboard issues. According to Apple's records, **you are a Group 2 or 3 Settlement Class Member.**

○   **What are the expected payments?**

The amount of the payments for each Group will vary depending on the number of valid claims received.  Group 1 Settlement Class Members are estimated to receive a payment between $300 and $395.  Eligible Group 2 Settlement Class Members are estimated to receive up to $125 and eligible Group 3 Settlement Class Members are estimated to receive up to $50.  We will not know the final amounts that each Group will receive until all claims are evaluated.  Please be patient.

○   **How do I file a claim ?**

To file a claim, click here: [HYPERLINK]. **Use your Claim Number XXXX**, which will pre-populate information in Apple's records, including whether Apple's records reflect you received a Topcase or Keycap Replacement.  You will be required to declare that the information in the Claim Form is accurate and that the keyboard repair did not resolve your keyboard issue.  Your claim must be submitted electronically or postmarked no later than _____, **2022** in order to be considered for payment.  See the Claim Form and Instructions for detailed information about what is required to submit a claim [hyperlink].

○   **What are my other options?**

You can do nothing, exclude yourself, or object.  If you do nothing, your rights will be affected and you won't get a payment.  If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[date].**  Unless you exclude yourself, you will give up the right to sue or continue to sue Apple for any claim regarding the subject matter of the claims in this case. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the Final Approval Hearing—at your own cost—but you don't have to.  Objections and requests to appear are due by **[date]**. The Final Approval Hearing will be held on _____, 2022, at _____.m., in Courtroom 4, of the San Jose federal courthouse, located at 280 South 1st Street, San Jose, CA 95113, or via Zoom Webinar.

More information about these options is in the detailed notice available at www.____.com, or you may contact Class Counsel with any questions:

• **Simon S. Grille.** Telephone: (415) 981-4800; email: mackeyboard@girardsharp.com

CONFIDENTIAL ATTORNEY WORK PRODUCT

- **Steve Schwartz.** Telephone: (610) 642-8500; email: mackeyboard@chimicles.com

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

To unsubscribe from this list, please click on the following link: Unsubscribe

EXHIBIT 1c

CONFIDENTIAL ATTORNEY WORK PRODUCT

**To:** [Class Member Email Address]
**From:** info@xxxx.com
**Subject: MacBook Butterfly Keyboard Class Action Settlement**

# If you bought a MacBook laptop sold between 2015 and 2019 equipped with a "Butterfly" keyboard, you may be eligible for payment from a class action settlement

A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that the "butterfly" keyboard mechanism in certain MacBook laptops is defective, and can result in characters repeating unexpectedly; letters or characters not appearing; and/or the keys feeling "sticky" or not responding in a consistent manner.

Apple denies all of the allegations made in the lawsuit, denies that any MacBooks are defective, and denies that Apple did anything improper or unlawful.  The proposed Settlement is not an admission of guilt or wrongdoing of any kind by Apple.  The United States District Court for the Northern District of California approved this notice.

- **Why am I receiving this notice?**

Apple's records indicate that you may be a member of the Settlement Class and may be eligible to receive a payment.  You are a member of the Settlement Class if you purchased in the United States, other than for resale, an Apple MacBook, MacBook Pro, or MacBook Air laptop model equipped with a "Butterfly" keyboard between 2015 and 2019 (the "Class Computers") (a list of qualifying Class Computer models is available here).  You are eligible to submit a claim for payment if you: (1) purchased a Class Computer; (2) obtained a qualifying keyboard repair from Apple or an Apple Authorized Service provider; and (3) the repair did not resolve your keyboard issues.

- **What does the Settlement provide?**

Apple has agreed to pay $50 million into a Settlement Fund.  After deducting Court-approved attorneys' fees (up to 30% of the Settlement Fund) and expenses, service awards (up to $5,000 to each of the 12 individual class representatives), and the costs of notice and settlement administration, the net Settlement Fund will be distributed to Settlement Class Members based on the type and number of keyboard repairs they obtained, and other factors.  For more information about how distributions will be made to Settlement Class Members, please visit [insert website].

- **What types of repairs are covered by the Settlement?**

The Settlement covers **Topcase Replacements**, which refers to the replacement of the full keyboard module (including the battery, track pad, speakers, top case, and keyboard), and **Keycap Replacements,** which refers to the replacement of one or more keycaps on a keyboard and does

CONFIDENTIAL ATTORNEY WORK PRODUCT

not involve replacement of the full keyboard module.  Either repair must have been performed by Apple or an Apple Authorized Service Provider.  **Group 1** Settlement Class Members received at least two Topcase Replacements. **Group 2** Settlement Class Members received a single Topcase Replacement that did not resolve their keyboard issues. **Group 3** Settlement Class Members received one or more Keycap Replacements that did not resolve their keyboard issues.  You may be a Group 2 or 3 Settlement Class Member.

o   **What are the expected payments?**

The amount of the payments for each Group will vary depending on the number of valid claims received.  Group 1 Settlement Class Members are estimated to receive a payment between $300 and $395. Eligible Group 2 Settlement Class Members are estimated to receive up to $125 and eligible Group 3 Settlement Class Members are estimated to receive up to $50.  We will not know the final amounts that each Group will receive until all claims are evaluated. Please be patient.

o   **How do I file a claim?**

To file a claim, click here: [HYPERLINK].  You will be required to provide reasonable documentation that you obtained a qualifying keyboard repair.  You must also declare that the information in the Claim Form is accurate and that the keyboard repair did not resolve your keyboard issue.  Your claim must be submitted electronically or postmarked no later than **_____, 2022** in order to be considered for payment.  See the Claim Form and Instructions for detailed information about what is required to submit a claim and what qualifies as reasonable documentation [hyperlink].

**What are my other options?**

You can do nothing, exclude yourself, or object. If you do nothing, your rights will be affected and you won't get a payment.  If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[date]**.  Unless you exclude yourself, you will give up the right to sue or continue to sue Apple for any claim regarding the subject matter of the claims in this case. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the Final Approval Hearing—at your own cost—but you don't have to.  Objections and requests to appear are due by **[date]**. The Final Approval Hearing will be held on _____, 2022, at _____.m., in Courtroom 4, of the San Jose federal courthouse, located at 280 South 1st Street, San Jose, CA 95113, or via Zoom Webinar.

More information about these options is in the detailed notice available at www.____.com, or you may contact Class Counsel with any questions:

- **Simon S. Grille.** Telephone: (415) 981-4800; email: mackeyboard@girardsharp.com
- **Steve Schwartz.** Telephone: (610) 642-8500; email: mackeyboard@chimicles.com

**CONFIDENTIAL ATTORNEY WORK PRODUCT**

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

To unsubscribe from this list, please click on the following link: Unsubscribe

EXHIBIT 2a

[Address]
[Address]
[Address]
[Address]

**If you purchased an Apple MacBook, MacBook Pro or MacBook Air laptop model equipped with a "Butterfly" keyboard sold between 2015 and 2019, you may get a payment from a class action settlement**

Important Notice About a Class Action Lawsuit

**<<Barcode>>**

**Claim#: A2E-<<ClaimID>>-<<MailRec>>**
**«First1» «Last1»**
**«CO»**
**«Addr1» «Addr2»**
**«City», «St» «Zip»**
**«Country»**

A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that the "butterfly" keyboard mechanism in certain MacBook laptops is defective, and can result in characters repeating unexpectedly; letters or characters not appearing; and/or the keys feeling "sticky" or not responding in a consistent manner.  Apple denies all allegations of wrongdoing.

**Who's included?** The Settlement Class includes all purchasers in the United States, other than for resale, of an Apple MacBook, MacBook Pro, or MacBook Air laptop model equipped with a "Butterfly" keyboard sold between 2015 and 2019.

