EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD-VKD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE** |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion").

WHEREAS, Class Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, and Benjamin Gulker (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, Plaintiff Ashton Huey, and Defendant Apple Inc. ("Apple" or "Defendant") entered into a Settlement Agreement on July 18, 2022, which, together with the Exhibits annexed thereto ("Settlement Agreement"), sets forth the terms and conditions for a proposed global settlement of this Litigation and the Huey Litigation, and for their dismissal with prejudice upon the terms and conditions set forth therein, subject to Court approval;

WHEREAS, Plaintiffs, the Settlement Class, Plaintiff Huey, and Apple are collectively referred to herein as the "Parties";

WHEREAS, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class for settlement purposes only, and (iii) directing notice as set forth herein;

WHEREAS, the Settlement before the Court is the product of extensive negotiations, including in mediations before Hon. Edward A. Infante (Ret.) and Hon. Jay C. Gandhi (Ret.);

WHEREAS, Defendant does not oppose the Motion;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, and Memorandum of Points and Authorities in Support Thereof, and the supporting Declaration, and has found good cause for entering the following Order;

WHEREAS, unless otherwise specified, all capitalized terms used herein that are defined in the Settlement Agreement have the same meanings as set forth in that agreement.

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

**Certification of Settlement Class**

1. The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the Court will likely be able to certify the following proposed pursuant to Federal Rule of Civil Procedure 23:

> All persons and entities in the United States who purchased, other than for resale, one or more of the following Class Computers: MacBook (Retina, 12-inch, Early 2015), MacBook (Retina, 12-inch, Early 2016), MacBook (Retina, 12-inch, 2017), MacBook Air (Retina, 13-inch, 2018), MacBook Air (Retina, 13-inch, 2019), MacBook Pro (13-inch, 2016, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2019, Two Thunderbolt 3 Ports), MacBook Pro (13-inch, 2016, Four Thunderbolt 3 Ports), MacBook Pro (13-inch, 2017, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2016), MacBook Pro (15-inch, 2017), MacBook Pro (13-inch, 2018, Four Thunderbolt 3 Ports), MacBook Pro (15-inch, 2018), MacBook Pro (13-inch, 2019, Four Thunderbolt 3 Ports), and MacBook Pro (15-inch, 2019).

Excluded from the Settlement Class are Defendant Apple Inc., its parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Apple has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

2. The Court previously certified a seven-state litigation Class and seven constituent state subclasses of purchasers of Class Computers in California, New York, Florida, Illinois, New Jersey, Washington, and Michigan under Rules 23(a) and 23(b)(3). Dkt. No. 298. The Settlement Class includes all Class Computer purchasers in the United States. *See* Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment (advising that "[if] the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted."). For purposes of settlement only, the Court concludes that, for the reasons set forth in Dkt. No. 298, the nationwide Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

3. This provisional certification of the Settlement Class shall be solely for settlement purposes, without prejudice to the parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event that the Settlement Agreement is not finally approved, this provisional certification shall be vacated and shall have no effect.

### Preliminary Approval of the Settlement

4. The Court finds that the Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose negotiations were supervised by experienced mediators. The terms of the Settlement do not improperly grant preferential treatment to any segment or member of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

5. The Court hereby preliminarily approves the Settlement, including as memorialized in the Settlement Agreement, subject to further consideration at the Final Fairness Hearing to be conducted as described below.

### Manner and Form of Notice

7. The Court approves, as to their form and content, the Notices and Claim Form substantially in the form of Exhibits B – E to the Notice of Filing of Amended Proposed Order and Exhibits to Class Action Settlement Agreement and Release. The proposed notice plan, which includes direct notice via email and postcard, and website notice, will provide the best notice practicable under the circumstances. The Notices and their manner of transmission are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, the proposed Settlement and its effects (including the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights, including to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to the Settlement Class; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Fairness Hearing shall be included in the Notice before dissemination.

8. The Court hereby appoints JND Legal Administration to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a settlement website (the "Website"), administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement and the incorporated plan of allocation, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

9. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as in administering the Settlement Fund, shall be paid from the Settlement Fund as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court or otherwise fails to become effective, Class Counsel shall not be obligated to repay amounts paid to, or that are billed by, the Settlement Administrator for Settlement Administration or Notice.

11. Under the Settlement, Settlement Class Members who obtained at least two Topcase Replacements within four years of purchase and before two years from preliminary approval, will be paid automatically and will not be required to submit a Claim Form. All other Settlement Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or submitted electronically by March 6, 2023 as set forth in the Settlement Agreement. Within sixty (60) days of the deadline to submit claims, Class Counsel and Apple shall meet and confer regarding the status of any late claims.

12. No later than December 12, 2022, the Settlement Administrator shall begin sending the Notice, substantially in the form of Exhibits C – E to the Notice of Filing of Amended Proposed Order and Exhibits to Class Action Settlement Agreement and Release, via email to all members of the Settlement Class who have been and can be identified with reasonable effort, and shall issue Supplemental Postcard Notice as set forth in the Settlement Agreement. The Settlement Administrator shall also publish the Website and post the Notice and Claim Form thereon on the first date that the Notice is sent to members of the Settlement Class. Notice shall be substantially complete no later than January 6, 2023.

14. The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

### The Final Fairness Hearing

17. The Court will hold a Final Fairness Hearing on March 16, 2023 at 9:00 a.m., at the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113, Courtroom 4 – 5th Floor for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

18. Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

19. Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than January 6, 2023. Any Reply in support of final approval of the Settlement or Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than March 6, 2023.

### Objections and Appearances at the Final Fairness Hearing

20. Any Settlement Class Member may appear at the Final Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why judgment should or should not be entered; or to comment on or oppose Class Counsel's application for attorneys' fees, costs, and expenses or Class Counsel's application for service awards. No person or entity shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment

to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards, unless that person's objection is received by the Clerk of the United States District Court for the Northern District of California by February 10, 2023 (the "Objection Deadline"). Objections must include (a) the Settlement Class Member's full name, mailing address, telephone number, email address, and signature; (b) if represented by counsel, the Settlement Class Member's counsel's name, mailing address, email address, and telephone number; (c) proof of membership in the Class; (d) a detailed statement of the objection, including all the grounds for the objection together with any evidence the Settlement Class Member thinks supports it; (e) a statement whether the objection applies only to the Settlement Class Member, to a specific subset of the Class, or to the entire Class; (f) a statement whether the Settlement Class Member or their counsel intends to speak at the Final Approval Hearing; and (g) a list of all cases in which the Settlement Class Member or their counsel has filed an objection to a class action settlement within the past five years.

21. Any Settlement Class Member who does not make his, her, or its objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards. By objecting, or otherwise requesting to be heard at the Final Fairness Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

22. Attendance at the Final Fairness Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the Settlement, including the plan of allocation, and/or the application for an award of attorneys' fees, costs, and expenses and for service awards must indicate in their written objection their intention to appear at the hearing. If an objector hires an attorney for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline.

**Exclusion from the Settlement Class**

23. Any requests for exclusion are due no later than February 10, 2023 ("Exclusion

Deadline"). Any person or entity who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must notify the Settlement Administrator in writing of that intent by submitting an Opt-Out form, available on the Settlement Website, either (i) by U.S. mail postmarked no later than the Exclusion Deadline; or (ii) by submission on the Settlement Website no later than the Exclusion Deadline. Any person or entity who is a member of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

24. Any member of the Settlement Class who does not notify the Settlement Administrator of his, her, or its intent to be excluded from the Settlement Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person or entity shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims against the Releasees provided for in the Settlement Agreement, and the Final Order and Judgment.

**Termination of the Settlement**

25. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

**Limited Use of This Order**

26. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or

defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time.  The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

## Reservation of Jurisdiction

27.   The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

28.   All discovery and pretrial and trial proceedings and deadlines are vacated until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

## Schedule and Deadlines

29.   The Court sets the following schedule for further Settlement-related proceedings:

| Event | Deadline |
| --- | --- |
| Class Action Fairness Act notice to state and federal officials, under 28 U.S.C. § 1715 | Completed July 26, 2022 |
| Notice Date | December 12, 2022 |
| Notice to be substantially completed | January 6, 2023 |
| Plaintiffs to move for final approval of the settlement | January 6, 2023 |
| Plaintiffs to move for attorneys' fees, expenses, and service awards | January 6, 2023 |
| Deadline for the submission of objections and requests for exclusion, and opposition or | February 10, 2023 |

| Event | Deadline |
|---|---|
| objections to Plaintiffs' motion for attorneys' fees, expenses, and service awards | |
| Reply briefs in support of final approval and motion for attorneys' fees, expenses, and service awards, and responses to any timely objections | March 6, 2023 |
| Deadline to file a claim | March 6, 2023 |
| Final Fairness Hearing | March 16, 2023 at 9:00 a.m. |

**IT IS SO ORDERED.**

DATED: _____     _____
THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE