UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE MACBOOK KEYBOARD LITIGATION

Case No. 5:18-cv-02813-EJD

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**

Re: Dkt. No. 410

On November 3, 2022, the Court held a hearing on the motion of Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, and Benjamin Gulker (collectively, "Plaintiffs") unopposed by Defendant Apple, Inc. for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. Dkt. Nos. 410, 419. Adam Polk, Steve Schwartz, Ben Johns, and Beena McDonal appeared for Plaintiffs; and Jessica Grant, Claudia Vetesi, Brittany Scheinok, and Scott Murray appeared for Apple. Pursuant to the discussion at the hearing, Plaintiff filed an amended proposed order and exhibits on November 7, 2022. Dkt. No. 420.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the Settlement Agreement and the class notice, as well as the record in this case, and

based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement.

## I.   BACKGROUND

Plaintiffs filed a consolidated putative class action complaint on October 11, 2018 against Apple asserting claims arising out of an alleged defect with MacBook's "butterfly" keyboard. *See* Consol. Class Action Compl., Dkt. No. 66. Plaintiff's Second Amended Complaint ("SAC") alleges claims against Apple for violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; fraudulent concealment; violations of the Song-Beverly Consumer Warranty Act for breach of the implied warranty of merchantability, Cal. Civ. Code § 1792 *et seq.*; violations of the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code §§ 19.86, *et seq.*; violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204, *et seq.*; violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. §§505/1, *et seq.*; violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. §§ 56:8-1, *et seq.*; violations of New York General Business Law § 349, N.Y. Gen. Bus. Law § 349 ("GBL section 349"); and violations of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901, *et seq*. *See* Second Am. Consol. Compl., Dkt. No. 219.

After certifying a seven-state litigation class and seven constituent state subclasses of purchasers of Class Computers, the parties reached a settlement with the assistance of a retired judge, the Honorable Edward A. Infante, after arm's length negotiations. Pl.'s Mot. for Prelim. Approval of Class Action Settlement ("Mot."), Dkt. No. at 6, 14–15, 21; *see also* Dkt. No. 298.

### A.   Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $50,000,000 into a common settlement fund, without admitting liability. Mot. at 1. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, and the class representative's

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT &
SETTING DEADLINES FOR NOTICE, OBJ., EXCLUSION, & FINAL FAIRNESS HR'G

2

service award. The net settlement fund will be allocated to Settlement Class Members who experienced keyboard problems and received at least one unsuccessful repair.

All Settlement Class Members who went to Apple or an Authorized Service Provider and received a "Topcase Replacement" or a "Keycap Replacement" within four years after the date they purchased their Class Computer are eligible for compensation. Compensation is limited to one claim per each Class Computer but Settlement Class Members may make additional claims if they purchased more than one Class Computer.

### 1. *Attorneys' Fees and Costs*

Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to approximately $13,599,113 in attorneys' fees and no more than $2,000,000 in litigation costs. Mot. at 12. The common settlement fund also includes a provision for $1,400,000 in settlement administration costs; and up to $5,000 to be paid to all Class Representatives and Plaintiff Huey, the lead plaintiff in the parallel *Huey*[1] action, as service award in exchange for a general release of all claims against Apple. Mot. at 12–13; Settlement Agreement, Dkt. No. 410-1 §§ 7.4, 8.6

### 2. *Class Relief*

After deductions from the common fund for fees, costs, and service incentive awards, the remaining funds will be distributed among the participating class members. Class members will be divided into three Groups and paid according to the allocation plan discussed below, which provides for greater compensation to Settlement Class Members who experienced multiple issues resulting in two or more keyboard replacements. The Agreement provides that no amount will revert to defendant. In addition, Settlement Class Members will remain eligible for Apple's Keyboard Service Program ("KSP"), which provides free keyboard repairs for four years from the date of purchase.

---

[1] The release clause of the settlement agreement extends to *Huey v. Apple Inc.*, Case No. 2018 CA 004200 B, a separate parallel action against Apple pending in the Superior Court of the District of Columbia. Settlement Agreement ¶ 4.4.

### 3.     *Unclaimed Funds*

The Settlement Agreement provides that when checks mailed to participating Class Members are not redeemed or deposited within ninety (90) days they will become void. Dkt. No. 410-1 § 3.4.7. Checks that remain uncashed for ninety days after class payment is distributed will remain in the settlement fund and supplemental distributions will be made to Settlement Class Members as outlined in the Agreement. *Id.* § 3.5.3. If supplemental distribution is not practicable or if there are remaining funds in the Net Settlement Fund even after all such supplemental payments are made, "Class Counsel and Apple shall meet and confer to discuss a proposal to present to the Court regarding distribution of remaining funds, including a *cy pres* distribution." *Id.*

## II.     PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A.     Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT &
SETTING DEADLINES FOR NOTICE, OBJ., EXCLUSION, & FINAL FAIRNESS HR'G
4

settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011). Here, the Court previously certified a seven-state litigation class with respect to Plaintiffs' Song-Beverly and statutory consumer protection claims and seven state subclasses of purchasers of Class Computers in California, New York, Florida, Illinois, New Jersey, Washington, and Michigan. *See* Order Granting Mot. to Certify Class; Granting In Part & Denying In Part Apple's Mot. to Strike Expert Opinions, Dkt. No. 278. Plaintiffs did not, however, propose a nationwide class at that time. *Id.* at 29.

### B.     Class Definition and Basis for Conditional Certification

The Settlement Class includes all Class Computer purchasers in the United States. The Agreement defines the class as:

> "Settlement Class" means all persons and entities in the United States who purchased, other than for resale, one or more Class Computers, excluding Defendant Apple Inc. ("Apple"), its parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Apple has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

("the Settlement Class"). Dkt. No. 410-1 § JJ (defining "Settlement Class"), § H (defining "Class Computer"). The proposed class is materially the same as alleged in the complaint.

The Court finds that, for purposes of settlement, Plaintiffs have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes approximately 15 million Class Computers, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action involves three questions common to all class members: (1) whether the "butterfly" keyboard within the Class Computers is defective; (2) whether Apple had knowledge of the alleged defect; and (3) whether Apple had a duty to disclose the alleged defect. Mot. at 22.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the

representative parties are typical of the claims or defenses of the class." Plaintiff and members of the Settlement Class were all have the same types of claims stemming from the same alleged violations concerning the same Apple product, the "butterfly" keyboard, therefore making plaintiff's claims typical of class members. Mot. at 22.

With respect to Rule 23(a)(4), the Court finds the representative parties and Class Counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel have demonstrated that they are experienced in representing plaintiffs and classes in complex class action litigation, have vigorously prosecuted the case, and are therefore adequate to represent the Settlement Class as well.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here. As discussed more below, Class Members are sorted into one of three claim groups: Group 1 members of the class here will recover up to $395 per Class Computer; Group 2 members will recover up to $125 per Class Computer; and Group 3 members will recover up to $50 per Class Computer. Settlement Agreement § 3.4.3. Because the Settlement Class Members number in the millions class-wide resolution of the claims is most efficient.

Based on the foregoing, the proposed Settlement Class is conditionally certified pursuant to Rule 23(c).

### C. Settlement Agreement Appears Fair and Reasonable

The Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. The parties reached their settlement after extensive fact and expert discovery, including reviewing of 1.2 million pages of documents, answering supplemental responses to

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING DEADLINES FOR NOTICE, OBJ., EXCLUSION, & FINAL FAIRNESS HR'G

6

interrogatories, 38 depositions (including depositions of all eleven Class Representatives and twelve experts), and significant discovery motion practice. Mot. at 1, 14. The parties also engaged in substantive motion practice, including three motions to dismiss, certification of a seven-state litigation class as well as seven constituent state subclasses of Class computer purchasers, and *Daubert* rulings. *Id.* at 1, 5; Dkt. No. 298.

Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Plaintiffs faced risks associated with a motion to decertify class, as Apple filed a petition with the Ninth Circuit for permission to appeal the Court's class certification of the seven-state class and seven constituent state subclasses which the Ninth Circuit denied. Mot. at 6. Even if plaintiff prevailed, the best-case recovery after trial was a judgment in the range of $178 million to $569 million. Mot. at 17. The $50 million settlement fund represents approximately 9% to 28% of the total estimated damages which falls within the typical range of recovery in class action settlements. *See e.g.*, *In re MyFord Touch Consumer Litig.*, 2019 WL 1411510, at *10 (N.D. Cal. 2019) (approving a settlement fund of approximately 6% of potential recovery); *Deaver v. Compass Bank*, 2015 WL 8526982, at *7 (N.D. Cal. 2015) (approving a settlement amounting to 10.7% of total damages).

Moreover, allocating a trial judgment would have required a claims procedure to compensate all Class Members who experienced one or more defective keyboards. Finally, the settlement occurred only after the parties gained a thorough understanding of the strengths and weaknesses of their cases. Settlement was reached after approximately two years of negotiations, first supervised by the Honorable Jay Ghandi (ret.) and later by the Honorable Edward A. Infante (ret.). Counsel for both parties are highly experienced in complex class litigation. Finally, the record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946–47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreements required to be identified under Rule 23(e)(3), which are not present here.

    Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

    Based on the foregoing, the Court conditionally certifies the proposed nationwide class and provisionally appoints Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Class Counsel and Plaintiffs Zixuan Rao, Joseph Baruch, Bo Laurent, Ashley Marin, Kyle Barbaro, Steve Eakin, Michael Hopkins, Adam Lee, Kevin Melkowski, Lorenzo Ferguson, and Benjamin Gulker as class representatives.

### III. PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION

#### A. Notice Plan

    A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Just. v. Civ. Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. Phillips *Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

1  The parties' proposed notice plan includes providing short-form and long-form notice. During the hearing, Class Counsel indicated that the Class definition in the long-form and short-form notices needed to be corrected.  Class Counsel corrected and filed amended versions of the notice following this discussion.  *See* Dkt. No. 420.

Pursuant to the notice plan, direct, short-form email notice will be provided to each Settlement Class Member for whom Apple has a valid email address.  This notice will be tailored to each customer based on which group they fall within (Group 1, 2, or 3) in order to simplify the email notice and avoid confusion.  Class Counsel has assured the Court that the Settlement Administrator has methods in place to prevent emails from going to individuals' email spam or clutter folders.  Based on Apple's records it has contact information for more than 95% of the Settlement Class.  For those in the Settlement Class whom Apple does not have a valid email address or those whom the Settlement Administrator is able to determine the email notice was returned as undeliverable, the Settlement Administrator will mail a postcard version of the Notice.  If the postcard is retuned, the Settlement Administrator will re-mail the Notice to the forwarding address.  Long-form notice will also be published on the settlement website and the Settlement Administrator will establish a toll-free phone number for the Settlement Class.

Finally, Apple will direct the Settlement Administrator to provide notice to governmental enforcement authorities, consistent with 28 U.S.C. § 1715.  Settlement Agreement § 4.2.  Based on the foregoing, the proposed notice plan appears to be constitutionally sound in that Plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court therefore approves of the amended Long Form Notice of Proposed Class Action Settlement. Exhibit C, Dkt. No. 420-3. The Court also approves the form of the amended Short-Form Email Notice (Exhibit D, Dkt. No. 420-4) and the amended Short-Form Postcard Mail Notice (Exhibit E, Dkt. No. 420-5). *See also* Dkt. No. 410-1. Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.

Accordingly, the forms of plan of notice are **APPROVED**.

### B. Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices.

As discussed, the Settlement Administrator will divide Claimants into three groups which are based on the extent of Settlement Class Members' injuries, or the extent and frequency of their unsuccessful keypad or keyboard replacements. Compensation varies by group, with those who have experienced the greatest harm in Group 1 being compensated the greatest amount. These groups differentiate between those who have received a "Topcase Replacement," or replacement of the full keyboard module, and those who have received a "Keycap Replacement," or replacement of one or more keycaps. *See* Settlement Agreement § 3.2 (defining qualifying keyboard repair).

Group 1 is composed of Settlement Class Members "who received two or more Topcase Replacements from Apple or an Authorized Service Provider within four years of purchase based on Apple's records." Mot. at 8; *see also* Settlement Agreement § 3.4.3.1. Group 1 is the only group that will not need to submit a claim to receive compensation, as their payment will be automatic. Mot. at 8. Group 1 payments are capped at $395. Group 2 consists of Settlement Class Members "who obtained one Topcase Replacement from Apple or an Authorized Service

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT &
SETTING DEADLINES FOR NOTICE, OBJ., EXCLUSION, & FINAL FAIRNESS HR'G
10

Provider, and who attest on the Claim Form that the repair did not resolve their keyboard issues." Settlement Agreement § 3.4.3.2.  Finally, Group 3 is made up of Settlement Class Members "who, within four years after purchase, obtained one or more Keycap Replacements (but not any Topcase Replacements) from Apple or an Authorized Service Provider, and who attest on the Claim Form that the repair did not resolve their keyboard issues."  Settlement Agreement § 3.4.3.3.  Group 2 and Group 3 payments are capped at $125 and $50 respectively.  Both Groups 2 and 3 must submit Claim Forms to receive compensation, which must be postmarked or submitted electronically within one hundred and twenty (120) days after entry of this Order.  Mot. at 8.  All claim forms will be pre-populated whenever possible.

Once the Claim Period ends, the Settlement Administrator will set aside a reserve amount of $300 per Settlement Class Member in Group 1, including Settlement Class Members projected to become future Group 1 Claimants within 2 years after the Court grants preliminary approval pursuant to the Agreement.  Mot. at 9–10; Settlement Agreement § 3.4.4.  The amount remaining in the settlement fund after Group 1 deductions will then be divided amongst the Group 2 and 3 Settlement Class Members on a proportionate basis according to the formulae laid out in Section 3.4.5 of the Settlement Agreement.  The Agreement also outlines how residual funds should be redistributed in supplemental payments during the "Reserve Period."  Settlement Agreement § 3.5.

Because all Group 1 Settlement Class Members will receive payment based on Apple's records, the effective claims rate for this group will be at or near 100%.  For Group 2 and 3 Claimants, based on Class Counsels' experience and discussions with the Settlement Administrator, Plaintiffs expect a claims rate of 15% to 25% for Settlement Class Members who appear in Apple's records and do not need to submit documentation or information in support of their Claim.   For Settlement Class Members who are not in Apple's records and must submit documentation or information, the claims rate are estimated to be 5% or less.

Accordingly, the Court finds that the distribution of the settlement fund is an objective, well-tailored method and approves the proposed Claim Form.

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING DEADLINES FOR NOTICE, OBJ., EXCLUSION, & FINAL FAIRNESS HR'G
11

### C. Settlement Administrator

JND Legal Administration ("JDN") is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall begin to distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than twenty-five (25) days after the entry of this Order ("Notice Date"). Notice shall be substantially completed within sixty (60) days after entry. Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Apple is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than **Friday, December 2, 2022**.

### D. Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by timely submitting a written Request for Exclusion either through a portal on the Settlement Website or by U.S. mail to the Settlement Administrator no later than ninety-five (95) days after entry of this order, or **Friday, February 10, 2023**. Requests for exclusion must be in writing and set forth the name, email address, and address of the person who wishes to be excluded, as well as the serial address of their computer if available, and must be signed by the class member seeking exclusion. Settlement Agreement § BB. No later than **Thursday, March 9, 2023**, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

### E. Objections

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **Friday, February 10, 2023**. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

### F. Attorneys' Fees and Class Representative Awards

The parties have not reached an agreement as to the amount of attorneys' fees and Apple reserves the right to object or oppose Class Counsel's request for fees, expenses, and service awards. Mot. at 12. Class Counsel will seek up to 30% of the fund in attorneys' fees. Mot. at 7. Plaintiffs and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **Friday, January 6, 2023**. Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than ninety-five (95) days after entry of preliminary approval order, on **Friday, February 10, 2023**, as stated above.

Plaintiffs shall file a reply brief responding to any timely objection no later than **Monday, March 6, 2023**.

### G. Fairness and Final Approval Hearing

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **Friday, January 6, 2023**.

The Court will conduct a Fairness and Final Approval Hearing on **Thursday, March 16, 2023, at 9:00 a.m.**, to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING DEADLINES FOR NOTICE, OBJ., EXCLUSION, & FINAL FAIRNESS HR'G
13

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than **Thursday, March 9, 2023**.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### H.   Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | December 2, 2022 |
| Class Administrator shall begin sending Class Notice | December 12, 2022 |
| Class Notice to be substantially completed by | January 6, 2023 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | January 6, 2023 |
| Motion for Final Approval to be filed by | January 6, 2023 |
| Postmark deadline to submit objections or requests for exclusion to the settlement, and opposition or objections to Plaintiffs' motion for attorneys' fees, expenses, and service awards | February 10, 2023 |
| Reply briefs in support of final approval and motion for attorneys' fees, expenses, and service awards, and responses to any timely filed objections | March 6, 2023 |
| Deadline to file a Claim | March 6, 2023 |

Case No.: 5:18-cv-02813-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT &
SETTING DEADLINES FOR NOTICE, OBJ., EXCLUSION, & FINAL FAIRNESS HR'G

14

| Fairness and Final Approval Hearing<br>*NOTE: Subject to change without further notice to the Class.* | March 16, 2023 at 9:00 a.m. |

**IT IS SO ORDERED.**

Dated: November 28, 2022



EDWARD J. DAVILA
United States District Judge