John A. Hawkinson<br>
Box 397103<br>
Cambridge, MA 02139-7103<br>
617-797-0250, jhawk@alum.MIT.EDU

February 10, 2023



FILED
FEB 23 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

Clerk of the Court
U.S. District Court for the Northern District of California
280 South 1st Street
San Jose, CA 95113
BY FIRST CLASS MAIL

Re: *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD

Dear Intake clerk:

Would you please:

(1) docket the attached under the **Civil > Other > Other > Objection** event in the above-captioned case, as:

> "Objection to [410] MOTION for Preliminary Approval of Settlement by John A. Hawkinson – objection to proposed settlement"

or similar, and

(2) also add my ECF account as an Objector role, a "noticing only" role, or any other role such that my email address receives ECF free looks for this and future entries in this case?

Thank you.

Very truly yours,

*/s/ John A. Hawkinson*  18 Feb 23

John A. Hawkinson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

IN RE: MACBOOK KEYBOARD LITIGATION

Civil Action No.
5:18-cv-02813-EJD

OBJECTION OF JOHN A. HAWKINSON TO PROPOSED SETTLEMENT

John A. Hawkinson, having received notice of potential membership in this class, respectfully files this objection.

This is not, principally, a merits objection. Rather, undersigned uses this forum to raise minor technical quibbles with the form of the email notice sent to class members, in the hopes that class counsel will write better notices in future cases, and so that law clerks are better able to advise on specific details, again to result in better notices. Undersigned conferred with class counsel in January and although a fulsome discussion was had, we were unable to reach agreement as to these issues. Consequently, it seems like might be helpful if the Court were to endorse these concerns. All with an eye to a higher quality of notices in future consumer class action litigation.

Undersigned is a journalist who regularly deals with PACER and CM/ECF, and has some appreciation for what the lay person may encounter when receiving a class action notice and attempting to follow along and navigate the system. I hope my fresh eyes can more effectively replicate what an inexperienced person might see.

## I. Instructions to use PACER need a docket number

The short-form notice states,

> "You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays."

The short-form email notice[1] doesn't include a docket number[2].

I'm not sure that it is particularly fair to direct any inexperienced person to PACER in order to find case documents, but if that is to be the direction given, there needs to be enough information for a person to reasonably find the information, especially without incurring extra fees, since searches in PACER are not free.

At a minimum, the short-form notice should have included the docket number and caption.

And as to the long-form notice, although it does reference the docket number and captions in sections 1 and 22, sections 24 and 28 direct the reader to PACER for "more details about the Settlement," but that direction rings hollow without the docket number in close proximity.

Class counsel respond that they "appreciate [my] points and will consider adding the case caption to summary notices in the future." They should do more than consider it.

---

[1] The long-form notice does include a docket number, but that's of little help to recipients of the short-form notice.

[2] It turns out the case caption appears in the Subject: line of the email notice, "In Re: MacBook Keyboard Litigation," but it's not obvious that is the case caption. And it is also not a docket number.

2

## II. The class action website includes few documents

This not strictly a notice issue, but the notice directs readers to the class website for documents and additional details. At the time I reviewed the notice, on January 5, 2023, there were only seven of the 428 case documents on the website. As of today, that is up to eleven. It does not include motion to dismiss briefing.

Generally speaking, my expectation is that a class action website will include all of the case documents. Or, at least, that any document I might want to review in order to understand the litigation will be available.

Class counsel initially responded that "We've never seen a class settlement website that posts every docket entry, and posting over 400 would be confusing and burdensome to most class members."

I don't purport to be an expert in class action litigation, but my experience in securities class actions is that most documents are posted. For instance, *Arkansas Teacher Retirement System, et al. v. State Street Bank and Trust Company*, No. 11-cv-10230-MLW (D. Mass) and related cases (http://statestreetindirectfxclasssettlement.com/ has all the documents, if you click on "Court Documents" in the left sidebar).

Class counsel responds noting this is a consumer class action, and that "some of the securities settlement websites you cite were more geared to institutional investors, who typically own the majority of damages in securities cases."

But it seems to me this argument cuts the other way. Experienced institutional investors will retain experienced legal counsel who will retrieve documents from PACER themselves, and for whom PACER fees are pocket change. It is the individual consumers for whom paying $3 here and there for a document, or $45.90 or $182 for a 50-page transcript (depending on whether it's an additional copy or a first copy) might

3

really matter[3].

As to the statement that posting many documents would be "confusing and burdensome" *to class members*, that's obviously false. Class counsel only has to organize the website by listing "important documents" in one area and placing additional documents on a separate page or "below the fold" or similar. While creating a website might be burdensome for class counsel, it's certainly not burden for class members.

I don't know that the Court should require class counsel to post every single document, but it would seem like at the very least, dispositive motion practice should be there (*e.g.* the motion to dismiss briefing, which is not present).

## III. Objections cannot be filed electronically

Section 22 of the long-form notice reads:

> "You can file the objection electronically at https://www.cand.uscourts.gov/cm-ecf"

This kind of language is grossly misleading to ordinary people, for whom it is entirely impractical.

The Clerk's Office does not permit ordinary *pro se* objectors to file objections electronically through CM/ECF, nor does it accept objection filings via e-mail[4].

It does appear theoretically possible that a *pro se* objector could seek stipulation from class counsel and defense counsel for a motion for leave to file electronically and then submit such a motion to the Court by first class mail with sufficient time for it to be

---

[3] Class counsel were kind enough to forward a copy of the Nov. 3 preliminary approval hearing transcript to me.

[4] The ECF Helpdesk confirmed to me that "unless the party's name is on the docket, they cannot file. The court does not take filings by email." Email of Thursday, January 5 2023, 07:47:27 PST.

4

adjudicated in advance of today's filing deadline, but that seems wholly impractical. (I considered trying it just to inform this section of the objection, but ultimately the clock ran out for such endeavors; and that doesn't consider judicial economy).

While objectors who retain counsel, as well as those who are members of the N.D. Cal. bar, may file objections electronically, the vast majority of readers of the notice cannot, and this paragraph misleads and misinforms them. One imagines a lay person thinking they can just go to the Court's website on the evening of the deadline and leaving that task for the last minute, and then learning that their only option is to submit a written objection by first class mail postmarked that same day.

Class notice should probably not mention the possibility of electronic filing — the rare objector who is eligible for electronic filing will know it[5].

## IV.  Unclaimed funds

This is not a notice issue, but while I'm here:

As was flagged at the Nov. 3 hearing, the settlement agreement leaves for another day what happens in the event of unclaimed funds[6].

> "Class Counsel and Apple shall meet and confer to discuss a proposal to present to the Court regarding distribution of remaining funds, including a cy pres distribution."
> (proposed settlement §3.5.3)

It is puzzling to me that settlement does not simply direct all unclaimed funds to be distributed *pro rata* to those class members who claim their funds (i.e. to those who cash their checks).

---

[5]  To be clear, the notice should not suggest that electronic filing of objections is precluded, or that first class mail or hand delivery to the court are the sole and exclusive methods of filing.

[6]  Based on the notice I received in this case, and my particular eligibility, I speculate that the estimates of potential claimants are high and that there may be significant unclaimed funds.

## V. Conclusion

Pursuant to section 22 of the long-form notice:

- I do not intend to speak at the final approval hearing.
- I have filed no objections to class action settlements within the past five years, nor ever.

Thank you for humoring me. I appreciate the time of Court and counsel.

Respectfully submitted,

JOHN A. HAWKINSON, *pro se*

John A. Hawkinson
Box 397103
Cambridge, MA 02139-7103
617-797-0250
jhawk@alum.MIT.EDU

Dated: February 10, 2023



John Hawkinson
Box 397103
Cambridge, MA 02139-7103

Clerk of the Court
Case No. 5:18-cv-02813-EJD
U.S. District Court for the Northern District of California
280 South 1st Street
San Jose, CA 95113