1  Daniel C. Girard (SBN 114826)
2  Jordan Elias (SBN 228731)
   Adam E. Polk (SBN 273000)
3  Simon S. Grille (SBN 294914)
   **GIRARD SHARP LLP**
4  601 California Street, Suite 1400
   San Francisco, CA 94108
5  (415) 981-4800
6  dgirard@girardsharp.com
   jelias@girardsharp.com
7  apolk@girardsharp.com
   sgrille@girardsharp.com
8

9  Steven A. Schwartz (*pro hac vice*)
   Beena M. McDonald (*pro hac vice*)
10 **CHIMICLES SCHWARTZ KRINER**
    **& DONALDSON-SMITH LLP**
11 361 West Lancaster Avenue
12 Haverford, PA 19041
   (610) 642-8500
13 sas@chimicles.com
   bmm@chimicles.com
14

15 *Co-Lead Class Counsel*

16 [Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD-VKD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Judge: Hon. Edward J. Davila<br>Date: March 16, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4 – 5th Floor |

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

    A.  The Settlement Is Fair, Reasonable, Adequate, and Being Responsibly Administered ......... 2

    B.  The Objections Lack Merit and Should Be Overruled. ..................................................... 2

        1.  The Settlement Consideration Is Adequate ............................................................. 3

        2.  The Settlement Reasonably Targets Relief to the Class Members Most Affected by the Alleged Defect. ................................................................................ 5

        3.  The Notice Program Meets All Applicable Standards. ............................................ 7

    C.  The Court Should Approve Plaintiffs' Request for Attorneys' Fees and Costs. ............... 9

III.  CONCLUSION ............................................................................................................ 11

i

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aarons v. BMW of N. Am., LLC*,
  2014 WL 4090564 (C.D. Cal. Apr. 29, 2014) .................................................................4, 6

*Alin v. Honda Motor Co.*,
  2012 WL 8751045 (D.N.J. Apr. 13, 2012) .........................................................................6

*Asghari v. Volkswagen Grp. of Am., Inc.*,
  2015 WL 12732462 (C.D. Cal. May 29, 2015) ........................................................4, 6, 10

*Bower v. Cycle Gear, Inc.*,
  2016 WL 4439875 (N.D. Cal. Aug. 23, 2016) .................................................................10

*Carlotti v. ASUS Computer Int'l*,
  2020 WL 3414653 (N.D. Cal. June 22, 2020) ...................................................................2

*Carter v. Forjas Taurus S.A.*,
  2016 WL 3982489 (S.D. Fla. July 22, 2016), aff'd, 701 F. App'x 759 (11th Cir. 2017)........................5

*Chess v. Volkswagen Grp. of Am., Inc.*,
  2022 WL 4133300 (N.D. Cal. Sept. 12, 2022) ...................................................................6

*Churchill Village, LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ..............................................................................................8

*Corzine v. Whirlpool Corp.*,
  2019 WL 7372275 (N.D. Cal. Dec. 31, 2019) ................................................................3, 4

*Cottle v. Plaid Inc.*,
  340 F.R.D. 356 (N.D. Cal. 2021) .......................................................................................8

*Fisher v. Tucson Sch. Dist. No. One*,
  625 F.2d 834 (9th Cir. 1980) ..............................................................................................7

*Fitzhenry-Russell v. Coca-Cola Co.*,
  2019 WL 11557486 (N.D. Cal. Oct. 3, 2019) ....................................................................9

*Fraser v. Asus Comp. Int'l*,
  2013 WL 359594 (N.D. Cal. July 12, 2013) ......................................................................2

*Hendricks v. StarKist Co.*,
  2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) ...................................................................4

*Herrera v. Wells Fargo Bank, N.A.*,
  2021 WL 9374975 (C.D. Cal. Nov. 16, 2021) ...................................................................4

*In re Cap. One Consumer Data Sec. Breach Litig.*,
  2022 WL 18107626 (E.D. Va. Sept. 13, 2022) ..................................................................5

*In re Google Plus Profile Litig.*,
  2021 WL 242887 (N.D. Cal. Jan. 25, 2021) .......................................................................2

ii

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

*In re Heritage Bond Litig.*,
  2005 WL 1594403 (C.D. Cal. June 10, 2005) ............................................................................ 10

*In re Netflix Priv. Litig.*,
  2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ............................................................................ 3

*In re TD Ameritrade Acct. Holder Litig.*,
  2011 WL 4079226 (N.D. Cal. Sept. 13, 2011) ........................................................................... 6

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  720 F. Supp. 1379 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. City of Seattle*, 955 F.2d
  1268 (9th Cir. 1992) .................................................................................................................. 4

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
  2020 WL 4212811 (N.D. Cal. July 22, 2020) ............................................................................ 5

*In re: Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.*,
  2016 WL 772785 (N.D. Ill. Feb. 29, 2016) ................................................................................ 6

*Jarrell v. Amerigas Propane, Inc.*,
  2018 WL 1640055 (N.D. Cal. Apr. 5, 2018) ............................................................................ 10

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ................................................................................................... 5

*Miller v. Ghirardelli Chocolate Co.*,
  2014 WL 4978433 (N.D. Cal. Oct. 2, 2014) .............................................................................. 8

*Milligan v. Toyota Motor Sales, U.S.A., Inc.*,
  2012 WL 10277179 (N.D. Cal. Jan. 6, 2012) ............................................................................ 6

*Morrison v. Ross Stores, Inc.*,
  2021 WL 3852726 (N.D. Cal. Aug. 27, 2021) ........................................................................... 8

*Nguyen v. BMW of N. Am. LLC*,
  2012 WL 1677054 (N.D. Cal. Apr. 20, 2012) ............................................................................ 7

*Nwabueze v. AT & T Inc.*,
  2013 WL 6199596 (N.D. Cal. Nov. 27, 2013) ........................................................................... 4

*Pan v. Qualcomm Inc.*,
  2017 WL 3252212 (S.D. Cal. July 31, 2017) ............................................................................. 3

*Perkins v. LinkedIn Corp.*,
  2016 WL 613255 (N.D. Cal. Feb. 16, 2016) .............................................................................. 8

*Provident Precious Metals, LLC v. Nw. Territorial Mint, LLC*,
  117 F. Supp. 3d 879 (N.D. Tex. 2015) ....................................................................................... 5

*Sadowska v. Volkswagen Grp. of Am., Inc.*,
  2013 WL 9600948 (C.D. Cal. Sept. 25, 2013) ........................................................................... 2

*Seifi v. Mercedes-Benz USA, LLC*,
  2015 WL 12964340 (N.D. Cal. Aug. 18, 2015) ......................................................................... 3

iii

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

*Shin v. Plantronics, Inc.*,
  2020 WL 1934893 (N.D. Cal. Jan. 31, 2020) ...........................................................................6

*Skeen v. BMW of N. Am., LLC*,
  2016 WL 4033969 (D.N.J. July 26, 2016) ...............................................................................4

*Smith v. Experian Info. Sols., Inc.*,
  2020 WL 6689209 (C.D. Cal. Nov. 9, 2020) ..........................................................................11

*Trew v. Volvo Cars of N. Am., LLC*,
  2007 WL 2239210 (E.D. Cal. July 31, 2007) ..........................................................................5

*Vargas v. Ford Motor Co.*,
  2020 WL 1164066 (C.D. Cal. Mar. 5, 2020) ...........................................................................4

*Wallace v. Countrywide Home Loans, Inc.*,
  2015 WL 13284517 (C.D. Cal. Apr. 17, 2015) ......................................................................10

*Warth v. Seldin*,
  422 U.S. 490 (1975) .................................................................................................................7

*Wilkerson v. Butler*,
  2005 WL 2219267 (E.D. Cal. Sept. 9, 2005) ...........................................................................5

**Other Authorities**

Open Courts Act of 2020, H.R. 8235, 116th Cong. (2019–20) ......................................................9

iv

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

## I. INTRODUCTION

Plaintiffs respectfully seek Court approval of their $50 million non-reversionary cash settlement with Apple. The Settlement provides automatic payments of at least $300 for individuals who had multiple keyboard repairs. Those who were unsatisfied with a single repair can recover up to $125. The Settlement also ensures the availability of free keyboard repairs through the first four years after purchase. Class Counsel also seek an award of fees and costs, and service awards for the class representatives. Plaintiffs submit this reply in further support of the motions, to respond to a handful of objections, and to update the Court on notice and claims administration.

The overwhelmingly positive reaction to the settlement confirms that final approval is warranted and the requested awards are reasonable. Since the Court granted preliminary approval in December 2022, the Settlement Administrator has emailed or mailed the notice directly to approximately 99% of the Settlement Class as identified by Apple. Supplemental Declaration of Jennifer Keough ("Keough Decl."), ¶ 4. Only six of the approximately 15 million class members objected, and a negligible percentage opted out. *Id.* ¶ 14.

The objections give no reason to doubt the fairness of the Settlement, notice program, or requested attorneys' fees. The objections are largely directed to grievances outside the allegations in this case, such as complaints about the extent of publicity surrounding Apple's Keyboard Service Program ("KSP") or the inconvenience of returning a laptop for warranty service. Objectors also make generalized complaints about the sufficiency of consideration without acknowledgment of any of the downsides of continuing this litigation through trial. Three objectors would prefer the Settlement compensate class members who never brought in their laptops for repair. But compensating every member of the class without regard to their keyboard experience would please no one, as the fund would be dissipated on small distributions and injured class members would be left without adequate compensation. The last objection raises—in his own words—"minor technical quibbles" with the notice in the hope of improving future class notice procedures. None of these objections raises any doubt about the fairness of the Settlement or the application for fees, expenses and service awards.

1

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

## II. ARGUMENT

### A. The Settlement Is Fair, Reasonable, Adequate, and Being Responsibly Administered.

By any measure, the Settlement has been remarkably well-received. Class members who experienced multiple repairs will be paid using Apple's records, without any need to make a claim—an effective claims rate of 100%. *See* SA § 3.4.3.1. For Group 2 and 3 Claimants, the parties estimate approximately 718,651 Class Members are eligible, and there are 81,683 claims—a claims rate of approximately 11%. Keough Decl., ¶ 17. *See Carlotti v. ASUS Computer Int'l*, 2020 WL 3414653, at *4 (N.D. Cal. June 22, 2020) (4.02% claims rate was reasonable where "only class members who experienced a defect can recover under the Settlement"). There is no indication class members have encountered any difficulty in making claims or getting help if they need it, and the high claims rate and the positive overall response to the Settlement confirm that the Settlement is fair and reasonable. *See Fraser v. Asus Comp. Int'l*, 2013 WL 359594, at *2 (N.D. Cal. July 12, 2013) ("[T]he large number of class members wishing to participate in the settlement is evidence that the settlement is reasonable and should be approved.").

The very low number of objections and opt outs relative to the large size of the class weighs in favor of approving the Settlement. *See In re Google Plus Profile Litig.*, 2021 WL 242887, at *4 (N.D. Cal. Jan. 25, 2021) (approving settlement with 761 objections out of millions of class members); *Sadowska v. Volkswagen Grp. of Am., Inc.*, 2013 WL 9600948, at *5 (C.D. Cal. Sept. 25, 2013) (opt-outs were 0.2% of the class).[1] In addition, many Class Members have contacted Class Counsel to express their appreciation for the results achieved on their behalf. *See* Supplemental Joint Declaration of Simon S. Grille and Steven Schwartz ("Suppl. Joint Decl."), ¶ 5.

### B. The Objections Lack Merit and Should Be Overruled.

Six Class Members have objected to the Settlement. "[T]hat there is some opposition does not necessitate disapproval of the settlement; rather, the court must evaluate whether the objections suggest

---

[1] On February 15 the Court granted the parties' stipulation to provide direct notice to a small group of 31,000 class members. Dkt. No. 442. Those class members have until March 10 to object, until March 15 to opt out, and until March 31 to file claims. *Id.* As of March 6 none had objected and only two had opted out. Keough Decl., ¶ 13.

serious reasons why the proposal might be unfair."[2] *Corzine v. Whirlpool Corp.*, No. 15-CV-05764-BLF, 2019 WL 7372275, at *7 (N.D. Cal. Dec. 31, 2019) (citation omitted). No objection seriously challenges the adequacy of the Settlement consideration or procedures, and "these generalized objections are insufficient to bar final approval." *Pan v. Qualcomm Inc.*, 2017 WL 3252212, at *10 (S.D. Cal. July 31, 2017). In addition, three of the objectors—Jennifer Yellin, Kyle Kavanagh, and John A. Hawkinson—did not comply with the requirement to provide sufficient information to verify their status as Class Members. *See* SA § 5.4.3. The Court can overrule these objections on that basis. *See Seifi v. Mercedes-Benz USA, LLC*, 2015 WL 12964340, at *4 (N.D. Cal. Aug. 18, 2015) (overruling objections "for failing to comply with the requirements"). Plaintiffs address the substance of the six objections below.

### 1. The Settlement Consideration Is Adequate.

The $50 million settlement will pay owners of 2015 to 2019 MacBooks who experienced multiple repairs at least $300 and up to $395. These payments will be distributed automatically, without the need for claim procedures. Other MacBook purchasers who were dissatisfied with a single repair can file claims, for up to $50 or $125 depending on the significance of the repair. Based on the volume and type of claims received thus far, JND projects that the final payments made to Class Members who file a valid claim will be at least $300 for Group 1 Class Members, $125 for Group 2, and $50 for Group 3. Keough Decl., ¶ 18.

Objectors Loepp and Kavanagh assert that the settlement consideration is insufficient, without explaining why, given the ongoing KSP, a payment of at least $300 for repeat repairs and up to $125 for a single repair would be insufficient. Neither addresses the downsides of continued litigation. Dkt. Nos. 428, 439. The Court has found that the compensation provided under the Settlement appears to be adequate (Dkt. No. 426 at 6-7), and these objectors' opinions do not detract from that conclusion. *See, e.g.*, *In re Netflix Priv. Litig.*, 2013 WL 1120801, at *12 (N.D. Cal. Mar. 18, 2013). Because any settlement is inherently a compromise, "the mere fact that the benefits provided under the settlement agreement will not make all class members 'whole,' and/or the possibility that a 'better' settlement might have been reached, do not" justify withholding approval. *Asghari v. Volkswagen Grp. of Am., Inc.*, 2015 WL 12732462, at *26 (C.D.

---

[2] The objectors are Cody Loepp (Dkt. No. 428), James Finney (Dkt. No. 436), Leslie Parker (Dkt. No. 437), Jennifer Yellin (Dkt. No. 438), Kyle Kavanagh (Dkt. No. 439), and John A. Hawkinson (Dkt. No. 443).

3

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

Cal. May 29, 2015); *see Aarons v. BMW of N. Am., LLC*, 2014 WL 4090564, at *12 (C.D. Cal. Apr. 29, 2014) ("The Court is conscious that the settlement will not make most Class members completely whole. But that is the nature of a settlement.").

The payments Class Members are eligible to receive under the Settlement well exceed the level of compensation provided in other similar consumer product defect cases. *See* Dkt. No. 431 at 20-21. Neither objector explains why these payments are inadequate and "simply wanting a more favorable settlement is not a sufficient basis for an objection to a class action settlement that is otherwise fair, adequate, and reasonable." *Vargas v. Ford Motor Co.*, 2020 WL 1164066, at *11 (C.D. Cal. Mar. 5, 2020). These "general objections stem from these objectors' assumption that the case assured certain victory for Plaintiffs." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1394 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992); *cf.* Dkt. No. 426 at 7 (this Court noting risks of continued case prosecution). The objections also fail to "account for the . . . expense, complexity, and likely duration of further protracted litigation." *Hendricks v. StarKist Co.*, 2016 WL 5462423, at *6 (N.D. Cal. Sept. 29, 2016).

Mr. Loepp states that his laptop problems "had an incalculable cost to my company's success." Dkt. No. 428 at 1. But expecting a class action to compensate consequential damage for a product failure is not realistic: "It is not reasonable to expect the Settlement to compensate every Class Member for every consequential damage related to the defective" product. *Corzine*, 2019 WL 7372275, at *9; *see also Herrera v. Wells Fargo Bank, N.A.*, 2021 WL 9374975, at *8 (C.D. Cal. Nov. 16, 2021) ("The Court finds that these generalized objections based on personal preferences do not call into question the adequacy of the settlement for the class."). Courts thus overrule objections seeking reimbursement for individual hardships. *See, e.g., Corzine*, 2019 WL 7372275, at *8 (rejecting objection that demanded compensation for "inconvenience, time and effort"); *Nwabueze v. AT & T Inc.,* 2013 WL 6199596, at *7 (N.D. Cal. Nov. 27, 2013). To the extent Mr. Loepp is suggesting that he or other Class Members should receive a new replacement laptop for their troubles, that expectation also is unreasonable, as even Class Members who experienced multiple keyboard issues still received value from their laptops, and the value of the laptops decreases over time. *See Skeen v. BMW of N. Am., LLC*, 2016 WL 4033969, at *9 (D.N.J. July 26, 2016) (rejecting similar objection). If Mr. Loepp wished to seek consequential damage or a full refund, he had the

4

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

option to exclude himself from the settlement class. *See Trew v. Volvo Cars of N. Am., LLC*, 2007 WL 2239210, at *3 (E.D. Cal. July 31, 2007).

Mr. Loepp points to the Consumer Bill of Rights, but "the Consumer Bill of Rights is not a federal law" and falling short of the aspirational goals of the Consumer Bill of Rights does not make a settlement inadequate. *Wilkerson v. Butler*, 2005 WL 2219267, at *3 (E.D. Cal. Sept. 9, 2005). Mr. Loepp also notes that a company of Apple's size and resources could pay more, but "[o]bjections that the settlement fund is too small for the class size, or that a defendant should be required to pay more . . . while understandable, do not take into account the risks and realities of litigation, and are not a basis for rejecting the settlement." *In re Cap. One Consumer Data Sec. Breach Litig.*, 2022 WL 18107626, at *8 (E.D. Va. Sept. 13, 2022) (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).

Based on a YouTube video showing a breakdown of the butterfly keyboard, Mr. Kavanagh maintains that the Settlement is inadequate because "the keys will never be fixed." Dkt. No. 439. The cited video is not competent evidence, however. *See Provident Precious Metals, LLC v. Nw. Territorial Mint, LLC*, 117 F. Supp. 3d 879, 899 n.55 (N.D. Tex. 2015) (YouTube video was "hearsay and inadmissible"). Like the other objectors, Mr. Kavanagh overlooks that Apple has vigorously defended itself throughout the case and denied that the butterfly keyboard-equipped laptops are defective, and therefore establishing its liability at trial posed a tremendous risk to the Class. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 WL 4212811, at *14 (N.D. Cal. July 22, 2020). In addition, Apple's non-admission of liability does not render the Settlement unfair. *See Carter v. Forjas Taurus S.A.*, 2016 WL 3982489, at *12 (S.D. Fla. July 22, 2016) (explaining that "an admission of wrongdoing is not required for settlement approval" and requiring such an admission would make it far less likely that a defendant would be willing to settle), *aff'd*, 701 F. App'x 759 (11th Cir. 2017).

### 2. The Settlement Reasonably Targets Relief to the Class Members Most Affected by the Alleged Defect.

Objectors Parker, Finney, and Yellin note that the Settlement only provides monetary compensation to Class Members who received Topcase and Keycap Replacements while excluding those who did not bring their computers in for repair. Dkt. Nos. 436-38. Yet any "settlement involves some line-drawing" and it is reasonable to provide monetary compensation to those whose keyboard problems were severe enough

5

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

to require them to obtain a repair. *Milligan v. Toyota Motor Sales, U.S.A., Inc.*, 2012 WL 10277179, at *7 (N.D. Cal. Jan. 6, 2012); *see also Alin v. Honda Motor Co.*, 2012 WL 8751045, at *12 (D.N.J. Apr. 13, 2012) (noting that "[t]iered relief is common in class action settlements").

Limiting monetary payments to Claimants who received Topcase Replacements or Keycap Replacement ensures that Settlement funds will be devoted to Class members who were harmed by the alleged defect. *See Chess v. Volkswagen Grp. of Am., Inc.*, 2022 WL 4133300, at *7 (N.D. Cal. Sept. 12, 2022) ("This is a reasonable and objective standard meant to aim the settlement benefit at those most likely to have experienced the alleged defect"); *see also Shin v. Plantronics, Inc.*, No. 18-CV-05626-NC, 2020 WL 1934893, at *5 (N.D. Cal. Jan. 31, 2020). The plan of allocation also responds to the reality that Class Members who did not bring their laptops in for a repair would have had difficulty proving damages at trial. *See Aarons*, 2014 WL 4090564, at *13; *In re TD Ameritrade Acct. Holder Litig.*, No. C 07-2852 SBA, 2011 WL 4079226, at *9 (N.D. Cal. Sept. 13, 2011).

Moreover, the Settlement ensures that every Class Member will receive the full benefit of the KSP for four years. This period is significantly longer than the one-year warranty for the laptops. *See In re: Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.*, 2016 WL 772785, at *11 (N.D. Ill. Feb. 29, 2016). Although Mr. Finney and Ms. Yellin claim they were unaware that Apple was offering free repairs under the KSP, the program has been ongoing for several years, thousands of class members have used it, and the KSP affords all the relief available under Apple's written warranty.

Mr. Kavanagh objects to the "proof of repair" requirement because some may have discarded their repair records, and he asserts that consumers can only search Apple's records for a period of 90 days. Dkt. No. 439. But anyone who appears in Apple's records as having obtained one or more qualifying repairs will have no need to search for records because they will receive either an automatic payment or a claim form pre-populated with their repair information. SA §§ 3.3.5-3.3.6. For those who do not appear in Apple's records, the documentation requirement is reasonable and necessary to guard against fraudulent claims. *Chess*, 2022 WL 4133300, at *7 (providing compensation only for repairs performed "is an industry standard meant to avoid subjective, and possibly unverifiable, claims"). "[C]ourts frequently approve settlements that require class members to submit receipts or other documentation; they conclude such a requirement is reasonable and fair given the defendant's need to avoid fraudulent claims." *Asghari*, 2015

WL 12732462, at *29.

### 3. The Notice Program Meets All Applicable Standards.

John A. Hawkinson filed an objection with the goal of providing "higher quality" notices in future consumer class actions. Dkt. No. 443 at 2. He states that his objection "is not, principally, a merits objection" and that he is seeking to use "this forum to raise minor technical quibbles[.]" Dkt. No. 443 at 2-3. Mr. Hawkinson does not claim that he did not receive the Notice, and he understands the objection procedure and how to use CM/ECF. He therefore lacks standing to object to these aspects of the notice plan on behalf of other unspecified class members. *See Fisher v. Tucson Sch. Dist. No. One*, 625 F.2d 834, 837 (9th Cir. 1980) (to have standing, "the established threat of injury must be personal" so a party "may not raise the rights of others") (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). In any case, while Plaintiffs appreciate Mr. Hawkinson's efforts to improve the Class Notice in consumer class actions, his critiques do not provide a basis for denying final approval.

Mr. Hawkinson argues that (1) the short form notice does not provide a case number or the case caption; and (2) the long form notice does not provide the docket number in "close proximity." Dkt. No. 443 at 3. The email notice, however, is a summary that directs Class Members to the Settlement website containing more detailed information and the long form notice. The website prominently lists the case number and caption, which are also repeated in the Frequently Asked Questions section as well as in the court documents available on the website. As the Court noted at the preliminary approval hearing, it is important to be concise with email notice, and the parties achieved that goal while also providing more extensive information in the long form notice posted publicly on the Settlement website. *See* 11/3/22 Hr'g Tr. at 32:9-34:10.

Mr. Hawkinson also states that while his "expectation" is that a class action settlement website will include all the case documents, the Settlement website only posts 11 out of the more than 400 documents on the docket. Dkt. No. 443 at 4. But the purpose of the Settlement website and notice program is to provide sufficient information for Class Members "to be able to make an informed decision as to whether to opt-out or stay in the class[.]" *Nguyen v. BMW of N. Am. LLC*, 2012 WL 1677054, at *2 (N.D. Cal. Apr. 20, 2012). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Village, LLC v. Gen.*

7

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

*Elec.*, 361 F.3d 566 (9th Cir. 2004) (citation omitted). Mr. Hawkinson points to securities class actions in which most of the case documents were made available, yet settlement websites in consumer and other non-securities class actions typically provide only the most relevant documents for Class Members (such as the operative complaint and the papers in support of preliminary, final approval, and the motion for attorneys' fees and costs). *See, e.g.*, *Perkins v. LinkedIn Corp.*, 2016 WL 613255, at *8 & n.8 (N.D. Cal. Feb. 16, 2016); *Cottle v. Plaid Inc.*, 340 F.R.D. 356, 378 (N.D. Cal. 2021). Because the notice and Settlement website provide Class Members with sufficient information about the Settlement, this objection should be overruled. *See Perkins*, 2016 WL 613255, at *8 n.8 ("Any interested party could thus determine the basis for preliminary approval . . . . [T]he Settlement Website told Class Members how to access the entire case file, and how to contact Class Counsel.").

The long form notice informs Class Members that in addition to U.S. mail, they can file their objections electronically. According to Mr. Hawkinson, this is "misleading" because, realistically, only objectors who retain counsel will be able to file their objections electronically through CM/ECF and Class Members could have been misled into thinking they can easily file an objection at the last minute. Dkt. No. 443 at 4. Nonetheless, directing Class Members to either file their objections electronically or through mail is common and in fact is suggested by the Northern District's Procedural Guidance for Class Action Settlements (No. 5 under "Preliminary Approval"). *See, e.g.*, *Morrison v. Ross Stores, Inc.*, 2021 WL 3852726, at *22 (N.D. Cal. Aug. 27, 2021); *Miller v. Ghirardelli Chocolate Co.*, 2014 WL 4978433, at *8 (N.D. Cal. Oct. 2, 2014). Considering the other objections were received by mail and then posted online, Class Members have been able to express their views on the Settlement. Also, because any objection by mail needs only to be *postmarked* by the objection deadline, a Class Member who decides to submit an objection on the last day would still have had the chance to do so. Thus, informing Class Members that they have the option of filing an objection electronically does not detract from the fairness of the Settlement.

Mr. Hawkinson, "a journalist who regularly deals with PACER and CM/ECF" (Dkt. No. 443 at 2-3), disapproves of the costs associated with using PACER. *E.g.*, *id.* at 3 (noting that individual consumers may have to pay significant fees to access the docket). This case obviously is not unique in relying on CM/ECF, and legislative efforts have been made to address the costs of using PACER. On December 8, 2020, the House of Representatives approved and sent to the Senate a bill that would make the federal

8

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

courts' PACER electronic case-filing system free for most citizens. *See* Open Courts Act of 2020, H.R. 8235, 116th Cong. (2019–20).

Mr. Hawkinson also finds it "puzzling" that the Settlement does not direct that any leftover funds be distributed *pro rata* to claimants and "speculate[s]" that the "estimates of potential claimants are high and that there may be significant unclaimed funds." Dkt. No. 443 at 6 n. 6. The Settlement Agreement does provide for additional rounds of payments to Class Members, up to the individual caps, if the first round of payment does not exhaust the fund. SA §§ 3.4-3.5. Given the automatic payments for Group 1 claimants and the user-friendly claims process for Groups 2 and 3, only a *de minimis* residual due to uncashed checks is likely to remain. The volume of claims received to date, combined with the two-year Reserve Period for future Group 1 Class Members, make any significant residual unlikely. And in any event, Class Counsel believe it is more advantageous to the Class to leave open what happens to any leftover funds for further negotiation instead of just agreeing to an automatic *cy pres* distribution.

### C. The Court Should Approve Plaintiffs' Request for Attorneys' Fees and Costs.

Class Counsel seek an attorneys' fees award of $15,000,000 and reimbursement of litigation expenses in the amount of $1,562,887.58.[3] Class Counsel's fee request is reasonable for the reasons previously expressed. *See* Dkt. No. 431 at 9-21. Although it does not expressly oppose the request, Apple filed a response pointing out that the Court has the discretion not to depart from the benchmark. Dkt. No. 440. Notably, Apple does not take issue with Class Counsel's reported lodestar or deny that the requested fee represents a negative multiplier on the lodestar. Nor does Apple dispute that the litigation was protracted and difficult and that the Settlement constitutes an excellent result for the Class—factors that weigh in favor an upward adjustment from the benchmark. Apple also cannot and does not deny that a 30% fee will ensure counsel are not penalized for investing the time necessary to pursue litigation to the eve of trial and secure an adequate settlement in the face of its staunch defense. In short, Apple has not rebutted Plaintiffs' showing that the requested fee is reasonable and consistent with fees approved in other similar cases. *See Fitzhenry-Russell v. Coca-Cola Co.*, 2019 WL 11557486, at *8 (N.D. Cal. Oct. 3, 2019) ("Plaintiffs' fee

---

[3] After the filing of their fee motion, Plaintiffs incurred additional litigation expenses in the amount of $3,796.83. *See* Suppl. Joint Decl., ¶ 7. Plaintiffs submit an updated Proposed Order with this Reply Brief.

9

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:18-cv-02813-EJD-VKD

request amounts to 30% of the monetary value of the settlement. Although that is slightly greater than the benchmark of 25%, the award is nonetheless reasonable.").

The result obtained and the reaction of class members, the risks and complexity of the case, the quality of opposing counsel, the five years it took to secure a favorable outcome, and the level of skill required to prosecute the case and negotiate the settlement all support awarding the requested fee. *See, e.g.*, *Bower v. Cycle Gear, Inc.*, 2016 WL 4439875, at *7 (N.D. Cal. Aug. 23, 2016) (awarding attorneys' fees of 30% where "the risks of litigation were substantial"); *Wallace v. Countrywide Home Loans, Inc.*, 2015 WL 13284517, at *9 (C.D. Cal. Apr. 17, 2015) (noting factors reflecting counsel's skill, such as developing the facts and legal claims, conducting discovery, reviewing documents, retaining experts, engaging in motion practice, and negotiating and drafting the settlement); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *20 (C.D. Cal. June 10, 2005) ("There is also no dispute that the plaintiffs in this litigation were opposed by highly skilled and respected counsel with well-deserved local and nationwide reputations for vigorous advocacy").

No Class Member objected to Class Counsel's fee request. Mr. Loepp, without objecting to the fee request, reflexively complains that counsel will receive the "lion's share" of the recovery. Dkt. No. 428. But the Court is not being asked to approve a recovery for Mr. Loepp only, coupled with a $15 million fee to Class Counsel. Mr. Loepp is one of many millions of class members. Because Class Counsel seek an award of 30% of the settlement fund for their efforts and Class Members will *collectively* receive the rest (less litigation expenses), the notion that attorneys will receive the lion's share of the Settlement fund is mistaken. And Mr. Loepp's "generalized quarrels with the law regarding such fees and awards in class action settlements, the processes used to calculate such fees, and whether the fees and awards are justified . . . ignore the well-established Ninth Circuit law regarding attorneys' fees[.]" *Asghari*, 2015 WL 12732462, at *30.

That no Class Member has voiced any formal disagreement with the requested awards supports an upward adjustment to the benchmark and further demonstrates that the fee request is reasonable. *See Jarrell v. Amerigas Propane, Inc.*, 2018 WL 1640055, at *3 (N.D. Cal. Apr. 5, 2018) ("[T]he Court now concludes that a slight upward adjustment—to 30% of the common fund—is warranted based on several factors, including the results achieved, the risk of non-recovery, and the fact that no class member has objected to

the proposed award."). As with the fee request, the Class Members' favorable response to the Settlement also confirms that the requested $5,000 service awards for each Plaintiff are reasonable and should be approved. *See Smith v. Experian Info. Sols., Inc.*, 2020 WL 6689209, at *7 (C.D. Cal. Nov. 9, 2020).

Therefore, the Court should grant the requested awards.

## III. CONCLUSION

For all these reasons and the reasons stated in Plaintiffs' Motion for Final Approval and Motion for Attorneys' Fees, Expenses, and Service Awards, the Court should enter the [Proposed] Final Approval Order and Judgment and award attorneys' fees in the amount of $15,000,000, reimbursement of litigation expenses in the amount of $1,562,887.58, and service awards of $5,000 to each of the Class Representatives.

Dated: March 6, 2023

Respectfully submitted,

**GIRARD SHARP LLP**

/s/ *Simon Grille*

Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
sgrille@girardsharp.com

Steven A. Schwartz *(pro hac vice)*
Beena M. McDonald *(pro hac vice)*
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
sas@chimicles.com
bmm@chimicles.com

11

*Plaintiffs' Co-Lead Class Counsel*

Robert C. Schubert
Willem F. Jonckheer
Amber Love Schubert
**SCHUBERT JONCKHEER
 & KOLBE LLP**
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Tel: (415) 788-4220
Fax: (415) 788-0161
*rschubert@sjk.law*
*wjonckheer@sjk.com*
*aschubert@sjk.law*


E. Michelle Drake
Joseph C. Hashmall
**BERGER & MONTAGUE, P.C.**
43 SE Main Street
Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5999
Fax: (215) 875-4604
*emdrake@bm.net*
*jhashmall@bm.net*

Esfand Y. Nafisi
**LAW OFFICES OF ESFAND NAFISI**
330 Sir Francis Drake Blvd., Suite B
San Anselmo, CA 94960
Tel: (415) 747-7466
Fax: (415) 363-3753
*enafisi@classlawdc.com*

*Counsel for Plaintiffs in In re MacBook Keyboard
 Litigation*

Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street, N.E.
Washington, D.C. 20002
Office: (202) 470-3520
Fax: (202) 800-2730
www.classlawdc.com

*Counsel for Plaintiff in Huey v. Apple Inc.*

12