Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Fax: (415) 981-4846
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

Steven A. Schwartz (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
 **& DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633
*sas@chimicles.com*
*bmm@chimicles.com*

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: MACBOOK KEYBOARD LITIGATION | Case No. 5:18-cv-02813-EJD<br><br>**UNOPPOSED MOTION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL DISTRIBUTION OF RESIDUAL FUND AND PAYMENT OF ADDITIONAL ADMINISTRATION EXPENSES**<br><br>Hon. Edward J. Davila |

1

UNOPPOSED MOTION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL
DISTRIBUTION OF RESIDUAL FUND AND PAYMENT OF ADDITIONAL ADMINISTRATION
EXPENSES
CASE NO. 5:18-CV-02813-EJD

Pursuant to Section 3.5.3 of the Settlement Agreement[1] (ECF No. 410-1) and Civil Local Rule 7-11, Plaintiffs respectfully move for an order authorizing supplemental payments to class members and also authorizing additional fees to be paid to the Court-appointed administrator, JND Legal Administration LLC ("JND"). Defendant Apple Inc. does not oppose this motion. In support of this request, Plaintiffs state as follows:

On May 25, 2023, the Court granted final approval of the Class Action Settlement in this action, establishing a $50,000,000 Settlement Fund to be distributed in accordance with the terms of the Settlement Agreement. (ECF No. 455.) Thereafter, on June 27, 2024, the Court approved the stipulated order directing the Court-appointed administrator, JND Legal Administration LLC, to distribute payments to eligible Settlement Class Members in accordance with JND's claim payment calculations. (ECF No. 463, "Class Payment Order".) Beginning on July 31, 2024, JND distributed the funds as approved in the Class Payment Order. (Declaration of Marcia Uhrig in Support of Unopposed Motion ("Uhrig Decl."), ¶ 4, submitted herewith).

Throughout the distribution process, JND issued payments to 132,666 Settlement Class Members totaling $33,255,315. (*Id.*, ¶ 6.) Settlement Class Members successfully negotiated 116,786 payments via check, wire, or PayPal distribution totaling $28,228,180, leaving a balance of $6,675,591.04 in the Net Settlement Fund ("Residual Fund"). (*Id.*) Pursuant to the Class Payment Order, JND issued payments to 63,072 Group 1 Settlement Class Members, 64,829 Group 2 Settlement Class Members, and 4,765 Group 3 Settlement Class Members. (*Id.*, ¶ 7.)[2] Settlement Class Members who were issued

---

[1] All capitalized terms used and otherwise not defined herein shall have the meanings as set forth in the Settlement Agreement and Release (ECF No. 410-1).

[2] Included in these counts are payments made to 88 future Group 1 Settlement Class Members, 82 of which were on account of newly identified Group 1 Class Computers and six (6) of which were supplemental payments to Settlement Class Members that previously received either a Group 2 or Group 3 payment (Uhrig Decl., ¶ 7). The Settlement Agreement established a two year period after Preliminary Approval for Settlement Class Members to be paid up to the Group 1 amount if they "qualify as being within Group 1 based on Apple's records showing that they had two or more Topcase Replacements from Apple or an Authorized Service Provider within four years after purchase, and who, in the first round of Settlement payments, were either (a) not paid or (b) paid as a Group 2 Claimant." Settlement Agreement, § 3.5.1.

2

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL DISTRIBUTION OF RESIDUAL FUND AND PAYMENT OF ADDITIONAL ADMINISTRATION EXPENSES
CASE NO. 5:18-cv-02813-EJD

1  payments in Groups 1, 2, and 3 were each paid up to their payment caps of $395, $125, and $50,
2  respectively, as directed in the Class Payment Order. (ECF No. 463 at 2.)

3        Following discussions among the Parties, the Parties have agreed to a supplemental distribution
4  of the Residual Fund to all Settlement Class Members who successfully negotiated payments to date, less
5  a reserve amount intended for the payment of expenses to JND in carrying out the supplemental
6  distribution, and less an additional payment to JND for expenses it has incurred in administering the
7  Settlement to date (*see infra*). The supplemental distribution will provide payments of approximately
8  $55, $40, and $35 to such Settlement Class Members in Groups 1, 2, and 3, respectively. If approved,
9  this means that the total payments to Settlement Class Members in Groups 1, 2, and 3, respectively will
10 be $450, $165 and $85, amounts that exceed the initial payment caps under the Settlement. (Uhrig Decl.,
11 ¶ 11.)

12       Administration of the Settlement required or the Parties requested services from the Settlement
13 Administrator that were outside the scope of work contemplated in JND's original proposal, as specified
14 below and in the accompanying declaration of Marcia Uhrig. JND now reports that it has incurred
15 additional expenses from the administration of the Settlement to date, beyond the amounts provided under
16 the Settlement Agreement and approved by the Court. (*Id.*, ¶ 8.) JND represents it has maintained records
17 demonstrating these additional costs total $1,954,815.88, which JND believes it incurred reasonably and
18 in good faith. Plaintiffs agree that JND's high quality work in this matter was integral to the successful
19 implementation of the Settlement.

20       After consultation with the parties, JND has agreed to limit its request for reimbursement to only
21 $850,000, which represents less than 45% of the outstanding fees and out-of-pocket costs JND reports it
22 has incurred. Of the $850,000, JND represents that $359,428.96 is associated with out-of-pocket
23 expenses. (Uhrig Decl., ¶ 11.)

24       JND's request for reimbursement of $850,000 stems from its performance of services outside the
25 scope of the original assumptions contemplated in its proposal for the administration of the Settlement.
26 JND attests that these services include but are not limited to:

27       (i)    incurring charges for international postage and increases in the rate of domestic
28 postage by USPS;

(ii) performing significantly more complex analysis than was originally contemplated on Settlement Class Members' contact information and Class Computer data;

(iii) developing a more complex settlement website with dynamic claim form content and change of address and exclusion portals;

(iv) creating an interactive online portal for Settlement Class Members to submit their deficiency responses online at the Settlement Website;

(v) reviewing and responding to more than 22,000 Settlement Class Member email inquiries and handling numerous Settlement Class Member telephone calls to JND's front desk;

(vi) administering the Settlement for a 34-month period; and

(vii) maintaining the Escrow Account for a longer period than originally contemplated;

(viii) sending email notices to approximately 2,000,000 more Settlement Class Members than originally estimated;

(ix) sending postcard notices to approximately 100,000 more Settlement Class Members than originally estimated; and

(x) performing separate noticing, review, and adjudication of "duplicate" claim form submissions as described in the Class Payment Order. (Uhrig Decl., ¶ 8)

JND has also requested, and neither Plaintiffs nor Apple opposes, that any additional invoices for current or future work performed to complete the administration be reserved from the Residual Fund prior to a supplemental distribution. (*Id.*, ¶ 9.) JND has estimated that its future expenses and fees to complete the administration, including the supplemental distribution of the Residual Fund via check to the 116,786 Settlement Class Members that negotiated their initial payment, will be $290,000.

A summary accounting of the Settlement Fund and the available funds for a supplemental distribution are provided below. The summary accounting reflects that JND anticipates a future tax refund of $50,000 for tax year 2025. (*Id.*, ¶ 10). Following the deductions from the Residual Fund for the payment of JND's outstanding expenses and reservation from the Residual Fund for JND's estimated expenses to complete the administration, JND will distribute $5,585,591.04 to Settlement Class Members in Groups 1, 2, and 3 who negotiated their initial payment in the amounts described above. (*Id.*, ¶¶ 10-11).

4

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL DISTRIBUTION OF RESIDUAL FUND AND PAYMENT OF ADDITIONAL ADMINISTRATION EXPENSES
CASE NO. 5:18-cv-02813-EJD

| Item | Value |
|---|---:|
| **Initial Deposit** | **$50,000,000.00** |
| Interest/Dividend Earned[3] | $3,457,639.54 |
| Attorneys' Fees & Expenses | ($16,559,090.75) |
| JND's Paid Administration Expenses | ($1,400,000.00) |
| Class Representative Payments | ($58,500.00) |
| Tax Payments | ($536,277.75) |
| Successful Payments | ($28,228,180.00) |
| **Account Balance[4]** | **$6,675,591.04** |
| Expected 2025 Tax Refund | $50,000.00 |
| JND's Reduced Outstanding Fees | ($850,000) |
| Reserve for JND's Estimate to Complete | ($290,000.00) |
| **Remaining Account Balance** | **$5,585,591.04** |

(Uhrig Decl., ¶ 10.).

In the interests of finality, Plaintiffs submit that the Settlement Administrator should be instructed to issue payments valid for thirty (30) days, with no check reissues past the initial void date. Plaintiffs further propose that the Parties file a final post-distribution accounting one hundred twenty (120) days from the date of this order, which Plaintiffs believe should be sufficient time for JND to administer the supplemental distribution, respond to any Settlement Class Member questions that may arise, and compile relevant information relating to the supplemental distribution in support of the Parties' filing of a final post-distribution accounting.

Accordingly, for the reasons discussed above, Plaintiffs respectfully request that, pursuant to Section 3.5.3 of the Settlement Agreement, the Court enter an order:

1. Authorizing payment to the Settlement Administrator of $850,000 for its outstanding expenses incurred to date from the administration of the Settlement.

---

[3] This amount includes estimated interest earned through October 31, 2025. Any additional interest earned between October 31, 2025 and the date the Court enters an order authorizing a supplemental distribution, will be distributed to Groups 1, 2, and 3 in the supplemental distribution.

[4] The remaining account balance is comprised of uncashed funds, excess funds held in reserve for duplicate, late, or future Group 1 claims, and accrued interest.

5

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL DISTRIBUTION OF RESIDUAL FUND AND PAYMENT OF ADDITIONAL ADMINISTRATION EXPENSES
CASE NO. 5:18-cv-02813-EJD

2.      Authorizing the Settlement Administrator to reserve $290,000 for payment of the estimated expenses associated with completing the administration of the Settlement.

3.      Authorizing the Settlement Administrator, after deducting from the Residual Fund the Settlement Administrator's reduced outstanding fees and estimated fees to complete the administration, to distribute the balance of $5,585,591.04 to Settlement Class Members in Groups 1, 2, and 3 who negotiated their initial payments, in payments of approximately $55, $40, and $35, respectively, with such payments valid for thirty (30) days.

4.      Setting a compliance deadline one hundred twenty (120) days from the date of this order for the Parties to submit a final post-distribution accounting or otherwise report to the Court.

Dated:  December 19, 2025                                  Respectfully submitted,

**GIRARD SHARP LLP**

By:  /s/ *Simon S. Grille*

Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
*apolk@girardsharp.com*
*sgrille@girardsharp.com*


Steven A. Schwartz (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER
  & DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
*sas@chimicles.com*
*bmm@chimicles.com*

*Counsel for Plaintiffs*

6

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL DISTRIBUTION OF RESIDUAL FUND AND PAYMENT OF ADDITIONAL ADMINISTRATION EXPENSES
CASE NO. 5:18-cv-02813-EJD

# [PROPOSED] ORDER

THE COURT, HAVING CONSDIER PLAINTIFFS' MOTION, GRANTS THE MOTION.

Dated:_____                    _____
                                             HON. EDWARD J. DAVILA
                                             UNITED STATES DISTRICT JUDGE

7

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL DISTRIBUTION OF RESIDUAL FUND AND PAYMENT OF ADDITIONAL ADMINISTRATION EXPENSES
CASE NO. 5:18-cv-02813-EJD