**What does the Settlement provide?** Apple has agreed to pay $50 million into a Settlement Fund.  After deducting Court-approved attorneys' fees (up to 30% of the Settlement Fund) and expenses, service awards (up to $5,000 to each of the 12 individual class representatives), and the costs of notice and settlement administration, the net Settlement Fund will be distributed to Settlement Class Members based on the type and number of keyboard repairs they obtained, and other factors.

The Settlement covers Topcase Replacements and Keycap Replacements. Group 1 Settlement Class Members received at least two Topcase Replacements.  According to Apple's records, **you are a Group 1 Settlement Class Member**.  Under the terms of the Settlement, you will automatically receive a check estimated to be between $300 and $395 if the Court approves the Settlement and it becomes final.  Please go to [www.WEBSITE] to confirm or update your mailing address.  We will not know the final amounts until all claims are evaluated.

**What are your other options?** You can exclude yourself or object.  If you do nothing, you will stay in the Settlement Class and automatically receive a check, but you will give up your right to sue or continue to sue Apple for any claim regarding the subject matter of the claims in this case.  If you don't want to receive an automatic payment or be legally bound by the Settlement, you must exclude yourself from it by **[date]**.  You may also remain in the Settlement Class but object to the Settlement, and you may (but do not have to) attend the Court's Final Approval Hearing to speak about your objection. Your objection must be filed or postmarked by **[date].**

**For more information about the Settlement, your payment, how to exclude yourself or object, and attending the hearing, please visit the website or call the toll-free number below.**

<u>www._____.com</u>  ●  1-XXX-XXX-XXXX

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

EXHIBIT 2b

[Address]
[Address]
[Address]
[Address]

**If you purchased an Apple MacBook, MacBook Pro or MacBook Air laptop model equipped with a "Butterfly" keyboard sold between 2015 and 2019, you may be eligible for payment from a class action settlement.**

<u>Important Notice About a Class Action Lawsuit</u>

**<<Barcode>>**

**Claim#: A2E-<<ClaimID>>-<<MailRec>>**
**«First1» «Last1»**
**«CO»**
**«Addr1» «Addr2»**
**«City», «St» «Zip»**
**«Country»**

A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that the "butterfly" keyboard mechanism in certain MacBook laptops is defective, and can result in characters repeating unexpectedly; letters or characters not appearing; and/or the keys feeling "sticky" or not responding in a consistent manner.  Apple denies all allegations of wrongdoing.

**Who's included?** The Settlement Class includes all purchasers in the United States, other than for resale, of an Apple MacBook, MacBook Pro, or MacBook Air laptop model equipped with a "Butterfly" keyboard sold between 2015 and 2019.

**What does the Settlement provide?** Apple has agreed to pay $50 million into a Settlement Fund. After deducting Court-approved attorneys' fees (up to 30% of the Settlement Fund) and expenses, service awards (up to $5,000 to each of the 12 individual class representatives), and the costs of notice and settlement administration, the net Settlement Fund will be distributed to Settlement Class Members based on the type and number of keyboard repairs they obtained, and other factors.

The Settlement covers Topcase Replacements and Keycap Replacements. Group 2 Settlement Class Members received a single Topcase Replacement that did not resolve their keyboard issues.  Group 3 Settlement Class Members received one or more Keycap Replacements that did not resolve their keyboard issues.  According to Apple's records, **you are a Group 2 or 3 Settlement Class Member**.  Under the terms of the Settlement, eligible Group 2 Class Members are estimated to receive up to $125 and eligible Group 3 Class Members are estimated to receive up to $50.  We will not know the final amounts until all claims are evaluated.

**How do you get a payment? You must complete and submit a valid Claim Form by [date]**. Go to **www.___.com** or call xxx-xxx-xxxxx for the Claim Form and Instructions.  Claims may be submitted online at **www.___.com** or mailed to the address on the form.

**What are your other options?** You can do nothing, exclude yourself, or object.  If you do nothing, your rights will be affected and you won't receive a payment.  You will give up the right to sue or continue to sue Apple for any claim regarding the subject matter of the claims in this case. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[date]**.  You may also remain in the Settlement Class but object to the Settlement, and you may (but do not have to) attend the Court's Final Approval Hearing to speak about your objection. Your objection must be filed or postmarked by **[date].**

**For more information about the Settlement, your payment, how to make a claim, exclude yourself or object, and attending the hearing, please visit the website or call the toll-free number below.**

**www._____.com  ●  1-XXX-XXX-XXXX**

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

EXHIBIT 2c

[Address]
[Address]
[Address]
[Address]

## Important Notice About a Class Action Lawsuit

**If you purchased an Apple MacBook, MacBook Pro or MacBook Air laptop model equipped with a "Butterfly" keyboard sold between 2015 and 2019, you may be eligible for payment from a class action settlement.**

**<<Barcode>>**

**Claim#: A2E-<<ClaimID>>-<<MailRec>>**
**«First1» «Last1»**
**«CO»**
**«Addr1» «Addr2»**
**«City», «St» «Zip»**
**«Country»**

A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that the "butterfly" keyboard mechanism in certain MacBook laptops is defective, and can result in characters repeating unexpectedly; letters or characters not appearing; and/or the keys feeling "sticky" or not responding in a consistent manner. Apple denies all allegations of wrongdoing.

**Who's included?** The Settlement Class includes all purchasers in the United States, other than for resale, of an Apple MacBook, MacBook Pro, or MacBook Air laptop model equipped with a "Butterfly" keyboard sold between 2015 and 2019.

**What does the Settlement provide?** Apple has agreed to pay $50 million into a Settlement Fund. After deducting Court-approved attorneys' fees (up to 30% of the Settlement Fund) and expenses, service awards (up to $5,000 to each of the 12 individual class representatives), and the costs of notice and settlement administration, the net Settlement Fund will be distributed to Settlement Class Members based on the type and number of keyboard repairs they obtained, and other factors.

The Settlement covers Topcase Replacements and Keycap Replacements. Group 2 Settlement Class Members received a single Topcase Replacement that did not resolve their keyboard issues. Group 3 Settlement Class Members received one or more Keycap Replacements that did not resolve their keyboard issues. You may be a Group 2 or 3 Settlement Class Member. Under the terms of the Settlement, eligible Group 2 Class Members are estimated to receive up to $125 and eligible Group 3 Class Members are estimated to receive up to $50. We will not know the final amounts until all claims are evaluated.

**How do you get a payment? You must complete and submit a valid Claim Form by [date]**. You will be required to provide reasonable documentation that you obtained a qualifying keyboard repair. Go to **www.___.com** or call xxx-xxx-xxxx for the Claim Form and Instructions. Claims may be submitted online at **www.___.com** or mailed to the address on the form.

**What are your other options?** You can do nothing, exclude yourself, or object. If you do nothing, your rights will be affected and you won't receive a payment. You will give up the right to sue or continue to sue Apple for any claim regarding the subject matter of the claims in this case. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[date]**. You may also remain in the Settlement Class but object to the Settlement, and you may (but do not have to) attend the Court's Final Approval Hearing to speak about your objection. Your objection must be filed or postmarked by **[date].**

**For more information about the Settlement, your payment, how to make a claim, exclude yourself or object, and attending the hearing, please visit the website or call the toll-free number below.**

**www._____.com ● 1-XXX-XXX-XXXX**

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

EXHIBIT 3

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this Notice. This is not a solicitation from a lawyer.*

---

# If you bought a MacBook laptop sold between 2015 and 2019 equipped with a "Butterfly" keyboard, you may be eligible for payment from a class action settlement

- A settlement has been reached with Apple Inc. ("Apple") in a class action law lawsuit alleging that certain MacBook laptops sold between 2015-2019 were equipped with defective butterfly keyboards that can result in characters repeating unexpectedly; letters or characters not appearing; and/or the keys feeling "sticky" or not responding in a consistent manner. Apple denies all allegations of wrongdoing.  The Settlement provides for a $50 million fund for payments to Settlement Class Members who had the "Butterfly" keyboard on their MacBook laptop repaired, as described in this Notice.

- The two repair procedures covered by the Settlement are: (1) a Topcase Replacement, which involves replacing the entire keyboard module; and (2) a Keycap Replacement, which involves replacement of one or more keycaps.

- If Apple's records reflect you received two Topcase Replacements, you are a **Group 1** Settlement Class Member and are eligible to receive payment without the need to submit a claim.

- If you received a single Topcase Replacement or one or more Keycap Replacements, and you declare that the repair did not resolve your keyboard issues, you are a **Group 2** or **Group 3** Settlement Class Member and must submit a claim to get a payment from the Settlement.

- The amount of the settlement payment varies depending on whether you are a Group 1, Group 2, or Group 3 Settlement Class Member.  Please see the information in this Notice concerning payments.

- Visit www.XXXXXX.com to make a claim. **Use your Claim ID number when making a claim**. You can find your claim ID on the email or postcard you received notifying you about the Settlement.

- You can also opt out of or object to the Settlement.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **GROUP 1 SETTLEMENT CLASS MEMBERS:**<br><br>**OBTAINED AT LEAST TWO TOPCASE REPLACEMENTS FROM APPLE OR AN AUTHORIZED SERVICE PROVIDER WITHIN FOUR YEARS OF PURCHASE** | Settlement Class Members in Group 1 will receive an email or postcard notifying them that they are eligible for and will receive an automatic payment.<br><br>Group 1 Settlement Class Members should confirm or update the mailing address for their check by visiting www._____.com.<br><br>By receiving a payment, Group 1 Settlement Class Members will give up rights and be bound by the Settlement. | [ ] |
| **GROUP 2 SETTLEMENT CLASS MEMBERS:**<br><br>**OBTAINED A SINGLE TOPCASE REPLACEMENT FROM APPLE OR AN AUTHORIZED SERVICE PROVIDER WITHIN FOUR YEARS OF PURCHASE, AND THE REPAIR DID NOT RESOLVE THE KEYBOARD ISSUES** | Submit a claim form declaring that the single Topcase repair did not resolve the issues with the keyboard. If Apple does not have a record of your purchase or repair, additional proof may be required.<br><br>This is the only way to get a payment.<br><br>By receiving a payment, Group 2 Settlement Class Members will give up rights and be bound by the Settlement. | [ ] |
| **GROUP 3 SETTLEMENT CLASS MEMBERS:**<br><br>**OBTAINED ONE OR MORE KEYCAP REPLACEMENTS FROM APPLE OR AN AUTHORIZED SERVICE PROVIDER WITHIN FOUR YEARS OF PURCHASE, AND THE REPAIR(S) DID NOT RESOLVE THE KEYBOARD ISSUES** | Submit a claim form, declaring that the keycap repair(s) did not resolve the issues with the keyboard. If Apple does not have a record of your purchase or repair, additional proof may be required.<br><br>This is the only way to get a payment.<br><br>By receiving a payment, Group 2 Settlement Class Members will give up rights and be bound by the Settlement. | [ ] |

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

| **EXCLUDE YOURSELF** | Get no payment.<br><br>This is the only option that allows you to keep your right to bring any other claim against Apple related to the subject matter of the claims in this case. | [ ] |
|---|---|---|
| **COMMENT ON OR OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | You can write to the Court about why you like or do not like the Settlement.<br><br>You cannot ask the Court to order a larger settlement.<br><br>You can also ask to speak to the Court at the hearing on _____, 2022 about the fairness of the Settlement, with or without your own attorney. | [ ] |
| **DO NOTHING** | Get no payment (unless you are a Group 1 Class Member).<br><br>Give up rights and be bound by the Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

3

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**................................................................................................ **PAGE 5**

    1.    Why did I get this Notice?

    2.    What is this lawsuit about?

    3.    What is a class action?

    4.    Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** .............................................................................. **PAGE 6**

    5.    How do I know if I am in the Class?

    6.    What should I do if I am still not sure if I am included?

**THE SETTLEMENT BENEFITS**................................................................................ **PAGE 7**

    7.    What does the Settlement provide?

    8.    Who can get money from the Settlement, and how much?

    9.    How do I know if I received a Topcase Replacement or Keycap Replacement when I had my MacBook serviced by Apple or an authorized service provider?

    10.    Am I eligible to recover payments made to unauthorized third party repair providers or other out-of-pocket expenses?

    11.    What am I giving up if I stay in the Settlement Class?

**HOW TO GET A PAYMENT—MAKING A CLAIM** ................................................ **PAGE 9**

    12.    How can I get a payment?

    13.    What is the deadline for submitting a claim form?

    14.    When will I get my payment?

    15.    How can I verify or update my mailing address?

**THE LAWYERS REPRESENTING THE CLASS** .................................................... **PAGE 10**

    16.    Do I have a lawyer in the case?

    17.    Should I get my own lawyer?

    18.    How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................ **PAGE 10**

    19.    How do I get out of the Settlement?

    20.    If I don't opt out, can I sue Apple for the same thing later?

    21.    What happens if I opt out?

**OBJECTING TO THE SETTLEMENT** .................................................................... **PAGE 11**

    22.    How do I tell the Court if I don't like the Settlement?

    23.    What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** .................................................... **PAGE 12**

    24.    When and where will the Court decide whether to approve the Settlement

    25.    Do I have to come to the Final Approval Hearing?

    26.    May I speak at the hearing?

**IF I DO NOTHING**.................................................................................................... **PAGE 13**

    27.    What happens if I do nothing at all?

**GETTING MORE INFORMATION**.......................................................................... **PAGE 13**

    28.    Are more details about the Settlement available?

    29.    How do I get more information?

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

BASIC INFORMATION

## 1. Why did I get this Notice?

A court authorized this Notice because individuals or entities who bought Apple MacBook, MacBook Air, and MacBook Pro MacBook laptops between 2015 and 2019 that were equipped with a butterfly keyboard mechanism have the right to know about a legal settlement. If you qualify as a Settlement Class Member and you received a qualifying repair, you can get a payment.

**To find out if you qualify, see Questions 5-6 below.**

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Edward J. Davila of the United States District Court for the Northern District of California is in charge of this case. The case is *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD (N.D. Cal.). The proposed Settlement also resolves a related case called *Huey v. Apple*, No. 2018-CA-004200-B, pending in the Superior Court of the District of Columbia.

## 2. What is this lawsuit about?

Plaintiffs claim that Defendant sold MacBook laptops with butterfly keyboards that are defective. Plaintiffs allege that purchasers have experienced the following keyboard issues as a result of this alleged defect:

- Letters or characters repeat unexpectedly;
- Letters or characters do not appear; and
- Key(s) feel "sticky" or do not respond in a consistent manner.

Apple denies all of the allegations made in the lawsuit, denies that any MacBooks are defective, and denies that Apple did anything improper or unlawful. Apple asserts numerous defenses to the claims in this case. The proposed settlement to resolve this case is not an admission of guilt or wrongdoing of any kind by Apple.

## 3. What is a class action?

In a class action, one or more individuals and/or entities called "class representatives" sue on behalf of themselves and other individuals and/or entities who have similar claims. This group of individuals and/or entities is called the "class," and the individuals and/or entities in the class are called "class members." One court resolves the issues for all class members, except for people who exclude themselves from the class.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and the allegedly affected Settlement Class Members can get benefits or compensation. The class representatives and their attorneys think the Settlement is best for the Class.

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

WHO IS IN THE SETTLEMENT

| 5. Who is in the Settlement? |
| --- |

You are a member of the Settlement Class, and are included in the Settlement, if you purchased, other than for resale, one or more of the following Apple MacBook models in the United States:

- MacBook (Retina, 12-inch, Early 2015)
- MacBook (Retina, 12-inch, Early 2016)
- MacBook (Retina, 12-inch, 2017)
- MacBook Air (Retina, 13-inch, 2018)
- MacBook Air (Retina, 13-inch, 2019)
- MacBook Pro (13-inch, 2016, Two Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2017, Two Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2019, Two Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2016, Four Thunderbolt 3 Ports)
- MacBook Pro (13-inch, 2017, Four Thunderbolt 3 Ports)
- MacBook Pro (15-inch, 2016)
- MacBook Pro (15-inch, 2017)
- MacBook Pro (13-inch, 2018, Four Thunderbolt 3 Ports)
- MacBook Pro (15-inch, 2018)
- MacBook Pro (13-inch, 2019, Four Thunderbolt 3 Ports)
- MacBook Pro (15-inch, 2019)

Together, these models are referred to as the "Class Computers" in this Notice.

The Settlement Class includes all purchasers, including individuals, corporations, and other entities. It does not include any entity in which Apple has a controlling interest; Apple's directors, officers and employees; Apple's legal representatives, successors, and assigns; members of the Court; and all persons who submit valid requests to be excluded from the Settlement.

| 6. What should I do if I am still not sure whether I am included? |
| --- |

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Claims Administrator at 1-8--------- for more information. You can also visit www._____.com.

You can also quickly determine the make/model of your MacBook by selecting "About This Mac" under the Apple menu in the top left portion of the screen, or by entering the serial number from the bottom of the MacBook into this page on Apple's website: https://checkcoverage.apple.com/.

**THE SETTLEMENT BENEFITS**

| 7. What does the Settlement provide? |
| --- |

Apple will pay $50 million into a Settlement Fund. After deduction of the costs of notice and settlement administration, any award of attorneys' fees (up to 30% of the Settlement Fund), litigation costs, and any service awards for the Class Representatives (up to $5,000 to each of the twelve individual Class Representatives), the Settlement Fund will be distributed to Settlement Class Members in accordance with a plan of allocation that accounts for the number of eligible Settlement Class Members in each of the three Settlement categories. The plan of allocation is described in detail in the Settlement Agreement available at www._____.com.

The amount of the payments for each Group will vary depending on the number of valid claims received. Group 1 Settlement Class Members are estimated to receive a payment between $300 and $395. Eligible Group 2 Settlement Class Members are estimated to receive up to $125 and eligible Group 3 Settlement Class Members are estimated to receive up to $50. In addition, Apple's Keyboard Service Program (https://support.apple.com/keyboard-service-program-for-mac-notebooks) provides four years of protection and remains available for any Settlement Class Member who may experience future issues within four years of purchase.

We will not know the final amounts that each group will receive until all claims are evaluated. Please be patient.

| 8. Who can get money from the Settlement, and how much? |
| --- |

The amount Settlement Class Members will receive (and what they must do to get a payment) depends on which of the three categories they fall into and how many eligible Settlement Class Members are ultimately determined to fall into each category.

**Group 1: Multiple Topcase Replacements.** Settlement Class Members who, within four years of purchasing a Class Computer, obtained two or more Topcase Replacements, will receive a payment without the need to submit a claim form. Settlement Class Members in this group will receive an email or postcard Notice confirming eligibility for payment and requesting confirmation of contact information. It is estimated that Settlement Class Members in this group will receive an initial payment of $300, but the actual payment could be more or less, depending on the number of eligible Settlement Class Members in each category. The maximum payment for Group 1 Settlement Class Members is $395. A Settlement Class Member can meet the eligibility requirements for this group and receive payment if they obtain two or more Topcase Replacements anytime until [2 years from preliminary approval].

**Group 2: Single Topcase Replacement.** Settlement Class Members who, within four years of purchasing a Class Computer, obtained a single Topcase Replacement, must submit a claim to receive payment. Settlement Class Members in this Group must declare on the claim form that the repair did not resolve their keyboard issues. Settlement Class Members who obtained a single Topcase Replacement must submit a claim form by [DATE]. Settlement Class Members whose purchase or repair is not reflected in Apple's records will also need to provide proof of purchase and/or repair, as explained in the Claim Form. You can fill out and upload the claim form at www._____.com. The maximum payment for Group 2 Settlement Class Members is $125, but it may be less. The amount of the payments for Group 2 Settlement Class Members will depend on the number of eligible Settlement Class Members and valid claims for all categories.

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

**Group 3: Keycap Replacements.**   Settlement Class Members who, within four years of purchasing a Class Computer, obtained one or more Keycap Replacements, must submit a claim to receive payment. Settlement Class Members in this Group must declare on the claim form that the repair did not resolve their keyboard issues. Settlement Class Members who obtained Keycap Replacements must submit a claim form by [DATE]. Settlement Class Members whose purchase or repair is not reflected in Apple's records will also need to provide proof of purchase and/or repair, as explained in the Claim Form.   You can fill out and upload the claim form at www._____.com. The maximum payment for Group 3 Settlement Class Members is $50, but it may be less. The amount of the payments for Group 3 Settlement Class Members will depend on the number of eligible Settlement Class Members and valid claims for all categories.

For more information on the plan of allocation, go to www._____.com.

If you own a Class Computer and did not obtain a Keycap Replacement or Topcase Replacement within the first four years of ownership, you are not eligible for payment. Apple's Keyboard Service Program (https://support.apple.com/keyboard-service-program-for-mac-notebooks) provides four years of protection and remains available for any Class Member who may experience future issues within four years of purchase.

For information on how to make a claim, see Question 12 and www._____.com.

> **9. How do I know if I received a Topcase Replacement or Keycap Replacement when I had my MacBook serviced by Apple or an authorized service provider?**

If you received a record of the repair from Apple or an Apple Authorized Service Provider, it will specify whether you received a Topcase Replacement or a Keycap Replacement.

A Topcase Replacement refers to the replacement of the full keyboard module (including the battery, track pad, speakers, top case, and keyboard), performed by Apple or an Apple Authorized Service Provider.

A Keycap Replacement refers to the replacement of one or more keycaps on a keyboard, performed by Apple or an Apple Authorized Service Provider, and does not involve replacement of the full keyboard module.

If you are still unsure whether you received a Topcase Replacement or Keycap Replacement, you can call the Claims Administrator at 1-800--------- for more information.

> **10. Am I eligible to recover payments made to unauthorized third party repair providers or other out-of-pocket expenses?**

No. Settlement payments are only available to Settlement Class Members who received repairs performed by Apple or an Apple Authorized Service Provider. The Settlement does not provide reimbursement for any other out of pocket expenses.

> **11. What am I giving up if I stay in the Class?**

Unless you exclude yourself with an opt-out request (*see* Question 19), you cannot sue, continue to sue, or be part of any other lawsuit against Apple about the issues in this case. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain a Settlement Class Member. The Settlement Agreement can be viewed at www._____.com.

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

**HOW TO GET A PAYMENT—MAKING A CLAIM**

| 12. How can I get a payment? |
| --- |

Settlement Class Members in Group 1 (multiple Topcase Replacements) will receive a payment without the need to submit claim if the Settlement is approved by the Court and becomes effective.

If you are a Settlement Class Member in Group 2 or 3 (single Topcase Replacement and Keycap Replacements, respectively) you can make a claim at www._____.com. You can also contact the Claims Administrator to request a paper claim form by telephone at 1-8_____ or by U.S. mail at _____, and submit the claim form to the same U.S. mail address or email it to _____. Each MacBook may be the subject of only one claim. Settlement Class Members who purchased multiple Class Computers may submit a separate claim for each MacBook they purchased.

If you appear in Apple's records as having received multiple Topcase Replacements, you will receive a summary notice via email or postcard stating that you are a Group 1 Settlement Class Member. If you appear in Apple's records as having received a single Topcase Replacement or Keycap Replacement, you will receive an email or postcard with a unique Claim ID number that you can use to pre-populate an online claim form. If you do not appear in Apple's records as having received a Topcase Replacement or Keycap Replacement, you will need to provide additional information, including supporting your claim with reasonable documentation and/or information that you received a Topcase Replacement or Keycap Replacement. If you do not appear in Apple's records as having purchased a Class Computer, you will also need to provide a serial number for your device, or provide additional documentation or information showing that you purchased a Class Computer.  The Claim Form and instructions will explain the information that is required and the acceptable forms of documentation or information for proof of repair and/or purchase.

| 13. What is the deadline for submitting a claim form? |
| --- |

For Settlement Class Members not in Group 1 who obtained a single Topcase Replacement or one or more Keycap Replacements, claim forms must be submitted electronically or postmarked no later than _____, **2022**.

| 14. When will I get my payment? |
| --- |

The Court will hold a hearing on _____, **2022 at 9:00 a.m.**, to decide whether to approve the Settlement. The Court may move the Final Approval Hearing to a different date or time without providing further Notice to the Class. The date and time of the Final Approval Hearing can be confirmed at www._____.com. If the Settlement is approved, there may be appeals. The appeal process can take time. If there is no appeal, your settlement benefit will be processed promptly. Please be patient.

Updates regarding the Settlement and when payments will be made will be posted at www._____.

| 15. How can I verify or update my mailing address? |
| --- |

All Settlement Class Members can update their mailing address or other contact information by visiting www._____.com or emailing _____@_____.com.

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

## THE LAWYERS REPRESENTING THE CLASS

### 16. Do I have a lawyer in the case?

Yes. The Court appointed the law firms of Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP to represent you and the other Class Members. These firms are called Class Counsel. You will not be charged for their services.

### 17. Should I get my own lawyer?

You do not need to hire your own lawyer, as Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

### 18. How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees of up to 30% of the Settlement Fund, litigation expenses, and service awards to the Class Representatives of up to $5,000 each. The Court will determine these amounts. All of these amounts, as well as the costs associated with notice and administering the settlement, will be paid from the Settlement Fund.

A copy of Class Counsel's Motion for Attorneys' Fees and Expenses and for Named Plaintiff Service Awards will be available at www._____ by _____.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement and you want to keep your right, if any, to sue Apple on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement Class.

### 19. How do I get out of the Settlement?

You may opt out online by _____ 2022 at www._____.com. Click on the "Opt Out" tab and provide the requested information. You may also opt out by mailing the Opt-Out form available at _____ or by calling 1-800-____ to the Claims Administrator at

_____ Claims Administrator

P.O. Box _____

_____

Opt-out requests must be submitted electronically or postmarked no later than _____, **2022**.

### 20. If I don't opt out, can I sue Apple for the same thing later?

No. Unless you opt out, you give up the right to bring any other claim against Apple related to the subject matter of the claims in this case. You must exclude yourself from the Class if you want to try to pursue your own lawsuit.

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

## 21. What happens if I opt out?

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on any claims against Apple related to the subject matter of the claims in this case at your own expense.

### OBJECTING TO THE SETTLEMENT

## 22. How do I tell the Court if I don't like the Settlement?

If you are a Settlement Class Member and do not opt out of the Settlement, you can ask the Court to deny approval of the Settlement by filing an objection. You can also object to the requested award of attorneys' fees and expenses to Class Counsel or service awards to the Class Representatives. The Court will consider your views. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may (but are not required to) appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

To object, you must file a document with the Court saying that you object to the proposed Settlement in *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD (N.D. Cal.). Be sure to include:

- Your full name, mailing address, telephone number, email address, and signature. If you are represented by counsel, you must include your counsel's name, mailing address, email address, and telephone number;
- Proof of membership in the Settlement Class;
- A detailed statement of your objection, including all the grounds for the objection together with any evidence you think supports it;
- A statement whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;
- A statement whether you or your counsel intends to speak at the Final Approval Hearing; and
- A list of all cases in which you or your counsel (if you have counsel) has filed an objection to a class action settlement within the past five years.

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

You can file the objection electronically at https://www.cand.uscourts.gov/cm-ecf or mail the objection by First Class U.S. Mail, so that it is submitted electronically or postmarked no later than **_____, 2022**, to the following address:

> Clerk of the Court
> U.S. District Court for the
> Northern District of California
> 280 South 1st Street
> San Jose, CA 95113
> Case No. 5:18-cv-02813-EJD

If you do not mail or electronically file the objection, you must have it delivered in person to the above boxed address, no later than **_____, 2022**.

### 23. What's the difference between objecting and excluding?

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out <u>and</u> object to the Settlement.


## THE COURT'S FINAL APPROVAL HEARING

### 24. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on _____, 2022 at _____ **m.**, in Courtroom 4 of the San Jose federal courthouse, located at 280 South 1st Street, San Jose, CA 95113.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to  Settlement Class Members who have asked to speak at the hearing.

The Court may also decide how much Class Counsel should receive in fees and expense reimbursements. After the hearing, the Court will decide whether to approve the Settlement.

The Court may reschedule the Final Approval Hearing, or hold the hearing via Zoom Webinar, or change any of the deadlines described in this Notice. The date of the Final Approval Hearing may change without further notice to Class Members. Be sure to check the website, www._____.com, for news of any such changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

### 25. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

| 26. May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include a statement in your written objection (see Question 22) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well.

You cannot speak at the hearing if you exclude yourself from the Class.


## IF I DO NOTHING

| 27. What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member in Group 1 (multiple Topcase Replacements) and you do not exclude yourself from the Settlement, you will be mailed a payment. Please go to www._____.com or call the Claims Administrator at 1-8XX-XXX-XXXX to verify or update your contact information.

If you are a Settlement Class Member in Groups 2 or 3 (Single Topcase Replacement and Keycap Replacements, respectively), you must submit a valid claim form to get a payment. If you do nothing, you'll be a Settlement Class Member and you'll get no money from this Settlement.

If you are a Settlement Class Member in any group and you do not exclude yourself as explained in Question 19, you will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or for any claims released by the Settlement Agreement.

## GETTING MORE INFORMATION

| 28. Are more details about the Settlement available? |
| --- |

Yes. This Notice summarizes the proposed Settlement—more details are in the Settlement Agreement and other case documents. You can get a copy of these and other documents at www._____.com, by contacting Class Counsel at mackeyboard@girardsharp.com or mackeyboard@chimicles.com, by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays:

- Robert F. Peckham Federal Building and United States Courthouse, 280 South 1st Street, San Jose, CA 95113
- Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102
- Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612
- United States Courthouse, 3140 Boeing Avenue, McKinleyville, CA 95519

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| 29. How do I get more information? |
|---|

The website, www._____, has the claim form, answers to questions about the Settlement, and other information to help you determine whether you are eligible for a payment.

You can also call or write to the Claims Administrator at:

_____ Claims Administrator
P.O. Box _____
_____

Class Counsel can be reached using the following contact information:

- **Simon S. Grille.** Telephone: (415) 981-4800; email: mackeyboard@girardsharp.com
- **Steve Schwartz.** Telephone: (610) 642-8500; email: mackeyboard@chimicles.com

**QUESTIONS? CALL 1-877-_____ OR VISIT www. _____.com**

EXHIBIT 4

*In re MacBook Keyboard Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]
[email address]
[www._____.com]

## CLAIM FORM

### CLAIM FORM INSTRUCTIONS

**— IMPORTANT —**

**PLEASE READ THE NOTICE AND INSTRUCTIONS BELOW BEFORE COMPLETING THIS CLAIM FORM**

**The Easiest Way to File is Online at www.[insert website URL].com.**

**You may also file a claim by downloading a Claim Form or calling 1-8xx-xxx-xxxx to request one, and mailing the completed Claim Form to [address]**

**ALL CLAIMS MUST BE SUBMITTED BY [DATE].**

**If you fail to return your Claim Form by the required date, your claim will be rejected, and you will be deemed to have waived all rights to receive a cash payment under this settlement.  Remember: To be valid, your Claim Form must be completely and accurately filled out, signed and dated, and must include all requested information.  If your Claim Form is incomplete, untimely, illegible, not signed, or contains false information, it may be rejected by the Settlement Administrator.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE CLAIM FORM, THE PAYMENT OPTIONS, OR THE SETTLEMENT, PLEASE READ THE FULL NOTICE AND FAQ AVAILABLE AT WWW.[INSERT WEBSITE URL].COM OR CALL THE SETTLEMENT ADMINISTRATOR AT 1-8XX-XXX-XXXX.**

### SECTION A: CLAIM ID NUMBER AND MACBOOK ID NUMBER

Please provide below the Claim Number contained in the email or on the postcard notice that you received.

**Listing your UNIQUE Claim Number will pre-populate the claim form with information contained in Apple's records.  You must declare that any pre-populated information is true and correct.**

*In re MacBook Keyboard Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]
[email address]
[www._____.com]

---

**CLAIM NUMBER -** You can find your claim number on the email or postcard you received notifying you about the settlement

**IF YOU DO NOT HAVE A UNIQUE CLAIM NUMBER, BUT BELIEVE THAT YOU MAY BE ELIGIBLE TO MAKE A CLAIM, PLEASE CLICK <u>HERE</u> TO PROCEED.  You will need to provide the serial number or other proof of purchase, as set forth below.**

[Only one bullet will pre-populate]

- **You are in Group 1.  Apple's records indicate that the serial number for your eligible MacBook device is [insert.] You do not need to submit a claim to be eligible for a payment. Please go to Section B below to confirm or update your contact information** [Skip to end after Section B]

- **You are in Group 2. Apple's records indicate that the serial number for your eligible MacBook device is [insert.]  Apple's records reflect that you had a single Topcase Replacement.  To be eligible for payment, you must declare that the repair did not resolve your keyboard issues, and sign and submit your completed claim form.** [Skip to Section E after Section B]

- **You are in Group 3. Apple's records indicate that the serial number for your eligible MacBook device is [insert.] Apple's records reflect that you had one or more Keycap Replacements.  To be eligible for payment, you must declare that the repair(s) did not resolve your keyboard issues, and sign and submit your completed claim form.** [Skip to Section E after Section B]

- **Apple's records do not reflect that you had either a Topcase or Keycap Replacement.  If you did obtain a Topcase or Keycap Replacement, you must complete this claim form and: (1) provide reasonable documentation containing information, as detailed below, showing that you obtained a Topcase or Keycap Replacement; (2) declare that the repair did not resolve your keyboard issues; and (3) sign and submit your completed claim form.** [Skip to Section D after Section B]

- **Apple's records do not reflect that you purchased an eligible Macbook or that you had either a Topcase or Keycap Replacement.  To submit a claim, you must complete this claim form and (1) provide proof of purchase of an eligible Macbook; (2) provide reasonable documentation containing information, as detailed below, showing that you obtained a Topcase or Keycap Replacement; (3) declare that the repair did not resolve your keyboard issues; and (4) sign and submit a completed claim form.** [Go directly to Section C after Section B]

2

*In re MacBook Keyboard Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]
[email address]
[www._____.com]

## SECTION B: NAME AND CONTACT INFORMATION

Please verify or provide your name and contact information below. If your name or contact information changes after you submit this Claim Form, please notify the Settlement Administrator of the new information.

| FIRST NAME | LAST NAME |
|---|---|
| | |

| STREET ADDRESS | | |
|---|---|---|
| | | |

| CITY | STATE | ZIP CODE |
|---|---|---|
| | | |

| EMAIL ADDRESS | PHONE NUMBER |
|---|---|
| | |

## SECTION C:  Proof of Purchase

**Because Apple does not have a record of you purchasing an eligible MacBook, please provide your device serial number below.**

**MACBOOK SERIAL NUMBER** click here for instructions on how to find your MacBook ID

**If you do not have a serial number for your device, you may upload reasonable documentation showing:**

- **the model purchased;**
- **purchase date (month/year);**
- **seller;**
- **the amount of the purchase;**

**Reasonable documentation includes, for example, an email from an Apple Store or retailer, receipt, or credit card statement.  If your documentation does not include all of the information above, you may fill it in below.**

**Upload documents by clicking here.**

3

*In re MacBook Keyboard Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]
[email address]
[www._____.com]

---

**If you do not have a serial number or reasonable documentation of purchase containing the information above, you may still submit a claim by providing the information below:**

**Purchase model: _____ (for a list of eligible models, please click here)**

**Purchase date (month/year): _____**

**Seller name: _____**

**Seller location: _____**

**Purchase Price: _____**

**SUBMIT**

---

**SECTION D:  Proof of Repair**

**Because Apple's records do not reflect that you had either a Topcase or Keycap Replacement, you must provide reasonable documentation showing:**

- **You had either a Topcase or Keycap Replacement (click [here] for definitions of these repairs);**
- **The date (month/year) of your Topcase or Keycap Replacement;**
- **The name and location of the Apple retail store or Apple Authorized Service Provider that provided the Topcase or Keycap Replacement;**
- **The amount paid for the repair, if applicable.**

**Reasonable documentation includes, for example, receipts, emails from Apple or an Apple Authorized Service Provider, repair records, insurance or extended warranty claims, or customer service chat logs.  If your documentation is missing some of the information above, you may fill it in below. But you must provide some form of documentation demonstrating that you obtained either a Topcase or Keycap Replacement.**

**If your documentation is missing any portion of the information listed above, you may still submit a claim by providing the information below:**

**Repair type: _____**

**Repair date (month/year): _____**

**Repair provider: _____**

**Repair provider location: _____**

4

*In re MacBook Keyboard Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]
[email address]
[www._____.com]

---

**Amount of repair (or $0, if you were not charged):** _____

**SUBMIT**

---

| SECTION E: |
| --- |

☐    **I hereby declare under penalty of perjury that the keyboard repair did not resolve the keyboard issues I had with my Class Computer.** To be eligible for a payment for any claim, you must declare that the repair did not resolve your keyboard issues by checking this box.

---

| SECTION F:  VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY |
| --- |

By signing below and submitting this Claim Form, I hereby declare under penalty of perjury that I am the person identified above, and that all of the information I have provided on this Claim Form, or that was pre-populated in this Claim Form, is true and accurate.

| SIGNATURE | DATE |
| --- | --- |
|  |  |

| PRINTED NAME |
| --- |
|  |

---

| CLAIM FORM REMINDER CHECKLIST |
| --- |

1. Complete all sections of the Claim Form.
2. Sign the Claim Form.
3. Keep a copy of the completed Claim Form for your records.
4. If your name or contact information changes after you submit this Claim Form, please notify the Settlement Administrator of the new information.
5. If you have any questions or concerns about your claim, please contact the Settlement Administrator at the address below, or by emailing [insert email address].

THIS CLAIM FORM MUST BE ELECTRONICALLY SUBMITTED ON THE SETTLEMENT WEBSITE, www._____.com, NO LATER THAN _____, **2022,** OR MAILED TO THE SETTLEMENT ADMINISTRATOR BY FIRST-CLASS MAIL POSTMARKED NO LATER THAN _____, **2022** to:

*In re MacBook Keyboard Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]
[email address]
[www._____.com]

*In re MacBook Keyboard Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]

Questions? Visit www._____.com or call toll-free 1-XXX-XXX-XXXX
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE MACBOOK KEYBOARD
LITIGATION

Case No. 5:18-cv-02813-EJD-VKD

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT AND PROVIDING FOR
NOTICE**

1      This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class

2 Action Settlement ("Motion").

3      WHEREAS, Class Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle

4 Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, and

5 Benjamin Gulker (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, Plaintiff

6 Ashton Huey, and Defendant Apple Inc. ("Apple" or "Defendant") entered into a Settlement Agreement

7 on July 18, 2022, which, together with the Exhibits annexed thereto ("Settlement Agreement"), sets

8 forth the terms and conditions for a proposed global settlement of this Litigation and the Huey Litigation,

9 and for their dismissal with prejudice upon the terms and conditions set forth therein, subject to Court

10 approval;

11      WHEREAS, Plaintiffs, the Settlement Class, Plaintiff Huey, and Apple are collectively referred

12 to herein as the "Parties";

13      WHEREAS, Plaintiffs have moved the Court for an order (i) preliminarily approving the

14 Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to

15 certify the Settlement Class for settlement purposes only, and (iii) directing notice as set forth herein;

16      WHEREAS, the Settlement before the Court is the product of extensive negotiations, including

17 in mediations before Hon. Edward A. Infante (Ret.) and Hon. Jay C. Gandhi (Ret.);

18      WHEREAS, Defendant does not oppose the Motion;

19      WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement,

20 Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, and

21 Memorandum of Points and Authorities in Support Thereof, and the supporting Declaration, and has

22 found good cause for entering the following Order;

23      WHEREAS, unless otherwise specified, all capitalized terms used herein that are defined in the

24 Settlement Agreement have the same meanings as set forth in that agreement.

25      NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
CASE NO. 5:18-CV-02813-EJD-VKD

## Certification of Settlement Class

1.    The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the Court will likely be able to certify the following proposed pursuant to Federal Rule of Civil Procedure 23:

> All persons and entities in the United States who purchased, other than for resale, one or more of the following Class Computers: MacBook (Retina, 12-inch, Early 2015), MacBook (Retina, 12-inch, Early 2016), MacBook (Retina, 12-inch, 2017), MacBook Air (Retina, 13-inch, 2018), MacBook Air (Retina, 13-inch, 2019), MacBook Pro (13-inch, 2016, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2019, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2016, Four Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2016), MacBook Pro (15-inch, 2017), MacBook Pro (13-inch, 2018, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2018), MacBook Pro (13-inch, 2019, Four Thunderbolt 3 Ports), and MacBook Pro (15-inch, 2019).

Excluded from the Settlement Class are Defendant Apple Inc., its parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Apple has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

2.    The Court previously certified a seven-state litigation Class and seven constituent state subclasses of purchasers of Class Computers in California, New York, Florida, Illinois, New Jersey, Washington, and Michigan under Rules 23(a) and 23(b)(3).  Dkt. No. 298.  The Settlement Class includes all Class Computer purchasers in the United States.  *See* Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment (advising that "[if] the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted.").  For purposes of settlement only, the Court concludes that, for the reasons set forth in Dkt. No. 298,  the nationwide Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

3.     This provisional certification of the Settlement Class shall be solely for settlement purposes, without prejudice to the parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.  In the event that the Settlement Agreement is not finally approved, this provisional certification shall be vacated and shall have no effect.

### Preliminary Approval of the Settlement

4.     The Court finds that the Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose negotiations were supervised by experienced mediators. The terms of the Settlement do not improperly grant preferential treatment to any segment or member of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

5.     The Court hereby preliminarily approves the Settlement, including as memorialized in the Settlement Agreement, subject to further consideration at the Final Fairness Hearing to be conducted as described below.

### Manner and Form of Notice

7.     The Court approves, as to their form and content, the Notices and Claim Form substantially in the form of Exhibits 1a-c, 2a-c, 3, and 4 to the Settlement Agreement. The proposed notice plan, which includes direct notice via email and postcard, and website notice, will provide the best notice practicable under the circumstances. The Notices and their manner of transmission are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, the proposed Settlement and its effects (including the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights, including to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to the Settlement Class; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.  The date and time of the Final Fairness Hearing shall be included in the Notice before dissemination.

8.     The Court hereby appoints JND Legal Administration to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a settlement

website (the "Website"), administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement and the incorporated plan of allocation, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

9.      All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as in administering the Settlement Fund, shall be paid from the Settlement Fund as set forth in the Settlement Agreement.  In the event the Settlement is not approved by the Court or otherwise fails to become effective, Class Counsel shall not be obligated to repay amounts paid to, or that are billed by, the Settlement Administrator for Settlement Administration or Notice.

11.      Under the Settlement, Settlement Class Members who obtained at least two Topcase Replacements within four years of purchase and before two years from preliminary approval, will be paid automatically and will not be required to submit a Claim Form.  All other Settlement Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein.  All Claim Forms must be postmarked or submitted electronically within 120 days after entry of this Order as set forth in the Settlement Agreement.  Within sixty (60) days of the deadline to submit claims, Class Counsel and Apple shall meet and confer regarding the status of any late claims.

12.      No later than 25 days after entry of this Order, the Settlement Administrator shall begin sending the Notice, substantially in the form of Exhibits 1a-c, 2a-c, and 3 to the Settlement Agreement, via email to all members of the Settlement Class who have been and can be identified with reasonable effort, and shall issue Supplemental Postcard Notice as set forth in the Settlement Agreement.  The Settlement Administrator shall also publish the Website and post the Notice and Claim Form thereon on the first date that the Notice is sent to members of the Settlement Class.  Notice shall be substantially complete no later than 60 days after entry of this Order.

14.      The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

**The Final Fairness Hearing**

17.      The Court will hold a Final Fairness Hearing on _____, at the United States

4

District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113, Courtroom 4 – 5th Floor for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

18.     Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

19.     Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than 60 days after entry of this Order.   Any Reply in support of final approval of the Settlement or Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than 120 days after entry of this Order.

**Objections and Appearances at the Final Fairness Hearing**

20.     Any Settlement Class Member may appear at the Final Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why judgment should or should not be entered; or to comment on or oppose Class Counsel's application for attorneys' fees, costs, and expenses or Class Counsel's application for service awards.  No person or entity shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards, unless that person's objection is received by the Clerk of the United States District Court for the Northern District of California within 95 days after entry of this

Order (the "Objection Deadline").  Objections must include (a) the Settlement Class Member's full name, mailing address, telephone number, email address, and signature; (b) if represented by counsel, the Settlement Class Member's counsel's name, mailing address, email address, and telephone number; (c) proof of membership in the Class; (d) a detailed statement of the objection, including all the grounds for the objection together with any evidence the Settlement Class Member thinks supports it; (e) a statement whether the objection applies only to the Settlement Class Member, to a specific subset of the Class, or to the entire Class; (f) a statement whether the Settlement Class Member or their counsel intends to speak at the Final Approval Hearing; and (g) a list of all cases in which the Settlement Class Member or their counsel has filed an objection to a class action settlement within the past five years.

21.     Any Settlement Class Member who does not make his, her, or its objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards.  By objecting, or otherwise requesting to be heard at the Final Fairness Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

22.     Attendance at the Final Fairness Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the Settlement, including the plan of allocation, and/or the application for an award of attorneys' fees, costs, and expenses and for service awards must indicate in their written objection their intention to appear at the hearing.  If an objector hires an attorney for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline.

### Exclusion from the Settlement Class

23.     Any requests for exclusion are due no later than 95 days after entry of this Order ("Exclusion Deadline").  Any person or entity who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must notify the Settlement Administrator in writing of that intent by submitting an Opt-Out form, available on the Settlement Website, either (i) by

U.S. mail postmarked no later than the Exclusion Deadline; or (ii) by submission on the Settlement Website no later than the Exclusion Deadline.  Any person or entity who is a member of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

24.     Any member of the Settlement Class who does not notify the Settlement Administrator of his, her, or its intent to be excluded from the Settlement Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person or entity shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims against the Releasees provided for in the Settlement Agreement, and the Final Order and Judgment.

### Termination of the Settlement

25.     If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

### Limited Use of This Order

26.     The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered

from Defendant in this Action if it were not settled at this time.  The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

**Reservation of Jurisdiction**

27.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

28.     All discovery and pretrial and trial proceedings and deadlines are vacated until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

**Schedule and Deadlines**

29.     The Court sets the following schedule for further Settlement-related proceedings:

| Event | [Proposed] Deadline |
| --- | --- |
| Class Action Fairness Act notice to state and federal officials, under 28 U.S.C. § 1715 | Within 10 days after filing of the motion for preliminary approval |
| Notice Date | No later than 25 days after entry of preliminary approval order |
| Notice to be substantially completed | No later than 60 days after entry of preliminary approval order |
| Plaintiffs to move for final approval of the settlement | 60 days after entry of preliminary approval order |
| Plaintiffs to move for attorneys' fees, expenses, and service awards | 60 days after entry of preliminary approval order |
| Deadline for the submission of objections and requests for exclusion, and opposition or objections to Plaintiffs' motion for attorneys' fees, expenses, and service awards | 95 days after entry of preliminary approval order |

| Event | [Proposed] Deadline |
|---|---|
| Reply briefs in support of final approval and motion for attorneys' fees, expenses, and service awards, and responses to any timely objections | 120 days after entry of preliminary approval order |
| Deadline to file a claim | 120 days after entry of preliminary approval order |
| Final Fairness Hearing | At least 130 days after entry of preliminary approval order |

**IT IS SO ORDERED.**

DATED: _____    _____

THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE MACBOOK KEYBOARD
LITIGATION

Case No. 5:18-cv-02813-EJD-VKD

**[PROPOSED] FINAL APPROVAL ORDER**

1     This matter came before the Court for hearing pursuant to the Order Granting Plaintiffs' Motion

2 for Preliminary Approval of Class Action Settlement, dated _____ ("Preliminary Approval Order"), on

3 the motion of Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve

4 Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, and Benjamin Gulker

5 (collectively, "Plaintiffs") for approval of proposed class action settlement with Defendant Apple Inc.

6 ("Apple" or "Defendant").  Due and adequate notice having been given of the Settlement as required by

7 the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted

8 herein, and good cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as

9 follows:

10     1.    This Final Approval Order incorporates by reference the definitions in the Settlement

11 Agreement with Defendant dated July 18, 2022 (the "Agreement"), and all defined terms used herein

12 that are defined in the Settlement Agreement have the same meanings ascribed to them in the Agreement.

13     2.    This Court has jurisdiction over the subject matter of the Action and over all Parties

14 thereto, and venue is proper in this Court.

15     3.    The Court reaffirms and makes final its provisional findings, rendered in the Preliminary

16 Approval Order, that, for purposes of the Settlement only, all prerequisites for maintenance of a class

17 action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court accordingly

18 certifies the following Settlement Class:

> All persons and entities in the United States who purchased, other than for resale, one or more of the following Class Computers: MacBook (Retina, 12-inch, Early 2015), MacBook (Retina, 12-inch, Early 2016), MacBook (Retina, 12-inch, 2017), MacBook Air (Retina, 13-inch, 2018), MacBook Air (Retina, 13-inch, 2019), MacBook Pro (13-inch, 2016, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2019, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2016, Four Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2016), MacBook Pro (15-inch, 2017), MacBook Pro (13-inch, 2018, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2018), MacBook Pro (13-inch, 2019, Four Thunderbolt 3 Ports), and MacBook Pro (15-inch, 2019).

4.      Excluded from the Settlement Class are Defendant Apple Inc. ("Apple"), its parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Apple has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

5.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

6.      The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

7.      The Court directs the Parties and the Settlement Administrator to implement the Settlement according to its terms and conditions and the Final Approval Order.

8.      Upon the Effective Date, Releasing Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons from all Released Claims.

9.      The persons and entities identified in Exhibit 1 hereto requested exclusion from the Settlement Class as of the Exclusion Deadline.  These persons and entities shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Apple.  All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Apple in any court, administrative agency, arbitral forum, or other tribunal.

10.     Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from this Order or the Judgment entered herein.

11.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Apple, or (c) any fault or omission of Apple in any proceeding in any court, administrative agency, arbitral forum, or other tribunal. To the extent permitted by law, neither the Settlement Agreement, the Settlement, this Order, the Judgment, any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by Apple. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

12.     No Settlement Class Member or any other person will have any claim against Apple, Plaintiffs, Class Counsel, or the Settlement Administrator arising from or relating to the Settlement or actions, determinations or distributions made substantially in accordance with the Settlement or Orders of the Court.

13.     Without affecting the finality of this Order or the Judgment entered herein, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, and this Final Order and the Judgment entered herein, including (a) distribution or disposition of the Settlement Fund; (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (c) the Parties for the purpose of construing, enforcing, and administering the Settlement.  If any Party fail(s) to fulfill its or their obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Releasees, and to reinstate the Released Claims against the Releasees.

14.     If the Settlement does not become effective, then this Order and any Judgment entered herein shall be rendered null and void to the extent provided by and in accordance with the Agreement

3

and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment of Dismissal with prejudice as to the Defendants ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as Final Judgment, in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____     _____
                                                                    THE HONORABLE EDWARD J. DAVILA
                                                                    UNITED STATES DISTRICT JUDGE

EXHIBIT 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE MACBOOK KEYBOARD
LITIGATION

Case No. 5:18-cv-02813-EJD-VKD

**[PROPOSED] FINAL JUDGMENT**

### [PROPOSED] FINAL JUDGMENT

For the reasons set forth in this Court's Final Approval Order, in the above-captioned matter as to the following class of persons:

> All persons and entities in the United States who purchased, other than for resale, one or more of the following Class Computers: MacBook (Retina, 12-inch, Early 2015), MacBook (Retina, 12-inch, Early 2016), MacBook (Retina, 12-inch, 2017), MacBook Air (Retina, 13-inch, 2018), MacBook Air (Retina, 13-inch, 2019), MacBook Pro (13-inch, 2016, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2019, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2016, Four Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2016), MacBook Pro (15-inch, 2017), MacBook Pro (13-inch, 2018, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2018), MacBook Pro (13-inch, 2019, Four Thunderbolt 3 Ports), and MacBook Pro (15-inch, 2019).

Excluded from the Settlement Class are Defendant Apple Inc. ("Apple"), its parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Apple has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the above-specified class of persons and entities, Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, Benjamin Gulker, and Ashton Huey (collectively "Plaintiffs" or "Class Representatives") and Defendant Apple Inc. ("Apple") on the terms and conditions of the Settlement Agreement and Release (the "Settlement Agreement") approved by the Court's Final Approval Order, dated _____.

1.      The Court, for purposes of this Final Judgment, adopts the terms and definitions set forth in the Settlement Agreement incorporated into the Final Approval Order.

2.      All Released Claims of the Releasing Persons are hereby released as against Apple and the Released Persons, as defined in the Settlement Agreement.

3.      The claims of Plaintiffs and the Settlement Class Members are dismissed with prejudice in accordance with the Court's Final Approval Order.

4.     The Parties shall bear their own costs and attorneys' fees, except as set forth in the Settlement Agreement or otherwise set forth in the Final Approval Order or any Order regarding Plaintiffs' request for attorneys' fees, expenses, and service awards.

5.     This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

6.     The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment as to Plaintiffs, the Settlement Class Members, and Apple. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

**JUDGMENT ENTERED** this _____.


_____
THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE